1  DAVID CHIU, State Bar #189542
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  KAITLYN MURPHY, State Bar #293309
   ALEXANDER J. HOLTZMAN, State Bar #311813
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3867 [Murphy]
   Telephone:    (415) 554-3999 [Holtzman]
7  Facsimile:    (415) 554-3837
   E-Mail:       kaitlyn.murphy@sfcityatty.org
8  E-Mail        alexander.holtzman@sfcityatty.org

Attorneys for Defendants
10 CITY AND COUNTY OF SAN FRANCISCO,
   PAUL MIYAMOTO IN HIS OFFICIAL CAPACITY AS
11 SAN FRANCISCO SHERIFF,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 22-cv-5541<br><br>**NOTICE TO FEDERAL DISTRICT COURT OF REMOVAL OF ACTION FROM STATE SUPERIOR COURT (PURSUANT TO 28 U.S.C. §§ 1441, 1446)**<br><br>Trial Date:         Not Set |

**TO THE CLERK OF COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that the CITY AND COUNTY OF SAN FRANCISCO and PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF ("Defendants"), named as Defendants in the above-captioned action in the Superior Court of the State of California, San Francisco County, Case No. CGC-22-601686 ("Underlying Action"), hereby file in the United States District Court for the Northern District of California a Notice of Removal of said action to the United States District Court, under 28 U.S.C. §§ 1441 and 1446, and are filing a Notice of Removal in the Superior Court.

In support of this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, Defendants allege as follows:

1. Plaintiffs Joshua Simon, David Barber, Josue Bonilla, Diana Block, and Community Resource Initiative ("Plaintiffs") commenced the Underlying Action in the Superior Court of California, San Francisco County on September 8, 2022.

2. The Underlying Action may properly be removed under 28 U.S.C. § 1441 because Plaintiffs allege violations of laws of the United States. The Complaint asserts claims under 28 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments to the U.S. Constitution. The Court has original jurisdiction over these claims. *See* 28 U.S.C. § 1331.

3. Plaintiffs filed the Underlying Action in the Superior Court of the State of California, County of San Francisco, and it is thus properly removed to the jurisdiction of the United States District Court for the Northern District of California, which "embrace[s]" the County of San Francisco, the "place where [the Underlying Action] is pending." 28 U.S.C. § 1441(a).

4. Defendants are the only two parties named as defendants in the Underlying Action and both consent to removal.

5. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of service of the Complaint on Defendants.

6. Defendants have not answered or otherwise pled in response to the Complaint.

/ / /

2

Defs' Notice of Removal from State Court
Case No. 22-cv-5541

n:\lit\li2022\230184\01629710.docx

7. By removing the Underlying Action from the California Superior Court, Defendants do not waive any defenses available to them.

8. By removing the Underlying Action from the California Superior Court, Defendants do not admit any of the allegations in Plaintiffs' Complaint.

9. Defendants do not agree that Plaintiffs' purported class can or should be certified or that Plaintiffs' claims are subject to class treatment in any form, and Defendants reserve all objections to and arguments against such certification or treatment and will present such objections and arguments at the appropriate juncture in this matter.

10. Although Defendants have not been properly served with all documents in the Underlying Action (*see* 28 U.S.C. § 1446(a)),[1] in an abundance of caution, true and correct copies of the following process, pleadings, and orders Defendants understand Plaintiffs have filed in the Underlying Action are attached:

    a. The Complaint is attached as **Exhibit A**;

    b. The Civil Case Coversheet is attached as **Exhibit B**;

    c. The Notice to Plaintiff is attached as **Exhibit C**;

    d. The issued Summons is attached as **Exhibit D**;

    e. Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit E**;

    f. Plaintiffs' Memorandum of Points and Authorities in Support of Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit F**;

---

[1] Plaintiffs copied a general email address for the City Attorney's Office on correspondence with the Superior Court about an ex parte motion and mailed copies of certain Plaintiffs' declarations to the Mayor's Office. This is clearly inadequate for service. *See* Cal. Code Civ. Proc. §§ 416.50 (describing acceptable methods of service and conditions); City Attorney of San Francisco, https://www.sfcityattorney.org/ (prominently providing temporary service rules for the City and County of San Francisco) (last visited Sept. 27, 2022). Yesterday, Plaintiffs' counsel emailed Defendants' counsel with copies of affidavits reflecting substituted service on the City and County of San Francisco, though these proofs of service have not appeared on the state court docket.

   g. Declaration of Avram D. Frey In Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit G**;

   h. Declaration of Sujung Kim In Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit H**;

   i. Declaration of Hannah Kieschnick In Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit I**;

   j. Declaration of Joshua Simon In Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit J**;

   k. Declaration of David Barber in Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit K**; and

   l. Declaration of Josue Bonilla in Support of Plaintiffs' Ex Parte Application for Order to Show Cause Regarding Preliminary Injunction is attached as **Exhibit L**.

11. Defendants will promptly serve written notice of this Notice of Removal on all adverse parties and file the same with the Superior Court of California, County of San Francisco, as required by 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

WHEREFORE, Defendants remove the above-captioned action in its entirety from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

Dated: September 28, 2022                Respectfully Submitted,

DAVID CHIU
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
KAITLYN MURPHY
ALEXANDER J. HOLTZMAN
Deputy City Attorneys

By: */s/ Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF

5
Defs' Notice of Removal from State Court
Case No. 22-cv-5541
n:\lit\li2022\230184\01629710.docx

# PROOF OF SERVICE

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On September 28, 2022, I served the following document(s):

**NOTICE TO FEDERAL DISTRICT COURT OF REMOVAL OF ACTION FROM STATE SUPERIOR COURT (PURSUANT TO 28 U.S.C. §§ 1441, 1446)**

on the following persons at the locations specified:

| | |
|---|---|
| Shilpi Agarwal, Esq.<br>Avram D. Frey, Esq.<br>Emi Young, Esq.<br>Hannah Kieschnick, Esq.<br>American Civil Liberties Union Foundation of Northern California, Inc.<br>39 Drumm Street<br>San Francisco, CA 94111<br>sagarwal@aclunc.org<br>eyoung@aclunc.org<br>hkieschnick@aclunc.org<br>Attorneys for Plaintiffs<br>(415) 621-2493 (Telephone)<br>(415) 255-1478 (Facsimile) | Justina Sessions, Esq.<br>John P. Flynn, Esq.<br>Colleen Bal, Esq.<br>Dylan G. Savage, Esq.<br>Malavika F. Lobo, Esq.<br>Wilson, Sonsini, Goodrich & Rosati<br>One Market Plaza<br>Spear Street Tower, Suite 3300<br>San Francisco, CA 94105<br>jessions@wsgr.com<br>jflynn@wagr.com<br>cbal@wsgr.com<br>dsavage@wsgr.com<br>mlobo@wsgr.com<br>Attorneys for Plaintiff<br>(415) 947-2197 (Telephone)<br>(415) 947-2000 (Facsimile) |

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: annamarie.davis@sfcityatty.org in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed September 28, 2022, at San Francisco, California.

_____
ANNAMARIE DAVIS

6
Defs' Notice of Removal from State Court
Case No. 22-cv-5541
n:\lit\li2022\230184\01629710.docx