SHILPI AGARWAL (SBN 270749)
AVRAM D. FREY (MJP 804789) (*Admitted Pro Hac Vice*)
EMI YOUNG (SBN 311238)
HANNAH KIESCHNICK (SBN 319011)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478
Email: sagarwal@aclunc.org
afrey@aclunc.org
eyoung@aclunc.org
hkieschnick@aclunc.org

JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602 (*Admission pending*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2000
Email: jsessions@wsgr.com
jflynn@wsgr.com
cbal@wsgr.com
mlobo@wsgr.com
asontag@wsgr.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated, DIANA BLOCK, an individual, and COMMUNITY RESOURCE INITIATIVE, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, in his official capacity as SAN FRANCISCO SHERIFF,<br><br>Defendants. | CASE NO.: 4:22-CV-05541-JST<br><br>**DECLARATION OF HANNAH KIESCHNICK IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 12, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Jon S. Tigar |

I, Hannah Kieschnick, declare:

1. I am an attorney licensed to practice in the State of California and am employed as a Staff Attorney at the American Civil Liberties Union Foundation of Northern California ("ACLU NorCal"). I have personal knowledge of the facts set forth in this Declaration and, if called upon, could testify to those facts.

2. On February 17, 2022, ACLU NorCal submitted a California Public Records Act ("CPRA") request to San Francisco Sheriff Miyamoto, requesting records concerning the Sheriff's Electronic Monitoring Program. A true and correct copy of ACLU NorCal's February 17, 2022 request is attached as Exhibit 1 to this Declaration. This request renewed, narrowed, and supplemented an earlier CPRA request submitted to the San Francisco Sheriff's Office on July 19, 2021.

3. After five follow-up inquiries by myself and another ACLU NorCal attorney, the Sheriff's Office began producing responsive records on July 1, 2022. The Sheriff's Office also provided written responses to some of ACLU NorCal's requests. A true and correct copy of the Sheriff's July 1, 2022 written responses, sent via the GovQA Portal, is attached as Exhibit 2 to this Declaration.

4. The Sheriff's Office issued a further responsive production on July 7, 2022, as detailed below.

5. Although the Sheriff's Office communicated to ACLU NorCal that it issued a further responsive production on July 14 and 15, those documents were not accessible via the GovQA Portal. The Sheriff's Office did not immediately respond to my July 14 request that the Sheriff's Office re-upload those documents. Instead, the Sheriff's Office provided a written response to a separate request on July 20, 2022 and then claimed the request was complete and would be closed. A true and correct copy of the Sheriff's July 20, 2022 written responses, sent via the GovQA Portal, is attached as Exhibit 3 to this Declaration. On July 21, 2022, I informed the Sheriff's Office that ACLU NorCal was still not able to access all documents via the GovQA Portal and that ACLU NorCal did not believe the Sheriff had fully responded to all requests.

After two additional inquiries, the Sheriff's Office responded on August 25, 2022 and uploaded to GovQA the previously inaccessible documents. After additional exchanges, on August 30, 2022, I asked the Sheriff's Office to confirm its position that it has produced all records responsive to ACLU NorCal's requests. The Sheriff's Office has not responded.

6. As part of the Sheriff's Office's July 1, 2022 production, the Sheriff's Office produced via the GovQA Portal a document entitled, "County of San Francisco Sheriff's Office / Superior Court: Pre-Sentenced Defendant Electronic Monitoring – Court Order." According to the document, this court order was revised March 2021. A true and correct copy of this court order is attached as Exhibit 4 to this Declaration.

7. On July 1, 2022, the Sheriff's Office also produced via the GovQA Portal a document entitled, "San Francisco Sheriff's Department Electronic Monitoring (EM) Program Rules Pre-Sentenced Participants." According to the document, these program rules were issued November 18, 2019 and revised September 18, 2020. A true and correct copy of these program rules is attached as Exhibit 5 to this Declaration.

8. On July 1, 2022, the Sheriff's Office also produced via the GovQA Portal a document entitled, "San Francisco Sheriff's Dept. Electronic Monitoring Program Participant Contract: Pre-Sentenced Individuals." According to the document, this participant contract was issued November 18, 2019 and revised September 18, 2020. A true and correct copy of this participant contract is attached as Exhibit 6 to this Declaration.

9. On July 1, 2022, the Sheriff's Office also produced via the GovQA Portal a document entitled, "Agreement between the City and County of San Francisco and Sentinel Offender Services, LLC," dated August 1, 2019. A true and correct copy of this contract is attached as Exhibit 7 to this Declaration.

10. Also on July 1, 2022, in response to ACLU NorCal's request for records related to the Sheriff Office's GPS data retention and deletion policies, the Sheriff's Office provided the following written response: "GPS data is kept by Sentinel, not the SFSO. The contract would govern any retention or destruction policies." *See* Exhibit 2 (response labeled "ix").

11. On July 1, 2022, in response to ACLU NorCal's request for records related to "the SFSO's practice of sharing the GPS location-tracking data of persons on pretrial release, including, but not limited to, the sharing of such data with sworn members of the SFPD," the Sheriff's Office also provided the following written response: "The SFSO has a form for third parties to request electronic monitoring data. A copy of that form is attached. Although there do not appear to be additional documents responsive to this request, document collection is ongoing." *See id.* (response labeled "ii").

12. Also in its July 1, 2022 written responses, the Sheriff's Office explained that it "implemented its form for requesting this data in November 2019." *See id.* (response labeled "viii"). According to the Sheriff's Office, it received 4 requests for GPS location data in 2019, including 3 requests from the San Francisco Police Department ("SFPD"); 41 requests in 2020, including 35 from the SFPD; and 179 requests in 2021, including 173 from the SFPD. *See id.* The Sheriff's Office further explained that it "responds to all of the requests from other law enforcement agencies who fill out this form properly." *See id.* The Sheriff's Office did not clarify the number of forms it receives that are not properly filled out.

13. On July 1, 2022, the Sheriff's Office also produced via the GovQA Portal a document entitled, "Electronic Monitoring Location Request." According to the document, this form was revised November 18, 2019. A true and correct copy of this form is attached as Exhibit 8 to this Declaration.

14. On July 7, 2022, the Sheriff's Office produced via the GovQA Portal a document entitled, "San Francisco Sheriff's Department, Community Programs: General Search Condition Request." This form is not dated. A true and correct copy of this form is attached as Exhibit 9 to this Declaration.

15. On July 7, 2022, the Sheriff's Office also produced via the GovQA Portal a document entitled, "Pre-Sentenced EM Checklist." This checklist is not dated. A true and correct copy of this checklist is attached as Exhibit 10 to this Declaration.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th
2  day of October 2022, at San Francisco, California.

_____
Hannah Kieschnick

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Justina Sessions, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: October 7, 2022  /s/ *Justina Sessions*
Justina Sessions