# EXHIBIT 1



Northern
California

February 17, 2022

**VIA ELECTRONIC SUBMISSION AND U.S. CERTIFIED MAIL**
San Francisco Sheriff Paul M. Miyamoto
Administration/Main Office
City Hall, Room 456
1 Dr. Carlton B. Goodlett Pl.
San Francisco, CA 94102
sheriff@sfgov.org
Alison.Lambert@sfgov.org

**Re:    California Public Records Act Request, Reference # P000499-071921**

To Sheriff Miyamoto:

  Pursuant to the California Public Records Act ("CPRA")[1] and the California Constitution,[2] I am writing on behalf of the American Civil Liberties Union of Northern California ("ACLU NorCal") to request records concerning the Electronic Monitoring, Home Detention, and GPS Monitoring Programs implemented by the San Francisco Sheriff's Office (SFSO) and the San Francisco Police Department (SFPD).

  In connection with these monitoring programs, I understand that, on July 19, 2021, the San Francisco Public Defender submitted a CPRA request to your office seeking records similar to those sought here.  (*See* **Exhibit 1**, attached.)  I further understand that your agency's response to the Public Defender's CPRA request has, to date, been largely deficient, comprising only a limited set of documents.  Thus, in light of the significant overlap between the records sought by the San Francisco Public Defender and ACLU NorCal, and with the permission of the Public Defender's Office, I write to renew, narrow, and supplement the July 19, 2021 Request.  Proceeding in this manner advances the dual goals of maximizing government efficiency while promoting the constitutional right of access to important information—like that at issue here concerning "the people's business."[3]  Specifically, ACLU NorCal seeks:

i. Policies, procedures, training materials, memoranda, guides, or other directives regarding the SFSO's practice of monitoring, collecting, saving, storing, and/or deleting the GPS location-tracking data of persons on pretrial release;

---

[1] Gov't Code §§ 6250 *et seq*.
[2] Cal. Const., art. I, § 3(b).
[3] *Id.*, art. I, § 3(b)(1).

**American Civil Liberties Foundation of Northern California**
EXECUTIVE DIRECTOR Abdi Soltani • BOARD CHAIR Farah Brelvi
SAN FRANCISCO OFFICE: 39 Drumm St. San Francisco, CA 94111
FRESNO OFFICE: PO Box 188 Fresno, CA 93707 • SACRAMENTO METRO OFFICE: PO Box 189070 Sacramento, CA 95818
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

CPRA Request to SFSO
February 17, 2022
Page 2

    ii. Policies, procedures, training materials, memoranda, guides, or other directives regarding the SFSO's practice of sharing the GPS location-tracking data of persons on pretrial release, including, but not limited to, the sharing of such data with sworn members of the SFPD;

    iii. Policies, procedures, training materials, memoranda, guides, or other directives regarding the SFSO's practice of evaluating and/or responding to "Electronic Monitoring Location Request" Forms submitted to the SFSO for GPS location-tracking data of persons on pretrial release;

    iv. Communications between the SFSO and any third party (including SFPD or Sentinel) regarding the collection and exchange of GPS location-tracking data for persons on pretrial release, including, but not limited to, communications via email, text message (on any platform), letter, or notes;

    v. Any contracts, equipment-acquisition agreements, terms of use, data-use policies, or privacy policies between the SFSO and any third party, including, but not limited to, Sentinel, regarding the collection, maintenance, processing, retention, sharing, and/or deletion of GPS location-tracking data of persons on pretrial release;

    vi. Policies or forms regarding the written notice persons subject to pretrial release conditions receive about the collection, storage, and/or exchange of GPS location-tracking data;

    vii. For each of the calendar years from 2017 through 2021, any record or information sufficient to show the:
        a. Number of persons on pretrial release subject to GPS location-tracking and monitoring;
        b. Average length of time a person on pretrial release is subject to GPS location-tracking and monitoring;
        c. Average length of time the GPS location-tracking data of a person on pretrial release is saved and/or accessible to the SFSO;

    viii. For each of the calendar years from 2017 through 2021, any record or information sufficient to show the:
        a. Number of Electronic Monitoring Location Request Forms received by SFSO, (if possible, broken out by requesting agency);
        b. Number of Electronic Monitoring Location Requests to which the SFSO responds with GPS location-tracking data (if possible, broken out by requesting agency);
        c. Number of persons on pretrial release whose GPS location-tracking data has been exchanged between the SFSO and the SFPD;

    ix. Any data compilations or reports generated by the SFSO regarding persons on pretrial release subject to GPS location-tracking and monitoring;

    x. Any documents, communications, or other records submitted to the San Francisco City Controller, San Francisco Board of Supervisors, or the Committee on Information Technology ("COIT") pursuant to the San Francisco Acquisition of Surveillance Technology Ordinance, set forth at S.F. Admin. Code Ch. 19B *et seq.*, regarding the SFSO's Electronic Monitoring, Home Detention, and GPS Monitoring Programs of persons on pretrial release;

    xi. Any documents, communications, or other records produced by the SFSO in response to the July 2021 letter of inquiry from San Francisco Superintendent Rafael Mandelman

requesting information on the SFSO's electronic monitoring of persons on pretrial release (please note that the existence of this letter and of responsive data are set forth in Mayor London Breed's October 20, 2021 press release, *available here*: https://sfmayor.org/article/mayor-london-breed-and-supervisor-rafael-mandelman-initiate-steps-reform-electronic).

In responding to this Request, please note that the CPRA broadly defines the term "record." Specifically, the term includes "any writing containing information relating to the conduct of the people's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics."[4]  The CPRA defines, in turn, a "writing" as any "means of recording upon any tangible thing any form of communication or representation."[5]  This Request therefore applies to *all* paper documents, as well as to *all* emails, videos, audio recordings, text messages, or other electronic records within the SFSO's possession or control.  Even if a record was created by a member of another government agency or a member of the public, it still must be produced so long as it is (or was) "used" or "retained" by the SFSO.[6]

As permitted by the CPRA, this Request sets forth the specific categories of information that we are seeking, rather than asks for all documents by name.[7]  It is your obligation to conduct record searches based on the criteria identified herein.[8]  But should you come to believe that the present Request is overly broad, you are required to (1) offer assistance in identifying responsive records and information; (2) describe "the information technology and physical location in which the records exist;" and (3) provide "suggestions for overcoming any practical basis" that you assert as a reason to delay or deny access to the records or information sought.[9]

The CPRA requires that you respond to this Request in ten days.[10]  If you contend that an express provision of law exempts a responsive record from disclosure, either in whole or in part, you must make that determination in writing.  Such a determination must specify the legal authority on which you rely, as well as identify both the name and title of the person(s) responsible for the determination not to disclose.[11]  Additionally, even if you contend that a portion of a record requested is exempt from disclosure, you still must release the non-exempt

---

[4] Gov't Code § 6252(e).

[5] *Id.* § 6252(g).

[6] *Id.* § 6252(e); *see California State Univ. v. Superior Court*, 90 Cal. App. 4th 810, 824-25 (2001) (ruling that documents which were "unquestionably 'used' and/or 'retained' by [an agency]" were public records); *see also Cty. of Santa Clara v. Superior Court*, 170 Cal. App. 4th 1301, 1334 (2009) ("[W]hile section 6254.9 recognizes the availability of copyright protection for software in a proper case, it provides no statutory authority for asserting any other copyright interest.").

[7] Gov't Code § 6253(b).

[8] *See id.* §§ 6253-6253.1.

[9] *Id.* § 6253.1(a).

[10] *Id.* § 6253(c).

[11] *Id.* § 6255; *see also id.* § 6253(d)(3).

**American Civil Liberties Foundation of Northern California**
EXECUTIVE DIRECTOR Abdi Soltani • BOARD CHAIR Farah Brelvi

SAN FRANCISCO OFFICE: 39 Drumm St. San Francisco, CA 94111
FRESNO OFFICE: PO Box 188 Fresno, CA 93707 • SACRAMENTO METRO OFFICE: PO Box 189070 Sacramento, CA 95818
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

CPRA Request to SFSO
February 17, 2022
Page 4

portion of that record.[12]  Please note that the CPRA "endows" your agency with "discretionary authority to override" any of the Act's statutory exemptions "when a dominating public interest favors disclosure."[13]  Please also note that if you assert any exemptions that ACLU NorCal's beliefs have no lawful basis or if you unreasonably delay responding to this Request, ACLU NorCal may be left with no other recourse than to litigate these issues.  In that event, we will seek all attorney's fees and costs for the litigation.[14]

Because ACLU NorCal is a non-profit organization and because this Request pertains to a matter of public concern, I request a fee waiver.  None of the information obtained will be sold or distributed for profit.  I also request that, to the extent possible, documents be provided in electronic format.  Doing so will eliminate the need to copy the materials and provides another basis for the requested fee-waiver.  If, however, you are unwilling to waive costs and anticipate that costs will exceed $50, or that the time needed to copy the records will delay their release, please contact me so that ACLU NorCal can arrange to inspect the records or decide which documents we wish to have copied and produced.  Otherwise, please copy and send all responsive records as soon as possible, and—if necessary—on a rolling basis, to cthacher@aclunc.org or to 39 Drumm Street, San Francisco, CA 94111.

Thank you in advance for your assistance with this Request.  I look forward to receiving your response within ten days.  And once again, if you require any clarification of this Request, please let me know.

Sincerely,

*[signature]*

Chessie Thacher
Senior Staff Attorney
ACLU Foundation of Northern California

cc: Office of the San Francisco Public Defender
    Kathleen Guneratne (kathleen.guneratne@sfgov.org)
    Danielle Harris (danielle.harris@sfgov.org)
    Sujung Kim (sujung.kim@sfgov.org)

---

[12] *Id.* § 6253(a), (c).
[13] *CBS, Inc. v. Block*, 42 Cal. 3d 646, 652 (1986); *see also Nat'l Conference of Black Mayors v. Chico Community. Publ'g, Inc.*, 25 Cal. App. 5th 570, 579 (2018) (construing the CPRA's exemptions as "permissive, not mandatory—they allow nondisclosure but do not prohibit disclosure").
[14] Gov't Code § 6259(d).  We note that courts have awarded costs and fees if even a single document was improperly withheld. *See, e.g., Los Angeles Times v. Alameda Corridor Transp. Auth.*, 88 Cal. App. 4th 1381, 1391 (2001).

**Exhibit 1 to Exhibit 1 of Kieschnick Declaration**

| | |
|---|---|
| **From:** | San Francisco County Sheriff |
| **To:** | Kim, Sujung (PDR) |
| **Subject:** | [Records Center] Public Records Request :: P000499-071921 |
| **Date:** | Thursday, August 12, 2021 6:52:27 PM |

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

--- Please respond above this line ---



RE: Public Records Request of July 19, 2021, Reference # P000499-071921

Dear Sujung Kim,

The Sheriff's Office is currently researching and locating responsive documents to your public records request, and documents will be provided to you on a rolling basis as they become available. May I get back to you in one week with an updated status? The Sheriff's Office receives a large number of public records requests every month. These requests are processed in the order received, and we strive to respond to each request promptly.

Your public records request was received on July 19, 2021 was as follows:

> *For the years 2020 and 2021 --*
> *All records regarding San Francisco Police Department's (SFPD) involvement with the San Francisco Sheriff's Office's (SFSO) Electronic Monitoring (EM), Home Detention (HD) and GPS Monitoring Programs:*
> *1. Communications between SFSO and SFPD regarding the exchange of GPS data, including but not limited to emails, text messages, letters and notes;*
> *2. Memoranda regarding the SFSO's policy of providing GPS data to sworn members of the SFPD, regardless of the reason or limitations;*
> *3. Written directives regarding SFSO's policy of providing GPS data to sworn members of the SFPD;*
> *4. Data compilations generated by the SFSD or SFSO regarding persons on GPS monitoring;*
> *5. SFSO reports regarding data compilations provided to SFPD regarding persons on GPS monitoring;*
> *6. SFSO training material, directives and/or guidelines regarding the exchange of*

> *GPS tracking data with the SFSD;*
> *7. SFSO policies regarding written notice to participants of the EM/HD/GPS monitoring programs about the SFSO's exchange of GPS monitoring data with the SFPD.*
> *8. Number of persons whose GPS tracking data has been exchanged with the SFPD. For each person, please provide the following:*
> *A. Name, age, race/ethnicity/national origin*
> *B. San Francisco Number (SFNO)*
> *C. San Francisco Superior Court number*
> *D. San Francisco Jail Number*
> *8. Number of persons whom the SFPD has investigated (ie, SFPD searched person, house, vehicle, property) as a result of GPS tracking data exchanged with the SFPD. For each person, please provide the following:*
> *A. Name, age, race/ethnicity/national origin*
> *B. San Francisco Number (SFNO)*
> *C. San Francisco Superior Court number*
> *D. San Francisco Jail Number*
> *8. Number of persons whom SFPD has arrested after their GPS tracking data was exchanged with the SFPD. For each person, please provide the following:*
> *A. Name, age, race/ethnicity/national origin*
> *B. San Francisco Number (SFNO)*
> *C. San Francisco Superior Court number*
> *D. San Francisco Jail Number*

If you would like to make a new public records request, please make your new request at the Records Request System.

Sincerely,

Alison Lambert
Legal Assistant
*San Francisco Sheriff's Office*
*Central Records & Warrants Unit*

To monitor the progress or update this request please log into the Records Request System



# EXHIBIT 2

## Message History (7)

✉ On 7/1/2022 10:30:23 AM, San Francisco County Sheriff wrote:

CC: alison.lambert@sfgov.org
**Subject:** [Records Center] Public Records Request :: P000953-021722
**Body:**

Your requests for information from February 17, 2022 and follow up letters have been sent to me for response.  The following are the current responses:

i. Policies re monitoring, collecting, saving, storing and/or deleting GPS location tracking data:  Document collection is continuing.

ii.  Directives regarding sharing data:  The SFSO has a form for third parties to request electronic monitoring data.  A copy of the form is attached.  Although there do not appear to be additional documents responsive to this request, document collection is continuing.

iii. Directives re evaluating and responding to requests:  Document collection is continuing.

iv.  Communications regarding the collection and exchange:  Except for the forms themselves, the SFSO does not have any public records responsive to the request, but see the Sentinel contract, attached.

v.  Contracts, etc., regarding GPS location tracking data:  Other than the contract with Sentinel, which is attached, we do not have any other public records responsive to your request.

vi.  Policies or forms provided to those on pretrial release about the collection, storage and release of data:  The SFSO includes the form used to go over program rules and regulations with those who agree to go on electronic monitoring.  The form gets modified over time.  There are a number of variations of the form attached.

vii.  a.  Although the SFSO does not have any document that includes this information,
the *f*ollowing are the number of bookings received by the San Francisco Sheriff's Office Community Programs Unit, which in almost all cases means the person was issued an EM device:

2018:   701

2019:   1380

2020:   1602

1/1/21 to 5/31/21:    739

Collection of data after May 2021 is continuing.

viii.  Length of time on pretrial release:  The SFSO does not have any public records responsive to this request.

ix.  GPS data is kept by Sentinel, not the SFSO.  The contract would govern any retention or destruction policies.

viii.  Although the SFSO does not generally compile this data, we have done so for purposes of responding to this request.  The SFSO implemented its form for requesting this data in November 2019.  There is no data prior to that time.  The results are as follows:



```
No of request forms received:

    2019: 4   No. from SFPD: 3

    2020: 41  No. from SFPD:  35

    2021: 179  No. from SFPD: 173

    2022:      Data collection continuing.

The SFSO responds to all of the requests from other law enforcement agencies who fill out this
form properly.

x.  Please see attached two surveillance technology letters sent to the Board.  As you can see
from the letter, all our communications simply state that we have such technology.

xi.  Communications of Supervisor Mandelman's office re EM data:  Document collection is
continuing.

If you have any further questions, please let me know (margaret.baumgartner@sfgov.org or work cell
(415) 470-1336) and/or submit them through SFSO's GovQA system.

Margaret W. Baumgartner, Chief Legal Counsel
```



# EXHIBIT 3

On 7/20/2022 3:41:13 PM, San Francisco County Sheriff wrote:

CC: HKieschnick@aclunc.org
**Subject:** [Records Center] Public Records Request :: P000953-021722
**Body:**
I have received the updated information about the number of bookings from June 1, 2021 to the present, which is in response to section vii of your request, as follows:

6/1/21 to 12/31/21:     990

1/1/22 to 6/30/22:      808

I believe that this closes out your request.  If you have additional requests or follow up, please let me know.


Margaret W. Baumgartner
Chief Legal Counsel
San Francisco Sheriff's Office
margaret.baumgartner@sfgov.org



# EXHIBIT 4

# County of San Francisco Sheriff's Office / Superior Court
## Pre-Sentenced Defendant Electronic Monitoring - Court Order

| Defendant's Last Name | Defendant's First Name | SF Number / DOB |
|---|---|---|
| | | |

| Court Number(S) | Department # | Date |
|---|---|---|
| | | |

By checking boxes below, the Court will indicate what supervision the San Francisco Sheriff's Office (SFSO) will employ and the expectations the Court has of the defendant. By signing these instructions and affixing a seal, the Court indicates that the defendant has waived their 4th Amendment rights and understands the restrictions ordered by the Court.

---

Defendant will be monitored via: ☐ GPS Only   ☐ Alcohol Monitoring*   ☐ GPS and Alcohol Monitoring*

**\* No consuming alcohol on alcohol monitoring**

Release with coordinated pickup** ☐     Release to CP contingent on EM placement ☐     Condition of Bail ☐

*\*\*Home Detention and Curfew orders will be Coordinated Pickup only.*

---

- Defendant will adhere to the following court-ordered conditions of Pre-Trial Electronic Monitoring until the Court orders the removal of conditions. Upon removal of conditions, all issued equipment shall be returned to SFSO.

- All participants on pre-trial electronic monitoring shall obey all orders given by any SFSO employee(s) or contract service provider(s) and live within 50 driving miles of the Sheriff's Electronic Monitoring office. Participants can not travel more than 50 driving miles from the Sheriff's Electronic Monitoring office without prior approval of the Court.

- Particpants shall report any change in residence immediately to an SFSO Community Programs employee or contract service provider. The particpant shall operate and maintain monitoring device(s) as instructed and not tamper with, defeat or remove monitoring device(s). Particpant shall report any arrest, citation or law enforcement contact to an SFSO Community Programs employee within 24 hours. Particpant shall not possess or consume any controlled substance without a valid legal prescription.

☐ Submit to a drug test when directed to do so by a SFSO sworn employee.

☐ Not possess any weapons.

☐ Not consume any alcohol / marijuana

☐ Remain confined within interior premises of residence (Home Detention) unless authorized by a SFSO sworn employee. Approved Home Detention activities: _____

☐ Curfew, remain confined within the interior premises of residence during the following hours: _____

☐ Attend counseling / groups as directed. _____

☐ Abide by any stay away order or other restriction not on this form. (If checked, those must be attached to this form.)

☐ Other _____

*If there is a violation of any of the above court-ordered monitoring conditions, the SFSO may evaluate the violation and report to the Court, prepare an affidavit to revoke their OR or bail status and/or place under arrest for contempt of court.*

| | |
|---|---|
| Date | Judge |

**Cleared for EM by CP** ☐ Yes ☐ No   Deputy Name / Badge _____

If not cleared, enter the reason: _____

# EXHIBIT 5

Case 4:22-cv-05541-JST   Document 22-2   Filed 10/07/22   Page 17 of 18



# San Francisco Sheriff's Department
## Electronic Monitoring (EM) Program Rules
## Pre-Sentenced Participants

Name: _____   DOB: _____   Court No: _____

We want you to succeed in this opportunity to remain out of custody during your court involvement. **Please review and indicate by initialing after each item that you understand your obligations.** If you do not follow the rules, you may be taken into custody by order of the court for any of the following reasons:

- Failure to follow program rules and/or regulations
- Failure to call or come in when instructed to either replace or return troublesome or problematic equipment
- Any articulable adverse behavior that prevents your successful completion of the program

### Program Rules-*Participant to review and initial each requirement*

1. I shall obey all orders given by any sworn employee or EM employee. _____
2. I shall obey all laws. _____
3. I shall notify an SFSD sworn employee of any arrest, citation or peace officer contact no later than the day after it occurs. _____
4. I shall immediately notify an SFSD sworn employee of any change in address or phone number _____
5. I shall submit to a search of my person, residence, automobile or property by any peace officer at any time. _____
6. If I am court ordered to enroll for alcohol monitoring, via a urine sample and/or breath alcohol test, I will do so as instructed by sworn SFSD or EM staff. _____
7. I shall not possess any illegal weapons or drugs. If I am enrolled in alcohol monitoring, I will not possess any alcohol. _____
8. I shall not tamper with, remove or cause the equipment to malfunction. Any of these acts is considered as an overt attempt to avoid monitoring or detection. Violation of this rule may result in a court order for my return to secure custody and filing of additional criminal charges. _____
9. I am responsible for all issued equipment.
    a. I may be criminally charged with theft for failure to return any issued equipment. _____
    b. I may be criminally charged with vandalism for damage to any issued equipment. _____
10. All participants must live within 50 miles of the San Francisco Sheriff's Department Community Programs office located at 70 Oak Grove Street, San Francisco, CA. Absent permission by SFSD I shall not travel farther than 50 miles from 70 Oak Grove Street, San Francisco, CA. _____
11. I am responsible to keep the device charged. Failure to do so is a violation the program. _____
12. I shall call in and report as directed to the office located at 70 Oak Grove Street, San Francisco, CA. Failure to do so is a violation of the program. _____

**EM Office Phone Number: 415-575-6461 – 24 HOURS A DAY**
**Location: 70 Oak Grove, San Francisco, CA, 94103 – 24 HOURS A DAY**

---

Number: SF-F-5            Issue Date: 11.18.19            Location: Operations SharePoint Tab | SF
Revision No: 2.0           Revision Date: 09.18.20                                Page 1 of 2



# San Francisco Sheriff's Department
## Electronic Monitoring (EM) Program Rules
### Pre-Sentenced Participants

Name: _____ DOB: _____ Court No: _____

## Program Rules continued - *Participant to review and initial each requirement*

13. I acknowledge that my EM data may be shared with other criminal justice partners. _____
14. I agree to respond to all telephone calls from the Sheriff's Department and/or the Electronic Monitoring Program. _____

### The Following Home Detention/Curfew Considerations do not apply to participants who are on EM Tracking only

15. I must remain within the interior premises of my residence during designated curfew hours. _____
16. I may engage in only pre-approved activities per the court order. _____
17. I am granted 2.5 hours per week of errand time to attend personal needs such as church services or grocery shopping. After one successful month of compliance, I will be granted four hours per week at a consistent time (to be scheduled before 9pm). _____
18. I may attend counseling, 12-step meetings and programmatic groups if they are scheduled and verified. This may not exceed eight hours per week. _____
19. I must request any change in schedule 48 hours in advance. Request for schedule changes can only be made by phone Monday through Friday from 10:00 am to 5:00 pm. This includes court and medical appointments. _____
20. Any approved days spent out of zone will not be counted towards any calculation of credit for time served by the court. _____
21. A hearing may be convened for three incidents of non-compliance that may result in a court ordered return to custody. _____
22. An affidavit for return to custody will be submitted to the court and may result in a warrant for one incident of serious non-compliance. _____

I have read and initialed each item to indicate understanding. I agree to comply with these rules and conditions of the SFSD Electronic Monitoring Program.

Participant Signature: X_____  Date: _____

Sworn Staff Name: _____  Star: _____

Sworn Staff Signature: _____  Date: _____

### EM Office Phone Number: 415-575-6461 – 24 HOURS A DAY
### Location: 70 Oak Grove, San Francisco, CA, 94103 – 24 HOURS A DAY

Number: SF-F-5
Revision No: 2.0
Issue Date: 11.18.19
Revision Date: 09.18.20
Location: Operations SharePoint Tab | SF
Page 2 of 2