SHILPI AGARWAL (SBN 270749)
AVRAM D. FREY (MJP 804789) (*Admitted Pro Hac Vice*)
EMI YOUNG (SBN 311238)
HANNAH KIESCHNICK (SBN 319011)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478
Email: sagarwal@aclunc.org
afrey@aclunc.org
eyoung@aclunc.org
hkieschnick@aclunc.org

JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602 (*Admission pending*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone:  (415) 947-2197
Facsimile:  (415) 947-2000
Email: jsessions@wsgr.com
jflynn@wsgr.com
cbal@wsgr.com
mlobo@wsgr.com
asontag@wsgr.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated, DIANA BLOCK, an individual, and COMMUNITY RESOURCE INITIATIVE, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, in his official capacity as SAN FRANCISCO SHERIFF,<br><br>Defendants. | CASE NO.: 4:22-CV-05541-JST<br><br>**DECLARATION OF SUJUNG KIM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 12, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Jon S. Tigar |

I, Sujung Kim, declare:

1. I am an attorney licensed to practice in the State of California and am employed as a deputy public defender at the San Francisco Public Defender's Office. I have worked in this office since 1997. I have personal knowledge of the facts set forth in this Declaration and, if called upon, could testify to those facts.

2. Through my work on behalf of the Public Defender's Office representing indigent people in criminal matters in San Francisco, I have frequently witnessed and participated in the process by which individuals are released pretrial on electronic monitoring ("EM") in the County.

3. The San Francisco Pretrial Diversion Project evaluates all individuals held in jail after arrest. The Project provides to the Superior Court a "public safety assessment" and a recommendation either that the individual not be released or that they be released pretrial under one of three levels of supervision: (1) Own Recognizance ("OR") No Active Supervision; (2) OR Minimum Supervision; and (3) Assertive Case Management ("ACM").

4. The Superior Court uses this assessment and recommendation, as well as other information, to make a release determination. The Court may order one of the recommended levels of supervision or set bail.

5. The Court may also impose conditions based on individualized, record-based findings. These conditions include warrantless drug testing, search conditions, participation in programming like anger management, and prohibition on gun possession, among other conditions.

6. The Court may also impose EM under any level of supervision if it finds monitoring a reasonable means to ensure future court appearances, protect public safety, and guarantee compliance with other pre-trial conditions of release. In my experience, the Superior Court usually orders an individual released pretrial on EM at arraignment or subsequent bail or release motion hearings. I have never observed the Court make any orders or engage in any colloquy on the record concerning the specifics of the San Francisco Sheriff's Office's EM Program Rules or its indefinite retention of GPS location data.

7. Once the Court orders release on EM, clients need to be enrolled in the Sheriff's EM Program and outfitted with an ankle monitor. Some clients are released OR and given instructions to appear at 70 Oak Grove—the Sheriff's Community Programs building—at a specific date and time to be enrolled. Clients who remain in custody are transported directly to 70 Oak Grove by Sheriff's deputies.

8. Clients are not provided access to counsel while being enrolled in the EM Program at 70 Oak Grove. I have never accompanied a client to 70 Oak Grove for enrollment in EM, nor have I ever received a communication from a client at 70 Oak Grove during the enrollment process.

9. I am not aware of any indigent clients who have refused to initial and sign the Sheriff Office's enrollment forms.

10. I am aware of only two cases in which evidence obtained pursuant to the four-way search clause described in the Sheriff's Program Rule 5 was challenged in court via a motion to suppress. Although these cases were handled by my office, I was not the deputy public defender on either case.

11. Based on information and belief, in the first case, officers with the San Francisco Police Department requested and received GPS location data from the Sheriff in order to track a client pretrial as he drove through San Francisco. In addition, relying on the four-way search clause, the police searched this individual's apartment. The Superior Court granted the Public Defender's Office's motion to suppress the evidence seized in the apartment, finding that Rule 5 was not a legally valid search condition and that the client had not waived his Fourth Amendment rights in court or otherwise consented to the search.

12. Based on information and belief, in the second case, as in the first, officers with the San Francisco Police Department requested and received GPS location data from the Sheriff in order to track a pretrial client as he drove through San Francisco. Relying on the four-way search clause, police then searched this individual's car. At the preliminary hearing, the Superior Court denied the Public Defender's Office's motion to suppress the evidence

seized in the car. Before my office could appeal, the District Attorney dropped the charges related to that evidence, mooting the issue.

13. Over the past few years, I have observed an increasing number of indigent clients being released pretrial on EM. These clients typically participate in the Sheriff's EM Program for a number of months. But I am aware of certain clients who participated in the Sheriff's EM Program for much longer. I believe these clients are on pretrial EM for longer because of the significant delays in the Superior Court's criminal docket, in large part due to the COVID-19 pandemic.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of October 2022, at San Francisco, California.

_____
Sujung Kim

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Justina Sessions, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: October 7, 2022                                        */s/ Justina Sessions*
                                                                                    Justina Sessions