DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KAITLYN MURPHY, State Bar #293309
ALEXANDER J. HOLTZMAN, State Bar #311813
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3867 [Murphy]
Telephone:    (415) 554-3999 [Holtzman]
Facsimile:    (415) 554-3837
E-Mail:       kaitlyn.murphy@sfcityatty.org
E-Mail        alexander.holtzman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
PAUL MIYAMOTO IN HIS OFFICIAL CAPACITY AS
SAN FRANCISCO SHERIFF,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>　　　　Defendants. | Case No. 22-cv-05541-JST<br><br>**DEFENDANTS THE CITY AND COUNTY OF SAN FRANCISCO AND SHERIFF PAUL MIYAMOTO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge:　　　　Honorable Jon S. Tigar<br>Courtroom:　　Courtroom 6, 2nd Floor<br>Hearing Date:　January 19, 2023<br>Time:　　　　2:00 p.m.<br><br>Trial Date:　　Not Set |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b) and supporting caselaw, Defendants the City and County of San Francisco and Paul Miyamoto, in his official capacity as San Francisco Sheriff, respectfully request that the Court take judicial notice of the following exhibits filed in support of Defendants' Motion to Dismiss the Complaint:

1. **Exhibit A:** Computer printouts from the Superior Court of California, County of San Francisco website of charges pending in criminal cases against Plaintiffs Joshua Simon, David Barber, and Josue Bonilla;

2. **Exhibit B:** Minutes of hearing dated August 13, 2021, in *People v. David Michael Barber*, S.F. Super. Ct. Case No. CRI-21007774, reflecting additional highlighting

3. **Exhibit C:** Minutes of Hearing dated March 16, 2022, in *People v. David Michael Barber*, S.F. Super. Ct. Case No. CRI-21007774; and

4. **Exhibit D:** Minute Order dated August 24, 2022, in *People v. David Michael Barber*, S.F. Super. Ct. Case No. CRI-21007774.

Dated: October 17, 2022

    DAVID CHIU
    City Attorney
    MEREDITH B. OSBORN
    Chief Trial Deputy
    KAITLYN MURPHY
    ALEXANDER J. HOLTZMAN
    Deputy City Attorneys

By:   */s/ Alexander J. Holtzman*
    ALEXANDER J. HOLTZMAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF

## MEMORANDUM OF POINTS AND AUTHORITIES

When reviewing a motion to dismiss for failure to state a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may therefore consider "adjudicative facts that are 'not subject to reasonable dispute'" in deciding a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-10 (quoting Fed. R. Evid. 201(b)). Applying this principle here, the Court may consider Exhibits A, B, and C to the Murphy Declaration when evaluating Defendants' Motion to Dismiss the Complaint.

Courts may "take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); see also Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). "Court orders and other court documents are proper subjects of judicial notice." *Harris v. Atchley*, No. 20-cv-03883-EMC, 2022 WL 319850, at *2 n.2 (N.D. Cal. Jan. 6, 2022); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

### I. The Court May Take Judicial Notice of Exhibit A, Which Reflects Matters of Public Record.

Defendants seek judicial notice of the California Superior Court, County of San Francisco's records of the charges pending against Joshua Simon, David Barber, and Josue Bonilla ("Criminal Defendant Plaintiffs"). Exhibit A includes printouts from the court's website of the summary sheets for each of these Plaintiffs cases. Summary sheets of criminal charges are subject to judicial notice as court records. *See Chrome Hearts, LLC v. Old Sch. Fairfax, Inc.*, No. 216CV09080ABJPRX, 2018 WL 1942766, at *2 & n.1 (C.D. Cal. Feb. 26, 2018). These listings of charges are publicly available on the court's website, and there is no question as to their accuracy and authenticity. They are therefore properly subject to judicial notice.

## II. The Court May Take Judicial Notice of Exhibits B and C, Which Are Court Documents.

In addition to the records of charges pending against Criminal Defendant Plaintiffs in their criminal cases, Defendants seek judicial notice of two court documents from Plaintiff David Barber's criminal court proceeding. Exhibit B is the Minutes from the hearing on the People's Motion to Detain Without Bail on August 13, 2022, stating that, among other conditions of release, Barber would be placed on "assertive case management," placed on GPS monitoring, "ordered to comply with all terms of release as set forth on the record and by the SFSO," and placed on home confinement. Exhibit B also reflects that Barber was represented by Christopher Garcia at this hearing. Exhibit C is the Minutes from a hearing on March 16, 2022 reflecting that the court granted Barber's Motion to Modify Conditions of Release and changed Barber's Assertive Case Management check-ins to telephone check-ins only. Exhibit C reflects that Barber was represented at this hearing by Garcia. Exhibit D is a Minute Order from an August 24, 2022, hearing on Barber's Motion to Modify Release Conditions. The order granted the motion and modified Barber's conditions of release to relieve him of home detention while ordered that he not enter San Francisco apart from specific exceptions. The order reflects that Barber was again represented at this hearing, again by Garcia. As official court orders and records, Exhibits B, C, and D are subject to judicial notice. *See Black*, 482 F.3d at 1041; *Harris*, 2022 WL 319850, at *2 n.2.

Dated: October 17, 2022

DAVID CHIU
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
KAITLYN MURPHY
ALEXANDER J. HOLTZMAN
Deputy City Attorneys

By:     */s/ Alexander J. Holtzman*
ALEXANDER J. HOLTZMAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF