DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KAITLYN MURPHY, State Bar #293309
ALEXANDER J. HOLTZMAN, State Bar #311813
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:  (415) 554-3867
Facsimile:   (415) 554-3837
Email:        kaitlyn.murphy@sfcityatty.org
                  alexander.holtzman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
PAUL MIYAMOTO IN HIS OFFICIAL CAPACITY AS
SAN FRANCISCO SHERIFF,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>        Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge:         Hon. Jon S. Tigar<br>Courtroom:  Courtroom 6, 2nd Floor<br><br>Trial Date:   Not Set |

Pursuant to Rule 79-5 of the Civil Local Rules, Defendants the City and County of San Francisco and Sheriff Paul Miyamoto respectfully submit this administrative motion for an order sealing certain San Francisco Police Department ("SFPD") Incident Reports submitted in support of their Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Opposition").

On October 7, 2022, Plaintiffs moved for a preliminary injunction. ECF No. 22. Defendants intend to submit six SFPD Incident Reports related to the charges pending against Plaintiffs Joshua Simon, David Barber, and Josue Bonilla ("Criminal Defendant Plaintiffs") in connection the Opposition. Declaration of Kaitlyn Murphy in Support of Defendants' Administrative Motion to Seal ("Murphy Sealing Decl.") ¶ 3. These Incident Reports are relevant to the Opposition because they tend to show the risks to the public in general and the Criminal Defendant Plaintiffs' alleged victims in particular if the Court were to issue Plaintiffs' requested injunction modifying the terms of their pretrial release. *Id.* ¶ 4. The Incident Reports Defendants seek to seal are attached as Exhibits A-E and G to the Declaration of Lieutenant Kevin Lee in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Lee Declaration"). *Id.* ¶ 3. Defendants seek to seal these documents in their entirety.

Rule 79-5 authorizes a document, or portions thereof, to be filed under seal when it is established that the document is privileged or otherwise entitled to protection under the law. There is a presumption in favor of public access to court documents, but the public's right to access "is not absolute and can be overridden." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption in favor of public access may be overcome through a showing of either "good cause" or "compelling reasons" to seal specific information. The standard to be applied depends on whether the underlying motion is "more than tangentially related to the merits of a case" or "dispositive." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Where the underlying motion relates to the merits of a case such that it qualifies as "dispositive," courts apply a "compelling reasons" standard. *Ctr. For Auto Safety*, 809 F.3d at 1096–98. If a record is only tangentially related to the merits, courts apply a "good cause" standard, under which a court may seal a record "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

2

Admin. Mtn. to Seal; Case No. 22-cv-05541-JST                                                     n:\lit\li2022\230184\01636074.docx

expense." *Id.* (quoting Fed. R. Civ. P. 26(c)).

The Court should apply the "good cause" standard rather than the heightened burden of "compelling reasons" here. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (applying the "lower good cause standard" to preliminary injunction motion). In any event, Defendants' request should be granted under either the good cause or compelling reasons standard.

Defendants seek to file under seal SFPD Incident Reports related to the Criminal Defendant Plaintiffs' interactions with law enforcement. Murphy Sealing Decl. ¶ 3. Sealing of these documents is required to "[t]o remove personal data or information," "[t]o preserve the anonymity of complainants and witnesses," and "[t]o protect confidential medical . . . or other information of which disclosure . . . would cause an unwarranted invasion of personal privacy." Cal. Penal Code § 832.7(b)(5). These Incident Reports concern allegations of domestic violence. Murphy Sealing Decl. ¶ 5. Therefore, although Defendants redacted names, addresses, and contact information in these documents where irrelevant to the pending motion, public disclosure of the remaining portions of the documents to the public could nevertheless lead to inadvertent harm to the victims given that the Penal Code violations at issue narrow the pool of potential victims considerably. *Id.* Disclosure therefore threatens the personal privacy interests of the crime victims in the Criminal Defendant Plaintiffs' underlying criminal cases. Disclosure would also impact ongoing criminal investigations as the SFPD Incident Reports concern the Criminal Defendant Plaintiffs' underlying criminal charges. *Id.* ¶ 6.

Courts recognize the compelling reasons and good cause in protecting the privacy and safety of crime victims and witnesses, and integrity of investigations and court proceedings. *See Larsen v. Oregon Dep't of Just.*, No. 6:21-CV-01718-AA, 2021 WL 5826267, at *1 (D. Or. Dec. 6, 2021) (sealing exhibits including "police reports" submitted in connection with a TRO application); *United States v. Peltier*, No. CR19-0115-JCC, 2021 WL 3472405, at *1 (W.D. Wash. Aug. 6, 2021) (granting sealing based on the compelling interest in protecting the privacy and safety of litigants, crime victims, and witnesses); *Forbes Media LLC v. United States*, 548 F. Supp. 3d 872, 880 (N.D. Cal. 2021) ("unsealing the documents sought here would 'frustrate criminal investigations and thereby jeopardize

3

Admin. Mtn. to Seal; Case No. 22-cv-05541-JST                             n:\lit\li2022\230184\01636074.docx

the integrity of the search for truth that is so critical to the fair administration of justice'" (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213 (9th Cir. 1989))).

Defendants' request is narrowly tailored as it seeks to seal only the portion of Defendants' supporting evidence that creates a risk to crime victims and criminal investigations. *Id.* ¶ 7. For example, Defendants have drafted their brief to avoid disclosing these sealed facts directly and therefore have not requested to seal their Opposition brief itself. *Id.*

## CONCLUSION

Defendants have identified good cause and compelling reasons to seal the Incident Reports contained in Exhibits A-E and G to the Lee Declaration and respectfully request the Court grant this motion to file under seal.

Dated:  October 28, 2022                     Respectfully submitted,

DAVID CHIU
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
KAITLYN MURPHY
ALEXANDER J. HOLTZMAN
Deputy City Attorneys


By: */s/ Kaitlyn Murphy*
    KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF