# EXHIBIT 1

```
 1                  SUPERIOR COURT OF CALIFORNIA

 2                    COUNTY OF SAN FRANCISCO

 3       BEFORE THE HONORABLE LORETTA M. GIORGI, JUDGE PRESIDING

 4                      DEPARTMENT NUMBER 20

 5                           ---o0o---

 6   PEOPLE OF THE STATE OF CALIFORNIA,)
                                       )    Court No. 22004986
 7             Plaintiff,              )
                                       )
 8   vs.                               )    ARRAIGNMENT
                                       )
 9   JOSHUA SIMON,                     )
                                       )
10             Defendant.              )
     _____)
11

12              REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                   Wednesday, May 25, 2022

14


15   APPEARANCES OF COUNSEL:

16        For Plaintiff:

17           CHESA BOUDIN, DISTRICT ATTORNEY
             350 Rhode Island Street
18           North Building, Suite 400N
             San Francisco, California 94103
19           BY:  JULIA GONZALES, ASSISTANT DISTRICT ATTORNEY

20


21


22        For Defendant:

23
             MANOHAR RAJU, PUBLIC DEFENDER
24           555 Seventh Street - Suite 205
             San Francisco, California  94103
25           BY:  ANTHONY GEDEON, DEPUTY PUBLIC DEFENDER

26


27
     Reported By:  Ann F. Mendoza, CSR No. 6812
28                 Official Reporter
```

```
 1  Wednesday, May 25, 2022                                    3:01 p.m.
 2                         P R O C E E D I N G S
 3                              ---o0o---
 4     THE COURT:  Let's go to Line 606, Joshua Simon.
 5     Good afternoon, sir.  I'm appointing the public defender to
 6  represent you at arraignment.
 7     Counsel, state your appearances.
 8     MS. GONZALES:  Julia Gonzales appearing on behalf of the
 9  People via Zoom.
10     MR. GEDEON:  Anthony Gedeon, Public Defender's Office, here
11  with Mr. Simon.  I will accept appointment and proceed with
12  arraignment.  We'll waive formal reading and advisement of
13  rights, enter a plea of not guilty, deny any and all allegations
14  and enhancements.
15     I'm asking that Mr. Simon be released.  He actually recently
16  graduated from high school.  His graduation is on the 31st.
17  He's been working doing work gig work, but he is enrolled to
18  attend City College in the fall in a two-year architecture
19  program.  I have contact information for him.  He's not a flight
20  risk.  There's no prior failures to appear or anything.
21     THE COURT:  All right.  Ms. Gonzales?
22     MS. GONZALES:  Thank you, Your Honor.
23     The People did not file a motion to detain, and we aren't
24  seeking his detention.  However, I do think that some additional
25  terms, in order to ensure the victim's safety, are necessary.
26  The People have a criminal protective order that we're asking
27  the Court to sign and serve on Mr. Simon.
28     In addition, I think a GPS monitor, in order to enforce that
```

1   criminal protective order and perhaps a curfew, would be
2   appropriate in this case.
3       While Mr. Simon does not have any prior convictions, he does
4   have a recent domestic violence arrest from only two or three
5   months ago in Oakland.  It looks to me like those charges
6   weren't filed -- looks to me like the prosecution declined to
7   file in that case because the victim was unavailable.  I'm
8   concerned that this is now a second incident involving pretty
9   serious aggression and violence toward the victim done
10  completely in public, without any concern for others around
11  them.  The conduct is concerning to the People, and so for that
12  reason, we'd be asking for the GPS monitor in order to enforce
13  the criminal protective order.
14      I have no objection to release.  I would ask, counsel,
15  though -- I was not aware that he is still in high school.  I
16  did speak with the victim yesterday.  They're both 19.  It
17  didn't occur to me, they could potentially both be in high
18  school together.  I did want to ask counsel if that's going to
19  be an issue, if she is also a student at his school, or any
20  other reason why they would have to be near each other?
21      **MR. GEDEON:**  I think just graduation.  Their graduation is
22  on the 31st because they were in high school together.
23      **THE COURT:**  So that's going to be an issue.
24      **MS. GONZALES:**  Yes.
25      **MR. GEDEON:**  Yes.
26      Nevermind. She already graduated.  I take that back.  There
27  shouldn't be any issues with the protective order.  I do oppose
28  the electronic monitoring given his lack of criminal history.

1    I would also note, through his foster care, he was given
2 transitional housing, but he had an appointment for on May 23rd
3 that he missed.  He contacted the people, and they said they can
4 still hold open the housing, but if he's not released soon, he
5 could loose that housing.
6    **THE COURT:**  Where is he living now?
7    **MR. GEDEON:**  He's currently living at 50 Harbor Road with
8 his mother, but he's in the foster care system, and he has his
9 housing setup.
10    **THE COURT:**  All right.  So, unfortunately, I do see some
11 criminal history here, that's serious.
12    **MS. GONZALES:**  Yes.
13    **THE COURT:**  And I am concerned about, not only the nature of
14 the conduct alleged here, but also Mr. Simon's response to
15 police when they arrive, and, quite honestly, release is not
16 recommended.  I think that's going more toward the charge at
17 this point.
18    So I will release Mr. Simon, but I think the only way to
19 ensure protection of the victim and the public at this point is
20 for a home detention on electronic monitor.  And I know you're
21 going to object, but it's that or stay in.
22    **MR. GEDEON:**  I understand.  Obviously, I prefer that
23 Mr. Simon be released, than stay in jail.  I'd note his age.
24 The conduct in this case may be concerning, but it's a slap and
25 a trip.  It's not a serious case.  Any other county this would
26 be a misdemeanor.  I understand this county takes DV very
27 seriously.  This is someone with no prior conviction of this.
28    **THE COURT:**  Not of this, but I'm not going to get into on

| | |
|---|---|
| 1 | the record his juvenile history, which is concerning to me, |
| 2 | which also includes resisting arrest.  We have issues with |
| 3 | authority here.  I'm going to err on the side of caution here. |
| 4 | Obviously, it's without prejudice.  If he does well over the |
| 5 | next few weeks, you can make a request to modify it.  I think |
| 6 | for now, obviously, I will allow for him to go to any |
| 7 | appointments for his housing, so he doesn't loose that.  I'll |
| 8 | put that on here.  It's going to be a home detention otherwise. |
| 9 | Also, you cannot possess any weapons. |
| 10 | And who are you working with to get housing? |
| 11 | **THE DEFENDANT:**  Catrice Catino (phonetic), the AB12. |
| 12 | **THE COURT:**  Is it a particular organization? |
| 13 | **THE DEFENDANT:**  I think Unity Health Center. |
| 14 | **THE COURT:**  Okay.  I'll just put also case manager. |
| 15 | Also, you're going to have to abide by a stay away order, |
| 16 | and that is to have no contact with Yatseri (phonetic) Garcia |
| 17 | Beltran.  That means no contact in person, you got to stay a |
| 18 | 150 yards away from her -- actually, the law only allows for |
| 19 | 100 yards folks.  The law does not allow for that.  100 yards |
| 20 | away from her.  Also, no contact by phone, through social media, |
| 21 | any electronic media, or through third parties, asking other |
| 22 | people to talk to her, except your lawyer.  This will also be a |
| 23 | term of your release. |
| 24 | All right.  Do you want to set a 10 and 60 or just 60? |
| 25 | **MR. GEDEON:**  10 and 60. |
| 26 | I would ask the Court to note an exception for the home |
| 27 | detention just for him to go to his graduation on 31st. |
| 28 | **THE COURT:**  Okay.  I wrote that down.  You can go to your |

```
 1  graduation.
 2       All right.  Thank you.  Ten day last day is June 9th.
 3  Prelim is June 8th.  You need to be in Department 11 on the
 4  first floor on June 8th at 9:00 o'clock for your preliminary
 5  hearing.
 6       MS. GONZALES:  Your Honor, could we possibly set that on the
 7  6th or 7th?  I'm in a prelim on that 8th already.
 8       MR. GEDEON:  The 6th is better for me.
 9       THE COURT:  All right.  June 6th.  So that's going to be a
10  Monday, June 6th, 9:00 o'clock, downstairs in Department 11.
11  We'll set a 60th day of July 25th.
12       Time estimate?
13       MS. GONZALES:  An hour.  Excuse me.  Make that an hour, 45
14  minutes.
15       MR. DE SOUZA:  On behalf of the prosecutor, I'm serving a
16  copy that's signed and filed of the criminal protective order to
17  Defendant through Counsel.
18       MS. GONZALES:  Thank you, Mr. de Souza.  I'm sorry, Your
19  Honor.  Can I get that 60th day again, July?
20       THE COURT:  25th.
21       MS. GONZALES:  Thank you.
22                              - - -
23
24
25
26
27
28
```

```
1   State of California              )
                                     )
2   County of San Francisco          )

3

4

5       I, ANN F. MENDOZA, Official Reporter for the Superior Court
6   of California, County of San Francisco, do hereby certify:
7       That I was present at the time of the above proceedings;
8       That I took down in machine shorthand notes all proceedings
9   had and testimony given;
10      That I thereafter transcribed said shorthand notes with the
11  aid of a computer;
12      That the above and foregoing is a full, true, and correct
13  transcription of said shorthand notes, and a full, true and
14  correct transcript of all proceedings had and testimony taken;
15      That I am not a party to the action or related to a party
16  or counsel;
17      That I have no financial or other interest in the outcome
18  of the action.
19
20  Dated:  August 16, 2022
21
22
23
24                          [signature]
25                  _____
                        ANN F. MENDOZA, CSR No. 6812
26
27
28
```