# EXHIBIT 3

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  COUNTY OF SAN FRANCISCO

3          BEFORE THE HONORABLE RICHARD C. DARWIN, JUDGE

4                        DEPARTMENT 9

5                          --o0o--

6    PEOPLE OF THE STATE OF CALIFORNIA,    )
                                           )
7                   Plaintiff,             )
                                           )
8           vs.                            )    COURT No. 21007774
                                           )
9    DAVID MICHAEL BARBER,                 )    Pages 001-009
                                           )
10                  Defendant.             )    Motion to Detain
     _____       )    Without Bail
11                                         )

12              REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                  FRIDAY, AUGUST 13, 2021

14
     A P P E A R A N C E S:
15
     FOR THE PEOPLE:
16
             CHESA BOUDIN, DISTRICT ATTORNEY
17           350 RHODE ISLAND STREET, NORTH BUILDING, SUITE 400N
             SAN FRANCISCO, CA 94103
18           BY:  Evanthia Pappas, Assistant District Attorney

19

20   FOR THE DEFENDANT:

21           MANOHAR RAJU, PUBLIC DEFENDER
             555 SEVENTH STREET
22           SAN FRANCISCO, CA  94103
             BY:  Christopher Garcia, Deputy Public Defender
23               (Appearing via Zoom)

24

25

26

27   REPORTED BY:  DIANE WILSON, CSR NO 8557

28

2

1          FRIDAY, AUGUST 13, 2021 - MORNING SESSION

2        BEFORE THE HONORABLE RICHARD C. DARWIN, JUDGE

3                        --o0o--

4      THE COURT:  Okay.  Let's go on the record on Line 22, David

5    Barber.

6      Appearances, please, first by the People.

7      MS. PAPPAS:  Evanthia Pappas for the People.  I am

8    providing a card to the clerk.

9      MR. GARCIA:  (Appearing via Zoom)  Good morning, Your

10   Honor.

11     Christopher Garcia, Public Defender's office.  I'm

12   appearing by Zoom for Mr. Barber.  He is present; he's in

13   custody.

14     THE COURT:  Mr. Barber is present in the courtroom.  He's

15   in custody.  We're on the calendar today --

16     Good morning, sir.

17     THE DEFENDANT:  Good morning, sir.

18     THE COURT:  -- for the People's motion to detain the

19   defendant without bail.  I read the motion.  I received an

20   opposition today, which I have reviewed.  I understand -- I

21   have a pretty good sense of both sides.

22     Ms. Pappas, if you'd like to briefly summarize your

23   position and then respond to anything that was in that

24   opposition, if you feel it appropriate?

25     MS. PAPPAS:  So, Your Honor, as mentioned two days ago at

26   the time of arraignment and in the People's detention motion,

27   we're concerned about the public safety and the safety of the

28   victim in this matter.  Not only did he assault her --

 1      THE COURT:  Yeah, use the microphone anyway.  It helps the

 2   court reporter.

 3      MS. PAPPAS:  I'm used to appearing on Zoom.

 4      So, at the time of this incident, he suddenly punched his

 5   girlfriend in the face with a closed fist in a car while she

 6   was trying to break up with him; and after that, he strangled

 7   her and threatened to kill her in the process.  She was able to

 8   get away, and he followed her.

 9      This is the big concern the People have, is that he

10   followed her several streets over to her brother's place, where

11   she was seeking safety.  And a witness -- an independent

12   witness sees him coming after her, and she has to get back in

13   her car and she's backed into a one-way exit area.  So, this is

14   of concern to the People.  We mentioned it two days ago.

15      Their motion -- if I could comment on Defense Counsel's

16   motion?

17      THE COURT:  Yeah.

18      MS. PAPPAS:  I read the letters.  The letters, you know,

19   are from family members and friends dating back to when he was

20   a child.  There's nothing depositive in there that gives me any

21   -- gives any explanation, other than the statement, "He is

22   peaceful."  These facts would belie that logic.

23      And the letter that was e-mailed -- looks like there is a

24   family member from law enforcement in there, and that

25   particular individual -- I believe it might be Mr. Barber's

26   mother indicates that --

27      THE COURT:  Brother.

28      MS. PAPPAS:  Brother, excuse me, indicates that, you know,

1  bail and, you know, detention and these sorts of things are

2  only about ensuring somebody's appearance in court.  I really

3  want to emphasize that there's a public safety issue here that

4  overrides and is the primary concern that the People have.

5      So, that's -- with that, we would submit.

6      THE COURT:  Okay.

7      All right.  Mr. Garcia, briefly, understanding that I have

8  reviewed your opposition.

9      MR. GARCIA:  (Appearing via Zoom)  Yes, Your Honor.

10      I understand the concern.  I understand the seriousness of

11  the allegations here.  I think by all accounts, even if we were

12  to accept these allegations as true, it is an isolated

13  incident.  The victim in this case told the officers that there

14  were no previous domestic violence incidents between the two.

15  The officers then did an independent check in their system and

16  did not find any reported incidents between the two.

17      Going beyond that, looking at Mr. Barber's history --

18  criminal history, there are no convictions for any violent

19  offenses at all.  The most recent is from 2009 many, many years

20  ago for a drug possession case.

21      So I don't think from what we have here, looking at his

22  history; looking at all of the support he has in terms of the

23  letters that were provided; considering that he has an

24  independent address away from this alleged victim; that there

25  is now a criminal protective order that everyone from his

26  family that I've spoken to believes he will comply with; in my

27  conversations with Mr. Barber, he said he will comply with

28  them; I think there are sufficient reasons to have Mr. Barber

1  released from custody with conditions.

2      He can be on home detention; he can be on G.P.S.  These are

3  options with what's available to him.

4      His family will help keep him in check.  I spoke with his

5  brother personally yesterday, the one where I forwarded the

6  e-mail to you today.  He is obviously concerned about David,

7  his brother, and he has a very extensive law enforcement

8  background.  He does not believe that David will -- will be

9  away from any court orders or do anything to mess up any

10  opportunities given to him, and he said if he does, that his

11  brother will personally seek him out and bring him back to

12  court himself.  Though that's not likely, his brother said he

13  would do that.

14      So I think David, the defendant in this case, has a lot of

15  support among his family, among his friends to keep him in

16  check, and I think there are reasons why he should be released,

17  given his lack of criminal history, his lack of violence, and

18  his support.

19      THE COURT:  Okay.  Thank you.

20      Submitted?

21      MS. PAPPAS:  Submitted.

22      THE COURT:  I do have lots of concerns based on the

23  allegations in the Complaint.  In the big picture of things

24  though, I don't believe there's clear and convincing evidence

25  that there are no conditions of release that would ensure the

26  safety of the public and the safety of the victim, so I'm not

27  going to detain without bail.  And I'll just kind of tick off

28  the reasons -- not tick off, give you some explanation of my

1  reasoning here so you'll have a full understanding of it.

2      The incident as alleged was a violent one, no question.

3  But I was -- but what I found significant was the fact that the

4  defendant has no prior violent felony convictions or violent

5  crimes of any kind, no bench warrant history; he's employed; he

6  has his own apartment; there was no -- by the victim's report

7  to police, there were no prior documented or undocumented

8  incidents of domestic violence between the two of them with

9  Mr. Barber.  All those create a picture here that makes me

10  satisfied that there's no pattern of violence -- that there's

11  no pattern of domestic violence or harassment or no pattern of

12  refusal to comply with court orders or show up for court.

13      The incident itself will be litigated and it will have a

14  resolution, and if he's found guilty of it, there will be an

15  adequate punishment.  But in terms of whether he can be safely

16  released, the lack of a criminal history of any sort of -- a

17  lack of violent convictions or reported or unreported domestic

18  violence incidents gives me some satisfaction that he can be

19  released on some fairly restrictive conditions without

20  jeopardizing the safety of the public or the victim.

21      I will be releasing him with A.C.M., electronic monitoring,

22  home detention solely with an exception for employment.  When

23  he's not at work, he will have to remain in the confines of his

24  home.

25      MR. GARCIA:  I'd ask for a medical exception as well, if he

26  needs to.  I know he has some injuries from this event as well.

27      THE COURT:  Okay.

28      THE DEFENDANT:  Your Honor?

 1    MR. GARCIA:  And one thing I forgot to mention for the

 2  Court, Mr. Barber's mother is on Zoom here watching -- her name

 3  is Antoinette -- in support of him.

 4    THE COURT:  Mr. Barber was raising his hand, Mr. Garcia, to

 5  say something.  I want to make sure you've spoken to him about

 6  anything he may want to say.

 7    MR. GARCIA:  If I can -- are any of my colleagues in the

 8  courtroom?

 9    THE COURT:  Mr. Fleischaker is here.

10    So this will be a coordinated release.  No weapons, home

11  detention, and abide by the criminal protective order, which

12  I've already signed.

13    THE DEFENDANT:  Your Honor?

14    THE COURT:  All right.  I think we have a preliminary

15  hearing scheduled in this court on August 24th and a hearing on

16  August 23rd for receipt of subpoenaed records.  We'll confirm

17  both of those dates.  I'll order the defendant to be present.

18    MR. GARCIA:  I'd ask that his appearance be waived on the

19  23rd for the receipt of records.

20    THE COURT:  Any objection to a waiver?

21    MS. PAPPAS:  No, Your Honor.

22    THE COURT:  All right.

23    Defendant's appearance will be waived on the 23rd.  He was

24  ordered present on the 24th for a preliminary hearing.

25    Again, I am not, in any way, minimizing the alleged conduct

26  here, but with respect to whether all the facts and

27  circumstances support detention without bail for this incident,

28  I just find that there are conditions of release that would

1 adequately protect the victim.  I know the People disagree, but

2 that's ultimately the conclusion that I reached after giving it

3 quite a bit of thought.

4     Okay.  Anything else on this matter?

5     MS. PAPPAS:  No, Your Honor.

6     THE COURT:  We don't need to stay on the record.  We're

7 done with the C.P.O. already.

8     Thank you.

9     (Whereupon these proceedings concluded)

10                         --o0o--

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

```
 1  State of California      )
                             )
 2  County of San Francisco  )

 3

 4

 5      I, Diane Wilson, Official Reporter for the Superior Court

 6  of California, County of San Francisco, do hereby certify:

 7      That I was present at the time of the above proceedings;

 8      That I took down in machine shorthand notes all proceedings

 9  had and testimony given;

10      That I thereafter transcribed said shorthand notes with the

11  aid of a computer;

12      That the above and foregoing Pages 1 through 9,

13  inclusive, is a full, true, and correct transcription of said

14  shorthand notes, and a full, true, and correct transcript of

15  all proceedings had and testimony taken on August 13, 2021;

16      That I am not a party to the action or related to a party

17  or counsel;

18      That I have no financial or other interest in the outcome

19  of the action.

20

21

22  DATED:  August 13, 2021

23

24                           _____

25                           Diane Wilson, CSR No. 8557

26

27

28
```