# EXHIBIT 1

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 6/7/2021 at 6:19:04 PM

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 6/7/2021 by M. Chang, Deputy Clerk

S269188

# IN THE SUPREME COURT

# OF THE STATE OF CALIFORNIA

| | |
|---|---|
| **Ryan Waer,** | First Appellate District |
| Petitioner, | Division Three |
| vs. | No. A162548 |
| **San Francisco Superior Court,** | |
| Respondent. | San Francisco Superior |
| | Court No. 21001863 |
| **People of the State of California**, | |
| Real Party in Interest. | |

## PETITION FOR REVIEW

Manohar Raju, Public Defender
Matt Gonzalez, Chief Attorney
*Sujung Kim, SBN 176602
Kelsey Ryburn, SBN 314737
Deputy Public Defenders
555 Seventh Street
San Francisco, CA 94l03
415.553.1671
*sujung.kim@sfgov.org
Attorneys for Petitioner
Ryan Waer

# Table of Contents

Table of Authorities...............................................................3

Petition for Review.........................…...........................................5

Issues on Review.........…..............................................................6

Importance of Issues on Review.............................................…....7

Certificate Of Interested Entities Of Persons...........................…....9

Statement of Relevant Facts and Procedural History...............10

Argument...................................................................…...............11

1. Review is necessary for this Court to clarify that
   pretrial release may not be conditioned upon a
   complete forfeiture of digital privacy rights......................…........11

   A. Due to the ubiquity and enormous capacity of digital
      devices, unlimited electronic search conditions are
      far more intrusive than searches of physical property......14

   B. Review is necessary to resolve California appellate
      courts' conflicting approaches to this Court's overbreadth
      doctrine in the context of unlimited electronic search
      conditions on probation.....................................…..............16

2. The pretrial release condition ordering unlimited
   warrantless electronic search of petitioner's devices
   is overbroad and should be narrowed to allow for a
   search of only the specific applications involved
   in the alleged crime.....................................................20

Conclusion.......................................................................21

Word-Count Certificate..................................................22

Appendix.........................................................................23

# Table of Authorities

**Cases**                                                      **Page(s)**

*Carpenter v. United States,*
   (2018) 138 S.Ct. 2206 ........................................................ passim

*In re E.O.,*
   (2010) 188 Cal.App.4th 1149 ....................................... 18

*In re P.O.,*
   (2016) 246 Cal.App.4th 288 ........................................ 20

*In re Q.R.,*
   (2020) 44 Cal.App.5th 696 .......................................... 17

*In re Ricardo P.,*
   (2019) 7 Cal.5th 1113 ............................................ 13, 18

*In re Shaun R.,*
   (2010) 188 Cal.App.4th 1129 ....................................... 18

*In re Sheena K.,*
   (2007) 40 Cal.4th 875 ............................................ 16, 17

*In re York,*
   (1995) 9 Cal.4th 1133 ................................................ passim

*Olmstead v. United States,*
   (1928) 277 U.S. 438 ................................................... 13

*People v. Appleton,*
   (2016) 245 Cal.App.4th 717 ................................ 18, 19, 20

*People v. Castellanos,*
   (2020) 51 Cal.App.5th 267 ......................................... 17

*People v. Ebertowski,*
   (2014) 228 Cal.App.4th 1170 ................................... 17, 18

*People v. Guzman,*
   (2018) 23 Cal.App.5th 53 .......................................... 17

*People v. Nice,*
   (2016) 247 Cal.App.4th 928 ....................................... 19

*People v. Perez,*
   (2009) 176 Cal.App.4th 380 ....................................... 19

*People v. Prowell,*
   (2020) 48 Cal.App.5th 1094 ................................... 19, 20

*People v. Wright,*
   (2019) 37 Cal.App.5th 120 ......................................... 18

*Riley v. California,*
   (2014) 573 U.S. 373 ............................................... Passim

**Rules**

Cal. Rules of Court, rule 8.208 ....................................................... 9

Cal. Rules of Court, rule 8.500  ................................................. 4, 5

## Petition for Review

To: The Honorable Chief Justice and Associate Justices of the Supreme Court of the State of California:

Petitioner, Ryan Waer, by and through his attorneys, petitions this Court to review the denial of his Petition for Writ of Habeas Corpus by the California Court of Appeal, First Appellate District, Division Three, on May 27, 2021, challenging pretrial release conditions that ordered a warrantless search of electronic petitioner's devices and banned him from using two social media applications on his devices. A copy of the Court of Appeal's denial order is attached. (Appendix.) No petition for rehearing was filed.

This case presents an issue of first impression. Review is necessary to settle important questions of law and secure uniformity of decision. (Cal. Rules of Court, rule 8.500, subd. (b)(1).)[1] This petition presents an important question of statewide significance and an issue likely to recur. Petitioner requests this Court reverse the judgment of the Court of Appeal. (Rule 8.528(a).) This petition for review is timely filed within ten days of the Court of Appeal's decision becoming final. (Rule 8.500, subd. (e)(1).)

---

[1] All further undesignated rules references are to the California Rules of Court.

## Issues on Review

1. In light of the United State Supreme Court's decisions in *Riley* and *Carpenter* affirming the unique nature of Fourth Amendment digital privacy rights, should this Court grant review to decide if its ruling in *In re York*—upholding reasonable pretrial release conditions even if they implicate privacy concerns—extends to warrantless searches of electronics as a condition of pretrial release?

2. Should this Court grant review to clarify its constitutional overbreadth doctrine with respect to warrantless electronic search conditions, given a split among the Courts of Appeal in the application of the doctrine?

## Importance of Issues on Review

In our modern society, personal digital devices are ubiquitous, and for most of us, they hold almost unlimited personal and private data. When these devices are allegedly used as instrumentalities in crimes, trial courts around the state frequently impose probation or release conditions that allow unlimited warrantless searches of electronic devices to monitor future criminality. At the same time, courts have recognized such unfettered government searches of digital devices violate privacy rights by revealing protected material unrelated to criminality, by virtue of the sheer capacity of data these devices hold. The United States Supreme Court has recently issued two decisions in *Riley* and *Carpenter* recognizing the unique nature of digital privacy and holding that warrantless searches of devices are subject to Fourth Amendment protections.

Respondent court granted pretrial release to petitioner on the condition that he submit to a warrantless search of all electronic devices and not use two social media applications allegedly used to commit the charged crimes. Petitioner has challenged those pretrial release conditions as unconstitutionally overbroad and violative of his privacy rights under the Fourth Amendment.

This Court, in its 1995 *In re York* case, held that pretrial release conditions are valid, as long as they are reasonable under Penal Code section 1318 and pass the *Lent* test, even if the conditions implicate constitutional rights. The pretrial release conditions in *York* involved random drug testing and warrantless search of person, residence and property, not digital devices.

Petitioner seeks review by this Court to decide if York's rule for analyzing warrantless searches as pretrial release conditions should be extended to include warrantless electronic search conditions, in light of *Riley* and *Carpenter*. Petitioner asserts that *York* should be limited to its facts and that a new and different legal framework is necessary to analyze warrantless electronic search conditions due the unique nature of digital privacy outlined in *Riley*. Courts throughout the state are increasingly issuing warrantless electronic search conditions; thus, this Court can provide important guidance to lower courts on a uniform way to address such conditions.

Review is also necessary to resolve a split among California appellate courts in their disparate application of the constitutional overbreadth doctrine to warrantless electronic search conditions. Petitioner advocates a rule that, to avoid unconstitutional overbreadth, warrantless electronic search conditions must be narrowly tailored to fit specific facts of each case and limited to achieve the specific justification for the search. More intrusive searches beyond those limits, and certainly *unlimited* searches of *all* digital devices, untethered to the specific need for the search, would potentially uncover vast amounts protected material and thus are not sufficiently tailored to pass constitutional muster.

Petitioner's case presents an ideal vehicle for this Court to clarify the appropriate legal and constitutional standards to analyze warrantless searches of digital devices.

## Certificate Of Interested Entities Of Persons
(Cal. Rules of Court, rule 8.208)

I, Sujung Kim, declare and certify under penalty of perjury that I am an attorney licensed to practice law in the State of California (State Bar Number 176602) and employed as a Deputy Public Defender for the City and County of San Francisco. In this capacity, I prepared this Petition for Review in the matter of *Ryan Waer v. Superior Court*. I certify that I know of no interested entities or persons as defined in the California Rules of Court, rule 8.208.

Dated:  June 7, 2021

_____
Sujung Kim
Deputy Public Defender

**Statement of Relevant Facts and Procedural History**

Petitioner is the defendant in the criminal action entitled *People of the State of California v. Ryan Waer*, Case No. 21001863, which is presently pending before respondent court.

On February 22, 2021, petitioner was arraigned on a complaint with the following felony charges: Count 1 - meeting minor for lewd purposes (Pen. Code, § 288.4(b)); Counts 2 and 3 - contact with minor for sexual offense (Pen. Code, § 288.3(a)); Count 4 - sending harmful matter to a minor (Pen. Code, § 288.2(a)(2)); and Count 5 - arranging a meeting with minor for lewd purposes (Pen. Code, § 288.4(a)(1)). (Petition Exhibit A, PE0001).

The charges stem from an undercover operation in which a police officer posed as a 14-year-old girl on online social networking sites. Petitioner contacted the imaginary girl on two sites, WhatsApp and MeetMe, and for about ten days the two engaged in online conversation, primarily on WhatsApp, that turned sexual. At one point, petitioner sent two images of his penis. He then attempted to meet the non-existent girl at a prearranged location in San Francisco, where he was arrested upon his arrival. (Petition Exhibit B, at 3, PE0006; PE0019-PE0027.)

Petitioner was in custody at the time of arraignment. Respondent court ordered petitioner released on the following conditions: (1) that he submit to a warrantless search of his person, vehicle, residence, other areas under his direct control and his electronic devices; (2) upon request of law enforcement,

immediately access and log in to those devices, phone, computer, hard drives, USB drives, other storage devices by whatever means necessary, a thumbprint, facial recognition, password, and login credentials and permit law enforcement to review and copy the contents; and (3) a total ban on the use of WhatsApp and MeetMe. (Petition Exhibit F, 6:18-21; 7:22-8:17, PE0083-0085.) Petitioner objected to the release conditions as unconstitutional under the First, Fourth, Fifth and Fourteenth Amendments. (Pet. Exh. F, 8:20-26, PE0085.)

Petitioner filed a Petition for Writ of Habeas Corpus, which was denied by the First Appellate District, Division Three, on May 27, 2021. (Appendix, Denial Order.)

## Argument

**1. Review is necessary for this Court to clarify that pretrial release may not be conditioned upon a complete forfeiture of digital privacy rights.**

This petition presents an issue of first impression. Although this Court held in its 1995 *In re York* decision that a pretrial detainee's release may be conditioned upon his submission to random drug testing and warrantless search of person, residence and vehicle, even if the conditions implicated his Fourth Amendment rights (*In re York* (1995) 9 Cal.4th 1133, 1137), this Court has not yet decided whether *York*'s holding extends to warrantless searches of electronic devices as a condition of pretrial release. In light of subsequent United States Supreme Court cases, *Riley v. California* (2014) 573 U.S. 373, 403, and

*Carpenter v. United States* (2018) 138 S.Ct. 2206, this Court should decline to so extend *York*.

When *In re York* was decided in 1995, the newest mobile phones could receive but not send text messages. They did not include a clock or a calculator. They did not take photographs or videos. In the years since, digital devices capable of all these functions and more, with almost limitless data capacity, are now in the hands of nearly every person on the planet, transforming human life in ways unconsidered by this Court in 1995 when it decided *York*.

Nineteen years after *York*, in 2014, the United States Supreme Court confronted the privacy implications of the modern smart phone in *Riley v. California*. The Court came to a unanimous conclusion: the Founders' vision for Americans' reasonable expectations of privacy could not be preserved by examining smart phones under the same Fourth Amendment rubric as an ordinary object or physical intrusion. (*Riley v. California, supra,* 573 U.S. 373, 403.) The High Court noted that "not every search is acceptable solely because a person is in custody" and that the government must obtain a warrant for "substantial invasion[s] of privacy beyond the arrest itself." (*Id.* at pp. 391–392.) Writing for a unanimous Court, Chief Justice Roberts emphasized the immense qualitative distinctions between searching a smart phone and searching a physical object, person, or place, the nearly inconceivable pervasiveness of smart phones and their centrality in modern life, and the unworkable nature of prior Fourth Amendment tests for physical

objects and intrusions when applied to smart phones. (*Id.* at p. 375.)

Similarly, when the Court extended its holding in *Riley* to remotely stored data generated by cell phones in *Carpenter v. United States*, it quoted Justice Brandeis' famous dissent: "the Court is obligated—as '[s]ubtler and more far-reaching means of invading privacy become available to the government'—to ensure that the 'progress of science' does not erode Fourth Amendment protections." (*Carpenter v. U.S., supra,* 138 S.Ct. 2206 at 2223, citing *Olmstead v. United States* (1928) 277 U.S. 438, 473–474.) Echoing Justice Brandeis' reasoning, the Court in *Carpenter* held that it was obligated to "assure [] preservation of that degree of privacy against government that existed when the Fourth Amendment was adopted[]" because "any other conclusion would leave homeowners 'at the mercy of advancing technology'." (*Id.* at p. 2214.)

This Court has cited *Riley* approvingly in *In re Ricardo P.*, acknowledging *Riley*'s premise that a warrantless search of electronic devices "significantly burdens privacy interests" when electronic search conditions are imposed." (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122–1123, citing *Riley, supra,* 573 U.S. 373 at 393.) This Court stated that, because modern-day cell phones are platforms for vast repositories of personal information, warrantless electronics searches have "potentially greater breadth ... compared to traditional property or residence searches," (*Ricardo P., supra,* at p. 1127), the privacy intrusion is "of a different order" when warrantless searches are performed by a probation officer or other government official. (*Id.* at p.

1123.)

As illustrated below, the High Court's reasoning in *Riley* and *Carpenter* applies with equal force to warrantless electronic search conditions imposed upon pretrial releasees. For that reason and to prevent erosion of Californians' digital privacy rights, such electronic search conditions require a separate, stricter analysis than their physical counterparts.

Petitioner proposes this Court adopt such an analysis under the constitutional overbreadth doctrine that ensures courts impose only warrantless electronic search conditions that are appropriately narrowly tailored to achieve the specific purpose for the search.

**A. Due to the ubiquity and enormous capacity of digital devices, unlimited electronic search conditions are far more intrusive than searches of physical property.**

In *Riley*, Chief Justice Roberts wrote on behalf of a unanimous Court that the government's assertion that a search of all data stored on a cell phone is "materially indistinguishable" from searches of physical items is "like saying a ride on horseback is materially indistinguishable from a flight to the moon." (*Riley, supra*, 573 U.S. at 393.)

The "immense storage capacity" of modern cell phones particularly concerned the High Court in *Riley*. (*Id.*, at pp. 393–394.) It noted that "[m]ost people cannot lug around every piece of mail they have received for the past several months, every picture they have taken, or every book they have ever read[.]" (*Ibid.*) The Court found digital searches to be far more invasive

than physical searches and predicted that "the gulf between physical practicability and digital capacity will only continue to widen in the future." (*Id*. at p. 394.)

Mammoth digital capacity would not be of such concern were digital devices not now the focal points—and, therefore, the recorders—of our lives. (Id., at p. 385 ["Today, by contrast, it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate."].)  Smart phones are "now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude that they were an important part of human anatomy." (*Ibid*.)

In the years since *Riley*, digital devices have only become more central to American life and culture. And mandatory isolation during the COVID-19 pandemic has demonstrated that the digital world is capacious and ubiquitous enough to hold not only some of our social lives, our production, and our consumption—but all of it.

The *Riley* Court made a clear distinction between the unique privacy rights inherent in digital devices and the more limited privacy intrusions implicated by the types of search conditions considered in *York*—random drug testing, warrantless searches of a home or person—that do not risk revealing vast amounts of private information unrelated to criminality contained in digital devices.

Thus, review by this Court is necessary to clarify whether *York*'s analysis of the validity of warrantless searches as pretrial

release conditions that implicate Fourth Amendment privacy concerns should be extended to searches of digital devices. Petitioner respectfully asserts that *York*'s reach should be limited to its facts, and that the ensuing digital revolution—and its unique privacy implications recognized by *Riley* and *Carpenter*— compel a different legal framework in which to analyze the validity of warrantless searches of digital devices: constitutional overbreadth.

## B. Review is necessary to resolve California appellate courts' conflicting approaches to this Court's overbreadth doctrine in the context of unlimited electronic search conditions on probation.

To ensure uniform application and durability of Fourth Amendment digital privacy rights for Californians, this Court should apply its overbreadth analysis of probation conditions from *Sheena K.* to electronic pretrial release conditions and include more specific and strict guidance as to the appropriate breadth of a search within a digital device. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 ["[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad"].)

Because *Sheena K.* did not provide a categorical rule to decide which electronic search conditions are narrowly tailored and which are overbroad, review by this Court is necessary to provide practical and clear guidance to the lower courts, which have engaged in conflicting analyses as to what constitutes a narrowly tailored electronic search condition on probation. Just last year,

the Sixth District Court of Appeal acknowledged such a split in the appellate courts on this issue. (*People v. Castellanos* (2020) 51 Cal.App.5th 267, 273-274 ["At the time of the plea of this case, the courts of appeal were split on the validity of electronic search probation conditions."].) Thus, simply importing the *Sheena K.* overbreadth doctrine on its own would be insufficient to ensure that electronic search conditions do not become a vehicle to erode the Fourth Amendment rights of Californians who have not been convicted of a crime.

Some appellate courts have held *unlimited* electronic search conditions to be narrowly tailored where the underlying crime merely required a specific digital act. (*See e.g.*, *In re Q.R.* (2020) 44 Cal.App.5th 696, 702 [the Sixth District finding unlimited electronic search conditions on defendant's phone *and* all electronic devices to be narrowly tailored where only a phone was used to commit the underlying crime]; *People v. Guzman* (2018) 23 Cal.App.5th 53, 64 [the First District finding an unlimited electronic search condition for all of defendant's electronic devices to be narrowly tailored where only a phone was used to commit the underlying crime]; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 [the First District finding unlimited electronic search conditions for all of defendant's electronic devices to be narrowly tailored where no electronic device was used to commit the underlying crimes].)

The First District in *Ebertowski* explained the balancing test for overbreadth applied by the courts upholding unlimited searches of electronic devices: "The *minimal* invasion of his privacy that is involved in the probation officer monitoring

defendant's use of his devices and his social media accounts while defendant is on probation is outweighed by the state's interest in protecting the public from a dangerous criminal who has been granted the privilege of probation." (*People v. Ebertowski, supra*, Cal.App.4th at 1176 [emphasis added].) The Third District in *People v. Wright* had also advocated for the balancing test, rather than require "closely tailoring," but its opinion was vacated by order of this Court. (*People v. Wright* (2019) 37 Cal.App.5th 120, 135 [transferred to the Court of Appeal with directions to vacate its decision and reconsider in light of *In re Ricardo P.* (2019) 7 Cal.4th 1113].)

On the other hand, other appellate courts have held that unlimited electronic search conditions are overbroad because they "allow for searches of vast amounts of personal information unrelated to the defendant's criminal conduct or his potential for future criminality." (*People v. Appleton, supra*, 245 Cal.App.4th at 727 (Sixth District).) Under that framework, a restriction is unconstitutionally overbroad if it "(1) 'impinges on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest.'" (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) Critically, if alternative conditions "are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used [citations omitted]." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) In general terms, narrow conditions should be used in place of "broad conditions that prevent otherwise lawful conduct and necessary activities."

(*People v. Nice* (2016) 247 Cal.App.4th 928, 945, citing *People v. Perez* (2009) 176 Cal.App.4th 380, 382.)

*People v. Appleton* is the leading case integrating the findings of the *Riley* Court and this Court's overbreadth doctrine in the context of unlimited electronic search conditions on probation. (*People v. Appleton, supra,* 245 Cal.App.4th at 724 ["Much of the reasoning of *Riley*—which recognized how the immense storage capacity of modern cell phones allows users to carry large volumes of data—would apply to other modern electronic devices covered by the probation condition at issue here."].) Drawing on *Riley*, the Sixth District in *Appleton* found that "the computer search condition at issue here arguably sweeps more broadly than the standard three-way search condition allowing for search of probationers' person, vehicles, and homes." (*Id.* at p. 725.) It held that an unlimited electronic search condition imposed on Appleton as a term of his probation was unconstitutionally overbroad because "the probation condition here would allow for searches of vast amounts of personal information unrelated to defendant's criminal conduct or his potential for future criminality." (*Id.* at p. 727). It reasoned that the state's interest, "monitoring whether defendant uses social media to contact minors for unlawful purposes," could be served by "narrower means." (*Ibid.*)

Other appellate courts have followed *Appleton*'s lead in narrowing the breadth of unlimited electronic search conditions because narrower means exist to serve the government's purpose. For example, in the Third District's *Prowell* case, the trial court had fashioned an electronic search condition applicable only to

-19-

electronic communication applications rather the entire contents
of Prowell's digital devices. (*People v. Prowell* (2020) 48
Cal.App.5th 1094, 1102.) Citing *Appleton*, the Third District in
*Prowell* found that the search condition "could potentially expose
a large volume of documents or data, much of which may have
nothing to do with illegal activity. These could include, for
example, medical records, financial records, personal diaries, and
intimate correspondence with family and friends." (*Ibid.*) On that
basis, it held that the electronic communication device search
condition was not sufficiently tailored and "must be modified to
limit authorization of searches to devices, account, and
applications that are reasonably likely to reveal whether
defendant has engaged in prohibited communication with the
victim." (*Ibid.*)

Likewise, in *In re P.O.*, the First District held that the trial
court's unlimited warrantless electronic search condition was not
narrowly tailored to its purpose of furthering the juvenile's
rehabilitation. (*In re P.O.* (2016) 246 Cal.App.4th 288, 298.)
Citing *Appleton*, the First District found that the search condition
does not limit the types of data that may be searched in light of
its stated purpose of monitoring P.O.'s involvement with drugs
and instead "permits review of all sorts of private information
that is highly unlikely to shed any light on whether P.O. is
complying with the other conditions of his probation, drug-related
or otherwise." (*Ibid.*) The court modified the electronic search
condition from "electronics including passwords" to "a search of
any medium of communication reasonably likely to reveal

whether you are boasting about your drug use or otherwise involved with drugs." (*Id.* at p. 300).

In sum, appellate courts have applied this Court's overbreadth doctrine using two different standards for warrantless electronic search conditions: narrow tailoring and balancing privacy interests against the government's justification for the search. Thus, review by this Court is necessary to clarify the correct application of its overbreadth doctrine in the context of warrantless electronic search conditions.

**2. The pretrial release condition ordering unlimited warrantless electronic search of petitioner's devices is overbroad and should be narrowed to allow for a search of only the specific applications involved in the alleged crime.**

Respondent court here ordered petitioner released under the condition that he submit to a warrantless search of all digital devices, including phone, computer, hard drives, USB drives, other storage devices, and that he be completely banned from using the two social media applications, WhatsApp and MeetMe, which he allegedly used to contact the undercover officer posing as a 14-year-old girl. Petitioner is not accused of using any other digital device, application or website, or of storing any illicit or illegal material in hard drives, USB drives or other storage devices in the commission of the charged crimes.

Thus, petitioner proposes that the appropriate, narrowly tailored condition here would be a warrantless search of only the two social media applications, WhatsApp and MeetMe. Anything more intrusive risks unconstitutional overbreadth and is not narrowly tailored to address the specific alleged criminal activity.

-21-

## Conclusion

In light of the United States Supreme Court's growing recognition of digital privacy rights, along with the prevalence of lower courts analyzing warrantless electronic search conditions and the split among the appellate courts in applying the overbreadth doctrine to such search conditions, petitioner urges this Court to issue clear and practical guidelines to California lower courts applying the constitutional overbreadth doctrine to narrowly tailor such searches.

Petitioner also respectfully requests that this Court issue an order modifying respondent court's pretrial release order as follows: petitioner must submit to a warrantless search of the social media applications, WhatsApp and MeetMe, and, using passcodes, grant access to these applications to law enforcement. All other portions of respondent court's pretrial release order should be stricken as unconstitutionally overbroad.

Alternatively, petitioner requests that this Court remand the matter to the lower court to modify and fashion respondent court's original pretrial release conditions consistent with this Court's stated new rule on constitutional overbreadth challenges to warrantless electronic search conditions of pretrial release.

Dated:  June 7, 2021

_____

Sujung Kim
Deputy Public Defender

## Word-Count Certificate

I, Sujung Kim, declare and certify under penalty of perjury that I am an attorney licensed to practice law in the State of California (State Bar Number 176602) and employed as a Deputy Public Defender for the City and County of San Francisco. I certify that the attached petition with memorandum of points and authorities is prepared in 13-point Century Schoolbook Font and contains 3894 words not including the appendix, tables and signature blocks.

Dated: June 7, 2021

_____
Sujung Kim
Deputy Public Defender

# APPENDIX

Court of Appeal, First Appellate District
Charles D. Johnson, Clerk/Executive Officer
Electronically FILED on 5/27/2021 by G. King, Deputy Clerk

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re RYAN WAER, <br><br>    on Habeas Corpus. | A162548 <br><br> (San Francisco County <br> Super. Ct. No. 21001863) |

**THE COURT:**\*

The petition for a writ of habeas corpus is denied.

Dated:  __05/27/2021__          _____Fujisaki, J._____  P.J.

                             | ACTING PRESIDING JUSTICE |

---

\*     Fujisaki, Acting P.J. & Wiseman, J. (Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.)

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 6/7/2021 at 6:19:04 PM

S269188

# IN THE SUPREME COURT

# OF THE STATE OF CALIFORNIA

| | |
|---|---|
| **Ryan Waer,** | |
| Petitioner, | First Appellate District<br>Division Three<br>No. A162548 |
| vs. | |
| **San Francisco Superior Court,** | |
| Respondent. | San Francisco Superior<br>Court No. 21001863 |
| **People of the State of California,** | |
| Real Party in Interest. | |

## Proof of Service re: Petition for Review

Manohar Raju, Public Defender
Matt Gonzalez, Chief Attorney
*Sujung Kim, SBN 176602
Kelsey Ryburn, SBN 314737
Deputy Public Defenders
555 Seventh Street
San Francisco, CA 94l03
415.553.1671
*sujung.kim@sfgov.org
Attorneys for Petitioner

I, the undersigned, declare under penalty of perjury that I am over eighteen years of age and not a party to the within action; that my business address is 555 Seventh Street, San Francisco, California 94103; and that on June 7, 2021, I e-served the Petition for Review in the matter of *Ryan Waer v. Superior Court* (21001863) on:

> The San Francisco District Attorney
> ATTN: Allison Macbeth
> 350 Rhode Island St.
> North Building, Suite 400N
> San Francisco, California 94l03
> sfda.writappservice@sfgov.org
>
> The Attorney General of the
> State of California
> 455 Golden Gate Avenue, Suite 11000
> San Francisco, California 94l02
> sfagdocketing@doj.ca.gov

And I personally served the petition only on:

> Clerk of the Superior Court
> For: Honorable Richard Darwin
> 850 Bryant Street, Room 101
> San Francisco, California 94l03

Executed in San Francisco, California.

_____/s/_____
Sujung Kim

2

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 6/7/2021 by M. Chang, Deputy Clerk

| **STATE OF CALIFORNIA**<br>Supreme Court of California | *PROOF OF SERVICE*<br><br>**STATE OF CALIFORNIA**<br>Supreme Court of California |

Case Name: **Ryan Waer v. Superior Court**
Case Number: **TEMP-PORRWLGG**
Lower Court Case Number:

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My email address used to e-serve: **sujung.kim@sfgov.org**

3. I served by email a copy of the following document(s) indicated below:

Title(s) of papers e-served:

| **Filing Type** | **Document Title** |
|---|---|
| ISI_CASE_INIT_FORM_DT | Case Initiation Form |
| PETITION FOR REVIEW | Ryan Waer Petition For Review |
| PROOF OF SERVICE | Ryan Waer Petition for Review POS |

Service Recipients:

| **Person Served** | **Email Address** | **Type** | **Date / Time** |
|---|---|---|---|
| Kelsey Rybrun | kelsey.ryburn@sfgov.org | e-Serve | 6/7/2021 6:19:03 PM |
| San Francisco District Attorney | sfda.writappservice@sfgov.org | e-Serve | 6/7/2021 6:19:03 PM |
| Attorney General of the State of California | sfagdocketing@doj.ca.gov | e-Serve | 6/7/2021 6:19:03 PM |

This proof of service was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6/7/2021
Date

/s/Sujung Kim
Signature

Kim, Sujung (176602)
Last Name, First Name (PNum)

San Francisco Public Defender
Law Firm