# EXHIBIT 2

```
 1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2             IN AND FOR THE COUNTY OF SAN FRANCISCO
 3                            --oOo--
 4                                    )
 5   THE PEOPLE OF THE                )
     STATE OF CALIFORNIA,             )
 6                                    )   Court No. 21001863
                       Plaintiff,     )
 7                                    )
     vs.                              )   Pages 1 - 14
 8                                    )
     RYAN WAER,                       )       C O P Y
 9                                    )
                       Defendant.     )
10   _____  )
11
12
13                 REPORTER'S TRANSCRIPT OF
14                       PROCEEDINGS
15
                     Tuesday, March 2, 2021
16
17     BEFORE:  THE HONORABLE RICHARD C. DARWIN, JUDGE
18         Department 9, San Francisco, California
19                          --oOo--
20
21
22
23
24
25
26
27
28   Reported by:         KERI L. CRITTENTON, CSR NO. 6914
```

```
 1                          Appearances
                            Page 1 of 1
 2                            --oOo--

 3


 4
     For the People:
 5
          Chesa Boudin, District Attorney
 6        350 Rhode Island Street
          North Building, Suite 400N
 7        San Francisco, California 94103
          By:  MICHELE BRASS, Assistant District Attorney
 8

 9   For the Defendant RYAN WAER:

10        Manohar Ragu, Public Defender
          555 Seventh Street - Suite 205
11        San Francisco, California 94103
          By:  KELSEY RYBURN, Assistant Public Defender
12

13

...

28
```

```
 1                MARCH 2, 2021 - MORNING SESSION
 2                            --oOo--
 3           The above-entitled matter came on this day for
 4   Ruling before Honorable RICHARD C. DARWIN, Judge of the
 5   Superior Court.
 6           The People were represented by MICHELE BRASS,
 7   Deputy District Attorney of San Francisco.
 8           The Defendant, RYAN WAER, was present and
 9   represented by KELSEY RYBURN, Deputy Public Defender of
10   San Francisco.
11           KERI L. CRITTENTON, C.S.R., Official Court
12   Reporter, was present and acting.
13           The following proceedings were had:
14                       P R O C E E D I N G S
15                            --oOo--
16           THE COURT:  This is line 500 on the morning
17   calendar.  We're on the record.
18           Can I have an appearance by the People, please?
19           MS. BRASS:  Yes.  Michelle Brass on behalf of the
20   People appearing remotely.
21           THE COURT:  Can I have an appearance by --
22           MS. RYBURN:  Kelsey Ryburn --
23           THE COURT:  Go ahead.
24           MS. RYBURN:  Kelsey Ryburn for Mr. Waer, who is
25   personally present in the courtroom, appearing remotely.
26           THE COURT:  All right.  Both counsel are, I
27   think -- as they noted are appearing by Zoom.  Mr. Waer is
28   present personally.
```

```
 1   wanted to make the argument.  You have made your record.
 2   You elucidated all these issues yesterday.  I'm going to
 3   rule at this point.  I know you want to argue again.  I'm
 4   saying, "No, thank you."  The Court does not need further
 5   argument.
 6          Let me proceed.  California law unequivocally
 7   permits Courts to impose conditions of OR release that
 8   implicate the constitutional rights of a defendant, and
 9   that's in re: York, and that makes it quite plain.  I'm
10   going to quote briefly from in re: York.
11          Quote, "We reject petitioner's contention and
12   conclude that Penal Code Section 1318 authorizes the
13   imposition of conditions that may implicate a defendant's
14   constitutional rights," closed quote, provided those
15   conditions are reasonable under the circumstances and are
16   not capricious and that is good law binding on this Court.
17          The reasonableness of an OR release condition
18   depends upon the intrusiveness of the State conduct and
19   the strength of the State's interest in imposing the
20   restrictions under the circumstances.
21          That's also according to York.  Again, that's
22   9 Cal.4th 1133.  The spot cite for that last quote was
23   1150.
24          Here -- just in terms of whether they're
25   permissible, I find the conditions sought by the People
26   here are permissible under York.  The nature and
27   seriousness of the charges clearly implicate public
28   safety.
```

1         The defendant is charged with -- again, according
2  to the incident report, as admitted under Miranda, after
3  being Mirandized, that he was attempting to meet up with a
4  14-year-old for purposes of engaging in sexual acts.  It's
5  beyond dispute that such acts threaten the safety of the
6  public, particularly the population of underage children,
7  and it's beyond dispute in this Court's view that the
8  government has a strong interest in prohibiting such and
9  preventing such conduct, so the conditions sought, which
10 are warrantless search of his person, residence, vehicle,
11 and electronic devices including phones, computers, hard
12 drives, and other storage devices, is certainly reasonably
13 related to that State interest and while I will -- I will
14 concede that the particular request is intrusive, the
15 Court finds that condition is warranted by the interest in
16 preventing other potential underage -- harm to other
17 potential underage victims.
18         There is also a request for a ban on the use of
19 WhatsApp and MeetMe, two specific messaging applications.
20 I believe that's also reasonable under the circumstances
21 for the same reasons as previously stated.
22         Defense does argue that the ban on using those
23 specific messaging apps is improper because it constitutes
24 a First Amendment violation.  The Court doesn't agree.
25 The Court -- York makes plain that conditions of release
26 may implicate constitutional rights in the first place,
27 and the Court finds that the prohibition is reasonable
28 under the circumstances and doesn't prohibit the defendant

```
1    from continuing to express himself on other media
2    platforms provided that the speech is protected,
3    noncriminal speech, and I also find that prohibiting his
4    use of just those two apps doesn't meaningfully detract
5    from his ability to communicate with counsel.  He may
6    still continue to communicate with counsel by a wide
7    variety of methods including phone, Zoom, video, FaceTime,
8    and in-person meetings.
9            Having reviewed the federal cases provided by the
10   defendant it does appear that under certain circumstances
11   requiring a defendant to turn over a login or password can
12   implicate the defendant's Fifth Amendment rights against
13   self-incrimination.
14            In the Court's view the act of providing a
15   password is not testimonial in that it does not call upon
16   the defendant to make use of the contents of his mind any
17   more than being asked to turn over the key to a lock.
18   However, in an abundance of caution the condition of
19   release will not require the defendant to turn over his
20   login credentials and passwords.  I will instead require
21   the defendant to do the following:
22            As previously mentioned, he's subject to a search
23   condition, which means at any time of the day or night,
24   with or without his consent, with or without a warrant,
25   with or without reasonable suspicion or probable cause he,
26   his vehicle, his residence, his person, and other areas
27   under his direct control and his electronic devices are
28   subject to search.
```

1           The defendant must at the request of law
2  enforcement when it comes to the electronic devices
3  immediately access and log in to those devices, phone,
4  computer, hard drives, USB drives, other storage devices
5  by whatever means necessary, a thumbprint, facial
6  recognition, password, and login credentials.  He must log
7  in to those devices and permit law enforcement to inspect
8  and copy those devices per the search term.
9           So he won't to have give those passwords and
10 credentials to law enforcement, but he must on their
11 request, if and when they come to him and ask for it, log
12 in to those devices and allow them to review the contents
13 and, if necessary, copy them.
14          So those will be the terms and conditions of
15 release.  I don't believe there are any additional terms
16 that were being requested, so those will be in addition to
17 the previously ordered conditions of release.
18          MS. RYBURN:  Your Honor --
19          THE COURT:  Yes.
20          MS. RYBURN:  -- we would object to the defendant,
21 Mr. Waer, being -- at the request of law enforcement be
22 forced to unlock his devices.  We're objecting under the
23 Fourth, Fifth, and Sixth Amendment along with the
24 Fourteenth.  We assert that, again, your Honor, this is a
25 work-around that implicates, again, the Fifth Amendment
26 right, and we would object to it.
27          THE COURT:  Okay.  Your objections are noted.  I
28 do overrule them based on the reasoning and case law that

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER
 2   STATE OF CALIFORNIA            )
                                    ) ss.
 3   COUNTY OF SAN FRANCISCO        )
 4         I, KERI L. CRITTENTON, do hereby certify that I am
 5   a Certified Shorthand Reporter, and that at the time and
 6   place shown I recorded verbatim in shorthand writing the
 7   proceedings in the following described action completely
 8   and correctly to the best of my skill and ability:
 9
              COURT:          IN THE SUPERIOR COURT OF
10                            THE STATE OF CALIFORNIA
                              COUNTY OF SAN FRANCISCO
11
              JUDGE:          RICHARD C. DARWIN
12                            Department 9
13   ACTION NUMBER:           21001863
14    ACTION TITLE:           THE PEOPLE OF THE STATE OF
                              CALIFORNIA, Plaintiff,
15
                              vs.
16
                              RYAN WAER,
17                            Defendant.
18         DATE:              March 2, 2021
19         I further certify that my shorthand notes have
     been transcribed into typewriting, and that the preceding
20   pages, 1 through 14, inclusive, constitute an accurate and
     complete transcript of all my shorthand writing for the
21   dates specified.
           Further, in said capacity, I have adhered to the
22   Code of Civil Procedure Section 237(a)(2), First District
     Court of Appeal Miscellaneous Order 96-02 by sealing,
23   through redaction, of all references to juror-identifying
     information, including but not limited to names, addresses
24   and telephone numbers.
25   DATED:  March 23, 2021              Keri L. Crittenton
26
                                _____
27                              KERI L. CRITTENTON, CSR NO. 6914
                                OFFICIAL COURT REPORTER
28
```