DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KAITLYN MURPHY, State Bar #293309
ALEXANDER J. HOLTZMAN, State Bar #311813
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3867 [Murphy]
Telephone:   (415) 554-3999 [Holtzman]
Facsimile:   (415) 554-3837
Email:       kaitlyn.murphy@sfcityatty.org
Email:       alexander.holtzman@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
PAUL MIYAMOTO IN HIS OFFICIAL CAPACITY AS
SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DECLARATION OF LIEUTENANT PHILIP JUDSON IN SUPPORT OF DFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:           Hon. Jon S. Tigar<br>Courtroom:    Courtroom 6, 2nd Floor<br>Hearing Date: January 19, 2023<br>Time:             2:00 p.m.<br><br>Trial Date:     Not Set |

Judson Decl. ISO Opp. to Mot. for Class Cert.
Case No. 22-cv-05541-JST

n:\lit\li2022\230184\01638788.docx

### DECLARATION OF LT. PHILIP JUDSON

I, PHILIP JUDSON, declare as follows:

1. I am a Lieutenant with the San Francisco Sheriff's Office ("SFSO"). I am currently assigned to the Community Programs Unit of the SFSO, which administers the SFSO's Pretrial Electronic Monitoring Program ("PTEM"). Except where otherwise indicated, the following facts are known to me personally, and if called upon as a witness, I would testify to them competently.

2. I submit this declaration in support of the Opposition to Plaintiffs' Motion for Class Certification filed by the City and County of San Francisco and Sheriff Paul Miyamoto.

3. In response to this case, the Community Services Unit in conjunction with the Warrant Service Unit ("WSU") have continued to collect examples of instances where GPS data from individuals enrolled in PTEM was used to investigate or solve crimes. The following are such instances:

   a. Oscar Centeno was wanted for a home invasion robbery in Burlingame, CA. On October 24, 2022, SFPD officers and SFSO Community Programs deputies tracked Centeno who was in the backyards of houses in San Francisco, appearing to be casing them. He was found in possession of burglary tools. The Burlingame Police Department took custody of Centeno for the home invasion robbery. He was booked into San Mateo County jail.

   b. On October 27, 2022, the Berkeley Police Department was conducting surveillance on Oscar Cerrato related to a string of catalytic converter thefts including one where the suspect had fired a gun at a witness. Police located an Audi stolen from San Francisco, with false license plates, a block from Cerrato's motel. An SFSO deputy reviewed Cerrato's GPS coordinates prior to Berkeley conducting surveillance and saw that Cerrato was circling San Rafael, then returning to the motel at vehicle speeds over 100 miles per hour. The deputy confirmed with San Rafael Police Department officers that there had been a catalytic converter theft that turned into a robbery at the location and time of Cerrato's ankle monitor being in the area. After several hours, Cerrato exited the motel carrying a backpack and walked towards the Audi. Berkeley detectives attempted to detain Cerrato, and he ran. After a short chase, detectives detained Cerrato and recovered his backpack. Inside the backpack was a 9mm ghost gun loaded with 15 rounds of ammunition. An additional 46

1

Judson Decl. ISO Opp. to Mot. for Class Cert.  
Case No. 22-cv-05541-JST

n:\lit\li2022\230184\01638788.docx

9mm rounds of ammunition were found in a red bandana inside the backpack. A search of Cerrato's motel room was conducted and a saw, more ammo, jacks, and other catalytic converter theft indicia, and possibly a phone stolen from the San Rafael robbery were located. Cerrato was booked into Alameda County Jail.

      c.      On November 7, 2022, two SFSO colleagues attempted to perform a compliance check on Michele Garabato, who was released on PTEM in three cases involving multiple felony charges. They located him parked on a motorcycle. After seeing my colleagues, Garabato drove away on a motorcycle at a high rate of speed, including driving recklessly on the sidewalk. Rather than pursuing Garabato, my colleagues used the GPS monitor to locate him at a gas station, after which Garabato again drove away at a high rate of speed. Garabato then cut off his ankle monitor, with the alert identifying him as being in San Bruno, CA. The cut ankle monitor was located in San Bruno, CA.

      d.      On October 15, 2022, at Point Lobos in San Francisco, the National Park Service made contact with Garabato. A subsequent search of a vehicle that was ultimately towed by the NPS revealed a backpack containing an application for California ID card by Michele Garabato, 2 30-round rifle magazines, 1 small caliber extended magazine, 1 revolver reloader, 1 piece of a Ruger firearm, and a California Advantage card with Michele Garabato's name on it.

4.      Garabato was arrested on November 9, 2022. He has been on PTEM with the San Francisco Sheriff's Office four times.

5.      I understand from reviewing the materials in this case that Plaintiff Joshua Simon was afraid of being wrongly accused of committing a crime simply because he was near a crime while on PTEM. To my knowledge, that has never happened.

6.      The following documents are true and accurate copies of documents from SFSO's files, apart from redactions added to private information (e.g. dates of birth, driver's license numbers, Plaintiffs' SF Numbers) irrelevant to the Motion for Class Certification for purposes of confidentiality:

      a.      **Exhibit A** to my declaration is a Pre-Sentenced Defendant Electronic Monitoring – Court Order concerning Ryan Waer, dated February 22, 2021;

      b.      **Exhibit B** to my declaration is an Agreement and Order Releasing Defendant on Own Recognizance concerning Ryan Waer, dated February 22, 2021;

2

     c.     **Exhibit C** to my declaration is a Pre-Sentenced Defendant Electronic Monitoring – Court Order concerning Nicol Palma, dated November 30, 2022;

     d.     **Exhibit D** to my declaration is a copy of Programa de Vigilancia Electrónica del Depto. del Shèrif de San Francisco Contrato de Participante: Personas Pre-Sentenciadas (the EM Program Contract in Spanish) signed by Nicol Palma on September 30, 2022 with an attestation by a Sentinel representative; and

     e.     **Exhibit E** to my declaration is a copy of Departamento del Shèrif de San Francisco Reglas del Programa de Vigilancia Electrónica (EM) Participantes Pre-Sentenciados (the EM Program Rules in Spanish) with the Rules initialed and the document signed and dated by Nicol Palma on September 30, 2022.

7. Exhibits A through E are records made at or near the time of the acts, events, and conditions described therein by—or from information transmitted by—someone with knowledge. These records are kept in the course of the regularly conducted activities of the SFSO in administering the PTEM program. Making these records was a regular practice of the SFSO in administering the PTEM program the Superior Court in setting conditions of pretrial release for criminal defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 12th day of November 2022, at San Francisco, California.

                                                              *Lt. P. Judson #1379*
                                                           LIEUTENANT PHILIP JUDSON

3

Judson Decl. ISO Opp. to Mot. for Class Cert.                         n:\lit\li2022\230184\01638788.docx
Case No. 22-cv-05541-JST