JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone:  (415) 947-2197
Facsimile:  (415) 947-2000
Email:  jsessions@wsgr.com
jflynn@wsgr.com
cbal@wsgr.com
mlobo@wsgr.com
asontag@wsgr.com

ADDITIONAL COUNSEL IDENTIFIED ON SIGNATURE PAGE

Attorneys for Plaintiffs
Joshua Simon, David Barber, Josue Bonilla,
Diana Block, and Community Resource Initiative

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | CASE NO.: 4:22-cv-05541-JST<br><br>(San Francisco County Superior Court, Case No.:  CGC-22-601686)<br><br>**REPLY TO MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed:  September 8, 2022<br>Removal Filed:  September 28, 2022<br><br>TRIAL DATE:  None set<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A. The proposed class meets all requirements of Rule 23(a) ..................................... 2

        1. Commonality ............................................................................................ 2

            Separation of Powers and Due Process ........................................ 3

            Constitutional Rights to Privacy ................................................... 3

        2. Typicality ................................................................................................. 5

        3. Numerosity ............................................................................................... 7

        4. Adequacy .................................................................................................. 8

    B. A Rule 23(b)(2) Class is Proper .............................................................................. 9

III. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Abdullah v. U.S. Sec. Assocs., Inc.*,
    731 F.3d 952 (9th Cir. 2013) ............................................................................................... 2, 4

*Ahlman v. Barnes*,
    20 F.4th 489 (9th Cir. 2021) ..................................................................................................... 9

*Ahlman v. Barnes*,
    44 F. Supp. 3d 671 (C.D. Cal. 2020) ....................................................................................... 9

*Anti Police-Terror Project v. City of Oakland*,
    No. 20-cv-03866-JCS, 2021 WL 846958 (N.D. Cal. Oct. 18, 2021) ..................................... 11

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*,
    270 F.R.D. 488 (N.D. Cal. 2010), *modified*, 273 F.R.D. 562 (N.D. Cal. 2011) ......................................................................................................................................... 7

*Cnty. of Riverside v. McLaughlin*,
    500 U.S. 44 (1991) ................................................................................................................... 6

*Don't Shoot Portland v. City of Portland*,
    No. 3:20-cv-00917-HZ, 2022 WL 2700307 (D. Or. July 12, 2022) ....................................... 4

*Ellis v. Costco Wholesale Corp.*,
    285 F.R.D. 492 (N.D. Cal. 2012) ......................................................................................... 2, 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ................................................................................................................. 6

*Gerstein v. Pugh*,
    420 U.S. 103 (1975) ................................................................................................................. 6

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................................... 7

*Harris v. Vector Mktg. Corp.*,
    753 F. Supp. 2d 996 (N.D. Cal. 2010) ..................................................................................... 8

*In re York*,
    9 Cal. 4th 1133 (1995) ............................................................................................................. 3

*Mathews v. Eldridge*,
    424 U.S. 319 (1976) ................................................................................................................. 3

*Nken v. Holder*,
    556 U.S. 418 (2009) ............................................................................................................... 10

*People v. Cervantes*,
    154 Cal. App. 3d 353 (1984) ................................................................................................... 3

*People v. Ramirez*,
 25 Cal. 3d 260 (1979)......................................................................................................... 3

*Rodriguez v. Hayes*,
 591 F.3d 1105 (9th Cir. 2009).......................................................................................... 9

*Sandoval v. County of Sonoma*,
 No. 11-CV-05817-I, 2015 WL 4148261 (N.D. Cal. July 9, 2015) ..................................... 4

*United States v. Scott*,
 450 F.3d 863 (9th Cir. 2006)............................................................................................ 5

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011) .......................................................................................................... 2

*Walters v. Reno*,
 145 F.3d 1032 (9th Cir. 1998)................................................................................... 10, 11

*Winkler v. DTE, Inc.*,
 205 F.R.D. 235 (D. Ariz. 2001) ......................................................................................... 7

## I. INTRODUCTION

Plaintiffs ask the Court to enjoin the San Francisco Sheriff's Office from imposing or enforcing two rules (Rules 5 and 13) that the Sheriff unilaterally imposes on all members of the proposed class. Defendants do not dispute the two key points relevant to class certification: *First*, the Sheriff—and not the San Francisco Superior Court—imposes and enforces the rules that Plaintiffs challenge. *Second*, the Sheriff imposes these rules on every person released pretrial on EM regardless of their individual circumstances. The individual circumstances of each class member are irrelevant to class certification because the Sheriff does not take them into account when imposing Rules 5 and 13 on everyone released on EM and, as a constitutional matter, the Sheriff cannot impose these rules on *anyone*. The constitutionality of the Sheriff's blanket and admittedly non-individualized practice is a question that will be resolved the same way for every member of the class, and is therefore a common question.

Defendants fundamentally misconstrue Plaintiffs' claims in an effort to inject individual—and irrelevant—facts and issues into class certification. Defendants go to great lengths to suggest that *a court* might be able to impose conditions similar to Rules 5 and 13 in an individualized proceeding when considering an EM releasee's particular circumstances. That is the natural implication of Defendants' gratuitous recitation of various people's histories with San Francisco law enforcement. But these details are beside the point: Plaintiffs' claims are about what *the Sheriff* can constitutionally impose, not a court. As such, much of Defendants' arguments go to what might happen in subsequent court proceedings if Rules 5 and 13 were enjoined, and not whether Rules 5 and 13 themselves are validly imposed. Speculation about what the San Francisco Superior Court might or could do after this case concludes has no bearing on the class certification inquiry here.

Defendants' other arguments against class certification are equally off-point and ultimately meritless. Defendants' arguments against typicality fail. Defendants argue that one plaintiff's claims are "stronger" than others in the class, yet that strength does not relate to any of their defenses. It therefore does not bear upon the class certification inquiry. Defendants' arguments against numerosity similarly miss the point. Defendants do not contest that the

proposed class is sufficiently numerous; instead, they argue against numerosity by repeating their flawed commonality arguments. Defendants also argue that two of the three named plaintiffs' claims with respect to Rule 5 are moot. This does not defeat class certification for three reasons: (i) one named plaintiff's Rule 5 claims are admittedly not moot; (ii) the other plaintiffs' Rule 5 claims are inherently transitory and therefore present an exception to the mootness doctrine; and (iii) no mootness arguments apply to the Rule 13 claims. Finally, Defendants' adequacy arguments have nothing to do with whether the named plaintiffs can represent the class, and instead are an attempt to smear two of them.

Plaintiffs have met the requirements of Rule 23(a) and Rule 23(b)(2) and respectfully request this Court certify the class.

## II.     ARGUMENT

### A.     The proposed class meets all requirements of Rule 23(a)

#### 1.     Commonality

Commonality concerns whether class treatment will generate common answers "apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single significant question of law or fact.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (citation omitted). Commonality is found when the same action, which leads to the same harm, is common to the class. *See Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 536-37 (N.D. Cal. 2012) (certifying an injunctive-relief class when "class members complain of a pattern or practice that is generally applicable to the class as a whole" and any classwide injunctive relief would address said pattern or practice).

Most of Defendants' arguments are directed at commonality. Defendants assert that Plaintiffs "rely on an analysis that considers the facts of each criminal defendant's unique situation." Opp. at 8. In fact, the exact opposite is true. Plaintiffs challenge the Sheriff's blanket imposition of Rules 5 and 13 on all class members, regardless of the facts of each releasee's unique situation. Indeed, it is the very lack of individualized determination (as well as

the fact that the Sheriff, and not a court, imposes Rules 5 and 13) that makes Rules 5 and 13 unconstitutional. As Defendants' arguments mischaracterize or ignore Plaintiffs' claims, we briefly reiterate them below and explain why each claim presents common questions.

**Separation of Powers and Due Process.** Plaintiffs argue that the Sheriff's imposition of Rules 5 and 13 violates the separation of powers because *only* a court has the authority to impose such conditions on people released pretrial. Compl. ¶ 82 (ECF No. 1-1); *People v. Cervantes*, 154 Cal. App. 3d 353, 358 (1984). Plaintiffs argue that the Sheriff's imposition of Rules 5 and 13 also violates due process because due process requires an individualized assessment by a neutral decisionmaker as to whether these additional invasive conditions are appropriate. Compl. ¶¶ 85, 88; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *People v. Ramirez*, 25 Cal. 3d 260, 267 (1979). These claims involve common issues because the proper constitutional balance of authority turns on whether the imposition of four-way-search clauses and indefinite data retention and sharing are "adjudicatory," which does not depend on the circumstances of any individual plaintiff's case. Regardless of whether a court could impose conditions equivalent to Rules 5 and 13 on an individual defendant (a separate question on which Plaintiffs take no position), Plaintiffs' claim here is that the *Sheriff* cannot.

**Constitutional Rights to Privacy.** Plaintiffs argue that the Sheriff's blanket imposition of a four-way-search clause violates the Fourth Amendment because there has been no individualized determination that such an invasion of liberty is warranted. Compl. ¶¶ 70, 74; *In re York*, 9 Cal. 4th 1133, 1150-51 & n.10 (1995). Again, Plaintiffs challenge the blanket policies and procedures by which Rule 5 is imposed, and not whether a court might impose some similar condition on a specific person after an individualized determination.

With respect to Rule 13, Plaintiffs argue that long-term retention and sharing of private GPS data implicates the Fourth Amendment, Article 1, section 13 of the California Constitution, and Article 1 section 1 of the California Constitution. Compl. ¶¶ 71, 75, 78; Mot. at 11-12. These issues will be resolved the same way for each class member because Plaintiffs challenge the blanket policies and procedures by which Defendants retain and share GPS data, and not

whether a court might impose some similar condition on a specific person after an individualized determination. Defendants largely ignore Rule 13 in their opposition brief.

Defendants' argument that the ultimate Fourth Amendment reasonableness of a specific condition might be fact-bound is beside the point because Plaintiffs are not asking the Court to assess the reasonableness of any specific court-imposed condition. For this reason, *Don't Shoot Portland v. City of Portland*, No. 3:20-cv-00917-HZ, 2022 WL 2700307 (D. Or. July 12, 2022), is inapposite. In that case, the court was asked to determine "what type and amount of force can be used by police against protestors, particularly in situations where protestors have within their ranks individuals that threaten the safety of police officers and others." *Id.* at *11. Those questions could not be answered on a common basis in part because the appropriateness of a specific use of force depended on the individual circumstances of each of the many protests and on the behavior of the individuals involved. *Id.* Similarly, *Sandoval v. County of Sonoma*, No. 11-CV-05817-I, 2015 WL 4148261 (N.D. Cal. July 9, 2015), required a determination of the reasonableness of individual vehicle impoundments. That reasonableness necessarily depended on unique, individual factors. *Id.* at *8-9. By contrast, here Plaintiffs are not asking this Court to determine the reasonableness of any specific EM condition as applied to any specific person. Rather, here the Fourth Amendment analysis requires the Court to consider only whether Rules 5 and 13 implicate the Fourth Amendment and whether Defendants' waiver argument is valid.

Defendants also suggest that some releasees may have waived or hypothetically could waive their Fourth Amendment rights during their release hearings, either because the Superior Court imposed its own four-way search condition at the release hearing or because the releasee was aware of Rules 5 and 13. *See, e.g.*, Opp. at 9-11. This speculation does not defeat class certification. As an initial matter, Plaintiffs need only show the presence of *one* common question. *See Abdullah*, 731 F.3d at 957. Thus, the possibility that some individual questions might exist does not prevent class certification. Moreover, this attempt to inject individual issues again ignores the nature of Plaintiffs' claims and the Sheriff's policies. The Sheriff does not impose Rules 5 and 13 after checking to see if the Superior Court imposed a four-way search condition. Thus, even in the instances where the Superior Court may have imposed its own

REPLY TO MOTION FOR CLASS CERT.  -4-
CASE NO.: 4:22-CV-05541-JST

condition, the Sheriff's imposition of Rules 5 and 13 cannot be construed as the mere implementation or enforcement of that condition.  Indeed, instances where the Superior Court imposed its own conditions only proves Plaintiffs' point on the merits that the court does not delegate authority to impose such a condition on the Sheriff.  When the Superior Court thinks such a condition is warranted, it imposes it itself.  The particular cases Defendants cite on this point are thus, again, wide of the mark.

Nor does the Court need to evaluate the individual details of each release hearing to assess Defendants' waiver argument.  Individual circumstances, like consent or knowledge, do not constitute valid waivers because the government cannot condition pretrial release on extracting a Fourth Amendment waiver.  *See United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006); *see also* ECF No. 22 at 9-10 (Mot. for Prelim. Injunction).  Moreover, Defendants do not seek to justify Rules 5 and 13 on grounds that some class members waived their Fourth Amendment rights.  Instead, they argue that *all* class members waive their Fourth Amendment rights when the San Francisco Superior Court signs an EM order (the relevant portion of which is the same for every releasee) and when class members sign and initial the Program Rules and Participant Contract (again, which are the same for every releasee).  *See* ECF No. 24 at 16-17 (Mot. to Dismiss).  Since the purported waiver is the same for each class member, its validity and effect is a common question.

Defendants' other defenses also raise common questions.  In addition to waiver, Defendants argue that Rules 5 and 13 are constitutional as a matter of law because (i) all individuals released pretrial have a diminished expectation of privacy (*see id.* at 17-18); (ii) all plaintiffs are subject to EM (*see id.* at 18); and (iii) Rules 5 and 13 "promote public safety and attendance at court hearings" (*see id.* at 19).  These defenses present common questions because Defendants argue that each defense applies categorically to all pretrial releasees; none depends on any plaintiff's particular circumstances or history.

### 2. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other

REPLY TO MOTION FOR CLASS CERT.               -5-
CASE NO.: 4:22-CV-05541-JST

class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (internal citations and quotation marks omitted). Typicality refers to the "nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.*

Defendants challenge typicality on the grounds that plaintiffs Simon and Barber do not have standing to bring claims to enjoin Rule 5, essentially arguing that their Rule 5 claims are moot. (Defendants argue a lack of commonality for the same reasons.) This argument does not weigh against class certification for three reasons.

*First*, Defendants do not challenge plaintiff Bonilla's standing to bring claims regarding Rule 5. "[O]nly one named Plaintiff must meet the standing requirements," so plaintiff Bonilla is sufficient. *Id.* at 979.

*Second*, Simon and Barber have standing to challenge Rule 5, even though they are no longer on EM. They were on EM when they filed the complaint, and therefore had standing to sue to enjoin Rule 5 at that time. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (standing is decided as of the "outset of the litigation"); *see also Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (concluding plaintiffs had standing at the time the complaint was filed). Their claims are not moot because they are "capable of repetition, yet evading review." *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). "Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted." *Id.* Claims relating to pretrial detention are, therefore, not moot even when an individual plaintiff's detention has changed or been modified.

*Third*, Defendants do not argue that any claims regarding Rule 13 are moot. Since Defendants concede that all named plaintiffs have standing to challenge at least part of the Sheriff's Program Rules, and since "[o]nly one named Plaintiff must meet the standing requirements," *see Ellis*, 657 F.3d at 979, none of their claims are moot.

Defendants next argue that plaintiff Barber "may have stronger claims" than others in the class because he did not receive a copy of the EM order. Opp. at 14. This one potential

difference does not render Barber's claims atypical. It appears that Defendants are now suggesting that they may have a "notice" defense to some claims. To the extent that Defendants now seek to advance such a defense (which they did not present either in their Opposition to Plaintiffs' Motion for Preliminary Injunction nor in their Motion to Dismiss), that defense lacks merit for the same reasons that their waiver defense lacks merit. Defendants' new "notice" defense does not render some class members fundamentally different from others: all contend that the purported Fourth Amendment waivers are invalid regardless of whether there was notice or some other individual circumstance. *See supra* at 5. A proposed defense cannot defeat class certification if there is no evidence that it would actually apply to any class members. *See Winkler v. DTE, Inc.*, 205 F.R.D. 235, 241 (D. Ariz. 2001) (declining to entertain arguments regarding defenses against absent class members because there was no evidence such defenses would actually apply). And even if notice issues were relevant to some absent class members, "defenses that may bar recovery for some members of the putative class, but that are not applicable to the class representative do not render a class representative atypical under Rule 23." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 270 F.R.D. 488, 494 (N.D. Cal. 2010), *modified*, 273 F.R.D. 562 (N.D. Cal. 2011). That is "because Rule 23(a)(3) is primarily concerned with ensuring that there is no 'danger that absent class members will suffer because their representative is preoccupied with defenses unique to him.'" *Id.* (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Defendants do not argue that plaintiff Bonilla would be preoccupied by unique defenses—indeed, they argue the opposite.

### 3. Numerosity

Defendants do not seriously contest this factor. They do not claim that the class Plaintiffs propose is insufficiently numerous. Instead, they repeat their misplaced commonality and typicality arguments, claiming that Plaintiffs' proposed class is overbroad and includes people with differing underlying circumstances. *See* Opp. at 15-16. As discussed above, Defendants' commonality and typicality arguments lack merit. They then argue that Plaintiffs have not specified the number of people in some unknown "more limited class" that excludes every class member who has a circumstance that Defendants contend is relevant. *See id.* at 16. Defendants'

REPLY TO MOTION FOR CLASS CERT.  -7-
CASE NO.: 4:22-CV-05541-JST

arguments against other hypothetical classes do not bear on the numerosity of the class as currently proposed. It bears noting, nonetheless, that Defendants have identified just two potential class members who may have had four-way search clauses imposed by the Superior Court. *See id.* at 3-5. This does not suggest that a class excluding such pretrial releasees would be non-numerous.

### 4. Adequacy

Defendants' sole rejoinder to adequacy is an irrelevant and baseless smear campaign against plaintiffs Bonilla and Barber for "a lack of candor" to the Court. *Id.* at 16 (citing *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010)). But as explained in *Harris*, "credibility" issues render a named plaintiff inadequate only when those credibility attacks "are so sharp as jeopardize the interests of absent class members." 753 F. Supp. 2d at 1015. Class representatives are inadequate only where credibility questions relate to "issues directly relevant to the litigation," or are "confirmed examples of dishonesty," like criminal convictions for fraud. *Id.* Defendants do not explain how a supposed lack of candor renders plaintiffs Bonilla and Barber unable to fairly or adequately represent the interests of the class, how it might create conflicts among class members, or how it relates directly to issues in the litigation. They do not explain this because the "lack of candor" is gratuitous disparagement, not a legitimate concern about protecting the absent class members.

Moreover, Defendants' accusation that Bonilla and Barber displayed some lack of candor is unsupported and incorrect. Defendants suggest that plaintiff Bonilla was untruthful because he submitted two copies of a declaration stating that, as of August 14, 2022 (the date of his declaration), he had not violated the terms of his EM. Opp. at 16. Those statements are true. In a further attempt to smear plaintiff Bonilla, Defendants gratuitously included a police report describing his purported EM violation in their publicly filed Opposition, even though those facts are not relevant to class certification.

Defendants also contend that plaintiff Barber "misrepresented to his criminal defense counsel the circumstances of his enrollment in the EM Program," citing an email exchange between a Deputy Sheriff and defense counsel in which the deputy asserts that plaintiff Barber

REPLY TO MOTION FOR CLASS CERT.  -8-
CASE NO.: 4:22-CV-05541-JST

was not told to come into Sentinel a few times a week. *Id.* at 17. This email exchange is not proof that plaintiff Barber made any misrepresentation to anyone, and has nothing to do with his "candor to the Court." *Id.* at 16.

Defendants do not dispute that plaintiff Simon is an adequate class representative. Again, this is sufficient to certify a class.

### B. A Rule 23(b)(2) Class is Proper

Finally, Defendants claim that Plaintiffs fail to satisfy Rule 23(b)(2)'s standards for an injunctive or declaratory relief class because it is not possible to enjoin or declare unlawful Rules 5 and 13 only as to all class members or none of them. *Id.* at 17-18. Other than repeating their same meritless arguments against commonality, Defendants' arguments are directed not to the Rule 23(b)(2) standard but to the merits.

Defendants argue that the appropriateness of an injunction varies from class member to class member. Again, this argument relies on a misapprehension of the relief that Plaintiffs seek and appears to be yet another vehicle to fearmonger by including irrelevant salacious accusations. Ultimately, Defendants suggest that the specific appropriate conditions of EM might vary from person to person. Plaintiffs wholeheartedly agree (indeed, this is Plaintiffs' point), but that has no bearing on the appropriateness of an injunction against the Sheriff's blanket imposition and enforcement of Rules 5 and 13. Plaintiffs are not asking this Court to enjoin any Superior Court's imposition of EM or determination of EM conditions—just the Sheriff's extra-judicial imposition of *additional* conditions. For this reason, Defendants' attempt to distinguish *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2009) by arguing that Plaintiffs seek "the equivalent of 'immediate release,'" *see* Opp. at 20, is meritless.[1]

---

[1] Defendants also criticize Plaintiffs' citation to *Ahlman v. Barnes*, 44 F. Supp. 3d 671 (C.D. Cal. 2020) because "the Court of Appeals vacated the class certification in *Ahlman*." Opp. at 21. The Ninth Circuit vacated the provisional class certification because the underlying preliminary injunction had expired by operation of law—not because of any problem with the district court's certification analysis. *See Ahlman v. Barnes*, 20 F.4th 489, 495 (9th Cir. 2021) ("To the extent the provisional class certification was proper under Federal Rule of Civil Procedure 23, we vacate it because it 'depended on, and was in service of, its preliminary injunction. If the preliminary injunction is infirm, the class certification necessarily fails as well, regardless of whether class certification was otherwise proper under Federal Rule of Civil Procedure 23.'") (citation omitted).

Defendants also argue that some class members may not want class-wide injunctive relief because of the risk it will result in their remand to custody. *Id.* at 19. To be clear, invalidation of Rules 5 and 13 alone will not result in the remand of any person; it will simply mean that the Sheriff and other law enforcement cannot engage in suspicionless four-way-searches of individuals merely because they are on EM, and it will mean that the Sheriff cannot indefinitely retain and liberally share EM releasee's GPS data. Defendants speculate that if the Sheriff's Rules 5 and 13 are invalidated, then *a court* might decide that certain people should not be released on EM. That argument erroneously assumes that the Superior Court is powerless to impose conditions akin to Rules 5 and 13 in appropriate individual circumstances. It is not, and, as cases cited by Defendants make clear, the Superior Court *does* impose such conditions in individual cases where warranted. Defendants' argument proceeds from the false premise that the Superior Court knows that the Sheriff imposes Rules 5 and 13 in every case and in fact relies on this knowledge in ordering release on EM—but there is no evidence of this, and the proof is all to the contrary.

Defendants then argue that the public interest in maintaining Rules 5 and 13 counsels against injunctive relief. *See id.* at 18. But the balance of harms and the public interest are merits arguments, *see* ECF No. 22 at 17 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)), not a reason to deny class certification.

Ultimately, Defendants make the same errors as the government did in *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). There, the government repeatedly tried to conflate the individual circumstances of class members' underlying cases with a challenge to the constitutionality of blanket practices. The Ninth Circuit rejected that gambit:

> While the government correctly observes that numerous individual administrative proceedings may flow from the district court's decision, it fails to acknowledge that the district court's decision eliminates the need for individual litigation regarding the constitutionality of INS's official forms and procedures. . . . We note that with respect to 23(b)(2) in particular, the government's dogged focus on the factual differences among the class members appears to demonstrate a fundamental misunderstanding of the rule. Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.

REPLY TO MOTION FOR CLASS CERT.  -10-
CASE NO.: 4:22-CV-05541-JST

1  *Id.* at 1047.  For these reasons and the reasons provided in Plaintiffs' opening brief, a Rule

2  23(b)(2) class is proper.

3  **III.   CONCLUSION**

4        Plaintiffs have satisfied all elements of Rule 23(a) and Rule 23(b)(2) and respectfully

5  request this Court certify the proposed class, approve Lead Plaintiffs as Class Representatives,

6  and appoint Lead Counsel as Class Counsel.  In the event that the Court finds any requirement

7  not met, Plaintiffs respectfully request the opportunity to narrow the class definition, create

8  subclasses, or both.  *See, e.g.*, *Anti Police-Terror Project v. City of Oakland*, No. 20-cv-03866-

9  JCS, 2021 WL 846958, at *5 (N.D. Cal. Oct. 18, 2021) (finding that commonality was not

10  satisfied but "it is likely Plaintiffs will be able to cure this deficiency by narrowing the class

11  definition and/or creating subclasses").

                                   Respectfully submitted,

Dated:  November 21, 2022         WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation

                                   By:  /s/ *Justina Sessions*
                                        Justina Sessions
                                        jsessions@wsgr.com

JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone:  (415) 947-2197
Facsimile:  (415) 947-2000
Email:  mlobo@wsgr.com

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
Shilpi Agarwal, State Bar No. 270749
Avram D. Frey, MJP 804789 (*Admitted Pro Hac Vice*)
Emi Young, State Bar No. 311238
Hannah Kieschnick, State Bar No. 319011
39 Drumm Street
San Francisco, CA  94111
Telephone:  (415) 621-2493

Facsimile:  (415) 255-1478
Email:  sagarwal@aclunc.org
afrey@aclunc.org
eyoung@aclunc.org
hkieschnick@aclunc.org

*Attorneys for Plaintiffs*
*Joshua Simon, David Barber, Josue Bonilla, Diana Block, and Community Resource Initiative*