SHILPI AGARWAL (SBN 270749)
AVRAM D. FREY (MJP 804789) (*Admitted Pro Hac Vice*)
EMI YOUNG (SBN 311238)
HANNAH KIESCHNICK (SBN 319011)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478
Email:  sagarwal@aclunc.org
afrey@aclunc.org
eyoung@aclunc.org
hkieschnick@aclunc.org

JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone:  (415) 947-2197
Facsimile:  (415) 947-2000
Email:  jsessions@wsgr.com
jflynn@wsgr.com
cbal@wsgr.com
mlobo@wsgr.com
asontag@wsgr.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated, DIANA BLOCK, an individual, and COMMUNITY RESOURCE INITIATIVE, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, in his official capacity as SAN FRANCISCO SHERIFF,<br><br>Defendants. | CASE NO.:  4:22-CV-05541-JST<br><br>(San Francisco County Superior Court, Case No.:  CGC-22-601686)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION**<br><br>Date: February 2, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Hon. Jon S. Tigar<br>Trial Date: Not Set |

In an apparent response to this litigation, the San Francisco Superior Court has proposed several changes to its pretrial electronic monitoring procedure. These are evidenced by two documents appended to the Declaration of Undersheriff Katherine Johnson, which is an exhibit to Defendants' Administrative Motion in Opposition to Plaintiffs' Motion for Preliminary Injunction. One document is a new, proposed form EM order ("P-FEMO") to be issued by the superior court in all cases of release on EM. *See* ECF No. 53-2. The second is titled "Pre-Trial Electronic Monitoring Admonishment" ("Admonishment") and is an apparent script for recitation by the superior court in hearings where release on EM is ordered. *See* ECF No. 53-3. Plaintiffs do not object to inclusion of these documents in the record. Plaintiffs do, however, oppose Defendants' inaccurate and incomplete description of their impact and styling of their motion, without argument, as "in Opposition to Plaintiffs' Motion for Preliminary Injunction." Plaintiffs submit this Opposition to detail the significance of the proposed changes and emphasize that they have no impact on the viability of Plaintiffs' claims or their entitlement to preliminary relief.

I. **THE SUPERIOR COURT'S PROPOSED CHANGES TO EM PROCEDURE INCLUDE BLANKET IMPOSITION OF ADDITIONAL CONDITIONS, ADVISALS, AND ELICITATIONS OF CONSENT.**

Per Undersheriff Johnson's Declaration, ECF No. 53-1, ¶ 9, the superior court will begin use of the P-FEMO and implement the Admonishment in pretrial hearings, as of May 8, 2023. The P-FEMO entails four changes from the original Form EM Order ("O-FEMO"):

*First*, the P-FEMO includes new, bolded text, stating, "**Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO**." ECF No. 53-2. This language appears in the second paragraph, beginning: "Defendant will adhere to the following court-ordered conditions of Electronic Monitoring[.]" *Id.* Unlike other features of the form, there is no box to check (or leave unchecked) beside the bolded language. As a result, per the P-FEMO, every instance of pre-trial release on EM entails a court-ordered condition that permits the Sheriff or a "peace officer acting on his behalf . . . with . . . express permission" ("express agent") to conduct a four-way search at any time. Contrary to Undersheriff Johnson's

1  unfounded characterization, the P-FEMO thus imposes a new, court-ordered condition of
2  release—it does not "make explicit" any element of the superior court's prior EM procedure.

3  *Second*, the P-FEMO includes a new box that the superior court may check in its
4  discretion to impose a further condition of release on EM, "Submit to a warrantless search by
5  any peace officer at anytime." *Id.* Thus, while a four-way search condition executable by the
6  Sheriff and his express agents is automatic, the court must exercise discretion to extend the
7  authority to conduct such a search to members of law enforcement other than the SFSO or its
8  express agent.

9  *Third*, the P-FEMO contains a signature line for the defendant and his counsel.

10  *Fourth*, beneath the defendant's signature line, the P-FEMO includes in italics: "*By
11  signing here, the defendant agrees to enroll in the electronic monitoring program, follow the
12  program rules, and have their movement tracked and recorded by the SFSO.*" *Id.*

13  The Admonishment provides a script for new advisals and requests for consent from
14  defendants in hearings ordering release on EM. It begins with the statement, "[t]o participate in
15  this program, you must give up certain rights and you must agree to the following conditions,"
16  including: the four-way search clause executable by the SFSO or its express agent at any time;
17  "Your movements while on EM will be continuously . . . preserved and maintained"; and "Your
18  GPS location dat[a] can be shared with law enforcement agencies for criminal investigations
19  during the pendency of the case and until the case is fully adjudicated." ECF No. 53-3. The
20  Admonishment concludes by asking the defendant if he understands the admonishment provided,
21  if he has had the opportunity to discuss it with his counsel, and if he agrees to the conditions
22  imposed.

23  **II.   THE SUPERIOR COURT'S PROPOSED CHANGES HAVE NO IMPACT ON
         THE NEED OR PROPRIETY OF PLAINTIFFS' REQUESTED PRELIMINARY
24       RELIEF.**

25  The preliminary relief Plaintiffs seek—an injunction against the Sheriff's EM Program
26  Rules 5 (four-way search clause) and 13 (indefinite data retention and sharing)—remains proper
27  both for Plaintiffs and all those released on EM going forward. Plaintiffs were ordered released on
28  EM under the existing superior court procedure, meaning the superior court in each of their cases

ordered release via the previous iteration of the form EM Order, O-FEMO, and without providing the language of the Admonishment. Whatever the legal significance of the proposed changes, they are irrelevant to Plaintiffs' claims. Plaintiffs were subject to potential four-way search by any member of law enforcement at any time, and their GPS location data may be retained and shared indefinitely. Both of these conditions follow exclusively from the Sheriff's EM Program Rules 5 and 13, respectively. Plaintiffs' arguments in support of a preliminary injunction retain their full force regardless of the proposed changes to the superior court's EM policy. *See* ECF No. 22 at 16-17.

Nor do the proposed changes diminish the need for an injunction to protect EM releasees going forward, because the P-FEMO and Admonishment would not, either alone or in combination, bring Rules 5 and 13 within the scope of the superior court's order. In the case of Rule 5, the P-FEMO orders a four-way search condition executable by the SFSO or its express agent, but Rule 5 is broader, authorizing such searches by *any* peace officer. In the case of Rule 13, the Admonishment limits GPS data-sharing to "the pendency of the case and until the case is fully adjudicated," ECF No. 53-3, but Rule 13 contains no such temporal limitation, stating only that "EM data may be shared with other criminal justice partners," ECF No. 1-9 at Ex. 5. Similarly, the Admonishment notes that EM releasees' GPS data will be "recorded" and "maintained," ECF No. 53-3, and the P-FEMO notes it will be "tracked and recorded," ECF No. 53-2, but neither provides that such data will be retained indefinitely, or until the SFSO terminates its contract with third-party EM services provider Sentinel Offender Services, LLC, ECF No. 1-1, ¶ 53. The Sheriff's policies and Rule 13 thus purportedly authorize GPS data retention and sharing well beyond the terms authorized by any court, and potentially in perpetuity.

As a result, despite the superior court's proposed changes, both Rules 5 and 13 will continue to intrude on the privacy rights of EM releasees absent court authorization. This warrants the same relief requested by Plaintiffs with regard to the superior court's existing EM procedure. Plaintiffs' claims for preliminary relief against Rules 5 and 13—under the Separation of Powers, Cal. Const. art. III, sec. 3, the prohibition on unreasonable searches, U.S. Const. amend. IV, Cal. Const. art. I, sec. 13, and California's constitutional right to privacy, Cal. Const. art. I, sec. 1—

reflect two fundamental problems with Rules 5 and 13: they are imposed by the wrong party, *i.e.*, the Sheriff as opposed to the superior court, and they are imposed in the wrong manner, *i.e.*, in blanket fashion as opposed to on the basis of an individualized determination. The superior court's proposed changes are plainly an attempt to redress the former issue, by bringing the substance of Rules 5 and 13 within the superior court's form EM order.[1] But because they fail to do so completely, they leave aspects of both Rules 5 and 13 unauthorized. Thus, the Sheriff persists in imposing significant intrusions on the privacy rights of EM releasees unilaterally, such that Plaintiffs' claims, and the propriety of preliminary relief, remain unchanged. For these reasons, as well as those stated in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs ask this Court to enjoin imposition and enforcement of Sheriff's Program Rules 5 and 13.

Respectfully submitted,

Dated: May 5, 2023

By: /s/ Avram D. Frey

Avram D. Frey (MJP 804789)
afrey@aclunc.org (*Admitted Pro Hac Vice*)
Shilpi Agarwal (SBN 270749)
sagarwal@aclunc.org
Emi Young (SBN 311238)
eyoung@aclunc.org
Hannah Kieschnick (SBN 319011)
hkieschnick@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478

JUSTINA SESSIONS, State Bar No. 270914
JOHN P. FLYNN, State Bar No. 141094
COLLEEN BAL, State Bar No. 167637
MALAVIKA F. LOBO, State Bar No. 317635
ANA ALICIA SONTAG, State Bar No. 340602
WILSON SONSINI GOODRICH & ROSATI

---

[1] The proposed changes also fail to redress the second problem—blanket imposition of conditions of release is unconstitutional whether imposed by the Sheriff through Rules 5 and 13, or the superior court through the P-FEMO. As this suit presently concerns constitutional violations by the SFSO, Plaintiffs do not address such constitutional deficiencies in the superior court's orders at this time.

Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2197
Facsimile: (415) 947-2000

*Attorneys for Plaintiffs*
*Joshua Simon, David Barber, Josue Bonilla, Diana Block, and Community Resource Initiative*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Justina Sessions, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: May 5, 2023                                   /s/ *Justina Sessions*
                                                                    Justina Sessions