1  DAVID CHIU, State Bar #189542
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  KAITLYN MURPHY, State Bar #293309
   ALEXANDER J. HOLTZMAN, State Bar #311813
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-6762 [Murphy]
   Telephone:    (415) 554-3999 [Holtzman]
7  Facsimile:    (415) 554-6762
   Email:        kaitlyn.murphy@sfcityatty.org
8  Email:        alexander.holtzman@sfcityatty.org

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
10 AND PAUL MIYAMOTO, IN HIS OFFICIAL
   CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S ORDER REQUESTING SUPPLEMENTAL BRIEFING (ECF NO. 56)**<br><br>Trial Date:    Not Set |

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

Recent developments provide even more reasons for the Court to deny Plaintiffs' Motion for a Preliminary Injunction and Motion for Class Certification. Those developments are as follows: Effective the week of May 8, 2023, the San Francisco Superior Court modified the contents of its template order and related admonitions releasing pretrial criminal defendants from custody subject to participation in the Pretrial Electronic Monitoring ("EM") Program. The revised EM Program Order and admonitions state in even more express terms that conditions of participating in the EM Program include a four-way search condition, potential sharing of GPS data with other law enforcement agencies, and retention of the GPS data. In response to the Superior Court's changes, the San Francisco Sheriff's Office ("SFSO") has made updates in its practices including modifying the description of the four-way search condition in CLETS to match the Superior Court's new order. Finally, it has come to pass that none of the three Criminal Defendant Plaintiffs—the only relevant Plaintiffs for purposes of the Preliminary Injunction and Class Certification Motions—are participating in the EM Program anymore, so they are not subject to a four-way search condition as part of the EM Program.

As for Plaintiffs' Motion for a Preliminary Injunction, these changes to the EM Program Order and admonitions, and the matching changes in the SFSO's administration of the EM Program, fully address Plaintiffs' central complaint: that the EM Program must be administered in compliance with the Superior Court's orders. It is being so administered. Plaintiffs' claims for injunctive relief related to the four-way search condition based on the previous EM Program Order are moot. And any urgency for interim injunctive relief is further lessened by the shrinking number of criminal defendants participating in the EM Program based on the Superior Court's previous EM Program Order.

As for Plaintiffs' Motion for Class Certification, these changes create further material differences among the putative class members. Especially given these differences, class certification is not appropriate. Taking account of the recent changes, the Court should deny Plaintiffs' Motions for a Preliminary Injunction and Class Certification.

**I.    Background**
    **A.    Plaintiffs' Allegations**

The heart of Plaintiffs' claims is that the SFSO imposes Program Rules "not authorized by the

1

Court's release order." ECF No. 1-1 ("Compl.") ¶ 1. Plaintiffs allege that during the hearing at which criminal defendants are released from custody based on participation in the EM Program:

> There is no colloquy on the record concerning the scope of any privacy intrusions inherent in the Sheriff's EM Program, and no discussion of the four-way search condition or the indefinite retention and sharing of GPS location data. The Superior Court also does not, in connection with imposing EM, elicit a general waiver of Fourth Amendment rights. Indeed, there is no record evidence that the Court itself is aware of—let alone approved—the content of the Sheriff's EM Program Rule.

Compl. ¶ 17; *see also id.* ¶ 21.

Plaintiffs also allege that their four-way search conditions were entered into the California Law Enforcement Telecommunications System ("CLETS"), available to all peace officers in California. That meant whenever a California peace officer "runs a check on an individual released on EM, CLETS notifies the officer of the four-way search condition" and "may search a releasee's person, home, belongings, and car at any time for any reason." Compl. ¶ 42.

Defendants have already argued that these claims did not warrant a preliminary injunction or class certification. But whatever claimed discrepancy might have previously existed between the Superior Court's orders and the SFSO's administration, no discrepancy at all will exist for new releasees.

**B.     San Francisco Superior Court Revised EM Order and Admonitions**

The week of May 8, 2023, the San Francisco Superior Court implemented a revised EM Program Order and oral admonitions for criminal defendants released subject to EM. *See* ECF No. 53; Declaration of Undersheriff Katherine Johnson in Support of Defendants' Response to the Court's Order Requesting Supplemental Briefing ("Johnson Decl.") ¶ 3. The revised order makes explicit that, as part of criminal defendants' waiver of their Fourth Amendment rights, the Superior Court has imposed a warrantless search condition and describes the effect of that waiver. The order states in bold: "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." Johnson Decl. Ex. A. It includes an option for the Superior Court to require as a condition of release that the criminal defendant "submit to a warrantless search by any peace officer at anytime." *Id.* This broader search condition is not imposed in every case. *Id.* ¶ 5. The revised order also includes

2

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

a signature line for the defendant stating: "By signing here, the defendant agrees to enroll in the electronic monitoring program, follow the program rules, and have their movement tracked and recorded by the SFSO." *Id.* Ex. A.

The Superior Court's revised admonitions inform criminal defendants that by participating in the EM Program they are agreeing that their "person, residence, automobile, and any property under [their] custody or control can be searched by any San Francisco Sheriff's Department peace officer any time of the day or night, with or without a warrant, with or without [their] consent, and with or without reasonable suspicion or probable cause," that their "movements while on EM will be continuously tracked and recorded, and that information will be preserved and maintained," and that their "GPS location dat[a] can be shared with law enforcement agencies for criminal investigations during the pendency of the case." ECF No. 53-3. Before entering the EM Program Order, the court asks the defendant three questions: "Do you understand the admonishment I have just read to you? Have you had the opportunity to consult with your attorney about these conditions? Do you agree to these conditions?" *Id*.

On approximately May 16, 2023, the Superior Court implemented a slightly revised version of the new EM Program Order. *See* Johnson Decl. Ex. A. The only changes from the previous version submitted to the Court (ECF No. 53-2) were stylistic, to correct typographic errors, and to remove defense counsel's signature based on a request from the Public Defender's Office as part of the Superior Court's process of conferring with that office about the revised EM Program Order. *See id.*; Johnson Decl. ¶ 4.

**C.     SFSO's Response to Superior Court Revisions**

Undersheriff Katherine Johnson explained in her May 2, 2023, declaration that the SFSO would enter a description into the CLETS database for EM Program participants to reflect the scope of the four-way search term in the revised EM Program Order. ECF No. 53-1 ¶ 8. On May 12, 2023, the SFSO received two EM Program enrollments where the Superior Court imposed an SFSO-only search condition without a condition allowing warrantless searches by any law enforcement officer. Johnson Decl. ¶ 5. In both cases, the SFSO entered a revised directive into the CLETS database:

3

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

> DO NOT STOP DETAIN SEARCH OR ARREST BASED SOLELY ON THIS MESSAGE SUBJECT IS ON PRE-TRIAL EM SUPERVISED BY THE SFSO PROGRAMS UNIT REPORT ANY LAW ENFORCEMENT CONTACT TO SFSO AT 415-575-6461 THE SUBJECTS EM RELEASE ORDER DOES NOT GRANT AUTHORITY TO SEARCH THE SUBJECT UNLESS YOU RECEIVE SEARCH AUTHORIZATION FROM SFSO PROGRAMS UNIT TO SEEK SEARCH AUTHORIZATION BASED ON EM ORDER CALL THE NUMBER ABOVE

*Id.* Next week, the SFSO plans to implement a new version of the printed Program Rules that reflects the different potential scopes of four-way search conditions under the revised EM Program Order. Johnson Decl. ¶ 6. With respect to criminal defendants placed on the EM Program since May 8 with the more limited search condition, who were not specifically informed by the SFSO of the limited search condition, the SFSO will make efforts to inform them of the applicable limits. *Id.*

In the coming weeks, the SFSO will also formalize a policy to provide a specific individual's location data to another law enforcement agency, absent a subpoena, only for those individuals who are current participants in the EM Program or who have a warrant related to EM Program noncompliance. *Id.* ¶ 7. The Electronic Monitoring Location Request form already requires the requesting agency to certify that it "request[s] this information as part of a current criminal investigation." ECF No. 22-3 at 56.

### D. Plaintiffs' Status on EM

None of the three Criminal Defendant Plaintiffs are currently part of the EM Program or subject to a warrantless search condition based on the program. Johnson Decl. ¶ 9. Joshua Simon and David Barber left the EM Program before the Court's hearing on the underlying motions. ECF Nos. 22-5 ¶ 7; 41-2 Ex. A. Josue Bonilla left in late March 2023. Johnson Decl. ¶ 9.

## II. ARGUMENT

### A. Recent Developments Further Undermine Plaintiffs' Preliminary Injunction Request.

The Superior Court's revisions to the EM Program Order and accompanying admonitions moot Plaintiffs' claims for injunctive relief as to criminal defendants who enroll in the EM Program going forward. The Superior Court's changes address each of Plaintiffs' concerns. Plaintiffs asserted that the Superior Court did not envision a four-way search condition when it entered a broad Fourth Amendment waiver when it released criminal defendants from custody subject to EM Program

4

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

1  participation. Compl. ¶¶ 1, 17, 21. The EM Program Order now includes an express four-way search
2  condition. Johnson Decl. Ex. A. Plaintiffs alleged the criminal court's orders did not permit sharing of
3  GPS data with other law enforcement agencies. Compl. ¶ 1. The court now describes that sharing and
4  confirms the defendant's understanding. ECF No. 53-3. And Plaintiffs contended that the previous
5  procedures somehow contemplated destruction of GPS data beyond a certain point. Compl. ¶ 1. The
6  criminal court now provides for retention of the data. ECF No. 53-3. It is therefore not correct that "an
7  injunction against the Sheriff's EM Program Rules 5 (four-way search clause) and 13 (indefinite data
8  retention and sharing) –remains proper" for "all those released on EM going forward." Opp. at 2.
9  Criminal defendants now enrolling in the EM Program cannot maintain any of Plaintiffs' claims.

At this point, Plaintiffs' only remaining criticism of the new program is that the Superior Court's "blanket imposition of conditions of release is unconstitutional." Opp. at 4 n.1. Putting aside that Plaintiffs are wrong, *see Norris v. Premier Integrity Sols., Inc.*, 641 F.3d 695, 699 (6th Cir. 2011); *In re York*, 9 Cal. 4th 1133, 1149-50 (1995), they acknowledge that they "do not address such constitutional deficiencies in the superior court's orders at this time." Opp. at 4 n.1. In any event, the City and County of San Francisco and the SFSO would not be proper defendants for such a challenge; a challenge to the Superior Court's order must be brought in the Superior Court.

The revised EM Program Order and admonitions also do not give rise to any new arguments supporting a preliminary injunction for EM Program participants. The SFSO's administration of the revised order conforms with the revised order, addressing Plaintiffs' two chief anticipated objections. First, for defendants whose EM Program Order includes the narrower four-way search condition allowing warrantless searches by other law enforcement agencies only when authorized by the SFSO, the SFSO has provided an accurate CLETS entry. *See* Johnson Decl. ¶ 5. The SFSO is also producing revised printed Program Rules to match the scope Program Rule 5 to the court-ordered search condition and is clarifying the scope of Program Rule 5 with EM Program participants with the narrower search condition. *Id.* ¶ 6. Second, to the extent the Superior Court's revised admonitions limit voluntary sharing of GPS data once a criminal defendant's case concludes, the SFSO will be formalizing a policy to provide a specific individual's location data to another law enforcement agency, absent a subpoena, only for those individuals who are current participants in the EM Program

5

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

or who have a warrant related to EM Program noncompliance. *Id.* ¶ 7. This policy will definitionally prevent voluntary responses to this type of request beyond the later end of individuals' criminal proceedings. Previous EM Program participants may be identified in a different type of report seeking identification of EM Program participants, if any, present within a limited area at a certain time, *id.* ¶ 8, but any alleged harm from such limited disclosure is entirely hypothetical at this point for new EM Program participants early in their criminal cases. The updates described above resolve Plaintiffs' unfounded concerns that SFSO might apply Program Rules 5 and 13 in a manner inconsistent with the Superior Court's revised order, Opp. at 3, and bring the challenged SFSO policies fully "within the scope of the superior court's order," even as Plaintiffs have interpreted that order in their briefing. *Id.*

Although the Superior Court's revised EM Program Order and admonitions most directly undermine Plaintiffs' claims as applied to new EM Program participants, they support denial of a preliminary injunction as to pre-May 2023 EM Program participants too. The group of EM Program participants to which Plaintiffs' claims possibly apply will continuously decrease as existing participants leave the EM Program or receive the revised EM Program Order and admonitions and new participants receive the revised order and admonitions. The forthcoming SFSO policy change formalizing limits on voluntary responses to law enforcement requests for EM Program participants' GPS data, Johnson Decl. ¶ 7, will further reduce alleged harms for prior program participants.

Importantly, none of the three Plaintiffs bringing the Preliminary Injunction Motion (the Criminal Defendant Plaintiffs) are part of the EM Program anymore, rendering moot Plaintiffs' claims for injunctive relief from the four-way search condition that applied only while they were on the EM Program. Plaintiffs Simon and Barber left the EM Program in 2022. ECF No. 41 at 5:16-18. Bonilla left on March 23, 2023. Johnson Decl. ¶ 9. They have not re-enrolled. *Id.* Their request for injunctive relief from the warrantless search condition that applied only while they were on the EM Program is therefore moot. "[W]here, as here, the plaintiff's claim becomes moot before the district court certifies the class, the class action normally also becomes moot." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014); *see Johnson v. City of Grants Pass*, 50 F.4th 787, 802 n.18 (9th Cir. 2022) (holding that, among the requirements to continue to pursue class claims after they become moot, "[t]he class representative must [have been] a member of the class with standing to sue

6

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

at the time certification [was] granted or denied"). And because the challenged old program has changed as described above, Plaintiffs' claims about the old program are not capable of repetition. Even if Plaintiffs were charged with a new crime and released subject to participation in the EM Program, they would be enrolled under the Superior Court's revised procedures. Their claims do not satisfy the sometimes-applicable exception to mootness of preliminary injunctive relief for inherently transitory class claims, including given the diminishing number of EM Program participants subject to the harm Plaintiffs allege. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018) (tying the exception to mootness for inherently transitory class injunctive relief claims to a finding "it was certain that there would always be some group of detainees subject to the challenged practice," when the opposite is true here given the shrinking number of criminal defendants on EM based on the previous version of the Superior Court's order). Plaintiffs' request for interim injunctive relief for themselves or others with respect to the four-way search condition therefore should be denied as moot.

The Superior Court's revisions to the EM Program order and admonitions also support Defendants' arguments that Plaintiffs cannot pursue their claims in a non-habeas civil action. As reflected by the May 2023 revisions, the Superior Court sets its EM Program Order and admonitions. The implementation of the criminal court's direction by the SFSO is an issue for the criminal court, not a separate civil proceeding. *See, e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018); *Tene v. City & Cnty. of San Francisco*, No. 00-CV-03868-WHA, 2004 WL 1465726, at *5 (N.D. Cal. May 12, 2004). The Superior Court conferred with the Public Defender's Office and District Attorney's Office about its revised procedures. ECF No. 53-1 ¶ 9. And it responded to concerns raised by the Public Defender's Office such as about including a signature line for defense counsel on the EM Program Order. Johnson Decl. ¶ 4. The Court should not interfere with this state criminal court process with an injunction. *See Alaska Pretrial Detainees for End of Unwarranted Courtroom Shackling v. Johnson*, No. 3:17-cv-00226-SLG, 2018 WL 2144345, at *2 (D. Alaska May 9, 2018), *aff'd on abstention and remanded*, 745 F. App'x 61 (9th Cir. 2018).

**B.   Recent Developments Emphasize Why Class Certification Should Be Denied.**

As to Plaintiffs' Class Certification Motion, the Superior Court's revised policies create an additional barrier to certification. Rule 23(b)(2) requires Plaintiffs to show "final injunctive relief is

7

Defs'. Resp. to Order Requesting Suppl. Briefing
Case No. 22-cv-05541-JST

n:\lit\li2023\230184\01678352.docx

appropriate respecting the class as a whole." Fed. R. Civ. P. 23; *see Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018) (directing reconsideration of Rule 23(b)(2) class certification because "it may no longer be true that the complained-of conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them"). Plaintiffs' allegation that there is no discussion of the warrantless search condition or the sharing of GPS location data at the Superior Court's hearing, Compl. ¶ 17, is directly contradicted by the Superior Court's revised EM Program Order and admonitions that include a specific four-way search condition; confirm a criminal defendant had the opportunity to confer with counsel about the implications of the Fourth Amendment waiver; and discuss the retention and sharing of GPS data. Johnson Decl. Ex. A; ECF No. 53-3. The version of the EM Program Order and admonitions that the Superior Court used (pre- or post-May 2023) is one more distinction among putative class members—beyond the many pre-existing distinctions Defendants identified in their opposition, ECF No. 41—preventing Plaintiffs from demonstrating that injunctive relief is appropriate for the putative class as a whole.

### III. CONCLUSION

For the above reasons, Defendants respectfully request the Court deny Plaintiffs' Motion for a Preliminary Injunction and Motion for Class Certification.

Dated:  May 19, 2023

        DAVID CHIU
        City Attorney
        MEREDITH B. OSBORN
        Chief Trial Deputy
        KAITLYN MURPHY
        ALEXANDER J. HOLTZMAN
        Deputy City Attorneys

By:     */s/ Kaitlyn Murphy*
        KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF