# EXHIBIT A

```
 1                    SUPERIOR COURT OF CALIFORNIA

 2                      COUNTY OF SAN FRANCISCO

 3         BEFORE THE HONORABLE VICTOR M. HWANG, JUDGE PRESIDING

 4                        DEPARTMENT NUMBER 10

 5                              ---oOo---

 6   PEOPLE OF THE STATE OF CALIFORNIA, )
                                        )
 7                  Plaintiff,          )  Court No. CRI-23006396
                                        )
 8   vs.                                )
                                        )
 9   INDIA WATKINS,                     )  Pages 1 - 8
                                        )
10                  Defendant.          )
     _____)
11

12                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                       WEDNESDAY, MAY 3, 2023

14

15

16
                              CERTIFIED
17                            TRANSCRIPT

18

19

20   TRANSCRIPT PRODUCED PURSUANT TO Government Code 69954(d):  Any

21   court, party, or person who has purchased a transcript may,

22   without paying a further fee to the reporter, reproduce a copy

23   or portion thereof as an exhibit pursuant to court order or

24   rule, or for internal use, but shall not otherwise provide or

25   sell a copy or copies to any other party or person.

26

27

28   REPORTED BY:  CHRISTINE L. JORDAN, CSR NO. 12262, CCRR, RPR
```

1  APPEARANCES OF COUNSEL:

2  For the People:

3  SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE
   Chesa Boudin, District Attorney
4  350 Rhode Island Street
   North Building, Suite 400N
5  San Francisco, California 94103
   BY:  DENNIS CHOW, ASSISTANT DISTRICT ATTORNEY
6

7  For the Defendant:

8  SAN FRANCISCO PUBLIC DEFENDER'S OFFICE
   Manohar Raju, Public Defender
9  555 Seventh Street
   San Francisco, California 94103
10 BY:  NADIA IQBAL, DEPUTY PUBLIC DEFENDER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    WEDNESDAY, MAY 3, 2023; AFTERNOON SESSION
2                  P R O C E E D I N G S
3                        ---oOo---
4         (Case called at 2:00 P.M.)
5       THE COURT:  Calling line 1, is the matter of India Watkins.
6       I'll appoint the public defender's office to represent you.
7       Appearances.
8       MR. CHOW:  Dennis Chow for the People.
9       MS. IQBAL:  Thank you, Your Honor.  Nadia Iqbal, deputy
10   public defender specially appearing for Ms. Tamani Taylor.  I am
11   with Ms. Watkins, who is present in custody.
12       We are in receipt of the complaint.  Waive formal reading
13   and advisement.  Stipulate to due and proper arraignment.
14   Reserve our right to demur.  Enter pleas of not guilty.  Deny
15   any allegations.
16       I would like to address Ms. Watkins's custodial status.
17       THE COURT:  Sure.
18       MS. IQBAL:  Thank you.
19       Based on my review of the case, it appears she was
20   cooperative with police and there was no incident with regard to
21   her arrest.  She also advised that she has been checking in with
22   ACM, and she intends to ask them for assistance with housing.
23   She's currently staying at a shelter, but she has advised that
24   she would be able to return for all of her future court dates.
25   She is in good status currently on her other matters.
26       THE COURT:  The Court previously, on the last time she was
27   arrested, referred her for in-custody review, and that hasn't
28   seemed to have been sufficient.  What are you proposing beyond

1  that?
2     MS. IQBAL:  Perhaps we can do another referral and/or
3  release her on the same terms as the previous referral along
4  with maybe an ankle monitor for a brief period of time to
5  satisfy the Court.  But I don't believe that --
6     THE COURT:  I would do home detention in this case.  Ankle
7  monitoring wouldn't accomplish anything because I'm not trying
8  to have her stay away from any area.
9        (Pause in the proceedings.)
10    MS. IQBAL:  Your Honor, we would of course request that home
11 detention not be imposed.  But if that is the term the Court
12 would be willing to release on, then we will just object and
13 submit.
14    THE COURT:  Does she have an address where she can be
15 released to?
16    MS. IQBAL:  She does have an address, yes.
17    THE COURT:  And there's somebody that can allow the sheriffs
18 to enter to search and examine?
19        (Pause in the proceedings.)
20    MS. IQBAL:  She has advised that, yes, that is the case.
21    THE COURT:  Okay.  People want to be heard?
22    MR. CHOW:  Submitted.
23    THE COURT:  All right.  I'll release Ms. Watkins on a
24 coordinated release for home detention.
25    I have to advise you that, when you're placed on home
26 detention, you're giving up your Fourth Amendment rights.  The
27 Court is imposing a 1035 search condition, which means your
28 person, residence, vehicle, and any area under your control is

1 subject to a search at any time, day or night, by any peace
2 officer without reasonable suspicion or probable cause.
3     I'm going to release you on ACM to home detention in light
4 of the fact that you were on ACM on the other case and receiving
5 services.  You are to attend any counseling and groups as
6 advised by pretrial services; otherwise, remain confined within
7 your residence.
8     MS. IQBAL:  I understand she'll be on home detention.  Would
9 the Court be willing to strike the 1035 condition since she
10 wasn't found in possession of any contraband that was on her
11 person or anything like that?
12     THE COURT:  To be clear:  It's a new sheriff's policy.  It's
13 not the Court that's imposing the 1035.  I'm advising her that
14 under the sheriff's program, if she accepts home detention,
15 they're requiring the 1035 on every case on GPS, SCRAM, or home
16 detention.  It's on the form itself that advises her that she's
17 going to be subject to a 1035.  Those are the conditions of the
18 sheriff's home detention program now.
19     MS. IQBAL:  I understand, Your Honor.  But I don't think
20 that the sheriff is -- I think it's a constitutional violation
21 for the sheriff to impose such conditions that are not warranted
22 or necessary to the case that the Court is not imposing as its
23 own term related to the case.
24     I believe there was some ACLU litigation on the issue
25 recently; so I would again ask the Court to strike the
26 court-ordered provision of the 1035.
27     THE COURT:  It's precisely because, I think, of the ACLU
28 litigation I'm advising her now.  The litigation involves her

1  not -- litigants not understanding that they're being put on
2  1035.  But those are the conditions of the sheriff's program.
3  It's the only way, such as the 50-mile limit, that the sheriffs
4  will accept anybody into their program, is if they're going to
5  be under 1035; otherwise, they're not offering it.
6      So --
7      MS. IQBAL:  I will --
8      THE COURT:  -- beginning, I believe, next week -- I'm
9  telling you for general purposes -- every defendant is going to
10 be signing a 1035 waiver as they accept home detention.  If they
11 don't sign, then the sheriff will not accept them into home
12 detention.  But at this point, I've been asked to just orally
13 advise folks that what's written on the form is that they are
14 going to be subject to the search condition --
15     MS. IQBAL:  Okay.
16     THE COURT:  -- which is, I think, what the litigation is
17 about, is that they're not noticed of the 1035.
18     MS. IQBAL:  Yeah, I think it's that in addition to that it
19 shouldn't be a blanket term that's imposed on folks where the
20 case or -- you know, it should be the least restrictive
21 conditions related to the case and that person's individualized
22 history as opposed to being a contingency upon which they're
23 granted home detention or electronic monitoring.
24     I understand what the Court is saying, though.  It sounds
25 like the Court will impose it in any case at this juncture; so I
26 will object --
27     THE COURT:  Okay.
28     MS. IQBAL:  -- for the record and submit.

```
 1       THE COURT:  Sure.
 2       How would she like to proceed in terms of time?
 3       MS. IQBAL:  Your Honor, we'd like to set within the ten
 4  days, please.
 5       THE COURT:  Okay.  I'll set a 10th day of May 17th; a 60th
 6  day of July 3rd.  I'll set the matter for preliminary hearing on
 7  May 16th at 9:00 o'clock in Department 12 and order Ms. Watkins
 8  present.
 9       MR. CHOW:  One-hour time estimate.
10       THE COURT:  Thank you.
11       MS. IQBAL:  Thank you.
12       Your Honor, would the Court be able to have her other
13  matters trail on May 16th as well, just in case?  Sometimes
14  there's --
15       THE COURT:  I don't have those on today.
16       MS. IQBAL:  Okay.  So --
17       THE COURT:  It looks like she has a future date of June 2nd.
18       MS. IQBAL:  Okay.  I'll talk to the assigned attorney to get
19  them added.  Thank you.
20       THE COURT:  Thank you.
21           (At 2:07 P.M., the proceedings adjourned.)
22                            ---oOo---
23
24
25
26
27
28
```

```
 1   STATE OF CALIFORNIA        )
 2                              )      ss
 3   COUNTY OF SAN FRANCISCO    )
 4
 5        I, Christine L. Jordan, Official Reporter for the Superior
 6   Court of California, County of San Francisco, do hereby certify:
 7        That I was present at the time of the above proceedings;
 8        That I took down in machine shorthand notes all proceedings
 9   had and testimony given;
10        That I thereafter transcribed said shorthand notes with the
11   aid of a computer;
12        That the above and foregoing is a full, true, and correct
13   transcript of said shorthand notes and a full, true, and correct
14   transcript of all proceedings had and testimony taken;
15        That I am not a party to the action or related to a party or
16   counsel;
17        That I have no financial or other interest in the outcome of
18   the action.
19
20   Dated:  May 8, 2023
21
22
23
24   _____
25        CHRISTINE L. JORDAN, CSR NO. 12262, CCRR, RPR
26        STATE OF CALIFORNIA
27
28
```