UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated; DIANA BLOCK, an individual; and COMMUNITY RESOURCE INITIATIVE, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff,<br><br>Defendants. | Case No. 4:22-cv-05541-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:  August 22, 2023<br>Time:  2:00 p.m.<br>Judge:  Hon. Jon S. Tigar |

The parties to the above-titled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service**

Plaintiffs originally filed this action in the Superior Court of the State of California for the County of San Francisco. Based on Defendants' removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446, Plaintiffs contend this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs Joshua Simon, David Barber, and Josue Bonilla, individually and on

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

behalf of all others similarly situated (together, the "Lead Plaintiffs"), have pled claims arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs contend that, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the Lead Plaintiffs' related claims arising under sections 1, 3, and 7 of Article I and section 3 of Article III of the California Constitution.

Defendants have challenged Plaintiffs' standing and ability to bring the claims alleged, which affects the Court's jurisdiction over this case. Defendants additionally assert that Plaintiffs' claims, at least about the four-way search, have become moot given the changes in the Superior Court's protocol. The parties agree that Plaintiffs Diana Block and Community Resource Initiative (together, the "Taxpayer Plaintiffs," and with the Lead Plaintiffs, "Plaintiffs") lack Article III standing, and Defendants contend that the Taxpayer Plaintiffs lack statutory standing. Plaintiffs originally filed this action in the Superior Court of the State of California for the County of San Francisco ("Superior Court"). Defendants the City and County of San Francisco and Paul Miyamoto, in his official capacity as San Francisco Sheriff (together, "Defendants"), removed the action to this Court on September 28, 2022. (ECF No. 1.) Plaintiffs have requested that the Court remand the Taxpayer Plaintiffs' claims to the Superior Court pursuant to 28 U.S.C. § 1447(c) so that the Taxpayer Plaintiffs do not forfeit their state-law claim based on Defendants' choice of forum. (ECF No. 33.) Defendants have asked the Court to dismiss Taxpayer Plaintiffs' claims for lack of statutory standing.

All parties agree that, to the extent the Court has jurisdiction, venue in the Northern District is appropriate.

All Defendants have been served. There are no issues pending concerning personal jurisdiction.

**2.     Facts**

    **(a)     Plaintiffs' Statement**

Plaintiffs brought this action to challenge the imposition and enforcement of unconstitutional conditions of electronic monitoring against pretrial releasees by the San

Francisco Sheriff's Office ("SFSO" or "Sheriff"), a division of Defendant City and County of San Francisco's county government.  Plaintiffs allege that Rules 5 and 13 of the Sheriff's "Electronic Monitoring Program Rules [for] Pre-Sentenced Participants" usurp the role of the judiciary by imposing new, unapproved conditions on pretrial release.  Plaintiffs further allege that Rules 5 and 13 violate releasees' constitutional rights by purporting to authorize warrantless, suspicionless searches of their person, property, home, and automobile at any time and to share their GPS location data with any law enforcement agency upon request and in perpetuity.

On May 3, 2023, Defendants filed a declaration by Undersheriff Katherine Johnson, in which she asserted that the Superior Court had amended its template EM Program Order to "include[] a description of warrantless search conditions[.]"  (ECF No. 53-1 at ¶ 6.)  On May 19, 2023, Undersheriff Johnson further declared that the Sheriff planned to change its policy of warrantless, suspicionless searches to require "SEARCH AUTHORIZATION FROM SFSO PROGRAMS UNIT," without any other limitations.  (ECF No. 57-1 at ¶ 5.)  Undersheriff Johnson also indicated that the Sheriff "plans to" implement a new version of the Program Rules that reflects this change and "will formalize" a revised policy under which the Sheriff will provide location data to another law enforcement agency "only for those individuals who are current participants in the EM Program or who have a warrant related to EM Program noncompliance."  (*Id.* at ¶¶ 6–7.)  Plaintiffs assert that these purported changes do not remedy Defendants' constitutional violations.

Plaintiffs assert claims for violations of the Fourth and Fourteenth Amendments of the United States Constitution; sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution; and California Code of Civil Procedure section 526A.  Plaintiffs also assert a claim for declaratory relief pursuant to California Code of Civil Procedure section 1060 *et seq*.  Should the Court dismiss or remand the Taxpayer Plaintiffs' claims, the Section 526A claim will no longer be at issue in this action.

(b)    **Defendants' Statement**

San Francisco criminal courts make determinations about whether certain pretrial criminal

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER    - 3 -
4:22-cv-05541-JST

12154473.1

defendants will be detained or released pending trial. For those released, the criminal courts have authority to impose release conditions, including electronic monitoring. The San Francisco Sheriff's Office administers the Pretrial Electronic Monitoring Program in San Francisco. The Sheriff's Office requires program participants to sign the Program Rules and a Participant Contract. When the criminal court orders a pretrial criminal defendant to participate in electronic monitoring, the criminal defendant has a choice: they can await their trial in custody or they can enjoy considerably more freedom by participating in the pretrial electronic monitoring program subject to the program rules. All participants sign and acknowledge the program rules multiple times before entering the program. Defendants anticipate the evidence will continue to show, as it has in the preliminary injunction and class certification briefing, that the conditions of pretrial electronic monitoring are appropriate in Criminal Defendant Plaintiffs' and their putative class members' criminal cases, that the program rules are within the grant of authority provided by the Superior Court, that Plaintiffs decided and some putative class members decide not to ask the criminal court to alter the conditions of pretrial electronic monitoring they challenge despite their awareness of these conditions, that Plaintiffs' claims are moot as to the four-way search condition, and that class treatment is not appropriate for the putative class consisting of differently situated individuals with respect to Plaintiffs' claims.

**3.     Legal Issues**

The disputed points of law in this matter are as follows:

- Whether the Court must remand, rather than dismiss, the Taxpayer Plaintiffs' claims back to state court pursuant to 28 U.S.C. § 1447(c);

- Whether Plaintiffs have met their burden to show they have standing to sue in a putative civil class action without raising their assertions before the criminal court or in habeas;

- Whether Plaintiffs have met their burden to show they have named the proper Defendants;

- Whether Plaintiffs have met their burden to show a class may and should be

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

- 4 -

12154473.1

certified in this case pursuant to Federal Rules of Civil Procedure, rules 23(a) and 23(b);

- Whether Plaintiffs have met their burden to show Defendants violated Plaintiffs' and the proposed class members' right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution;
- Whether Plaintiffs have met their burden to show Defendants violated Plaintiffs' and the proposed class members' right to be free from unreasonable searches and seizures under section 13 of Article I of the California Constitution;
- Whether Plaintiffs have met their burden to show Defendants violated Plaintiffs' and the proposed class members' right to privacy under section 1 of Article I of the California Constitution;
- Whether Plaintiffs have met their burden to show Defendants violated the separation of powers as set forth in section 3 of Article III of the California Constitution;
- Whether Plaintiffs have met their burden to show Defendants violated Plaintiffs' and the proposed class members' right to due process of law under the Fourteenth Amendment of the United States Constitution;
- Whether Plaintiffs have met their burden to show Defendants violated Plaintiffs' and the proposed class members' right to due process of law under section 7 of Article I of the California Constitution;
- Whether Defendants have met their burden to show that changes to the Superior Court's policy and template order concerning pretrial release on EM, and Criminal Defendant Plaintiffs all no longer participating in the pretrial electronic monitoring program, moot some or all of Plaintiffs' claims; and
- What remedies, if any, are appropriate.

4. **Motions**

On February 2, 2023, the Court heard oral argument for (1) Plaintiffs' motion for a

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER       - 5 -
4:22-cv-05541-JST

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

12154473.1

preliminary injunction (ECF No. 22), (2) Defendants' motion to dismiss (ECF No. 24), and (3) Plaintiffs' motion for class certification (ECF No. 30). No order has yet been issued with respect to any of these motions.

On May 3, 2023, Defendants submitted an Administrative Motion to file the Declaration of Undersheriff Katherine Johnson on the Superior Court's Revision to the Pretrial Electronic Monitoring Program Order in Opposition to Plaintiffs' Motion for Preliminary Injunction. On May 5, 2023, Plaintiffs filed an opposition to the Administrative Motion. On May 10, 2023, the Court granted the Administrative Motion, and on May 11, 2023, it requested supplemental briefing. Defendants filed their Response to the Court's Order Requesting Supplemental Briefing on May 19, 2023. Plaintiffs filed their Supplemental Reply on May 26, 2023.

The parties anticipate that additional motions may be necessary during discovery. Plaintiffs also anticipate filing a motion for summary judgment upon completion of discovery. Defendants anticipate filing a cross-motion for summary judgment depending on the resolution of the pending motions.

**5.  Amendment of Pleadings**

Plaintiffs filed the Complaint in Superior Court on September 8, 2022. Defendants removed this action on September 28, 2022. Defendants have not yet filed an answer to the Complaint as their Motion to Dismiss is pending.

Should the Court grant Defendants' motion to dismiss without prejudice or find that Lead Plaintiffs may not adequately represent the proposed class, Plaintiffs may seek leave to amend the Complaint. Plaintiffs may also seek leave to amend the Complaint or add additional parties at a later date should new facts relating to the existing causes of action become known. The parties propose that any motions to add new parties be filed within 60 days, and Defendants propose that any such motions be filed within 45 days as a compromise proposal, after the Court issues its decision on Defendants' motion to dismiss and/or Defendants' motion for class certification, whichever is later.

Freshfields Bruckhaus Deringer US LLP
Attorneys at Law
Silicon Valley

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER     - 6 -
4:22-cv-05541-JST

12154473.1

**6.     Evidence Preservation**

The parties certify that they have reviewed the ESI Guidelines.  The parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Plaintiffs do not have non-privileged electronically stored information relevant to this action.  Defendants have complied with the Court's requirements regarding evidence preservation.

**7.     Disclosures**

The parties will exchange initial disclosures on or before August 11, 2023.

**8.     Discovery**

**(a)     Discovery to Date**

Plaintiffs served an initial set of interrogatories and requests for production on Defendants on July 28, 2023.

Defendants served initial requests for production on Plaintiffs on August 7, 2023.

**(b)     Scope of Anticipated Discovery**

Plaintiffs anticipate that discovery (through document requests, interrogatories, depositions, and requests for admission) will be conducted on the issues set forth in their Complaint, including, but not limited to: contracts and other agreements between Defendants and Sentinel; discussions between Defendants, the Superior Court, and Sentinel regarding the EM Program; records relating to four-way searches by law enforcement agencies of individuals in the EM Program; records relating to the retention and sharing of GPS data by Defendants; and the identities of other class members.

Defendants anticipate that discovery will primarily concern Plaintiffs' support for their allegations, their underlying criminal actions, their knowledge of the Pretrial Electronic Monitoring Program Rules, and their performance in the Pretrial Electronic Monitoring Program along with other relevant areas as necessary.

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     - 7 -
4:22-cv-05541-JST

12154473.1

**(c)   Proposed Modifications to Discovery Rules**

At this point, the parties do not foresee a need to modify the standard discovery rules set forth in the Federal Rules of Evidence. However, as discovery proceeds, the parties may request a modification of the standard discovery rules from the Court.

**(d)   ESI Protocol**

The parties are in the process of meeting and conferring regarding an ESI protocol that will be submitted to the Court for approval.

**(e)   Discovery Schedule**

The parties agree that discovery does not need to be bifurcated as to class and merits issues. Defendants assert that class wide discovery is inappropriate unless or until the Court grants Plaintiffs' pending motion for class certification. The parties' respective proposed discovery schedules are set forth in Section 16 below.

**9.   Class Action**

This is a putative class action. Plaintiffs filed a Motion for Class Certification under Rule 23(b)(2), which is fully briefed. (ECF Nos. 30, 41, 42.) No order has yet been issued for this motion.

Plaintiffs seek to certify the following class pursuant to Federal Rule of Civil Procedure 23(b)(2): All individuals who have in the past been, are currently, or will in the future be subject to the Sheriff's Electronic Monitoring Program Rules for Pre-Sentenced Participants ("EM Program Rules") and/or San Francisco Sheriff's Dept. Electronic Monitoring Program Participant Contract: Pre-Sentenced Individuals ("Participant Contract").

Counsel for all parties has reviewed the Procedural Guidance for Class Action Settlements.

**10.   Related Cases**

This action was originally filed in the Superior Court of the State of California for the County of San Francisco as Case No. CGC-22-601686. The parties are not aware of any related cases.

## 11. Relief

Plaintiffs seek class certification under Rule 23(b)(2). In addition, Plaintiffs seek an injunction enjoining Defendants, each of their agents, employees, assigns, and all other persons acting in concert or participating with any of them from imposing the four-way search and data-sharing conditions described in EM Program Rules 5 and 13. Plaintiffs further seek an injunction requiring Defendants, each of their agents, employees, assigns, and all other persons acting in concert or participating with any of them to (1) automatically expunge all GPS location data collected over the course of an individual's participation in EM as soon as the individual's criminal case concludes, and (2) expunge all GPS location data for individuals whose criminal matters have already concluded. Plaintiffs also seek a declaration that EM Program Rules 5 and 13 are unconstitutional under sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution as well as the Fourth and Fourteenth Amendments of the United States Constitution.

Defendants deny Plaintiffs are entitled to any of the relief they seek.

## 12. Settlement & ADR

The parties have not engaged in any mediation or ADR to date and would request that to the extent the Court orders the parties to participate in ADR, it appoints a Magistrate Judge of the Court's choosing to facilitate a settlement conference after the Court issues a ruling on the pending motions. Pursuant to Local Rule 16-8(b) and ADR L.R. 3-5(b), the parties certified that they would prefer to discuss ADR selection with the Court at the Case Management Conference. (ECF Nos. 43–44.) Defendants believe meaningful settlement discussions could proceed with targeted informal discovery. Plaintiffs believe that any discovery should proceed in accordance with the Federal Rules of Civil Procedure.

## 13. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER  - 9 -
4:22-cv-05541-JST

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

12154473.1

**14.  Narrowing of Issues**

Plaintiffs filed a motion for a preliminary injunction on October 7, 2022. (ECF No. 22.) Defendants have opposed this motion. The Court heard oral argument on February 2, 2023, but has not yet decided this motion. Plaintiffs believe that granting this motion will facilitate the speedy disposition of this matter by requiring Defendants to remedy the alleged constitutional violations. Defendants agree that the Court's decision on the preliminary injunction motion will likely inform the issues in the litigation, including in light of the developments described in the declarations by Undersheriff Katherine Johnson and Criminal Defendant Plaintiffs no longer participating in the pretrial electronic monitoring program.

Defendants filed a motion to dismiss on October 17, 2022, pursuant to Rules 8(a) and 12(b)(6). (ECF No. 24.) Plaintiffs have opposed this motion. The Court heard oral argument on February 2, 2023, but has not yet decided this motion. Granting the motion in whole or part will narrow the issues in this action.

The parties will continue to work to narrow the issues in this case, which may be impacted by the Court's ruling on the submitted Motion for Preliminary Injunction, Motion to Dismiss, and Motion for Class Certification. Defendants have also sought to dismiss the Taxpayer Plaintiffs' claims on the basis that they do not have statutory standing or, if Taxpayer Plaintiffs do have statutory standing, based on their lack of Article III standing. (ECF No. 24 at 23.) Plaintiffs have requested that the Court remand the Taxpayer Plaintiffs' claims to the Superior Court. (ECF No. 33 at 24–25.) In addition to asserting claims for violations of the Fourth and Fourteenth Amendments of the United States Constitution and sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution, the Taxpayer Plaintiffs have also asserted a claim pursuant to California Code of Civil Procedure section 526A. Dismissal or remand of the Taxpayer Plaintiffs' claims would remove the Section 526A claim from this action.

**15.  Expedited Trial Procedure**

The parties do not believe that this case is amenable to the Expedited Trial Procedure of General Order 64, Attachment A.

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

- 10 -

12154473.1

16. **Scheduling**

Plaintiffs believe that the Court should set a schedule for this case, which has been pending in this Court since September 28, 2022, and Plaintiffs' proposed schedule is below.

Defendants anticipate that the Court's rulings on the pending motions will inform the scope of the case and respectfully requests the opportunity to submit a proposed case schedule after the resolution of the pending motions. To the extent the Court prefers to enter a case schedule at this juncture, Defendants list their preferences below, as well:

| Event | Plaintiffs' Proposal | Defendants' Proposal | Court's Order |
|---|---|---|---|
| Date to Complete Initial ADR Session | December 15, 2023 | January 19, 2024 | |
| Fact Discovery Cut-Off | December 29, 2023 | June 14, 2024 | |
| Opening Expert Report Deadline | Plaintiffs believe that expert discovery is unnecessary. | June 28, 2024 | |
| Rebuttal Expert Report Deadline | Plaintiffs believe that expert discovery is unnecessary. | July 26, 2024 | |
| Discovery Cut-Off | December 29, 2023 | August 9, 2024 (Expert Discovery Cut-Off) | |
| Deadline to File Dispositive Motions | February 16, 2024 | September 13, 2024 | |
| Last Day to Hear Dispositive Motions | March 28, 2024 | November 14, 2024 | |
| Pretrial Conference (Friday, 2 p.m.) | April 26, 2024 | December 20, 2024 | |

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    - 11 -
4:22-cv-05541-JST

12154473.1

| Trial | May 13, 2024 | January 20, 2025 | |

**17.  Trial**

This case will be tried by the Court because Plaintiffs seek only declaratory and injunctive relief.  Plaintiffs currently anticipate that trial will last approximately four days.  Defendants anticipate the Court's rulings on the pending motions will inform what if any issues remain for trial and therefore impact an estimated trial length.

**18.  Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed their Certificate of Interested Entities on September 30, 2022.  (ECF No. 6.)  No non-party persons, firms, partnerships, corporations, or other entities are known to have a financial interest in the subject matter in controversy or in Plaintiffs or any other kind of interest that could be substantially affected by the outcome of the proceeding.  This rule does not apply to governmental entities or their agencies.

**19.  Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.  Other Matters**

The parties are currently unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER    - 12 -
4:22-cv-05541-JST

12154473.1

| | |
|---|---|
| Dated: August 15, 2023 | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
| | By: /s/ Justina K. Sessions |
| | Justina K. Sessions, State Bar No. 270914<br>justina.sessions@freshfields.com<br>Eunice Leong, State Bar No. 320499<br>eunice.leong@freshfields.com |
| | 855 Main Street<br>Redwood City, CA 94063<br>Telephone: (650) 618-9250 |
| | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC. |
| | Avram D. Frey, State Bar No. 347885<br>afrey@aclunc.org<br>Shilpi Agarwal, State Bar No. 270749<br>sagarwal@aclunc.org<br>Emi Young, State Bar No. 311238<br>eyoung@aclunc.org |
| | 39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493 |
| | Attorneys for Plaintiffs |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

- 13 -

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

12154473.1

Dated: August 15, 2023

DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys

By: /s/ Alexander J. Holtzman
    Alexander J. Holtzman
    Jose A. Zelidon-Zepeda

1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-3999
Facsimile:  (415) 554-3937

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, and PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: August ___, 2023

By: _____
    Hon. Jon S. Tigar
    United States District Court Judge

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
SILICON VALLEY

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

- 14 -

12154473.1