1  DAVID CHIU, State Bar #189542
   City Attorney
2  JAMES F. HANNAWALT, State Bar #139657
   Acting Chief Trial Deputy
3  ALEXANDER J. HOLTZMAN, State Bar #311813
   JOSE A. ZELIDON-ZEPEDA, State Bar #227108
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-3999 [Holtzman]
   Telephone:    (415) 355-3312 [Zelidon-Zepeda]
7  Facsimile:    (415) 554-3837
   Email:        alexander.holtzman@sfcityatty.org
8  Email:        jose.zelidon-zepeda@sfcityatty.org

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
10 AND PAUL MIYAMOTO, IN HIS OFFICIAL
   CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DECLARATION OF UNDERSHERIFF KATHERINE JOHNSON REGARDING DEVELOPMENTS IN RESPONSE TO THE COURT'S MINUTE ORDER (ECF NO. 70)**<br><br>Trial Date:    Not Set |

Johnson Decl. re Case Developments
Case No. 22-cv-05541-JST

## DECLARATION OF UNDERSHERIFF KATHERINE JOHNSON

I, KATHERINE JOHNSON, declare as follows:

1. I am the Undersheriff at the San Francisco Sheriff's Office ("SFSO"). As Undersheriff, I work with the Superior Court of the State of California, County of San Francisco ("Superior Court") concerning administration of the Pretrial Electronic Monitoring Program ("PTEM"). Except where otherwise indicated, the following facts are known to me personally, and if called upon as a witness, I would testify to them competently.

2. I submit this declaration in response to the Court's Minute Order dated September 19, 2023 (ECF No. 70), to update the Court with developments relevant to the Motions for a Preliminary Injunction, for Class Certification, and to Dismiss that have occurred since my declarations dated May 19, 2023 ("May 19 Declaration") and May 3, 2023 ("May 3 Declaration").

3. As of September 15, 2023, a review of SFSO records reflected that the Superior Court had not yet re-admonished and issued the revised Electronic Monitoring Program Order to 90 participants in the PTEM Program who were placed on electronic monitoring ("EM") prior to the Superior Court's changes to the EM Program Order and admonishment. This is a significant reduction from the more than 300 who were enrolled when the Superior Court implemented the revised EM Order in May. The SFSO expects the size of this group to continue to diminish. The SFSO remains in communication with the Superior Court about re-admonishment of PTEM Program participants issued the previous version of the EM Program Order.

4. The updated SFSO program rules anticipated in the May 19 Declaration are attached as **Exhibit A**. The SFSO's updated rules reflect the different potential scopes of search conditions under the Superior Court's revised EM Program Order. On information and belief, a review of SFSO records showed that all current PTEM Program participants have signed and initialed the updated program rules at the SFSO's Community Programs Office.

5. In light of the Superior Court's revised EM Program Order and admonitions, and as anticipated in the May 19 Declaration, the SFSO has revised its policy describing the circumstances in which the SFSO will share PTEM location data without a warrant to another law enforcement agency.

1   The current provision is section 213.6 of the Community Programs policy, attached as **Exhibit B**.
2   Under the policy, the SFSO will provide a specific individual's location data to another law
3   enforcement agency, absent a subpoena, only for individuals who are current PTEM Program
4   participants or who are criminal defendants with a current matter pending who were previously
5   ordered to participate in the PTEM Program or are on active warrant status for the current matter. With
6   the revised policy, the SFSO added a requirement for law enforcement officers seeking location data
7   to confirm specifically on the Electronic Monitoring Location Request that they are current with their
8   Department of Justice required California Law Enforcement Telecommunications System training.
9   This policy applies to all current and former PTEM Program participants.

10       6.   I understand from a review of SFSO records that in May 2023, Plaintiff Joshua Simon
11   was arrested in connection with several new charges including felony domestic violence and assault
12   with force likely to produce great bodily injury. The Court initially ordered that Simon be detained in
13   custody. On August 25, 2023, the Superior Court ordered Simon released from custody in his three
14   pending criminal cases with conditions including his participation in the PTEM Program and
15   placement on home detention. The minute orders in Simon's pending cases for his August 25, 2023,
16   hearing are compiled as **Exhibit C**. The minute orders each state:

> Defendant is ordered to adhere to the Court-ordered conditions of electronic monitoring. As a condition of release, the defendant shall be placed on pre-trial monitoring by the San Francisco Sheriff's Office (SFSO). Defendant shall be fitted with a GPS device and is ordered to comply with all terms of release as stated on the record and by SFSO. Defendant shall be released after a coordinated pick-up with SFSO Community Programs is in place. Order is signed.
>
> The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record.

23       7.   At his August 25, 2023, hearing, Simon signed the Pre-Sentenced Defendant Electronic
24   Monitoring – Court Order. The order—on the revised EM Program Order form—is attached as
25   **Exhibit D**. By signing the order, Simon "agree[d] to enroll in the electronic monitoring program,
26   follow the program rules, and have their movement tracked and recorded by the SFSO." The Order
27   reflects that, among other conditions, the Superior Court decided to condition Simon's release from
28   custody on his agreement to "[s]ubmit to a warrantless search by any peace officer at anytime."

8. On August 30, 2023, Simon completed the PTEM Program enrollment process at the SFSO's Community Programs Office. A copy of the Program Rules executed by Simon is attached as **Exhibit E**. Simon initialed next to each rule, including the rules reflecting the applicable search condition and potential sharing of location data with other law enforcement agencies. A copy of the Participant Contract signed by Simon is attached as **Exhibit F**.

9. Plaintiffs David Barber and Josue Bonilla are not current participants in the PTEM Program.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 25th day of September, 2023, at San Francisco, California.

UNDERSHERIFF KATHERINE JOHNSON