# EXHIBIT A

DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3999 [Holtzman]
Telephone:     (415) 355-3312 [Zelidon-Zepeda]
Facsimile:     (415) 554-3837
Email:         alexander.holtzman@sfcityatty.org
Email:         jose.zelidon-zepeda@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND PAUL MIYAMOTO, IN HIS OFFICIAL
CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541 JST<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**<br><br>Trial Date:          Not Set |

Def. CCSF's Resp to PL ROGS 1                                      n:\lit\li2022\230184\01629646.docx
Case No. 22-cv-05541 JST

PROPOUNDING PARTY:   PLAINTIFFS        JOSHUA SIMON, DAVID BARBER, et al.

RESPONDING PARTY:    DEFENDANT        CITY AND COUNTY OF SAN FRANCISCO

SET NUMBER:          ONE (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant the CITY AND COUNTY OF SAN FRANCISCO ("City") responds and objects as follows to Plaintiffs JOSHUA SIMON, DAVID BARBER, and JOSUE BONILLA's Interrogatories, Set One.

**PRELIMINARY STATEMENT**

The City incorporates the following Preliminary Statement into each of its responses as if fully set forth therein. As explained in Defendants' Motion to Dismiss and Opposition to Plaintiffs' Motion for a Preliminary Injunction, the City is not an appropriate defendant in this lawsuit. ECF Nos. 24, 31. The Pretrial Electronic Monitoring ("PTEM") Program is a state function of the San Francisco Sheriff's Office and is authorized and governed by the Superior Court of the State of California, County of San Francisco. By responding to Plaintiffs' interrogatories or producing documents, the City does not waive this distinction between the state and local functions of the San Francisco Sheriff's Office.

Before filing this lawsuit, Plaintiffs did not follow the appropriate process to challenge the conditions of pretrial release. They did not raise their assertions with the state criminal court or bring a habeas petition. By responding to Plaintiffs' interrogatories or producing documents, the City does not waive its arguments that Plaintiffs were not permitted to bring this action. Nor does the City waive its arguments for lack of standing and mootness of Plaintiffs' claims or its arguments that, even if their claims might properly be brought as part of this action, Plaintiffs have failed to state a claim as to any of their asserted constitutional violations.

The City's responses to the following interrogatories are made to the best of its present knowledge, information, and belief. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the City's present state of recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from discovery or further investigation. Therefore, the following

responses and objections are given without prejudice to the City's right to rely on subsequently

discovered or recalled information and evidence. The City specifically reserves the right to make use

of, or to introduce at any hearing and at trial, information and/or documents responsive to the

following interrogatories discovered or recalled subsequent to the date of these responses, including,

without limitation, any information or documents obtained in discovery or by further investigation of

this matter.

## **GENERAL OBJECTIONS**

1.      The City objects to each interrogatory to the extent that it may be construed as calling

for information that is subject to any claim of privilege, including, without limitation, the attorney-

client privilege, attorney work product doctrine, deliberative process privilege, and official

information privilege. In responding to these interrogatories, the City in no way waives any such

privilege or protection.

2.      The City objects that several of the interrogatories call for information subject to

confidentiality and privacy protections, including statutory confidentiality requirements, or involving

sensitive criminal investigative information. Some interrogatories call for CLETS/CORI information.

Before the City provides this confidential and sensitive information to Plaintiffs, the Court must enter

a sufficient stipulated protective order including an authorization for the City to produce

CLETS/CORI information to Plaintiffs' counsel without redaction and placing the included

CLETS/CORI state law obligations on Plaintiffs and their counsel for such information produced to

them.

3.      The City objects to providing information about all participants in the Pretrial

Electronic Monitoring ("PTEM") Program given that the Court has not granted Plaintiffs' Motion for

Class Certification and Defendants have opposed class certification. Producing class-wide information

at this point is not proportional or procedurally appropriate.

4.      Plaintiffs' interrogatories do not specify the department or departments from which

they seek information. The City objects to providing information in the possession, custody, or control

of departments other than the San Francisco Sheriff's Office. The City has more than one hundred

departments, and it is not possible to provide information across all of them. Based on the nature of

this lawsuit, the City believes it is appropriate to confine its search for responsive documents and information to the San Francisco Sheriff's Office.

5.     The City reserves all objections to the competency, relevancy, materiality, privilege, and/or admissibility as evidence of the following responses, and any document or thing identified in response to the following interrogatories at any subsequent proceeding in, or trial of, this and any other matter for any purpose whatsoever.

6.     The City objects to each interrogatory to the extent it calls for information beyond the scope of discovery under the Federal Rules of Civil Procedure, Northern District of California Local Rules, or the Court's orders.

4.     Subject to and without waiving the above general objections and privileges, the City responds to the specific interrogatories as follows:

<u>**RESPONSES TO INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1**</u>:

IDENTIFY each request for EM PROGRAM location data of PLAINTIFFS, whether through an Electronic Monitoring Location Request or otherwise.

<u>**RESPONSE TO INTERROGATORY NO. 1**</u>:

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the phrase "request for EM PROGRAM location data" is vague. The City interprets the phrase to refer to requests by members of law enforcement agencies other than the San Francisco Sheriff's Office for Sentinel ankle monitor-generated GPS data for a PTEM Program participant.

Subject to and without waiving the foregoing objections, the City responds as follows: The City is not aware of any request for PTEM location data of Plaintiffs.

Def. CCSF's Resp to PL ROGS 1                                                                      n:\lit\li2022\230184\01629646.docx
Case No. 22-cv-05541 JST

1  **INTERROGATORY NO. 2**:

2  For each request for EM PROGRAM location data identified in response to Interrogatory No.

3  1, state whether such request was granted or denied.

4  **RESPONSE TO INTERROGATORY NO. 2**:

5  The City incorporates the foregoing Preliminary Statement and General Objections as though

6  fully set forth herein, including but not limited to its objections associated with the City not being an

7  appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a

8  program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the

9  Superior Court of the State of California and its objections associated with Plaintiffs lacking standing

10 to bring this lawsuit. The City further objects that the phrase "request for EM PROGRAM location

11 data" is vague. The City interprets the phrase to refer to requests by members of law enforcement

12 agencies other than the San Francisco Sheriff's Office for Sentinel ankle monitor-generated GPS data

13 for a PTEM Program participant.

14 Subject to and without waiving the foregoing objections, the City responds as follows: The

15 City is not aware of a request for PTEM location data of Plaintiffs.

16 **INTERROGATORY NO. 3**:

17 State the number of PERSONS enrolled in the EM PROGRAM as of September 28, 2022.

18 **RESPONSE TO INTERROGATORY NO. 3**

19 The City incorporates the foregoing Preliminary Statement and General Objections as though

20 fully set forth herein, including but not limited to its objections associated with the City not being an

21 appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a

22 program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the

23 Superior Court of the State of California and its objections associated with Plaintiffs lacking standing

24 to bring this lawsuit. The City further objects that this interrogatory relates to Plaintiffs' putative class

25 rather than their individual claims, and no class has been certified.

26 Subject to and without waiving the foregoing objections, the City responds as follows: 346

27 people were enrolled in the PTEM Program as of September 28, 2022.

28

**INTERROGATORY NO. 4**:

State the number of requests for EM PROGRAM location data YOU have received from August 1, 2019 through the present.

**RESPONSE TO INTERROGATORY NO. 4**:

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the phrase "requests for EM PROGRAM location data" is vague. The City interprets the phrase to refer to requests by members of law enforcement agencies other than the San Francisco Sheriff's Office for Sentinel ankle monitor-generated GPS data for a PTEM Program participant. The City additionally objects to the extent "YOU" is intended to have a different meaning than the San Francisco Sheriff's Office. The City will respond with respect to the San Francisco Sheriff's Office. The City further objects that this interrogatory relates solely to the putative class and sharing of PTEM data with other law enforcement, on which motions are pending.

Subject to and without waiving the foregoing objections, the City responds as follows: The City does not track the number of requests for PTEM location data that it receives. That number can best be determined from review of Electronic Monitoring Location Requests. The City is willing to produce Electronic Monitoring Location Requests to Plaintiffs if Plaintiffs' Motion for Class Certification is granted, if Plaintiffs' assertion that sharing of location data for PTEM Program participants with other law enforcement agencies is unconstitutional remains in the case, and once an appropriate protective order is in place. The burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 5**:

IDENTIFY each request for EM PROGRAM location data, whether through an Electronic Monitoring Location Request or otherwise, from August 1, 2019 through the present.

**RESPONSE TO INTERROGATORY NO. 5**:

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the phrase "request for EM PROGRAM location data" is vague. The City interprets the phrase to refer to requests by members of law enforcement agencies other than the San Francisco Sheriff's Office for Sentinel ankle monitor-generated GPS data for a PTEM Program participant. The City additionally objects to the extent the interrogatory is intended to seek requests directed to any department other the San Francisco Sheriff's Office. The City will respond with respect to the San Francisco Sheriff's Office. The City further objects that this interrogatory relates solely to the putative class and sharing of PTEM data with other law enforcement, on which motions are pending.

Subject to and without waiving the foregoing objections, the City responds as follows: The City is willing to produce Electronic Monitoring Location Requests to Plaintiffs if Plaintiffs' Motion for Class Certification is granted, if Plaintiffs' assertion that sharing of location data for PTEM Program participants with other law enforcement agencies is unconstitutional remains in the case, and once an appropriate protective order is in place. The burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 6**:

For each request for EM PROGRAM location data identified in response to Interrogatory No. 5, state whether such request was granted or denied.

**RESPONSE TO INTERROGATORY NO. 6:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the

Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the phrase "request for EM PROGRAM location data" is vague. The City interprets the phrase to refer to requests by members of law enforcement agencies other than the San Francisco Sheriff's Office for Sentinel ankle monitor-generated GPS data for a PTEM Program participant. The City additionally objects to the extent the interrogatory is intended to seek requests directed to any department other the San Francisco Sheriff's Office. The City will respond with respect to the San Francisco Sheriff's Office. The City further objects that this interrogatory relates solely to the putative class and sharing of PTEM data with other law enforcement, on which motions are pending.

Subject to and without waiving the foregoing objections, the City responds as follows: The San Francisco Sheriff's Office does not separately track whether requests for PTEM location data are granted or denied. Under its policies, the San Francisco Sheriff's Office approves requests for PTEM location data submitted via an appropriate Electronic Monitoring Location Request form that comply with Sheriff's Office policy. Approvals or provision of information may be noted on the bottom part of the form. If a location request is submitted in an emergency situation, the San Francisco Sheriff's Office requires the requestor to submit a properly completed Electronic Monitoring Location Request Form once the emergency has ended. The City is willing to produce Electronic Monitoring Location Requests to Plaintiffs if Plaintiffs' Motion for Class Certification is granted, if Plaintiffs' assertion that sharing of location data for PTEM participants with other law enforcement agencies is unconstitutional remains in the case, and once an appropriate protective order is in place. The burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party. *See* Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 7**:

IDENTIFY each authorization, if any, that the San Francisco Board of Supervisors has made to the SFSO pursuant to California Penal Code section 1203.018 regarding the EM PROGRAM.

**RESPONSE TO INTERROGATORY NO. 7:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an

Def. CCSF's Resp to PL ROGS 1
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx

appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the Plaintiffs' definitions of "IDENTIFY" do not make sense for this interrogatory. The City will respond with respect to the ordinary meaning of "identify." The City additionally objects to the extent the interrogatory implies that authorization from the San Francisco Board of Supervisors is required for or is an aspect of the PTEM Program. The City will respond with respect to whether the San Francisco Board of Supervisors has passed an ordinance for creation of a pretrial electronic monitoring program under California Penal Code section 1203.018.

Subject to and without waiving the foregoing objections, the City responds as follows: The San Francisco Board of Supervisors has not passed an ordinance for creation of a pretrial electronic monitoring program under California Penal Code section 1203.018. The San Francisco Sheriff's Office operates the PTEM Program based on the orders of the Superior Court of the State of California, County of San Francisco.

**INTERROGATORY NO. 8**:

State all facts in support of YOUR contention that "[m]any criminal defendants commit new crimes while wearing a GPS device" as stated in the JUDSON DECLARATION.

**RESPONSE TO INTERROGATORY NO. 8:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that it is not possible to identify all of the very large number of times criminal defendants have committed new crimes while wearing a GPS device, demonstrating the referenced contention. Defendants have provided examples in declarations already in this case. The City believes that many witnesses involved in the criminal justice system, from the San Francisco Sheriff's Office and otherwise, have facts supporting the referenced contention. The

City additionally objects to this contention interrogatory as premature to the extent it calls for a list of demonstrations of the referenced contention beyond the examples already provided in Lieutenant Judson's declarations. The City relatedly objects that new developments supporting this contention occur frequently. The City is willing to meet and confer with Plaintiffs about updating its response at an appropriate time but objects to doing so continuously during this case as unduly burdensome. The City additionally objects to providing privileged information in response to this interrogatory, including information subject to attorney-client, work product, deliberative process, or official information privilege protections. The City also objects to providing expert opinion evidence relevant to this interrogatory before the period for disclosure of expert opinions. The City further objects to providing law enforcement sensitive and confidential information in support of this interrogatory. Confidential information can be provided once an appropriate protective order is in place including provisions allowing provision of CORI/CLETS information to Plaintiffs and/or their counsel.

Subject to and without waiving the foregoing objections, the City responds as follows: There are numerous examples of PTEM participants committing new crimes while wearing a GPS device. Compiling a complete list of all such examples would not be feasible given the large number and continuing addition of new such cases. S.F. Police Report No. 220378172 reflects that Mr. Bonilla is among those who have at least allegedly committed crimes while wearing a GPS device. Lieutenant Judson identified as examples many such situations including those involving Lorenzo Grant, Joseph Atchan, Erlin Romero, Damanuel Hightower, Greg Morten, Vermond Jones, Oscar Centeno, Oscar Cerrato, and Michele Garabato.

**INTERROGATORY NO. 9**:

State all facts in support of YOUR contention that a court ordered consent to four-way searches as a condition of any putative class member's participation in the EM PROGRAM.

**RESPONSE TO INTERROGATORY NO. 9**:

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the

Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. Plaintiffs here seek information about a PTEM program rule having decided not to challenge this program rule in front of the judges in their criminal cases. This failure to raise the program rule with the criminal court suggests Plaintiffs and their counsel understood the program rule to be part of the conditions of release from pretrial detention. The City further objects to this contention interrogatory as premature given the current phase of the case. The City responds with respect to its current understanding without prejudice to its right to update the response at an appropriate time. The City additionally objects to providing privileged information in response to this interrogatory, including information subject to attorney-client, work product, deliberative process, or official information privilege protections. The City also objects to providing expert opinion evidence relevant to this interrogatory before the period for disclosure of expert opinions. The City additionally objects that this interrogatory seeks information from the Superior Court of the State of California not within the possession of the San Francisco Sheriff's Office. The City responds with respect to the understanding of the San Francisco Sheriff's Office in implementing the orders of the Superior Court here. The City further objects that the current order releasing criminal defendants from custody subject to participation in the PTEM Program makes express the requirement of consent to four-way searches. Even if there were some uncertainty about whether the scope of the Fourth Amendment waiver required for participation in the PTEM Program included a four-way search condition before, the revised order dispels any such uncertainty.

Subject to and without waiving the foregoing objections, the City responds as follows: At all relevant times, the Superior Court's order releasing pretrial criminal defendants from custody subject to their participation in the PTEM Program has acknowledged the defendants' waiver of their Fourth Amendment rights for the four-way search condition. Consistent with that, PTEM Program participants, including Plaintiffs, sign the OR Release order in court and the PTEM Program Rules and Contract at the Community Programs Office. PTEM Program participants now also sign an order releasing them from custody subject to participation in the PTEM Program that includes the Fourth Amendment waiver and an express reference to the four-way search condition. Outside of court, the San Francisco Public Defender's Office has been a participant in discussions with the Superior Court,

District Attorney's Office, and Sheriff's Office regarding the PTEM Program including the four-way search condition. Court participants including criminal defendants' counsel and defendants receive a copy of the PTEM Order. Criminal defendants and their counsel must raise any concerns with conditions of pretrial release with the state criminal court. No Plaintiff and few other criminal defendants appear to have done so. To the City's knowledge, judges have rejected attempts to eliminate the four-way search condition when it is contested. The San Francisco Sheriff's Office is not in a position to question the validity of the Fourth Amendment waiver entered by the criminal court. Plaintiffs needed to direct the concerns they raise here about the validity of the Fourth Amendment waiver to the criminal court in the first instance.

**INTERROGATORY NO. 10**:

IDENTIFY all PERSONS who assisted in drafting Rule 5 of the PROGRAM RULES.

**RESPONSE TO INTERROGATORY NO. 10:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects to the definition of "IDENTIFY" to the extent it would require the City to provide contact information for its employees and former employees, who should be contacted through counsel for the City. The City additionally objects that it is unduly burdensome, likely impossible, and would serve no purpose to identify all individuals going back to the 1980s who were involved in drafting the referenced program rule. The City further objects that it is unduly burdensome to identify by name all individuals outside of the San Francisco Sheriff's Office with input on the referenced program rule. The City identifies the names of individuals at the San Francisco Sheriff's Office in more recent years involved with the drafting of the four-way search condition in the program rules. The City additionally objects that "assisted with drafting" is vague and responds with respect to individuals involved with the drafting of the program rule reflecting a four-way search condition.

Subject to and without waiving the foregoing objections, the City responds as follows: A four-way search condition has been a component of the court-authorized pretrial monitoring program since at least the 1980s, and it is therefore not feasible to identify all people who were involved in drafting what is now Rule 5 of the Program Rules. In more recent years, outside of the San Francisco Sheriff's Office, people with input on Rule 5 of the Program Rules have included judges and staff of the Superior Court of the State of California, County of San Francisco; members of the San Francisco Public Defender's Office; and members of the San Francisco District Attorney's Office. Within the San Francisco Sheriff's Office, individuals involved in drafting Rule 5 of the Program Rules have included Undersheriff Katherine Johnson; Chief Deputies Michele Fisher, Kevin Fisher-Paulson, and Lisette Adams; Parole Director Kevin Foster; Captains Alejandro Cabebe and Stephanie Colmenero; Lieutenants Sara O'Malley, Dwight Gunn, Jonathan Kuhns, and Phillip Judson; Sheriff's Deputies including Deputies Ngawang Bista and David Campillo; and Chief Counsel Margaret Baumgartner.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS who assisted in drafting Rule 13 of the PROGRAM RULES.

**RESPONSE TO INTERROGATORY NO. 11:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects to the definition of "IDENTIFY" to the extent it would require the City to provide contact information for its employees and former employees, who should be contacted through counsel for the City. The City additionally objects that it is unduly burdensome to identify by name all individuals outside of the San Francisco Sheriff's Office with input on the referenced program rule. The City identifies the names of individuals at the San Francisco Sheriff's Office in more recent years involved with the drafting of the program rule letting PTEM Program participants know that their GPS data may be shared with other law enforcement agencies. The City additionally objects that "assisted with drafting" is vague and responds with respect to individuals

13

1  involved with the drafting of the program rule reflecting that participants' GPS data may be shared

2  with other law enforcement agencies. The City further objects to the interrogatory to the extent it

3  misrepresents the role of the program rule in providing transparency to PTEM Program participants

4  about the potential sharing of GPS data with other law enforcement agencies.

5       Subject to and without waiving the foregoing objections, the City responds as follows: Outside

6  of the San Francisco Sheriff's Office, people with input on Rule 13 of the Program Rules have

7  included judges and staff of the Superior Court of the State of California, County of San Francisco;

8  members of the San Francisco Public Defender's Office; and members of the San Francisco District

9  Attorney's Office. Within the San Francisco Sheriff's Office, individuals involved in drafting Rule 13

10  of the Program Rules have included Undersheriff Katherine Johnson; Chief Deputies Michele Fisher,

11  Kevin Fisher-Paulson, and Lisette Adams; Parole Director Kevin Foster; Captains Alejandro Cabebe,

12  and Stephanie Colmenero; Lieutenants Sara O'Malley, Dwight Gunn, Jonathan Kuhns, and Phillip

13  Judson; Sheriff's Deputies including Deputies Ngawang Bista and David Campillo; and Chief Counsel

14  Margaret Baumgartner.

**INTERROGATORY NO. 12**:

16       State all facts supporting YOUR contention that Rule 5 of the PROGRAM RULES is

17  "necessary" to the EM PROGRAM, as stated in YOUR MOTION TO DISMISS.

18       **RESPONSE TO INTERROGATORY NO. 12:**

19       The City incorporates the foregoing Preliminary Statement and General Objections as though

20  fully set forth herein, including but not limited to its objections associated with the City not being an

21  appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a

22  program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the

23  Superior Court of the State of California and its objections associated with Plaintiffs lacking standing

24  to bring this lawsuit. Plaintiffs here seek information about the importance of a PTEM program rule

25  having decided not to challenge this program rule in front of the judges in their criminal cases. This

26  failure to raise the program rule with the criminal court suggests Plaintiffs and their counsel

27  understood the program rule to be part of the conditions of release from pretrial detention. The City

28  further objects that the interrogatory does not accurately quote the Motion to Dismiss. The City

responds with respect to its understanding of the importance of including Program Rule 5 as part of the PTEM Program. The City additionally objects that this contention interrogatory is premature given the current status of this case. The City responds with respect to its current understanding. Additional relevant facts will emerge as this case continues. The City additionally objects to providing privileged information in response to this interrogatory, including information subject to attorney-client, work product, deliberative process, or official information privilege protections. The City also objects to providing expert opinion evidence relevant to this interrogatory before the period for disclosure of expert opinions. The City further objects to the extent the interrogatory misrepresents the process by which participants in the criminal justice system in San Francisco have conferred regarding the program rules.

Subject to and without waiving the foregoing objections, the City responds as follows: The San Francisco Sheriff's Office or other peace officers at its direction must be able to search PTEM participants to ensure they are complying with the terms of the court's order on their pretrial release and the PTEM Program. These can include, for example, conditions prohibiting weapons. The four-way search condition allows the San Francisco Sheriff's Office to determine what PTEM Program participants are doing and whether they are violating the terms of their release. In lieu of detention, PTEM Program participants are being released into society. The four-way search condition supports both the interests in public safety and the participants' return to court. As peace officers, members of the San Francisco Sheriff's Office can only try to ensure public safety by trying to make sure PTEM participants are not doing activities they are legally prohibited from doing and not possessing weapons or other objects they are legally prohibited from possessing. Meanwhile, the four-way search condition does not provide for any more intensive search, and for some participants provides for less intensive searches, than PTEM Program participants would be subject to if the Superior Court directed they remain detained pending trial. The GPS monitor is helpful in informing the San Francisco Sheriff's Office about where PTEM Program participants are located but not what they are doing. The GPS monitor does not have the power to determine non-location-based criminal activity. The search condition can assist in identifying, for example, weapons, burglary tools for those charged with burglary, and car keys for those who are prohibited from driving. The four-way search condition

relatedly sets PTEM Program participants up for success. When the participants have a clear set of rules, they know that they need to abide by the terms of their release. The San Francisco Sheriff's Office is looking for reasons for PTEM Program participants to succeed, and the four-way search condition assists in that effort.

**INTERROGATORY NO. 13**:

State all facts supporting YOUR contention that Rule 13 of the PROGRAM RULES is "necessary" to the EM PROGRAM, as stated in YOUR MOTION TO DISMISS.

**RESPONSE TO INTERROGATORY NO. 13:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. Plaintiffs here seek information about the importance of a PTEM program rule having decided not to challenge this program rule in front of the judges in their criminal cases. This failure to raise the program rule with the criminal court suggests Plaintiffs and their counsel understood the program rule to be part of the conditions of release from pretrial detention. The City further objects that the interrogatory does not accurately quote the Motion to Dismiss. The City responds with respect to its understanding of the importance of including Program Rule 13 as part of the PTEM Program. The City additionally objects that this contention interrogatory is premature given the current status of this case. The City responds with respect to its current understanding. Additional relevant facts will emerge as this case continues. The City further objects to the extent the interrogatory misrepresents the process by which participants in the criminal justice system in San Francisco have conferred regarding the program rules. The City additionally objects to providing privileged information in response to this interrogatory, including information subject to attorney-client, work product, deliberative process, or official information privilege protections. The City also objects to providing expert opinion evidence relevant to this interrogatory before the period for disclosure of expert opinions.

Subject to and without waiving the foregoing objections, the City responds as follows: The ability to share GPS location data for PTEM Program participants with other law enforcement agencies is a powerful tool for public safety as well as ensuring return of PTEM Program participants to court. Sharing of location data frequently leads to resolution of emergencies and investigations involving PTEM Program participants. The sharing of GPS location data is very transparent. The San Francisco Sheriff's Office requires a form and basis to permit sharing, and sharing is with other law enforcement agencies. Sharing of GPS location data is an investigative tool similar to how law enforcement might review security camera footage for an investigation.

**INTERROGATORY NO. 14**:

IDENTIFY YOUR policy or practice with respect to the deletion or retention of the location data of current and former EM PROGRAM participants.

**RESPONSE TO INTERROGATORY NO. 14:**

The City incorporates the foregoing Preliminary Statement and General Objections as though fully set forth herein, including but not limited to its objections associated with the City not being an appropriate defendant in this case or recipient of this interrogatory given that this litigation involves a program that the San Francisco Sheriff's Office administers in its state capacity at the direction of the Superior Court of the State of California and its objections associated with Plaintiffs lacking standing to bring this lawsuit. The City further objects that the Plaintiffs' definitions of "IDENTIFY" do not make sense for this interrogatory except to the extent it would involve identification of document. The City additionally objects that the interrogatory is potentially vague with respect to "location data" and limits its response consistent with its understanding of the interrogatory to GPS data from Sentinel ankle monitors pursuant to the PTEM Program. The City further objects that "YOUR" is vague in the context of this interrogatory and responds with respect to the San Francisco Sheriff's Office. The City additionally objects that "policy or practice with respect to the deletion or retention" is vague and responds with respect to its retention policy for the referenced data.

Subject to and without waiving the foregoing objections, the City responds as follows: The San Francisco Sheriff's Office's current policy for retention of PTEM location data held by Sentinel is reflected in its contract with Sentinel. The burden of deriving or ascertaining the answer to this

1   interrogatory will be substantially the same for either party. *See* Fed. R. Civ. P. 33(d).

2   Dated: August 28, 2023

3                                           DAVID CHIU
                                            City Attorney
4                                           JAMES F. HANNAWALT
                                            Acting Chief Trial Deputy
5                                           ALEXANDER J. HOLTZMAN
                                            JOSE A. ZELIDON-ZEPEDA
6                                           Deputy City Attorneys

7

8                                  By:   */s/ Alexander J Holtzman*
                                            ALEXANDER J. HOLTZMAN
9
                                            Attorneys for Defendants
10                                          CITY AND COUNTY OF SAN FRANCISCO, PAUL
                                            MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN
11                                          FRANCISCO SHERIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

1

**VERIFICATION**

2

I, MICHELE FISHER, declare as follows:

3      I am a Chief Deputy Sheriff at the San Francisco Sheriff's Office. I am authorized to make this

4  verification on behalf of the City and County of San Francisco. I have read and know the contents of

5  Defendant City and County of San Francisco's Responses to Plaintiffs' Interrogatories, Set One.

6      Some of the matters stated in these responses are not within my personal knowledge, and there

7  is no individual employee of the City and County of San Francisco who has personal knowledge of all

8  such matters. These responses were prepared with the assistance of counsel, and these responses,

9  subject to inadvertent and undiscovered errors, are based on and necessarily limited by the records and

10  information still in existence, presently recollected, and thus far discovered in this case. The responses

11  are true to the best of my knowledge, information, and belief.

12      I declare under penalty of perjury under the laws of the State of California that the foregoing is

13  true and correct.

14      Executed this 28th day of August 2023, at San Francisco, California.

15

16

17                          CHIEF DEPUTY MICHELE FISHER

18

19

20

21

22

23

24

25

26

27

28

19

## PROOF OF SERVICE

I, ANITA MURDOCK, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 28, 2023, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S RESPONSES TO PLAINTIFFS' INTERROGATORIES, SET ONE**

on the following persons at the locations specified:

| | |
|---|---|
| Shilpi Agarwal, Esq.<br>Avram D. Frey, Esq.<br>Emi Young, Esq.<br>American Civil Liberties Union Foundation<br>of Northern California, Inc.<br>39 Drumm Street<br>San Francisco, CA 94111<br>*sagarwal@aclunc.org*<br>*afrey@aclunc.org*<br>*eyoung@aclunc.org*<br><br>Attorneys for Plaintiffs<br><br>(415) 621-2493 (Telephone)<br>(415) 255-1478 (Facsimile) | Justina Sessions, Esq.<br>Eunice Leong, Esq.<br>Freshfields Bruckhaus Deringer US LLP<br>855 Main Street<br>Redwood City, CA 94063<br>*justina.sessions@freshfields.com*<br>*eunice.leong@freshfields.com*<br><br>Attorneys for Plaintiffs<br><br>(650) 461-8276 (Telephone) |

in the manner indicated below:

☒     **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address:  anita.murdock@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 28, 2023, at Antioch, California.

_____
ANITA MURDOCK

Def. CCSF's Resp to PL ROGS 1
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx