DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3999 [Holtzman]
Telephone:    (415) 355-3312 [Zelidon-Zepeda]
Facsimile:    (415) 554-3837
Email:        alexander.holtzman@sfcityatty.org
Email:        jose.zelidon-zepeda@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND PAUL MIYAMOTO, IN HIS OFFICIAL
CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>    Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SHORTEN TIME ON MOTION TO MODIFY OR STAY IN PART PRELIMINARY INJUNCTION**<br><br>Judge:    Honorable Jon S. Tigar<br>Courtroom:    Courtroom 6, 2nd Floor<br><br>Date Action Filed:    September 8, 2022<br>Trial Date:    Not Set |

**INTRODUCTION**

In this case, three criminal defendants—Joshua Simon, David Barber, and Josue Bonilla—along with a community organization and interested individuals brought claims against the City and County of San Francisco and Paul Miyamoto, in his official capacity as San Francisco Sheriff related to the administration by the San Francisco Sheriff's Office ("SFSO") of the Pretrial Electronic Monitoring ("PTEM") Program. On February 13, 2024, this Court entered an order granting a preliminary injunction against Defendants. ECF No. 77. Specifically, the Court "preliminarily enjoined [Defendants] from imposing and enforcing, as to the original rules subclass, the Sheriff's EM Program Rules' four-way search condition (Rule 5) and data sharing provision (Rule 13)." *Id.* at 41. As to the revised rules subclass, the Court preliminarily enjoined Defendants "from imposing or enforcing any search condition broader than that stated in each class member's Superior Court order and from imposing end enforcing the Program Rules' data sharing provision (Rule 11)." *Id.* The Court directed Defendants to cease enforcement of the specified rules within 14 days of its order—February 27, 2024. *Id.*

For the reasons set forth in the concurrently filed Motion to Modify or Stay in Part Preliminary Injunction ("Modification or Stay Motion"), Defendants have asked to modify or stay a portion of the Court's preliminary injunction order. Implementation of the court's order on the timeline set forth there will cause extreme disruption for PTEM Program participants and the Superior Court and will threaten public safety as the SFSO is prohibited from sharing validly collected GPS location data for PTEM Program participants with other law enforcement agencies—including the San Francisco Police Department—as they conduct criminal investigations.

Given the short deadlines provided in the preliminary injunction order, Defendants seek to shorten time on this motion so that it can be resolved before Defendants' deadline to comply with the preliminary injunction order. Defendants respectfully request relief by no later than February 22, 2024, as to the portion of the Modification or Stay Motion seeking a limited stay or modification of the injunction against Rule 5 and by no later than February 26, 2024, as to the portion of the Modification or Stay Motion seeking a limited stay or modification of the injunction against Rule 11. Defendants

stand ready to provide expedited briefing and argument, as they have with these motions, to effectuate the goals of avoiding harm to class members, the public, the Superior Court, or the SFSO. To allow for potential effective relief, Defendants ask that any opposition to the Modification or Stay Motion from Plaintiffs be due by 5:00 p.m. on February 21, 2024; that any reply brief on the Modification or Stay Motion from Defendants be due by noon on February 22, 2024; and that the schedule a hearing, if necessary, on February 22, 2024 at 2:00 p.m.

## ARGUMENT

Under Civil Local Rule 6-3, Defendants seek a Court order shortening the time for briefing and hearing on the Modification or Stay Motion. A regularly scheduled hearing cannot occur under the Local Rules for more than a month. *See* Civil Local Rule 7-2(a); Declaration of Alexander J. Holtzman in Support of Administrative Motion to Shorten Time on Motion to Modify or Stay in Part Preliminary Injunction ("Holtzman Decl.") ¶ 3. Such a hearing would occur more than three weeks after the Court's deadline to implement the injunction and after the deadline to file a notice of appeal. Although not required, Defendants acted with alacrity in bring its motion, filing just three days after the preliminary injunction order issued.

As explained in the Declaration of Undersheriff Katherine Johnson in Support of Motion to Modify or Stay in Part Preliminary Injunction ("Johnson Decl."), in order to comply with the Court's preliminary injunction, the SFSO will need to undertake a number of steps, including ensuring that all PTEM Program participants have a valid warrantless search condition under the Court's order and presenting the Superior Court with affidavit warrants. Johnson Decl. ¶ 5. The Superior Court will then decide if a warrant shall be issued. *Id.* As of February 15, 2024, there were approximately 37 such PTEM Program participants. *Id.* ¶ 3. Alternatively, hopefully obtaining hearings for the covered individuals to return to the Superior Court—especially given the SFSO's lack of authorization to set hearings in the Superior Court absent an affidavit warrant—will entail administrative and procedural hurdles, and it is not reasonably possible to accomplish these steps within 14 days, as ordered by the Court.

Meanwhile, a break in the ability of the SFSO to share GPS location data for PTEM Program

participants absent a warrant would harm the public safety interests underlying the sharing of law enforcement information among agencies in active criminal investigations. *See* ECF No. 31-17 ¶ 10; ECF No. 41-9 ¶¶ 7, 9–10. As described in the Modification and Stay Motion, a break in the ability to cooperate with other law enforcement agencies with respect to sharing of GPS location data for PTEM Program participants under the Superior Court's revised admonitions could also undermine public protection including for victims of the serious crimes with which many PTEM Program participants are charged.

Before filing this administrative motion, Defendants contacted Plaintiffs' counsel to explore the potential for a stipulation. *See* Holtzman Decl.") ¶ 4. Plaintiffs declined to take a position on this administrative motion. *Id.*

This case was removed to this Court on September 28, 2022. ECF No. 1. Plaintiffs filed their request for a preliminary injunction on October 7, 2022. ECF No. 22. The preliminary injunction motion was fully briefed as of November 4, 2022, and the Court held a hearing on February 2, 2023. ECF Nos. 39, 48. The Court issued an order granting the motion for a preliminary injunction on February 13, 2024. ECF No. 77.

Since this case was filed, the following time modifications have taken place: (1) on October 20, 2022, the Court approved the parties' stipulation modifying briefing and hearing schedule on Plaintiffs' motion for preliminary injunction, ECF No. 29; (2) on March 31, 2023, the Court granted the parties' request to reset the initial Case Management Conference, ECF No. 50; (3) on July 6, 2023, the Court granted the parties' second request to reset the initial Case Management Conference, ECF No. 61; (4) on August 21, 2023, the Court sua sponte continued the initial Case Management Conference, ECF No. 68. Holtzman Decl. ¶ 7.

The requested time modification would not affect any case deadlines except as to briefing and hearing on the Modification or Stay Motion.

**CONCLUSION**

For these reasons, Defendants request that the Court shorten time on their Modification or Stay Motion.

Dated:  February 16, 2024

>DAVID CHIU
>City Attorney
>JAMES F. HANNAWALT
>Acting Chief Trial Deputy
>ALEXANDER J. HOLTZMAN
>JOSE A. ZELIDON-ZEPEDA
>Deputy City Attorneys
>
>By: _____/s/ Alexander J. Holtman_____
>      ALEXANDER J. HOLTZMAN
>
>Attorneys for Defendants
>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF

[Declaration and Proposed Order on following pages]

# DECLARATION OF ALEXANDER J. HOLTZMAN

I, ALEXANDER J. HOLTZMAN, declare as follows:

1. I am a Deputy City Attorney for the City and County of San Francisco. I am counsel for Defendants in this matter. The facts set forth in this declaration are stated on my own personal knowledge or, as specified, upon my information and belief based on official acts and writings. If called upon to testify, I could and would testify competently here.

2. Defendants request an Order to Shorten Time regarding their Motion to Modify or Stay in Part Preliminary Injunction ("Motion"), filed concurrently with this Declaration.

3. The next available law and motion hearing date consistent with Civil Local Rule 7-2(a) is March 21, 2024.

4. Defendants unsuccessfully attempted to resolve this issue through a stipulation. At approximately 9:30 on Friday, February 16, 2024, my colleague Jose Zelidon-Zepeda and I conferred by Zoom with Plaintiffs' counsel Avi Frey and Eunice Leong regarding the relief requested. Defendants specifically requested Plaintiffs agree to shorten time on the Motion to Modify or Stay in Part Preliminary Injunction. Plaintiffs declined to take a position on that request.

5. The underlying Motion does not concern a discovery dispute and is not controlled by Civil Local Rule 37-1.

6. The underlying dispute that will be addressed in Defendants' Motion concerns the Court's combined order addressing Defendants' Motion to Dismiss, Plaintiffs' Motion for a Preliminary Injunction, and Plaintiffs' Motion for Class Certification. In part, the Court's order issued an injunction regarding the four-way search condition and data sharing provision in the program rules of the Pretrial Electronic Monitoring ("PTEM") Program. As to the four-way search condition, the Court's order provided Defendants 14 days to cease enforcement of the specified rule. Defendants' Motion requests the Court extend that timeframe to a total of 28 days. With respect to the data sharing rule, the Court provided Defendants 14 days to cease implementing the data sharing permitted by the Rules. Defendants' motion seeks to stay pending appeal or to modify this aspect of the injunction for

PTEM Program Participants subject to the Superior Court's revised admonitions that describe the sharing of data with law enforcement agencies for criminal investigations.

7. The Court has approved the following previous time modifications in this case, whether by stipulation or Court order: (1) on October 20, 2022, the Court approved the parties' stipulation modifying briefing and hearing schedule on Plaintiffs' motion for preliminary injunction (ECF No. 29); (2) on March 31, 2023, the Court granted the parties' request to reset the initial Case Management Conference (ECF No. 50); (3) on July 6, 2023, the Court granted the parties' second request to reset the initial Case Management Conference (ECF No. 61); (4) on August 21, 2023, the Court sua sponte continued the initial Case Management Conference (ECF No. 68).

8. The requested Order to Shorten Time would not affect any case deadlines except for deadlines associated with the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of February 2024, at San Francisco, California.

*/s/ Alexander J. Holtzman*
ALEXANDER J. HOLTZMAN

## [PROPOSED] ORDER

Good cause appearing, IT IS ORDERED THAT:

Defendants' Motion to Shorten Time is GRANTED. Defendants' Motion for Modification And To Stay The Preliminary Injunction, Or For An Interim Administrative Stay Of The Preliminary Injunction ("Motion"), will be heard on shortened time. Any opposition from Plaintiffs shall be filed or before 5:00 p.m. on February 21, 2024, and any reply brief from Defendants shall be filed on or before noon on February 22, 2024.  The Court will schedule a hearing, if necessary, for February 22, 2024.

IT IS SO ORDERED.

Dated: _____         _____
HONORABLE JON S. TIGAR
United States District Judge