Shilpi Agarwal, State Bar No. 270749
Avram D. Frey, State Bar No. 347885
Emi Young, State Bar No. 311238
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA  94111
Telephone:  (415) 621-2493
Facsimile:  (415) 255-1478
Email: sagarwal@aclunc.org
afrey@aclunc.org
eyoung@aclunc.org

Justina Sessions, State Bar No. 270914
Eunice Leong, State Bar No. 320499
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA  94063
Telephone:     (650) 618-9250
justina.sessions@freshfields.com
eunice.leong@freshfields.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated, DIANA BLOCK, an individual, and COMMUNITY RESOURCE INITIATIVE, an organization,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | CASE NO.:  4:22-cv-05541-JST<br><br>(San Francisco County Superior Court, Case No.:  CGC-22-601686)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY OR STAY IN PART PRELIMINARY INJUNCTION**<br><br>Honorable Jon S. Tigar<br>Courtroom 6, 2nd Floor<br>Hearing Date: March 21, 2024<br>Trial Date: Not set |

This Court enjoined two aspects of the Sheriff's pretrial electronic monitoring (EM) program: (1) location data sharing for all pretrial EM releasees, and (2) a warrantless four-way search condition for those released on pretrial EM prior to the Superior Court's May 8, 2023 changes in policy. Defendants ask this Court to modify or stay these holdings in "two limited

1  respects," ECF No. 79 at 3, but in fact, Defendants seek to evade the Court's injunction

2  entirely. Defendants' request for modification is not premised on new facts and is an improper

3  motion for reconsideration. Defendants' request for a stay is based on merits and equities

4  considerations that have been exhaustively briefed, and which were thoroughly refuted by this

5  Court's Order. Defendants' Motion should be denied.

6  **I.      Defendants' Request for Modification Improperly Seeks Reconsideration.**

7  As Defendants note, a district court may "'modify a preliminary injunction in

8  consideration of new facts.'" ECF No. 79 at 4 (citing *A&M Recs., Inc. v. Napster, Inc.*, 284

9  F.3d 1091, 1098 (9th Cir. 2002)). Yet Defendants present no new facts in support of the relief

10 they seek.

11             (a) *Location Data Sharing*

12 Regarding the Court's preliminary injunction against location data sharing, Defendants

13 present no new facts *at all.* Rather, Defendants rely on the transcript of a colloquy that occurred

14 on August 25, 2023, ECF No. 79-2, nearly six months before this Court's Order of February

15 13, 2024, ECF No. 77. By definition, these facts are not "new." *See United States v.*

16 *Washington*, 853 F.3d 946, 979 (9th Cir. 2017) ("'[J]udicial discretion may call for []

17 modification . . . if the circumstances . . . *at the time of its issuance* have changed, or new ones

18 have since arisen.'") (quoting *System Federation No. 91 v. Wright*, 364 U.S. 642, 647 (1961)

19 (emphasis added); *Credit Suisse 1st Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir.

20 2005) (a motion to modify "is meant only to relieve inequities that arise *after* the original

21 order") (emphasis added); *see, e.g.*, *Melt Franchising, LLC v. PMI Enterprises, Inc.*, 2008 WL

22 4414638, at *2 (C.D. Cal. Sept. 25, 2008) ("Since the [allegedly new facts] took place before

23 the . . . preliminary injunction, [they] are not new facts.").

24 Defendants' request to modify with respect to location data sharing is, in actuality, a

25 motion to reconsider. Courts "look beyond the motion's caption to its substance," and "a motion

26 that merely seeks to relitigate the issues underlying the original preliminary injunction order" is

27 a motion to reconsider. *Credit Suisse*, 400 F.3d at 1124. Here, Defendants seek to relitigate the

28 issue. Not only does Defendants' newly submitted transcript reflect events preceding the

-2-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY OR STAY
Case No.: 4:22-cv-05541-JST

1  Court's Order, it is nothing more than one instance of a standard colloquy that the Court
2  already considered in ordering a preliminary injunction. *Compare* ECF No. 79-2 at 15 (August
3  25, 2023 Tr.) (". . . your GPS location data can be shared with law enforcement agencies") *with*
4  ECF No. 53-3 (post-May 8, 2023 standard admonishment) ("Your GPS location dat[a] can be
5  shared with law enforcement agencies . . . ."). That is, Defendants simply disagree with the
6  Court's decision that the Superior Court does not, by virtue of that colloquy, impose indefinite
7  location data sharing as a condition of pretrial release on EM.
8        The Court should deny Defendants' request as procedurally improper. Per Local Rule 7-
9  9, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to
10  file the motion." *Wang v. Kahn*, 2022 WL 36105, at *7 (N.D. Cal. Jan. 4, 2022) ("Kahn
11  Respondents did not seek leave of Court before filing the instant motion [to reconsider the
12  preliminary injunction]. The instant motion is properly denied for this reason alone.").
13  Applying that rule here furthers the principle that "[f]irmness and stability must . . . be
14  attributed to continuing injunctive relief based on adjudicated facts and law, and neither the
15  plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has
16  once been decided." *System Federation No. 91, Ry. Empl.Dept., AFL-CIO v. Wright*, 364 U.S.
17  642, 648 (1961).
18        In any event, the Court's decision on this issue was correct: the Superior Court's new
19  admonishment does not constitute an order imposing a condition of location data sharing but
20  rather "still amounts to a description of Rules imposed on a blanket basis by the Sheriff." ECF
21  No. 77 at 21 (citing ECF No. 53-3)). Further, class members have not "waived their right to an
22  individual determination by a judicial officer of the reasonableness of a search" or knowingly
23  permitted use of "sensitive location data for purposes unrelated" to monitoring their conditions
24  of release and return to court. *Id.* at 38-39. Defendants' request to modify the injunction against
25  location data sharing should be denied.
26        (b) *Four-way Search Clause*
27        Defendants request an additional two weeks to comply with the Court's preliminary
28  injunction against enforcement of a four-way search clause for individuals released before May

8, 2023. This is for the reason that the Sheriff wants to continue imposing this condition without interruption: the SFSO estimates that an additional two weeks will allow it time to request arrest warrants for the 37 individuals at issue, detain them, and haul them before the Superior Court to be re-released using the post-May 8 admonishment and form order. ECF No. 79-3 at ¶ 5. The Sheriff's proposed course of action is unlawful, a continued affront to the civil liberties of EM releasees and this Court's authority, and it provides no basis for modification.

As a threshold matter, the Court cautioned Defendants at the close of the hearing on Plaintiffs' Motion for Preliminary Injunction on February 2, 2023, that the Sheriff should be prepared to comply with an order granting the requested relief quickly. *See* Ex. A (Declaration of Avram D. Frey) at ¶¶ 4-5. Defendants' appeal for more time over a year later is thus unavailing.

On the substance, Defendants continue to get the law wrong. It is the Superior Court, not the Sheriff, that must determine on an individualized basis which conditions of pretrial relief are appropriate. ECF No. 77 at 37 (in determining Plaintiffs' likelihood of success on the merits, holding "Defendants likely lack the authority to set pretrial release conditions beyond those ordered by the court"); *accord In re York*, 9 Cal. 4th 1133, 1149-50 (1995). If the Superior Court had deemed a four-way search clause necessary for the 37 individuals in question, it would have so ordered at the time of their release. *See*, *e.g.*, ECF No. 39-3 at 7. And if the Superior Court now determines that it is necessary to modify the conditions of release in any individual case, it can calendar a hearing. *See* ECF No. 80-1 (Declaration of Sujung Kim). There is thus no need for the Sheriff to take any action whatever, other than to comply with the Court's Order and stop enforcing its four-way search clause.

Defendants insist to the contrary that the Sheriff "cannot implement the PTEM Program . . . without the warrantless search condition." ECF No. 79-3. But the Court has already found that "the [Sheriff's] Program Rules do not represent the practical implementation or enforcement of conditions that the court *itself* ordered as conditions of pretrial release." ECF No. 77 at 37; *accord id.* at 25 (Sheriff's claim that "'Program Rules explain rather than expand the criminal court's broad order' . . . is simple wrong") (quoting ECF No. 24 at 28). Insofar as

-4-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY OR STAY
Case No.: 4:22-cv-05541-JST

Defendants persist in arguing otherwise, their motion again reduces to an improper and unpersuasive one for reconsideration.

Finally, an additional two weeks would not make any difference as the Sheriff has no grounds to arrest the 37 individuals in question. An arrest warrant properly issues based on evidence establishing probable cause that a crime has been committed or that an individual has violated a condition of release. *See*, *e.g.*, Pen. Code § 813 (upon filing of criminal complaint); Pen. Code § 817 (upon affidavit of probable cause); Pen. Code §§ 945, 979 (failure to appear upon indictment or posting of bail); Pen. Code § 978.5 (failure to appear in response to bench warrant); Pen. Code § 985 (upon filing of felony information); Pen. Code § 1310 (recommitment following release on bail). Reliable evidence of law-breaking is constitutionally essential to override the countervailing liberty interest of individuals against seizure and detention. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979) ("[T]he Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty.") While EM participants sign a release agreement acknowledging that their release may be revoked by the Court based upon a *violation* of the Court's release conditions and orders, *see*, *e.g.*, ECF 71-4, nothing authorizes their arrest for matters unrelated to individual compliance or violations of the law.

The 37 people who were released on pretrial EM prior to May 8, 2023 have not broken any laws or violated conditions of release merely by virtue of being released under an earlier Superior Court policy. Any applications for arrest warrants by the Sheriff would therefore be unfounded and should be rejected by the Superior Court as a matter of law. That the SFSO would even swear out a declaration proposing such unlawful mass arrests shows the degree to which it devalues the civil rights of those released on EM, prioritizes its own law enforcement preferences, and misunderstands the primacy of the judiciary in balancing the two. This Court struck the proper balance in issuing a preliminary injunction, and Defendants' request for additional time to seek imposition of a four-way search clause and arrest people who have committed no crime must be denied.

**II.     The Preliminary Injunction Should Be Enforced Pending Appeal.**

Whether to issue a discretionary stay pending appeal turns on:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citation and quotation marks omitted). Defendants' merits arguments do not raise "'serious questions,'" ECF No. 79 at 8 (quoting *CTIA-The Wireless Ass'n v. City of Berkeley*, 158 F. Supp. 3d 897, 99 (N.D. Cal. 2016)), and the equities weigh strongly against a stay. The Court should deny Defendants' motion.

(a) *Location Data Sharing*

1. <u>Defendants have not demonstrated a likelihood of success on the merits</u>.

Defendants argue that "three independent bases" "at least collectively" suggest a different result regarding the Sheriff's location data sharing: (1) Plaintiffs are procedurally barred from proceeding in federal court; (2) Plaintiffs lack standing because the Sheriff has so far shared the location data only of Plaintiff Barber; and (3) the Sheriff is legally entitled to share location data. ECF No. 77 at 10. The third basis is itself based on several sub-arguments, including the claims that Plaintiffs have no privacy interest in their location data and have purportedly consented to sharing this data; the Sheriff uses the data to solve crime; and the Sheriff is merely implementing the Superior Court's orders. *Id.* at 10-12. Each of these arguments has been exhaustively briefed, the Court properly ruled against Defendants as to all, and none provides a close question under controlling law.

Defendants' procedural argument, that Plaintiffs were required to seek redress in their State criminal cases, reflects "fundamental misunderstandings about the nature of Plaintiffs' claims." ECF No. 77 at 19. "Defendants[] . . . again distort[] Plaintiffs' claims as a challenge to court-ordered release conditions," when they instead challenge conditions imposed by the Sheriff alone. As such, and as this Court correctly held under settled law, this case raises no issue under *Younger v. Harris*, 401 U.S. 37 (1971), or *Preiser v. Rodriguez*, 411 U.S. 475 (1973). ECF No. 77 at 19-20.

1    Defendants' standing argument is equally meritless. As a threshold matter, Defendants overlook their admission that the Sheriff has shared Plaintiff Bonilla's location data. *See* ECF No. 74-1. But more fundamentally, "the issue," as the Court held, "is whether the Sheriff's Office has given itself the *right* to share that data." ECF No. 77 at 40. Because it has, all class members suffer an injury in fact. And even if the standing inquiry required Plaintiffs to show a likelihood that their location data has or will be shared, they easily meet this threshold in light of the documented, exponential growth in location data sharing by the Sheriff, not to mention the Sheriff's policy of sharing location data in response to any and all law enforcement requests. *Id.* (citing *Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 434 (N.D. Cal. 2017)).

Defendants' arguments as to the legality of the Sheriff's location data sharing each likewise fail to raise any serious question. First, as the Court recognized, Plaintiffs have a significant privacy interest in months or even years of continuous GPS location data under *Carpenter v. United States*, 138 S.Ct. 2206 (2018). *People v. Buza*, 4 Cal. 5th 658 (2018), which "did not deal with location information at all," is inapposite. ECF No. 77 at 24.

Next, any purported consent by Plaintiffs was not "voluntary and knowing" under the unconstitutional conditions doctrine as held in *United States v. Scott*, 450 F.3d 863, 865-68 (9th Cir. 2006). ECF No. 77 at 22-23. Tellingly, Defendants' Motion does not even mention the unconstitutional conditions doctrine.

Further, the SFSO's interest in surveilling EM pretrial releasees beyond the terms imposed by the Superior Court for purposes of solving crimes "is not a sufficient interest to dispense with an individualized determination of probable cause[.]" ECF No. 77 at 39. Law enforcement's generalized interest in crime prevention does not obviate individual rights under the Fourth and Fifth Amendments—on the contrary, it necessitates such rights.

Finally, Defendants are "simply wrong" in asserting that the Sheriff's Program Rules fall within the ambit of the Superior Court's order of release on EM. ECF No. 77 at 25. Nor are Defendants correct that "at least collectively" their several arguments raise a serious question. ECF No. 79 at 10; *see also id.* at 13. Numerous unpersuasive arguments do not amount to a strong one, and Defendants' case lacks sufficient merit to warrant a stay pending appeal.

2. <u>The equities overwhelmingly weigh against a stay</u>.

Defendants will not suffer irreparable injury absent a stay, and Plaintiffs' and the public's interest weigh strongly in favor of enforcing the Court's order. Defendants claim that the SFSO and public interest lie in continued sharing of location data for purposes of crime prevention. ECF No. 79 at 14. But the SFSO and other law enforcement agencies may achieve their crime-solving objective by means of a warrant in appropriate cases. And the Court has rightly held that warrantless location data sharing absent Superior Court order is unconstitutional. ECF No. 77 at 39. The Sheriff has no legitimate interest in pursuing its public safety mission in violation of civil liberties, *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers–Durgin v. de la Vina,* 199 F.3d 1037 (9th Cir.1999), and "it is 'always in the public interest to prevent the violation of a party's constitutional rights,'" ECF No. 77 at 41 (quoting *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citation omitted)). Plaintiffs, meanwhile, would suffer substantial injury, as a stay would expose them to possible "'harassment, needless intrusions on their privacy," "further criminal legal system involvement with its attendant consequences," and "feelings of exposure, violation, and anxiety.'" ECF No. 77 at 40 (quoting ECF No. 22 at 22). The balance thus tips sharply against a stay, and Defendants' request should be denied.

(b) *Four-way Search Clause*

Defendants attempt to formulate their request for two additional weeks to arrest 37 individuals as one for a stay, but the relief they seek is only modification of the timeline for enforcement of the preliminary injunction. For the reasons previously stated, modification for the Sheriff to attempt an unlawful mass arrest is wholly inappropriate. The Court should enforce its preliminary injunction as issued and deny Defendants' Motion.

Respectfully submitted,

/s/ Avram D. Frey
Avram D. Frey
Shilpi Agarwal, State Bar No. 270749
Avram D. Frey, State Bar No. 347885
Emi Young, State Bar No. 311238

-8-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY OR STAY
CASE NO.: 4:22-cv-05541-JST

|   |   |
|---|---|
| 1 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC. |
| 2 | 39 Drumm Street |
| 3 | San Francisco, CA  94111<br>Telephone:  (415) 621-2493 |
| 4 | Facsimile:   (415) 255-1478<br>Email:  sagarwal@aclunc.org |
| 5 | afrey@aclunc.org<br>eyoung@aclunc.org |
| 6 | |
| 7 | /s/ Justina Sessions |
| 8 | Justina Sessions, State Bar No. 270914<br>Eunice Leong, State Bar No. 320499 |
| 9 | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
| 10 | 855 Main Street<br>Redwood City, CA  94063 |
| 11 | Telephone:    (650) 618-9250<br>Email: Justina.sessions@freshfields.com |
| 12 | eunice.leong@freshfields.com |
| 13 | *Attorneys for Plaintiffs*<br>*Joshua Simon, David Barber, and Josue Bonilla* |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY OR STAY
CASE NO.: 4:22-cv-05541-JST

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that the signatories above and in the concurrently filed declarations have concurred in the filing of the respective documents.

/s/ Justina Sessions
Justina Sessions