UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIMON, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 22-cv-05541-JST<br><br>**ORDER DENYING MOTION TO MODIFY OR STAY IN PART PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 79 |

Before the Court is Defendants' motion to modify or stay in part the Court's order granting a preliminary injunction. ECF No. 79. The Court will deny the motion.

## I. BACKGROUND

The San Francisco Sheriff Office's ("Sheriff") administers the electronic monitoring ("EM") of criminal defendants on pretrial release via its Program Rules. ECF No. 77 at 1. Plaintiffs allege that the Sheriff exceeds its authority by imposing EM conditions that violate the United States and California State Constitutions. *Id.* Specifically, Plaintiffs challenge the four-way search clause and location data sharing conditions contained in the Program Rules. *Id.* at 2–3.

Because the facts and history of this case are well-known to the parties and are detailed in the Court's prior order, *see* ECF No. 77 at 1–8, the Court recites only recent developments here. On February 13, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss, granting Plaintiffs' motion for class certification, and granting Plaintiffs' motion for preliminary injunction. *Id.* Because the Sheriff revised the Program Rules during the pendency of the motions, the Court divided the class into two subclasses, which it certified: the original rules subclass and the revised rules subclass. *Id.* at 27. The Court gave Defendants fourteen days to cease enforcement of the challenged Program Rules. *Id.* at 41. Accordingly, the

1  deadline for Defendants to comply with the Court's order is February 27, 2024.

2  On February 16, 2024, Defendants filed a motion to modify or stay in part the preliminary
3  injunction, ECF No. 79, and a motion to shorten time, ECF No. 80.  In their motion to stay,
4  Defendants advised the Court that there are now thirty-seven members of the original rules
5  subclass. *Id.* at 11.  The Court granted Defendants' unopposed motion to shorten time on
6  February 20, 2024.  Plaintiffs filed an opposition to the stay motion on February 21, 2024.  ECF
7  No. 82.  Defendants filed a reply on February 22, 2024.  ECF No. 83.  The Court took the motion
8  under submission on that date without a hearing.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The issuance of a stay is a matter of judicial discretion, not a matter of right, and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citations omitted).

District courts consider four factors to decide whether a stay pending appeal is warranted: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties to the proceeding; and (4) the public interest implicated by the grant or denial of the stay.  *Id.* at 434; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).  "The bar for obtaining a stay of a preliminary injunction is higher than the *Winter* standard for obtaining injunctive relief." *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

## IV. DISCUSSION

### A. Motion to Stay in Part

Defendants state that they plan to appeal the injunction of the Sheriff's data-sharing rule

United States District Court
Northern District of California

1   with respect to the revised rules subclass because they maintain that the San Francisco Superior

2   Court's ("Superior Court's") revised admonition eliminates any constitutional concerns. ECF No.

3   79 at 13–14. They ask the Court to stay its injunction of that rule pending resolution of their

4   anticipated appeal.[1] *Id.* at 14.

### 1. **Likelihood of Success**

The Court first considers whether Defendants have shown that they are likely to succeed on the merits of an appeal. "[T]o justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d at 966. "Instead, 'serious legal questions' raised in the petition can satisfy the first prong, with the 'critical element' in this analysis being the 'relative hardships to the parties.'" *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016) (quoting *Leiva-Perez*, 640 F.3d at 963, 967–68) (internal citations omitted)).

Defendants argue that this factor weighs in their favor because three points of argument "at least collectively" create a likelihood of success. First, Defendants argue that they "may prevail on their argument that class members needed to challenge the data sharing condition in the Superior Court" as opposed to in this federal court. ECF No. 79 at 14. The Court rejected this argument in its February 13 order, holding that there was no requirement that Plaintiffs bring their claims in the Superior Court because

> this case is unrelated to the merits of Criminal Defendant Plaintiffs' criminal cases or any other state court ruling. *See Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018). Plaintiffs challenge only the Sheriff's actions and policies that they allege are unauthorized by court order. This proceeding will not affect the prosecution of their criminal charges.

ECF No. 77 at 19. Rather than address the Court's conclusions above, Defendants' stay motion merely repeats the unsuccessful arguments they made in their original motion to dismiss. The

---

[1] Defendants alternatively request that the Court modify its injunction to permit data sharing for the revised rules subclass due to the Superior Court's revised admonitions. ECF No. 79 at 13–14. The Court considered and rejected Defendants' arguments about the legal effect of the revised admonitions in its order granting the preliminary injunction. ECF No. 77 at 21–25. Defendants have not followed the procedures required to seek reconsideration of that ruling, and there is no basis for reconsideration on the merits. *See* Civil L.R. 7-9.

arguments are no more persuasive now than they were then.

Next, Defendants argue that they are likely to prevail on the argument that Plaintiffs lack standing to challenge the sharing of their location data because "Plaintiffs presented no evidence their location data was shared . . . before Plaintiffs filed this lawsuit." ECF No. 79 at 14.  This argument also ignores the text of the Court's February 13 order, which held that the relevant issue "is whether the Sheriff's Office has given itself the *right* to share that data." ECF No. 77 at 40 (emphasis in original).  Plaintiffs are not challenging any individual instance of data sharing.  In any event, their concern is not merely hypothetical; there is evidence in the record that Defendants have shared Plaintiff Bonilla's location data, ECF No. 74-1, and the record shows a "documented, exponential growth in location data sharing by the Sheriff . . . ," ECF No. 82 at 7 (citing ECF No. 77 at 40).

Finally, Defendants argue that they are likely to prevail with respect to the "propriety"— meaning, presumably, constitutionality—of the rule permitting location data sharing.  ECF No. 79 at 14.  They assert that this case presents the novel issue "whether there is an independent privacy interest against the sharing of location information that has been validly and knowingly collected by law enforcement as part of a pretrial supervision program . . . ." *Id.*

Defendants vastly overstate the "novelty" of the issues, given the solid foundation of prior caselaw underlying the Court's February 13 order.  In *Carpenter v. United States*, for example, the Supreme Court held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell-site location information (CSLI)]." 138 S. Ct. 2206, 2217 (2018).  "Notably, Plaintiffs cite *Carpenter* in opposition to Defendants' motion to dismiss, but Defendants [did] not address it in reply." ECF No. 77 at 24.  And on the issue of Plaintiffs' purported consent, the unconstitutional conditions doctrine "provides that the Government" may neither "condition the receipt of a government benefit on waiver of a constitutionally protected right," *La. Pac. Corp. v. Beazer Materials & Servs., Inc.*, 842 F. Supp. 1243, 1248 (E.D. Cal. 1994), nor "deny a benefit to a person because he exercises a constitutional right," *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) (quoting *Regan v. Tax'n with Representation of Wash.,* 461 U.S. 540, 545 (1983)).  In *United States v. Scott*, the

4

1  Ninth Circuit applied the unconstitutional conditions doctrine to invalidate a scheme where "[i]n
2  order to qualify for [pretrial] release, [the criminal defendant] was required to sign a form stating
3  that he agreed to comply with certain conditions," including a four-way search condition.  450
4  F.3d 863, 865 (9th Cir. 2006).  *Scott*'s holding precludes Defendants' argument that Plaintiffs
5  validly consented to the conditions in the Sheriff's Program Rules, but Defendants do not even
6  discuss the unconstitutional conditions doctrine in their stay motion.

7  In addition to the foregoing concerns, the revised admonitions do not indicate that the
8  Superior Court is imposing the data-sharing rule itself based on an individualized finding of need
9  by the Superior Court.  Rather, the admonition "still amounts to a description of Rules imposed on
10 a blanket basis by the Sheriff" that the Sheriff has decreed are a package deal with EM.  ECF No.
11 77 at 21.

12 Defendants' lack of likelihood of success weighs against issuing a stay pending appeal.

### 2. Risk of Irreparable Harm

14 To support the issuance of a stay, Defendants invoke "public protection and [the] justice
15 benefits of sharing of location data information" and assert that the Sheriff will incur "irreparable
16 harm to its public protection mission if it is unable to share location data in this way" while it
17 pursues its appeal.  ECF No. 79 at 18; *accord* ECF No. 83 at 4–5.  They assert that class members
18 will violate stay-away orders and commit other crimes if the Sheriff cannot freely share their
19 location data with other agencies.  *Id.* at 18–19.  Defendants offer examples of pretrial releasees
20 who harmed community members in the past, whether through alleged conduct underlying their
21 criminal charges or while violating pretrial release conditions.  *Id.*

22 Prevention of crime is an important goal, to be sure.  The Court, however, weighed the
23 government's generalized interest in "crime prevention" in its prior order and determined that it
24 was insufficient to outweigh the harm of the constitutional violations suffered by Plaintiffs.  *Scott*,
25 450 F.3d at 870; *see* ECF No. 77 at 39.  "It is well established that the deprivation of constitutional
26 rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002
27 (9th Cir. 2012) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)).  Nor can the Court give
28 weight to a generalized "interest in surveillance and control" as applied to pretrial releasees such

as Plaintiffs. *Scott*, 450 F.3d at 874. Accordingly, the Court finds this factor does not support the issuance of an injunction.

### 3. Balance of Harms and Public Interest

Finally, the Court considers the balance of harms and the public interest, which overlap in this case. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Defendants contend that a stay "will not substantially injure" class members because the Sheriff has changed its internal policies to make location data sharing "more circumscribed than it was" in the past. ECF No. 79 at 17. Defendants also maintain that their law enforcement interests outweigh the constitutional concerns in this case. ECF No. 83 at 4–5. Plaintiffs argue that the Court, having identified a likely violation of Plaintiffs' constitutional rights, should not permit Defendants to continue these violations while it challenges the order. ECF No. 82 at 8.

The Court finds that the risk of harm to Plaintiffs weighs strongly against a stay pending appeal. For the reasons discussed in its prior order, the Court found that Plaintiffs have established that the Sheriff's location sharing rule likely violates class members' constitutional rights. ECF No. 77 at 39. The public interest militates against a stay for this reason. *Index Newspapers LLC*, 977 F.3d at 838 ("It is always in the public interest to prevent the violation of a party's constitutional rights." (internal quotation marks and citation omitted)).

### B. Request to Modify Injunction

Defendants also request that the Court extend by two weeks the time to comply with its order to cease enforcement of the four-way search condition as to the original rules subclass. ECF No. 79 at 20–23. Defendants describe their efforts to arrange new Superior Court hearings at which the class members would be "re-admonish[ed]" under the revised Program Rules. *Id.* at 22.

The Court denies this request. First, Defendants do not explain how they could bring these Plaintiffs before the Superior Court without issuing warrants for their arrest.[2] As Plaintiffs point out—without contradiction—the issuance of such warrants for persons who are complying with

---

[2] Defendants state only that "[t]he purpose of the additional requested time is to *avoid*, to the extent possible, the need to present affidavit warrants to the Superior Court," ECF No. 83 at 7 (emphasis in original), but do not explain how they will achieve this objection without issuing arrest warrants.

6

the law and their conditions of pretrial release would be unlawful.  Moreover, for purposes of the February 13 order, it would accomplish nothing.  The Court has already found Plaintiffs in both subclasses are subject to unconstitutional conditions.  Granting Defendants' request—assuming they were successful in achieving their aim—would merely result in moving some of the Plaintiffs from one set of unconstitutional practices to another.  The Court has no wish to exercise its authority in service of that goal.

For the foregoing reasons, the Court concludes that a stay pending appeal is not warranted in this case.  Neither will the Court extend the implementation deadline or otherwise modify the injunction.  Defendants' motion for a partial stay or modification of the injunction is denied.

**IT IS SO ORDERED.**

Dated:  February 23, 2024



JON S. TIGAR
United States District Judge