Freshfields Bruckhaus Deringer US LLP
Justina Sessions, State Bar No. 270914
justina.sessions@freshfields.com
Eunice Leong, State Bar No. 320499
eunice.leong@freshfields.com
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
Avram D. Frey, State Bar No. 347885
afrey@aclunc.org
Shilpi Agarwal, State Bar No. 270749
sagarwal@aclunc.org
Emi Young, State Bar No. 311238
eyoung@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, and JOSUE BONILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff,<br><br>Defendants. | Case No. 4:22-cv-05541-JST<br><br>**DECLARATION OF EUNICE LEONG IN SUPPORT OF STIPULATED PROTECTIVE ORDER**<br><br>Judge:      Hon. Jon S. Tigar<br>Courtroom:  Courtroom 6, 2nd Floor<br><br>Trial Date: Not set |

**DECLARATION OF EUNICE LEONG**

DECLARATION OF EUNICE LEONG IN SUPPORT OF
STIPULATED PROTECTIVE ORDER
CASE NO. 4:22-cv-05541-JST

1    I, Eunice Leong, declare as follows:

2    1.   I am an attorney at Freshfields Bruckhaus Deringer US LLP, co-counsel of
3    record for Plaintiffs in this action. I have personal knowledge of the facts set forth in this
4    Declaration and, if called as a witness, could and would testify competently to such facts based
5    on my personal knowledge. I submit this declaration pursuant to Section G of the Standing
6    Order for All Civil Cases Before District Judge Jon S. Tigar.

7    2.   Counsel for all parties met and conferred about a stipulated protective order (the
8    "Stipulated Order") to govern discovery in this action. Although the parties' proposed stipulated
9    protective order is based on the model stipulated protective order for standard litigation in the
10   Northern District of California (the "Model Order"), as set forth below, the Model Order does
11   not address all the protections necessary for this action. Each modification to the Model Order is
12   identified below, along with a corresponding explanation for such change. A true and correct
13   redline comparing the Model Order and the Stipulated Order is attached hereto as **Exhibit A**.

14   3.   The parties have revised the caption to reflect the correct case-identifying
15   information.

16   4.   The parties have made the following changes to Section 2 ("Definitions") in the
17   Stipulated Order:

18   a.   A new Section 2.1 to define the term "Action" for clarity. This new
19        defined term replaces the undefined terms "litigation" and "case"
20        throughout the Stipulated Order;

21   b.   Revised the definition of "Counsel" (Section 2.3 in the Model Order) to
22        identify the parties' specific counsel of record and deleted the definitions
23        for "House Counsel" and "Outside Counsel of Record" (Sections 2.7 and
24        2.9, respectively, in the Model Order). No distinction between outside
25        and in-house counsel is necessary in this case;

|   |   |   |
|---|---|---|
| | c. | Defined the term "Criminal Offender Record Information" to reflect a specific category of information that will be produced in the course of discovery and that is not reflected in the Model Order; |
| | d. | Revised the definition of "Designating Party" to reflect the parties' addition of a second tier of confidentiality; |
| | e. | Changed the term "Disclosure or Discovery Material" (Section 2.7) to only "Discovery Material" for concision. This new term replaces other terms, such as "material, documents, items, or oral or written communications" (Section 5.1) and "information or items" (e.g., Section 7.2); |
| | f. | Added a second tier of confidentiality ("Highly Confidential—Attorneys' Eyes Only"), which Defendants require to produce public safety sensitive materials such as victim information; |
| | g. | Removed the term "House Counsel," which is not applicable in this action; and |
| | h. | Revised the definition of "Protected Material" to include Discovery Material that is designated as "Highly Confidential—Attorneys' Eyes Only." |

5. The parties have added a new Section 5.2 ("Any Party or Non-Party May Designated Discovery Material"). The parties anticipate that non-parties may be required to produce their confidential documents in the course of this action, and these productions should be entitled to the same protections afforded to productions made by the parties. The Model Order does not specifically address the right of non-parties to designate Discovery Material.

6. The parties have modified Section 5.3 ("Manner and Timing of Designations") to set forth procedures to designate information as "Highly Confidential—Attorneys' Eyes Only."

7. The parties have modified the description "information or items" in Section 5.4 to instead use the defined term "Discovery Material" for clarity.

8.  The parties have modified Section 7.2 to set forth the specific individuals to whom "Confidential" Discovery Material may be shared. This provision was modified because the parties have added a second tier of confidentiality.

9.  The parties have added a new Section 7.3 to set forth the specific individuals to whom "Highly Confidential—Attorneys' Eyes Only" Discovery Material may be shared.

10. The parties have modified Sections 8 and 9 to include references to Discovery Material that are designated as "Highly Confidential—Attorneys' Eyes Only."

11. The parties have further modified Section 9 to specify that a non-party's confidential information will be provided to the non-party for review prior to a party's production in this case only upon the request of the non-party. This modification relieves the parties of the additional burden of providing information that a non-party may not seek.

12. The parties have modified Section 11 to include a requirement that any challenge to a claim of privilege or other protection made under Section 11 must be made promptly. This new provision is intended to facilitate the timely assertion and resolution of any such challenges. The parties have further modified Section 11 to specifically state that inadvertent disclosure shall not, by itself, constitute a waiver or estoppel of any privilege, immunity, or protection to which a party may otherwise be entitled.

13. The parties have added a new Section 14 ("Criminal Record Information"). This section addresses the federal and state statutes pursuant to which Defendants and their agents are authorized to produce criminal history information for the purposes of this action. No such language exists in the Model Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood City, California, on February 27, 2024.

*/s/ Eunice Leong*
Eunice Leong

DECLARATION OF EUNICE LEONG IN SUPPORT OF STIPULATED PROTECTIVE
CASE NO. 4:22-cv-05541-JST

- 4 -