# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff,

v.

Defendant.

Case No.

MODEL STIPULATED PROTECTIVE ORDER (for standard litigation)

1. UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA SIMON, DAVID BARBER, and JOSUE BONILLA, individually and on behalf of all others similarly situated;

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff,

Defendants.

Case No. 4:22-cv-05541-JST

**STIPULATED PROTECTIVE ORDER**

Judge: Hon. Jon S. Tigar

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the courtCourt to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the ~~court~~Court to file material under seal.

**2. ~~2.~~ DEFINITIONS**

2.1 ~~2.1~~ Action: *Simon et al v. City and County of San Francisco et al.*, No. 4:22-cv-05441 (N.D. Cal.).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 ~~2.2~~ "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal ~~Rule~~Rules of Civil Procedure 26(c).

~~**2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).**~~

2.4 ~~2.4~~ Counsel: attorneys at the American Civil Liberties Union Foundation of Northern California, Inc., Freshfields Bruckhaus Deringer US LLP, and the City and County of San Francisco.

2.5 Criminal Offender Record Information: records and data compiled by criminal justice agencies for purposes of identifying adult and juvenile criminal offenders and maintaining as to each such offender a summary of arrests, criminal pretrial proceedings, and/or the nature and disposition of charges, sentencing, incarceration, rehabilitation, and release in adult and juvenile criminal cases. Criminal Offender Record Information includes information from the California Law Enforcement Telecommunications System.

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 ~~2.5 Disclosure or~~ Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in ~~this matter~~the Action.

2.8 ~~2.6~~ Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or ~~its counsel~~Counsel to serve as an expert witness or as a non-testifying consultant in ~~this action.~~the Action.

~~**2.7 HOUSE COUNSEL: ATTORNEYS WHO ARE EMPLOYEES OF A PARTY TO THIS ACTION. HOUSE COUNSEL DOES NOT INCLUDE OUTSIDE COUNSEL OF RECORD OR ANY OTHER OUTSIDE COUNSEL.**~~

2.9 ~~2.8~~ "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

~~**2.9 OUTSIDE COUNSEL OF RECORD: ATTORNEYS WHO ARE NOT EMPLOYEES OF A PARTY TO THIS ACTION BUT ARE RETAINED TO REPRESENT OR ADVISE A PARTY TO THIS ACTION AND HAVE APPEARED IN THIS ACTION ON BEHALF OF THAT PARTY OR ARE AFFILIATED WITH A LAW FIRM WHICH HAS APPEARED ON BEHALF OF THAT PARTY.**~~

2.11 ~~2.10~~ Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and ~~Outside~~ Counsel ~~of Record~~ (and their support staffs).

2.12 ~~2.11~~ Producing Party: a Party or Non-Party that produces ~~Disclosure or~~ Discovery Material in ~~this action~~the Action.

2.13 ~~2.12~~ Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.14 ~~2.13~~ Protected Material: any ~~Disclosure or~~ Discovery Material that is designated as "CONFIDENTIAL~~."~~," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 ~~2.14~~ Receiving Party: a Party that receives ~~Disclosure or~~ Discovery Material from a Producing Party.

**3.** ~~3.~~ **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material ~~(as defined above),~~, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.** ~~4.~~ **DURATION**

Even after final disposition of this ~~litigation~~Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this ~~action~~Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this ~~action~~Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** ~~5.~~ **DESIGNATING PROTECTED MATERIAL**

5.1 ~~5.1~~ Exercise of Restraint and Care in Designating Discovery Material for

Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communicationsDiscovery Material that qualify – so that other portions of the material, documents, items, or communicationsDiscovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistakeninapplicable designation.

5.2 5.2 Any Party or Non-Party May Designate Discovery Material. Any Party or Non-Party may designate Discovery Material disclosed or produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said Discovery Material by all Parties and providing an identification by relevant document numbers or other means of identifying the Discovery Material to be so designated. All such Discovery Material shall be treated as Protected Material under this Order until received by all Parties, and for the 21-day period thereafter within which such any Party or Non-Party may designate the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below),, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) ~~(a) For~~for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. ~~If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).~~

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all ~~of the~~ material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL~~."~~ – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. ~~If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).~~

(b) ~~(b)~~ for testimony given in deposition or in other pretrial ~~or trial~~ proceedings, that the Designating Party ~~identify~~invoke on the record~~,~~ (before the ~~close of the~~ deposition, hearing, or other proceeding~~, all protected~~ is concluded) a right to have up to 21 days after the Designating Party receives a certified transcript to identify the specific portions of testimony as to which protection is sought.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.~~(c)~~ The Designating Party shall inform the court reporter of these requirements.

The use of any Protected Material as an exhibit at a deposition shall not in any way

affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and mark Protected Material contained in the container as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the extent practicable. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 5.3 Inadvertent FailuresFailure to Designate. If timely corrected, an inadvertent failure to designate qualified information or itemsDiscovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely written correction of a designation, the Receiving Party must make reasonable efforts to assure that the materialDiscovery Material is treated in accordance with the provisions of this Order. The Receiving Party shall also use commercially reasonable efforts to ensure that any derivative work generated by or on behalf of the Receiving Party before such re-designation, including analyses, memoranda, or notes that were generated based upon or quote from such Discovery Material, shall immediately be treated in conformity with such re-designation.

**6. 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,; unnecessary economic burdens,; or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing

the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific ~~paragraph~~section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice~~-~~-to~~-~~-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 ~~6.3~~ Judicial Intervention. If the ~~Parties~~parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in ~~the preceding paragraph. Failure~~Section 6.2. Unless otherwise agreed by the parties, failure by the Designating Party to make such a motion, including the required declaration, within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by ~~the preceding paragraph~~Section 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the ~~court~~Court rules on the challenge.

**7. ~~7.~~ ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 ~~7.1~~ Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this ~~case~~Action only for prosecuting, defending, or attempting to settle ~~this litigation~~the Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the ~~litigation~~Action has been terminated, a Receiving Party must comply with the provisions of ~~section~~Section 13 below ~~(FINAL DISPOSITION).~~.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 ~~7.2~~ Disclosure of "CONFIDENTIAL" ~~Information or Items.~~Discovery Material. Unless otherwise ordered by the ~~court~~Court or permitted in writing by the Designating Party, a Receiving Party may disclose any ~~information or item~~Discovery Material designated "CONFIDENTIAL" only to:

(a) ~~(a)~~ the Receiving Party's ~~Outside~~ Counsel ~~of Record~~ in this ~~action~~Action, as well as employees, contractors, and agents of said ~~Outside~~ Counsel ~~of Record~~who said Counsel has ensured are bound by this Order and to whom it is reasonably necessary to disclose the information for this ~~litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A~~Action;

(b) ~~(b)~~ the officers, directors, and employees ~~(including House Counsel)~~ of the Receiving Party and individual Receiving Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) (d) the courtCourt and its personnel;

(e) any mediator or settlement officer, and their support staff, mutually agreed upon by any of the Parties engaged in settlement discussions;

(f) court reporters, videographers, and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses, as well as their attorneys, in the Action, to whom disclosure is reasonably necessary, provided: (1) the witnesses have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witnesses will not be permitted to keep a copy of the Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court; and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(e) 7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

**(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.**

(a) (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this actionAction as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

~~"CONFIDENTIAL"~~the Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material~~ — and nothing~~. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this ~~action~~Action to disobey a lawful directive from another court.

**9. ~~9.~~ A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ~~LITIGATION~~ACTION**

(a) ~~(a)~~ The terms of this Order are applicable to information produced by a Non-Party in this ~~action~~Action and designated as "CONFIDENTIAL~~."~~" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this ~~litigation~~Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) ~~(b)~~ In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1) ~~(1)~~ promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2) ~~(2)~~ promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3) ~~(3)~~if requested by the Non-Party, make the information ~~requested~~at issue available for inspection~~ by the Non-Party.~~ .

(c) ~~(c)~~ If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the courtCourt. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this courtCourt of its Protected Material.

**10. 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and to whom such unauthorized disclosures were made, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure of Discovery Material that a Producing Party believes is subject to attorney-client privilege, work product protection, or any other privilege, immunity, or protection shall not, by itself, constitute a waiver or estoppel of any such privilege, immunity, or protection.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any challenge to a claim of privilege or other protection or immunity under this section must be made promptly. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order

submitted to the court.This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d)–(e).

**12. 12. MISCELLANEOUS**

12.1 12.1 Right to Further Relief. Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the courtCourt in the future.

12.2 12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 12.3 Filing Protected Material. WithoutA Party may not file in the public record in this Action any Protected Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the courtCourt, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the courtCourt.

**13. 13. FINAL DISPOSITION**

Within 60 days after the final disposition of this actionAction, as defined in paragraphSection 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION)..

**14. CRIMINAL RECORD INFORMATION**

To facilitate Defendants' review and production of documents, pursuant to Cal. Code Regs. tit. 11, § 703(b) and 5 U.S.C. § 552a(b)(11), the departments of the City and County of San Francisco—including, without limitation, the San Francisco Police Department and San Francisco Sheriff's Office—are directed to provide the San Francisco City Attorney's Office and its designated agents, access to: (1) materials containing Criminal Offender Record Information; and (2) adult and juvenile criminal records maintained by the San Francisco Police Department and San Francisco Sheriff's Office.

None of the parties' objections and responses to objections with respect to production of materials containing Criminal Offender Record Information are waived.

Nothing in this Order obligates Defendants to produce any particular documents containing Criminal Offender Record Information.

Should a party agree to produce documents containing Criminal Offender Record Information, or should the Court order either party to do so at a later time, such disclosure to the Court and the parties is authorized pursuant to this Court's authority under the Federal Rules of Civil Procedure, Cal. Code Regs. tit. 11, § 703(b), California Penal Code §§ 11105(c)(7) and 13300(c)(7), and 5 U.S.C. § 552a(b)(11).

Any documents containing Criminal Offender Record Information that are produced in

this litigation shall be subject to the protections afforded to Protected Material under this Order and shall be designated as such.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: ____________________ ______________________________
Attorney for Plaintiff

DATED: ____________________ ______________________________
Attorney for Defendant

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

Dated: February 27, 2024

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Eunice Leong*
Justina K. Sessions, State Bar No. 270914
justina.sessions@freshfields.com
Eunice Leong, State Bar No. 320499
eunice.leong@freshfields.com

855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA, INC.

Avram D. Frey, State Bar No. 347885
afrey@aclunc.org
Shilpi Agarwal, State Bar No. 270749
sagarwal@aclunc.org
Emi Young, State Bar No. 311238
eyoung@aclunc.org

39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

Attorneys for Plaintiffs

Dated: February 27, 2024

DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys

By: */s/ Alexander J. Holtzman*
Alexander J. Holtzman
Jose A. Zelidon-Zepeda

1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-3999
Facsimile: (415) 554-3937

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, and PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that the signatories above have concurred in the filing of this document.

*/s/ Eunice Leong*________
Eunice Leong

PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, **IT IS SO ORDERED**.

DATED: ________________________ ________________________________________
United States District/Magistrate Judge

Dated: ________________________ By: ________________________________________
Hon. Jon S. Tigar
United States District Court Judge

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

19STIPULATED PROTECTIVE ORDER
4:22-cv-05541-JST

- 19 -

12154473.1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name],] of ________________ ______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ___________ **[insert formal name of the case**_Simon et al. v. City_ _and_ **the number and initials assigned to it by the court].**_County of San Francisco et al._, No. 4:22-cv-05541-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________________ [print or type full name] of ______________________________ ________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________

City and Statestate where sworn and signed: ______________________________

Printed name: ______________________________

Signature: ______________________________

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
SILICON VALLEY

21STIPULATED PROTECTIVE ORDER
4:22-cv-05541-JST

- 21 -

12154473.1