DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3999 [Holtzman]
Telephone:   (415) 355-3312 [Zelidon-Zepeda]
Facsimile:    (415) 554-3837
Email:        alexander.holtzman@sfcityatty.org
Email:        jose.zelidon-zepeda@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND PAUL MIYAMOTO, IN HIS OFFICIAL
CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541 JST<br><br>**DECLARATION OF UNDERSHERIFF KATHERINE JOHNSON ON COMPLIANCE WITH PRELIMINARY INJUNCTION**<br><br>Judge:            Honorable Jon S. Tigar<br>Courtroom:    Courtroom 6, 2nd Floor<br><br>Date Action Filed:    September 8, 2022<br>Trial Date:               Not Set |

I, KATHERINE JOHNSON, declare as follows:

1. I am the Undersheriff at the San Francisco Sheriff's Office ("SFSO"). As Undersheriff, I supervise administration of the Pretrial Electronic Monitoring ("PTEM") Program. Except where otherwise indicated, the following facts are known to me personally, and if called upon as a witness, I would testify to them competently.

2. I submit this declaration as directed by the Court's February 13, 2024, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Granting Motion for Class Certification, and Granting Motion for Preliminary Injunction, to provide "a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the preliminary injunction." Order at 41–42.

3. It is my understanding that the Court's order established an "original rules" subclass (persons subject to a version of the Sheriff's Program rules and participant contract prior to the May 2023 revisions) and a "revised rules" subclass of persons subject to the version of the rules after those revisions, with different injunctions applying to each subclass. As to the "original rules" subclass, the Court enjoined Defendants and others from imposing or enforcing "the Sheriff's EM Program Rules' four-way search condition (Rule 5) and data sharing provision (Rule 13)." Order at 41. As to the revised rules subclass, the Court enjoined Defendants "from imposing and enforcing any search condition broader than that stated in each class member's Superior Court order and from imposing and enforcing the Program Rules' data sharing provision (Rule 11)." *Id.*

4. The SFSO has not been enforcing the Rule 5 search condition in the original rules for anyone in the original rules subclass, and will not do so. As explained in my September 26, 2023 declaration, I understand that all currently enrolled PTEM Program participants have initialed and signed the revised Program rules. For the revised rules subclass, the Sheriff's Office is not enforcing search conditions except as explicitly ordered by the Superior Court.

5. Based on its understanding of the Court's order, the SFSO has stopped sharing location data for past and current PTEM Program participants with other law enforcement agencies absent a warrant, court-signed subpoena duces tecum, or emergency posing an immediate threat of harm. On February 27, 2024, the SFSO issued a revised official policy, attached as **Exhibit A**, reflecting this

1

change. Since implementing these changes, the SFSO has shared location information with another law enforcement agency only once, following service of a court-signed warrant for the information.

6. As of February 26, 2024, 33 PTEM Program participants had either no warrantless search condition explicitly stated in their Superior Court orders or a court order stating "10-35 condition." Because of the uncertainty as to whether the statement "10-35 condition" is sufficiently explicit in light of the injunction, the SFSO in an abundance of caution determined that the Court's order prevented the SFSO from enforcing a four-way search condition against all of these 33 individuals. As to these 33 referenced individuals, SFSO staff confirmed as of 8:04 p.m. PST on February 26, 2024, that they had entered the following new message in CLETS: "DO NOT STOP, DETAIN, SEARCH, OR ARREST BASED SOLELY ON THIS MESSAGE. SUBJECT IS ON PRE-TR[IA]L EM WITH NO SEARCH CONDITION AUTHORIZED. REPORT ANY LAW ENFORCEMENT CONTACT TO THE SFSO AT 415-575-6461."

7. Based on a review of SFSO records, I understand that as of March 18, 2024 at 10:00 p.m., approximately 388 individuals were currently enrolled in the PTEM Program, all of whom had signed the revised rules. Of those, 258 were subject to Superior Court orders stating "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." 105 were subject to broader Superior Court orders stating they "[s]hall submit to a warrantless search by any peace officer at anytime." The SFSO is enforcing these search conditions as expressly ordered by the Superior Court. 24 PTEM Program participants of the 33 identified above in paragraph 6 remained on the program without a new, court-authorized search condition. One participant was in a residential treatment program without an SFSO search condition. The SFSO is not enforcing a search condition as to these 25 individuals.

8. On or about February 15, 2024, at my direction, SFSO staff conducted an audit of warrantless search conditions, comparing the participants' Superior Court's orders to CLETS entries. That audit did not identify any individual with a current EM Order for which the CLETS entry reflected a broader search condition than the one stated by the Superior Court's order.

9. I have directed Community Programs staff to conduct regular audits of search

1 | conditions entered in CLETS going forward. I have directed Community Programs staff to develop guidelines and a briefing sheet regarding these audits.

10. On February 28, 2024, I spoke with the SFSO's Warrant Services Unit and other supervisors to provide further guidance that sharing of PTEM Program participant's location information with other law enforcement agencies was not allowed absent a warrant, court-signed subpoena duces tecum, or emergency posing an immediate threat of harm.

11. The SFSO has removed Rule 11 from the current version of the Program Rules in light of the Court's order. The current Program Rules are attached as **Exhibit B**.

12. On or about February 26, 2024, the Sheriff informed the Superior Court, criminal court counsel to PTEM Program participants, and the District Attorney's Office by letter that it would be removing the warrantless search conditions from the 33 individuals discussed above and enjoined from enforcing conditions for sharing of location data with other law enforcement agencies.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of March 2024, at San Francisco, California.

_____
UNDERSHERIFF KATHERINE JOHNSON