DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
ALEXANDER J. HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
STEVEN EGLER, State Bar #226227
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3999 [Holtzman]
Telephone:     (415) 355-3312 [Zelidon-Zepeda]
Facsimile:     (415) 554-3837
Email:         alexander.holtzman@sfcityatty.org
Email:         jose.zelidon-zepeda@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND PAUL MIYAMOTO, IN HIS OFFICIAL
CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541 JST<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Date Action Filed:     September 8, 2022<br>Trial Date:     Not Set |

# ANSWER

Defendants City and County of San Francisco (the "City") and San Francisco Sheriff Paul Miyamoto in his official capacity as San Francisco Sheriff ("Sheriff" and collectively "Defendants") hereby state and allege as follows for their Answer and Separate Defenses to the Complaint for Declaratory and Injunctive Relief for Violation of Article I, Sections 1, 7, and 13 of the California Constitution, Article III, Section 3 of the California Constitution, and the Fourth and Fourteenth Amendments of the United States Constitution ("Complaint") filed on September 8, 2022, by Plaintiffs Joshua Simon, David Barber, Josue Bonilla, Diana Block, and Community Resource Initiative ("Plaintiffs"). This Answer is based upon the information currently available to Defendants, and Defendants reserve the right to amend their Answer to the extent permitted by the Federal Rules of Civil Procedure. Except as expressly admitted herein, Defendants deny all material allegations in the Complaint. Paragraphs in the Complaint are grouped under headings, and Defendants respond that such headings and groupings are conclusions of law or fact and deny any allegation made or implied by such headings or groupings.

As to all paragraphs referring to Plaintiffs Block and Community Resource Initiative, no response is required as to these Plaintiffs as the Court has found they lack Article III standing.

Defendants object to the portions of the Complaint that violate Federal Rules of Civil Procedure, rule 10(b), by improperly grouping multiple allegations in a single paragraph.

In answer to the un-numbered initial paragraph of the Complaint, Defendants assert that any allegations constitute legal assertions to which no response is required. To the extent a response is required, Defendants admit that the Complaint purports to describe Plaintiffs' allegations but deny that the allegations have merit.

1.      In answer to Paragraph 1, Defendants assert the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the paragraph purports to describe Plaintiffs' allegations but deny the accuracy of those allegations. Defendants deny that Program Rules 5 or 13 are unconstitutional or unlawful. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

2.      In answer to Paragraph 2, Defendants assert the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the accuracy of Plaintiffs' allegations. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

3.      In answer to Paragraph 3, Defendants assert the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the paragraph purports to describe relief Plaintiffs seek but deny the allegations regarding the lawfulness of the EM conditions and deny Plaintiffs are entitled to any relief in this lawsuit. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

4.      In answer to Paragraph 4, Defendants assert the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the Court has jurisdiction over Plaintiffs' allegations, including because they must be presented to the state criminal court in the first instance. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

5.      In answer to Paragraph 5, Defendants assert the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court is an appropriate venue to the extent federal court civil class action jurisdiction over Plaintiffs' claims is proper. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

6.      In answer to Paragraph 6, Defendants admit that, to the best of their knowledge, Plaintiff Simon was 19 years old when he filed the Complaint, had pending charges in San Francisco Superior Court, was granted pretrial release on May 27, 2022 subject to participation in the PTEM Program as a condition of his release from custody, agreed to participate in the PTEM Program as a condition of release, and agreed to Program Rules 5 and 13. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

/ / /

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx

7. In answer to Paragraph 7, Defendants admit that, to the best of their current knowledge, Plaintiff Barber was 43 years old when he filed the Complaint, had pending charges in San Francisco Superior Court, was granted pretrial release on August 13, 2021, subject to participation in the PTEM Program, agreed to participate in the PTEM Program as a condition of release, and agreed to Program Rules 5 and 13. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

8. In answer to Paragraph 8, Defendants admit that, to the best of their current knowledge, Plaintiff Bonilla was 40 years old when he filed the Complaint, had pending charges in San Francisco Superior Court, was granted pretrial release on May 31, 2022, subject to participation in the PTEM Program, agreed to participate in the PTEM Program as a condition of release, and agreed to Program Rules 5 and 13. Defendants lack information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and deny the same on that basis.

9. In answer to Paragraph 9, Defendants assert no response is necessary because Plaintiff Block's claims have been remanded. To the extent a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same on that basis.

10. In answer to Paragraph 10, Defendants assert no response is necessary because Plaintiff CRI's claims have been remanded. To the extent a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same on that basis.

11. In answer to Paragraph 11, Defendants admit that the City is a charter city and county existing pursuant to the California Constitution and its own municipal Charter. Defendants deny that, for purposes of Plaintiffs' claims, the Sheriff acts as a division of the City. Defendants admit that the Sheriff's Community Program's Unit has primary responsibility for administering the PTEM Program. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

12. In answer to Paragraph 12, Defendants deny that, for purposes of Plaintiffs' claims about the PTEM Program and Community Programs Unit, the Sheriff acts as an official of the City. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

13.     In answer to Paragraph 13, Defendants admit that individuals arrested for a criminal offense and booked are booked at County Jail #1. Defendants also admit that the Custody Division is part of all bookings. Defendants deny that all individuals arrested and taken into custody are booked. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

14.     In answer to Paragraph 14, Defendants deny that the San Francisco Pretrial Diversion Project evaluates all individuals held in jail after arrest but admit that the San Francisco Pretrial Diversion Project evaluates criminal defendants arrested for on-view offenses ineligible for a citation release, may provide a Public Safety Assessment, and may recommend one of the listed levels of supervision. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

15.     In answer to Paragraph 15, Defendants admit that Superior Court judges evaluate and determine conditions of release from custody under *In re Humphrey*. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

16.     In answer to Paragraph 16, Defendants admit that Superior Court judges impose the conditions of release from custody including warrantless drug testing, warrantless searches, participation in programming, or prohibitions on gun possession, and that those conditions are based on an individualized determination under California law. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

17.     In answer to Paragraph 17, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny that ensuring future court appearances and protecting public safety are the only constitutionally permissible considerations for the Superior Court in setting pretrial release conditions. Defendants deny that as of November 2020, approximately 52% of individuals released subject to participation in the PTEM Program were released with minimal supervision requirements. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx

remaining allegations on that basis.

18.     In answer to Paragraph 18, this paragraph makes allegations about the contents of Superior Court hearings, which are matters of public record that speak for themselves. To the extent a response is required, Defendants admit that the Superior Court typically orders electronic monitoring during a hearing and otherwise deny the allegations in this paragraph about what the Superior Court does, knows, or approves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

19.     In answer to Paragraph 19, the EM Order is a public document the contents of which speak for themselves. To the extent a further response is required, Defendants admit that Exhibit A appears to be a correct copy of a blank template EM Order used when Plaintiffs filed this lawsuit, admit that the order lists conditions, admit that the order provides "the Court indicates that the defendant has waived their 4th Amendment rights and understands the restrictions ordered by the Court," deny that the form "does not address the Sheriff's Program Rules," deny that the order "contains no reference to search of the individual's person, residence, automobile, or property," and deny that the order "contains no information concerning the retention, storage, or sharing of GPS location data." Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

20.     In answer to Paragraph 20, this paragraph makes allegations about the contents of Superior Court proceedings, which are matters of public record that speak for themselves. To the extent a response is required, Defendants deny the allegations in this paragraph.

21.     In answer to Paragraph 21, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

22.     In answer to Paragraph 22, Defendants admit that this paragraph describes the general practice with respect to enrollment in the PTEM Program. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

23.     In answer to Paragraph 23, Defendants admit that Exhibit B to the Complaint appears to be a correct copy of the PTEM Program rules at the time Plaintiffs filed this lawsuit. Defendants admit

that Sentinel employees and sworn SFSO staff discuss the Program rules with participants and confirm their understanding and agreement. Defendants deny that "[n]o one explains the Program Rules to EM releasees" or that "they are not provided access to counsel while at Sentinel's office." Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

24.     In answer to Paragraph 24, Defendants admit that PTEM Program participants can and should review the Program rules before agreeing to them. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore deny the allegations on that basis.

25.     In answer to Paragraph 25, Defendants deny that criminal defendants are forced to agree to rules 5 and 13. The Program rules at the time Plaintiffs filed this lawsuit are matters of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

26.     In answer to Paragraph 26, the Program rules at the time Plaintiffs filed this lawsuit are matters of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

27.     In answer to Paragraph 27, Defendants deny that criminal defendants are forced to sign, initial, acknowledge, or agree to the PTEM participant contract. Exhibit C to the Complaint appears to be a correct copy of the PTEM participant contract at the time Plaintiffs filed this lawsuit. The participant contract is a matter of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

28.     In answer to Paragraph 28, Defendants contend the participant contract is a matter of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx

29.     In answer to Paragraph 29, Defendants contend the PTEM Program participant contract is a matter of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

30.     In answer to Paragraph 30, Defendants deny the allegations in this paragraph.

31.     In answer to Paragraph 31, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

32.     In answer to Paragraph 32, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

33.     In answer to Paragraph 33, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

34.     In answer to Paragraph 34, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

35.     In answer to Paragraph 35, Defendants admit the allegations in this paragraph with respect to enrollment of PTEM Program participants. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

36.     In answer to Paragraph 36, Defendants admit that they maintain the information described in this paragraph. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

37.     In answer to Paragraph 37, Defendants admit that the Sheriff contracts with Sentinel with respect to the PTEM Program. This contract is a matter of public record, the contents of which speak for themselves. Defendants deny that the contract with Sentinel expired on July 31, 2022. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

38.     In answer to Paragraph 38, Defendants admit that electronic monitoring allows for determination of a participant's location during that participant's time in the PTEM Program if the participant has a functioning monitoring device and has not removed it. Defendants lack sufficient

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx

information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

39.     In answer to Paragraph 39, Defendants deny that Sentinel meets with all PTEM Program participants on a regular basis, including because of non-compliance. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

40.     In answer to Paragraph 40, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

41.     In answer to Paragraph 41, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

42.     In answer to Paragraph 42, Defendants admit that court-ordered search conditions are entered into CLETS and that PTEM Program participants may be searched in accordance with their court-ordered search condition. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore deny the allegations on that basis.

43.     In answer to Paragraph 43, Defendants deny that "Neither law enforcement nor releasees are required to report when these searches occur." Defendants also deny that Program Rule 5 is unlawful. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore deny the allegations on that basis.

44.     In answer to Paragraph 44, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

45.     In answer to Paragraph 45, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

46.     In answer to Paragraph 46, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

47.     In answer to Paragraph 47, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

48.     In answer to Paragraph 48, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

49.     In answer to Paragraph 49, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

50.     In answer to Paragraph 50, Defendants admit that electronic monitoring allows for determination of a participant's location during that participant's time in the PTEM Program if the participant has a functioning monitoring device and has not removed it. Defendants additionally admit that location data is maintained as permitted by the Superior Court. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

51.     In answer to Paragraph 51, Defendants contend that the contract with Sentinel is a matter of public record the contents of which speak for themselves. Defendants deny that monthly reports from Sentinel include all EM participants for the 12 months prior to the date of the report, only including currently active participants. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

52.     In answer to Paragraph 52, Defendants contend that the contract with Sentinel is a matter of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

53.     In answer to Paragraph 53, Defendants contend that the response to the public records act requests by Plaintiffs' counsel are matters of public record the contents of which speak for themselves. Defendants admit that Exhibit D appears to be a correct copy of a contract between the City and Sentinel. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

54.     In answer to Paragraph 54, Defendants admit that PTEM Program participants agree their location information may be shared with other law enforcement agencies. Defendants also admit that Exhibit E appears to be a correct copy of the location data request form in place when Plaintiffs filed this lawsuit. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore deny the allegations on that basis.

/ / /

55.    In answer to Paragraph 55, Defendants contend responses to public records act requests by Plaintiffs' counsel are matters of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

56.    In answer to Paragraph 56, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

57.    In answer to Paragraph 57, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore deny the allegations on that basis.

58.    In answer to Paragraph 58, Defendants contend Penal Code section 1203.018 is a matter of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

59.    In answer to Paragraph 59, Defendants admit that the PTEM Program is based on the orders of the Superior Court and does not rely on Penal Code section 1203.018. Defendants otherwise contend that actions by the San Francisco Board of Supervisors are matters of public record the contents of which speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the allegations on that basis.

60.    In answer to Paragraph 60, Defendants admit that the Board of Supervisors authorized a post-sentenced electronic monitoring program under California law. The contents of that law speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

61.    In answer to Paragraph 61, this paragraph purports to describe Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs' legal contentions have merit. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

62.    In answer to Paragraph 62, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Plaintiffs' allegations speak for

themselves. Defendants deny that certification of the class proposed by Plaintiffs is appropriate. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

63.     In answer to Paragraph 63, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

64.     In answer to Paragraph 64, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants' responses to Plaintiffs' public records requests are matters of public record that speak for themselves. Defendants deny that certification of the class proposed by Plaintiffs is appropriate. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

65.     In answer to Paragraph 65, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

66.     In answer to Paragraph 66, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

67.     In answer to Paragraph 67, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny that Plaintiffs are adequate representatives of their asserted class. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

68.     In answer to Paragraph 68, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

69.     In answer to Paragraph 69, Defendants incorporate their responses to Paragraphs 1–68.

70.     In answer to Paragraph 70, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

71.     In answer to Paragraph 71, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

72.     In answer to Paragraph 72, no response is required because the claims by Plaintiffs

11

Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

73.   In answer to Paragraph 73, Defendants incorporate their responses to Paragraphs 1–72.

74.   In answer to Paragraph 74, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

75.   In answer to Paragraph 75, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

76.   In answer to Paragraph 76, no response is required because the claims by Plaintiffs Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

77.   In answer to Paragraph 77, Defendants incorporate their responses to Paragraphs 1–76.

78.   In answer to Paragraph 78, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

79.   In answer to Paragraph 79, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

80.   In answer to Paragraph 80, no response is required because the claims by Plaintiffs Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

81.   In answer to Paragraph 81, Defendants incorporate their responses to Paragraphs 1–80.

82.     In answer to Paragraph 82, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny any lack of authorizing judicial findings or orders or any unilateral imposition of conditions of release. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

83.     In answer to Paragraph 83, no response is required because the claims by Plaintiffs Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

84.     In answer to Paragraph 84, Defendants incorporate their responses to Paragraphs 1–83.

85.     In answer to Paragraph 85, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny any lack of authorizing judicial findings or orders or any unilateral imposition of conditions of release. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

86.     In answer to Paragraph 86, no response is required because the claims by Plaintiffs Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

87.     In answer to Paragraph 87, Defendants incorporate their responses to Paragraphs 1–86.

88.     In answer to Paragraph 88, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny any lack of authorizing judicial findings or orders or any unilateral imposition of conditions of release. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph

and therefore deny the remaining allegations on that basis.

89.    In answer to Paragraph 89, no response is required because the claims by Plaintiffs Block and CRI have been remanded from this action for lack of standing. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

90.    In answer to Paragraph 90, no response is required because this claim has been remanded to state court. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1–89.

91.    In answer to Paragraph 91, no response is required because this claim has been remanded to state court. To the extent a response is required, Defendants contend that Code of Civil Procedure section 526a is a matter of public record, and its contents speak for themselves. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

92.    In answer to Paragraph 92, no response is required because this claim has been remanded to state court. To the extent a response is required, Defendants deny all allegations asserting they have acted unlawfully. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

93.    In answer to Paragraph 93, no response is required because this claim has been remanded to state court. To the extent a response is required, Defendants deny the allegations in this paragraph.

94.    In answer to Paragraph 94, no response is required because this claim has been remanded to state court. To the extent a response is required, Defendants deny the allegations in this paragraph.

95.    In answer to Paragraph 95, Defendants incorporate their responses to Paragraphs 1–94.

/ / /

/ / /

96.     In answer to Paragraph 96, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph.

97.     In answer to Paragraph 97, this paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny any declaratory judgment in Plaintiffs' favor is proper. Defendants lack sufficient information or knowledge to admit or deny any remaining allegations in this paragraph and therefore deny the remaining allegations on that basis.

98.     In answer to Plaintiffs' Prayer for Relief, Defendants deny each and every legal conclusion and factual assertion and deny that Plaintiffs are entitled to any of the relief sought.

99.     In answer to Plaintiffs' jury demand, Defendants likewise demand a jury trial on all claims and defenses so triable.

## SEPARATE DEFENSES

Defendants allege on information and belief the following separate defenses. Defendants do not waive, but do not need to enumerate specifically their defenses that identify Plaintiffs' failure to meet their prima facie case, such as failure to state a claim or a lack of proximate cause. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1030, 1088 (9th Cir. 2002). By setting forth these separate defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs with Plaintiffs. Moreover, nothing stated in any of these defenses is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. They reserve the right to assert additional defenses in the event that discovery indicates that it would be appropriate to do so.

Except where otherwise stated, each affirmative defense listed below is a defense to every cause of action Plaintiffs allege.

/ / /

/ / /

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

**FIRST SEPARATE DEFENSE**

(Separation of Powers)

The Complaint, and all claims asserted therein, are barred because the relief Plaintiffs seek would improperly vest the federal judiciary with control over state judicial functions and/or law enforcement policymaking. The powers of the federal judiciary are limited to those the Constitution provides. Defendants are absolutely immune with respect to state judicial or law enforcement policymaking functions.

**SECOND SEPARATE DEFENSE**

(Waiver)

The Complaint, and all claims asserted therein, are barred in whole or in part because Plaintiffs consented in their state criminal court proceedings and to the Sheriff to the conditions or release and/or practices they challenge including on the record in court, in the EM Order, OR Release Order, Program rules, and/or in the PTEM Program participant contract.

**THIRD SEPARATE DEFENSE**

(Estoppel)

The Complaint, and all claims asserted therein, are barred in whole or in part because Plaintiffs—having consented in their state criminal court proceedings and to the Sheriff to the conditions or release and/or practices they challenge now in exchange for release from custody—are estopped from denying that they consented.

**FOURTH SEPARATE DEFENSE**

(Incorrect Defendants)

Defendants are not proper parties in this lawsuit. As to the Sheriff, Plaintiffs' grievances are properly directed to the Superior Court that determined their individual conditions of release. As to the City, the PTEM Program is administered by the Sheriff in his state law capacity based on orders from the Superior Court and not in his local capacity.

**FIFTH SEPARATE DEFENSE**

(Standing)

The Complaint, and all claims asserted therein, are barred in whole or in part because Plaintiffs

16

lack standing to assert the claims and/or seek the requested relief including because they are no longer subject to, have never been subject to, or are not likely to be subject to these conditions in the future; have not been harmed by the practices/conditions they challenge such as because they were never subject to a warrantless search; Plaintiffs have never been subject to practices/conditions they challenge; or Plaintiffs otherwise lack pre-requisites for Article III or prudential standing including based on the lack of causation, traceability, or redressability among Plaintiffs' asserted injury and the Sheriff's Program rules or participant contract.

## SIXTH SEPARATE DEFENSE

### (Mootness)

The Complaint, and all claims asserted therein, are barred in whole or in part by the doctrine of mootness. Plaintiffs have, during the course of this lawsuit, left the PTEM Program and so ceased to be subject to a warrantless search condition. To the extent they have rejoined, they have separately, again consented in Court and to the Sheriff to the conditions they challenge.

## SEVENTH SEPARATE DEFENSE

### (Statute of Limitations)

The Complaint, and all claims asserted therein, are barred in whole or in part because they fall outside of the applicable statutes of limitations to the extent Plaintiffs purport to seek relief going back an indefinite period of time.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and all claims asserted therein, are barred in whole or in part by the doctrine of laches because Plaintiffs unreasonably delayed in enforcing their purported rights including by agreeing in court and to the Sheriff to the conditions they now challenge and then later filing a lawsuit against Defendants. The delay prejudiced Defendants, including based on the passage of time, loss of documents, retirement of employees, fading memories, and to the extent that Plaintiffs' injuries could have been avoided or minimized by clarifying conditions of release with the Superior Court.

/ / /

/ / /

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

**NINTH AFFIRMATIVE DEFENSE**

(Preclusion)

To the extent the allegations in the Complaint have been previously litigated, those allegations and/or the Complaint, and each cause of action therein, are barred by the doctrines of claim or issue preclusion. For example, Plaintiffs and class members have or could have litigated the appropriateness of conditions of release in the state criminal court and are barred from relitigating the claims in this Court.

**TENTH AFFIRMATIVE DEFENSE**

(*Rooker-Feldman* Doctrine)

Plaintiffs' claims constitute an inappropriate collateral attack on the Superior Court's pretrial release and detention orders that is barred by the *Rooker-Feldman* doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Omissions of Others)

Plaintiffs' allegations reflect the acts or omissions of another including themselves, their counsel, counsel for the People, and/or the Superior Court, not Defendants.

**TWELFTH SEPARATE DEFENSE**

(Assumption of Risk)

The Complaint, and all claims asserted therein, are barred in whole or in part because Plaintiffs and their class members assumed the risks of the injuries they alleged, including by declining to raise any objection to the challenged conditions with the Superior Court at any time before or after the Superior Court released them subject to participation in the PTEM Program or they signed the Program rules.

**THIRTEENTH SEPARATE DEFENSE**

(Unclean Hands)

The Complaint, and all claims asserted therein, are barred in whole or in part based on the doctrine of unclean hands given Plaintiffs' repeated agreement to the terms of their pretrial release in Superior Court and at the Community Programs Office; counsel they received from their attorneys

1  about the conditions of pretrial release; their criminal activities before and after placement on PTEM;

2  and misconduct while on the PTEM Program.

3  **FOURTEENTH SEPARATE DEFENSE**

4  (*O'Shea* Doctrine)

5  The Complaint, and all claims asserted therein, are barred in whole or in part by the principles

6  set forth in *O'Shea v. Littleton*, 414 U.S. 488 (1974), and related cases which limit federal courts'

7  authority to manage state judicial processes. *See also Stack v. Boyle*, 342 U.S. 1 (1951).

8  **FIFTEENTH SEPARATE DEFENSE**

9  (*Younger* Abstention)

10  The Complaint, and all claims asserted therein, are barred in whole or in part by the principles

11  set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which require the Court to abstain.

12  **SIXTEENTH SEPARATE DEFENSE**

13  (*Heck* Bar)

14  The Complaint, and all claims asserted therein, are barred in whole or in part by the principles

15  set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), because the relief they seek would prevent the

16  Sheriff from carrying out the Superior Court's orders.

17  **SEVENTEENTH SEPARATE DEFENSE**

18  (Exhaustion of Judicial Remedies)

19  The Complaint, and all claims asserted therein, are barred in whole or in part by their failure to

20  exhaust required judicial remedies, including raising their challenges in their criminal cases in the

21  Superior Court in the first instance.

22  **EIGHTEENTH SEPARATE DEFENSE**

23  (Good Faith)

24  The Complaint, and all claims asserted therein, are barred in whole or in part by Defendants'

25  good faith in implementing the Superior Court's orders.

26  / / /

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETEENTH SEPARATE DEFENSE**

(Proper Enforcement of Law)

California Government Code Section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care. The employees whose conduct forms the basis of Plaintiffs' claims exercised due care in their duties and acted consistent with laws governing pretrial conditions of release. Any liability is barred by the provisions of California Government Code Sections 815, 815.2, 815.4, 820.2 in that any purported injury to Plaintiffs or their class resulted from acts or omissions of public employees of Defendants, if at all, in the exercise of discretion vested, including the exercise of the execution and enforcement of the law.

**TWENTIETH SEPARATE DEFENSE**

(Reasonable Diligence as to Mandatory Duty)

The Complaint, and all claims asserted therein, are barred in whole or in part by Defendants' reasonable diligence in discharging a mandatory duty under California Government Code section 815.6.

**TWENTY-FIRST SEPARATE DEFENSE**

(Adopting or Enforcing Enactments)

The Complaint, and all claims asserted therein, are barred in whole or in part by the immunities of public entities and public employees for adopting or failing to adopt or enforce enactments under California Government Code sections 818.2 and 821.

**TWENTY-SECOND SEPARATE DEFENSE**

(Unconstitutional, Invalid, or Inapplicable Enactments)

The Complaint, and all claims asserted therein, are barred in whole or in part by the immunity of public employees for acting under what are later determined to be unconstitutional, invalid, or inapplicable enactments under California Government Code section 820.6.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiffs as follows:

1.      That the Complaint be dismissed in its entirety and with prejudice;

2.      That Plaintiffs take nothing by the Complaint and that any award be subject to offset, setoff, or recoupment;

3.      That judgment be entered in favor of Defendants;

4.      That Defendants recover their fees and costs as allowed by law; and

5.      For such further relief as this Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

Defendants request a trial by jury in this matter on all issues so triable.


Dated:  March 28, 2024

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
ALEXANDER J. HOLTZMAN
JOSE A. ZELIDON-ZEPEDA
STEVEN EGLER
Deputy City Attorneys


By:_____*/s/ Alexander J. Holtzman*_____
ALEXANDER J. HOLTZMAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, PAUL
MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN
FRANCISCO SHERIFF

Defs' Answer to Complaint
Case No. 22-cv-05541 JST

n:\lit\li2022\230184\01629646.docx