AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
Avram D. Frey, State Bar No. 347885
afrey@aclunc.org
Shilpi Agarwal, State Bar No. 270749
sagarwal@aclunc.org
Emi Young, State Bar No. 311238
eyoung@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Justina K. Sessions, State Bar No. 270914
justina.sessions@freshfields.com
Eunice Leong, State Bar No. 320499
eunice.leong@freshfields.com
Olivia Rosen, State Bar No. 340120
olivia.rosen@freshfields.com
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, and JOSUE BONILLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff,<br><br>Defendants. | Case No. 4:22-CV-05541-JST<br><br>(San Francisco County Superior Court, Case No.: CGC-22-601686)<br><br>**DECLARATION OF SUJUNG KIM IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Hon.   Jon S. Tigar<br>Date:  Sept. 12, 2024<br>Time:  2:00 p.m.<br>Dept:  Courtroom 6<br>Trial Date: Not set |

**DECLARATION OF SUJUNG KIM**

I, Sujung Kim, declare:

1. I am an attorney licensed to practice in the State of California and am employed as a deputy public defender at the San Francisco Public Defender's Office. I have worked in this office since 1997. I have personal knowledge of the facts set forth in this Declaration and, if called upon, could testify to those facts.

2. In six cases of which I am aware, the San Francisco Superior Court expressed an intent to order a client of the Public Defender's Office released on pre-trial electronic monitoring (EM) without a four-way search clause or search condition (also known as "1035") but was obstructed or unable to do so because of the Sheriff's refusal to execute such orders.

3. The Public Defender's Office represented Ying Ng, whose initial bail hearing was heard by the Superior Court on March 12, 2024. A true and correct transcript of that hearing is attached as **Exhibit 1** to this Declaration.

4. At the conclusion of Mr. Ng's hearing, the Superior Court ordered Mr. Ng released on EM without a search condition and struck the boilerplate four-way search condition from the EM form order. A true and correct copy of the San Francisco Criminal Court Minute Order issued for Mr. Ng and dated March 12, 2024 is attached as **Exhibit 2** to this Declaration.

5. On March 15, 2024, the District Attorney's office notified the Public Defender by email that the Sheriff informed them Mr. Ng was still in custody, despite the release order, because the judge "did not include a warrantless search condition in his order for release on electronic monitoring." Legal counsel for the Sheriff, Rani Singh, was subsequently included in the email correspondence and responded by email to defend the Sheriff's refusal to release Mr. Ng in the absence of a search condition. A true and correct copy of this email correspondence is attached as **Exhibit 3** to this Declaration.

6. On March 19, 2024, I exchanged text messages with Ms. Singh and expressed my concern that the Sheriff's position regarding the necessity of a search condition for EM release would apply in every case, and that this was inconsistent with Judge Tigar's order that a search

-1-

1  condition could not "be imposed on a blanket basis." Ms. Singh responded "you are assuming
2  Tigar's injunction first is correctly rooted and second that it will be upheld." She went on to say
3  that "courts have choices and if they don't want EM then they should not order it but as we said
4  this is what we need to actually implement the program." True and correct copies of this text
5  message exchange, captured by screenshot, are attached as **Exhibit 4** to this Declaration.

6        7.     On March 22, 2024, Mr. Ng appeared in the Superior Court to address the Sheriff's
7  failure to release him on the previous order. At that time, the Court modified its release orders and
8  ordered Mr. Ng released on EM with a four-way search condition until the Superior Court could
9  make a "final ruling" on the issue. A true and correct transcript of the March 22, 2024 hearing is
10 attached as **Exhibit 5** to this Declaration.

11       8.     Following the Superior Court's modification of the release orders to add a search
12 condition, the Sheriff released Mr. Ng to EM on March 25, 2024. A true and correct copy of the
13 Sheriff Jail Time Report indicating Mr. Ng's date of release is attached as **Exhibit 6** to this
14 Declaration. Mr. Ng spent 13 days in jail following the initial Superior Court release order without
15 a search condition.

16       9.     The Public Defender's Office also represented José Chávez, whose initial bail
17 hearing was heard on March 19, 2024. A true and correct transcript of that hearing is attached as
18 **Exhibit 7** to this Declaration. At that time, the Honorable Judge Hwang of the Superior Court
19 indicated to counsel that he did not intend to impose a "1035", but noted he had heard that the
20 Sheriff might reject the release order if he struck the condition.

21       10.    The Superior Court then entered an order for Mr. Chávez to be released on EM
22 without a search condition. A true and correct copy of the Criminal Court Minute Order for Mr.
23 Chávez, dated March 19, 2024, is attached as **Exhibit 8** to this Declaration.

24       11.    The Sheriff did not release Mr. Chávez in compliance with the Superior Court's
25 order. As a result, the Superior Court held a further hearing regarding Mr. Chávez's release status
26 on March 27, 2024. A true and correct transcript of that hearing is attached as **Exhibit 9** to this
27 Declaration.

28       12.    At the March 27th hearing Mr. Chávez's attorney asked the Superior Court to issue
an order to show cause, directing the Sheriff to explain why it should not be held in contempt and

for holding Mr. Chávez in custody in violation of the Court's order. Judge Hwang indicated the Sheriff's Department informed him "they have a position that they cannot, for officer safety and program reasons, accept people without the 1035." In response to the request for an OSC, the Court stated "I don't think this Court has any authority to order the Sheriff's–but that's subject to larger litigation at this point." The Superior Court then modified its release orders to include a four-way search condition, stating "this is a requirement under the Sheriff's program and so you have to agree to the search condition despite your legal objections if you want to participate in this program."

13. Mr. Chávez was thereafter released on March 27, 2024, eight days after the initial release order without a search condition. A true and correct copy of the Sheriff Jail Time Report indicating Mr. Chávez's date of release is attached as **Exhibit 10** to this Declaration.

14. The Public Defender's Office also represented Otis Mason, whose bail hearing was heard by the Superior Court on March 21, 2024. A true and correct transcript of that hearing is attached as **Exhibit 11** to this Declaration.

15. Mr. Mason was ordered released on EM, and the Superior Court explicitly indicated it was striking the "1035". The Court then signed a form order consistent with these orders. A true and correct copy of Mr. Mason's form order of release is attached as **Exhibit 12** to this Declaration.

16. The Sheriff did not release Mr. Mason in response to the Superior Court's release order. Instead, Mr. Mason remained detained by the Sheriff until April 4, 2024, fourteen days after his initial release order, at which time he was released after resolving his criminal charges and being sentenced to credit for time served. A true and correct copy of the Superior Court Minute Order reflecting Mr. Mason's sentencing to credit for time served is attached as **Exhibit 13** to this Declaration.

17. The Public Defender's Office also represented Nathaniel Roye. Mr. Roye's initial bail hearing was heard by the Superior Court on March 26, 2024. A true and correct transcript of the March 26, 2024 hearing is attached as **Exhibit 14** to this Declaration.

18. At the March 26th hearing, the Honorable Judge Hwang indicated that he was inclined to release Mr. Roye on EM and was willing to strike the search condition "but the sheriff's department's position is that they will only accept GPS referrals with the search condition in place." He noted that striking the search condition would mean Mr. Roye "would stay in custody because

the sheriffs won't accept him under the program." When defense counsel objected to imposition of a search clause solely based on the Sheriff's requirements, Judge Hwang indicated he would order an "ICR" (an in-custody assessment) to see if they could develop an alternative plan for release.

19. Mr. Roye ultimately elected to submit to the Sheriff's search condition to be released on EM. He was released on March 27, 2024, one day after the Superior Court indicated its desire to release him without a four-way search condition. A true and correct copy of the Sheriff Jail Time Report indicating Mr. Roye's date of release is attached as **Exhibit 15** to this Declaration.

20. The Public Defender's Office also represented Luis Rosales Verde, whose bail hearing was heard by the Superior Court on April 17, 2024. A true and correct transcript of Mr. Rosales Verde's April 17, 2024 bail hearing is attached as **Exhibit 16** to this Declaration.

21. During the April 17th hearing, the Honorable Judge Hwang indicated that he intended to order Mr. Rosales Verde released on EM. He then stated that he was "not separately ordering a Court 1035" but indicated that if Mr. Rosales Verde wished to be released on EM the Sheriff required him to submit to a four-way search clause. Mr. Rosales Verde's counsel objected to a search condition imposed by the Sheriff but declined the Superior Court's offer to strike the search condition on the form order, indicating "we know where that ends with Mr. Rosales Verde staying in custody." A true and correct copy of Mr. Rosales Verde's form order of release is attached as **Exhibit 17** to this Declaration.

22. The Public Defender's office also represented Jackson Vandeusen, whose bail hearing was heard by the Superior Court on May 16, 2024. At Mr. Vandeusen's bail hearing, the Superior Court ordered him released on EM without a search condition. A true and correct copy of the Criminal Court Minute Order reflecting the Superior Court's orders of release is attached as **Exhibit 18** to this Declaration.

23. The Sheriff did not release Mr. Vandeusen in response to the Superior Court's order. Instead, on May 17, 2024, an employee of the Sheriff's Department emailed the court clerk regarding the absence of a search condition on Mr. Vandeusen's court order. They added "we will need the minute order corrected allowing a warrantless search condition by at least the SF Sheriff's Office…" This exchange was forwarded by the Superior Court clerk to me as counsel for Mr. Vandeusen and I responded to both the court and Sheriff's Department requesting the Superior

Court calendar a further hearing to address Mr. Vandeusen's release status and objecting that the Sheriff's refusal to execute release in the absence of a search condition violated the federal court's preliminary injunction. Later that day, Sheriff's counsel Rani Singh responded by email that: "as SFSO has made it clear we are not able to effectively supervise someone on EM without the ability to do compliance checks etc which may necessitate basic 10-35 allowances." A true and correct copy of this email correspondence is attached as **Exhibit 19** to this Declaration.

24. On May 20, 2024, the Superior Court held a hearing regarding Mr. Vandeusen, who remained in custody following the May 16th order. A true and correct transcript of the May 20, 2024 hearing is attached as **Exhibit 20** to this Declaration. The Superior Court stated that the Sheriff "does not want to monitor Mr. Vandeusen unless there is what is called a 1035 search condition." The Court ultimately modified its release order to release Mr. Vandeusen without electronic monitoring, rather than imposing a search condition as requested by the Sheriff. The Court also declined to issue an order to show cause as to why the Sheriff detained Mr. Vandeusen in violation of the earlier court order.

25. Mr. Vandeusen was released on May 30, 2024, fourteen days after the Superior Court's initial order of release on electronic monitoring without a search condition. A true and correct copy of the Sheriff Jail Time Report reflecting Mr. Vandeusen's date of release is attached as **Exhibit 21** to this Declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of June, 2024 at San Francisco, California.

_____
Sujung Kim