# EXHIBIT 1

                                                                    1

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
2         IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
3            HONORABLE ERIC FLEMING, JUDGE PRESIDING
4                       DEPARTMENT NO. 22
5                          ---oOo---
6
7    PEOPLE OF THE STATE OF CALIFORNIA,
              Plaintiff,
8
         vs.
9                                              No. CRI 24003587
     YING NG,
10
              Defendant.
11   _____/
12
13
                 Reporter's transcript of proceedings
14
                             date of
15
                         March 12, 2024
16
17
18
19
                       A P P E A R A N C E S
20
21
             For the People:
22           BROOKE JENKINS, DISTRICT ATTORNEY
             DANIEL AMADOR, Assistant District Attorney
23
             For the Defendant:
24           MANUHAR RAJU, PUBLIC DEFENDER
             TATIANNA HOWARD, Deputy Public Defender
25
26
27
28   Reported by:  Anthony C. Vaughn - CSR No. 6185

2

1    March 12, 2024                                    A.M. Session
2                          ---oOo---
3         THE COURT: Line 70, Ying Ng.
4         MR. AMADOR: Daniel Amador appearing by Zoom.
5         MS. HOWARD: Tatianna Howard with the Public
6    Defender's Office appearing on behalf after Mr. Ng.  He's
7    present before the Court in custody, being assisted by a
8    Cantonese interpreter.
9         THE INTERPRETER: Cantonese interpreter Tom Lam,
10   300125, my oath on file.
11        THE COURT: Good morning everyone.  He's being
12   arraigned on an indictment, Superior Court case number
13   216790.
14        Do you need a copy of it, Ms. Howard?
15        MS. HOWARD: I believe the copy of the indictment
16   that I have is from 2011.  Is that the same one that the
17   Court is looking at?
18        THE COURT: Yes, October 25th, 2011.
19        MS. HOWARD: I don't need a copy of it.  I can
20   proceed with the arraignment.  The Public Defender's
21   Office will accept representation.
22        I acknowledge receipt of the indictment complaint,
23   although I do not have discovery.  I informed Mr. Amador
24   of that.  He did send me the transcript of the grand jury
25   indictment proceedings.
26        THE COURT: He sent you the transcripts?
27        MS. HOWARD: Yes, that's all I have.
28        MR. AMADOR: So what I sent was on 8:50 a.m. on

1  Thursday, March 7th, I believe.  I sent the report that we
2  received from the Contractor's State Licensing Board,
3  which is the same as a police report, probably more.
4  About 15 pages.
5      And then I sent the 102-page transcript from the
6  grand jury proceedings.
7      I have not sent Ms. Howard the document that supports
8  the report, which is contracts and checks and things like
9  that.  It's about 300 pages, and last night I reviewed
10 them, and I'm prepared for them to go out today.
11     MS. HOWARD:  I think that's what I was explaining.  I
12 do have the transcript.  I do have the grand jury
13 indictment.  I do have a report.  I do not have a complete
14 discovery packet.
15     I am arraigning him.  So again, I waive formal
16 reading and advisement of rights, enter a plea of not
17 guilty.  We're prepared to proceed on a time not waived
18 basis.
19     And I am going to be asking for his release today.
20     The matter is from well before 2011.  I recognize
21 that Mr. Ng bench warranted at a time prior to his
22 preliminary hearing.  However, he has been in the United
23 States since then, and he has remained trouble free since
24 then.  So I don't think there is any concern for public
25 safety or fleeing.
26     I have contact information for him and for other
27 individuals of his family.
28     THE COURT:  How is he not a flight risk?  We're

1  talking 13 years.
2      MS. HOWARD:  One moment.
3      [Conference with client.]
4      MS. HOWARD:  It's my understanding that conversations
5  between him and his previous attorney weren't well
6  established, and so I don't believe he was aware that
7  there was a bench warrant because he has not been in
8  trouble.  I don't think he was ever made aware of there
9  being a bench warrant.
10     He does have an address that he can stay at.  He does
11 have family members both inside of San Francisco and in
12 Sacramento.
13     THE COURT:  Do you know how he was picked up?
14     [Conference with client.]
15     MS. HOWARD:  He was stopped while driving.
16     THE COURT:  Mr. Amador.
17     MR. AMADOR:  I believe it was just a traffic stop.
18     THE COURT:  No, what's your position on bail and
19 release?
20     MR. AMADOR:  I object to an oral motion like this
21 without notice.
22     THE COURT:  Okay.
23     MS. HOWARD:  At arraignment I don't believe --
24     MR. AMADOR:  He failed to appear for his preliminary
25 hearing on September 13, 2011.  So I find it hard to
26 imagine he didn't know that he didn't needed to show up
27 anywhere.
28     I don't have anything about his whereabouts.

1     THE COURT: Has he picked up any new cases?
2     MR. AMADOR: I'm not aware of him picking up any new
3 cases in California.
4     THE COURT: He'll be released on electronic
5 monitoring as a condition of his release.
6     Mr. Ng, I need to admonish you regarding electronic
7 monitoring:
8     As a defendant on electronic monitoring you shall
9 obey all orders and rules given by a San Francisco
10 sheriff's employee or contract service provider --
11     MS. HOWARD: I'm sorry, one moment, Your Honor.
12     [Conference with client.]
13     MS. HOWARD: Okay, the Court can proceed.
14     THE COURT: Just to be clear, Mr. Amador is correct
15 that a written motion would need to be filed even at
16 arraignment in terms of whether or not he should be
17 released on less restricted means or OR when there's no
18 real change of circumstances from the preliminary hearing.
19     MS. HOWARD: With the exception that he bench
20 warranted at the preliminary hearing. If someone comes
21 back in custody on a bench warrant there is no need for an
22 oral motion. I'm allowed to make a pitch for their
23 release.
24     I can file a motion. I just want --
25     THE COURT: I want to make sure there's no
26 misunderstanding with everyone. I told them if there's
27 going to be a request for release on OR motion motions
28 must be filed unless there's exceptional circumstances.

1  This is 13 years ago.  That's the reason the Court does
2  find exceptional circumstances, and the D.A. should
3  definitely be prepared to argue this motion, and anyone
4  would know that's coming.
5       That being said, the Court finds that there are less
6  restrictive means to assure his appearance in court.  This
7  individual has picked up no new cases.
8       Looking at the charges here, they're not violent
9  felonies or anything with injuries or weapons.
10      The Court finds that the real question is whether
11 he's a flight risk, but that can be managed via electronic
12 monitoring.
13      So therefore by clear and convincing evidence the
14 Court is going to put Mr. Ng on electronic monitoring.
15      Sir, as a defendant on electronic monitoring you
16 shall obey all orders and rules given by the Sheriff's
17 employee or contract service provider and reside within 50
18 driving miles of the Sheriff's electronic monitoring
19 office.  Participants cannot travel more than 50 driving
20 miles from the San Francisco Sheriff's electronic
21 monitoring office without prior approval of the Court or
22 the San Francisco Sheriff's office.
23      Defendant shall submit to a search of their person,
24 property and home at any time by San Francisco Sheriff's
25 sworn staff or any peace officer acting on behalf of and
26 with the express permission of the San Francisco Sheriff's
27 Office.
28      You shall obey all laws.

1    You shall report any changes of residence immediately
2    to the San Francisco Sheriff's electronic monitoring
3    employee or contract service provider.
4        You shall charge or maintain the monitoring device as
5    instructed and not tamper with, defeat or remove the
6    monitoring device.
7        You shall report any arrest, citation, law
8    enforcement contact to a San Francisco Sheriff's community
9    program employee within 24 hours.
10       You shall not possess or consume any controlled
11   substance without a valid legal prescription.
12       Sir, do you accept these conditions of electronic
13   monitoring?
14       THE DEFENDANT:  Yes.
15       MS. HOWARD:  And Your Honor, just for the purpose of
16   the record, I am objecting to the sharing of information
17   by the Sheriff's Office of the electronic monitor GPS
18   location services to any other agency for any other means
19   outside of ensuring his return to court.
20       THE COURT:  Understood.
21       And did I admonish him on the search condition?
22       MS. HOWARD:  You did.
23       THE COURT:  I didn't mean to do that.  There is no
24   search condition.  The Court is not finding a warrantless
25   search condition based on the facts of this case.
26       Unless you can tell me why a search condition would
27   be warranted.
28       MR. AMADOR:  I don't have any argument in favor of

1  the search condition.

2  However, I would like to make a request to the Court
3  that the defendant to turn over his passport, to the
4  extent he has one.  It appears he was arrested on February
5  28th, 2024 in Lassen County, so I don't know what his
6  current connection to San Francisco is, which is why I was
7  hoping for a written paper to describe a little bit more
8  about his circumstances over the last 12 and a half years.

9  THE COURT:  I'm not going to ask that his passport be
10  turned over at this time.  He was gone for 13 years, but
11  we don't know where he was.

12  I misspoke.  What I meant to say is I think the
13  exceptional circumstance here is not only 13 years, but
14  it's that it was an indictment, right, Grand Jury?

15  MS. HOWARD:  After Mr. Ng failed to appear for his
16  preliminary hearing, the grand jury was convened one month
17  later and issued an indictment in October of 2011.

18  THE COURT:  Okay.

19  MR. AMADOR:  We filed the complaint in April 2011, so
20  he was aware of the criminal charges obviously.

21  MS. HOWARD:  My understanding of the previous matter
22  is it was supposed to be dismissed, or at least one of the
23  matters.

24  I don't know if Mr. Amador wants to do that here or
25  in Department 20.

26  THE COURT:  What type of theft was this, very
27  quickly?

28  MR. AMADOR:  Diversion of construction funds, 484(b),

9

1  a form of theft in the construction industry.
2      THE COURT:  How much?
3      MR. AMADOR:  About $60,000.
4      THE COURT:  Next court date -- pull or waive time?
5      MS. HOWARD:  I'll set it on a time not waived basis.
6      THE COURT:  Last day for jury trial is May 13th.
7  Jury trial date April 26th.
8      MS. HOWARD:  I'm sorry, Your Honor, can I have one
9  moment?
10     [Conference with client.]
11     MS. HOWARD:  I'm sorry, we are going to waive time
12 considering that he's being released and the fact that I'm
13 still missing at least 300 pages of discovery.  I am going
14 to ask that be turned over as soon as possible.  I'll make
15 an ongoing discovery and reserve the right to demur.  But
16 I'll enter into a time waiver and set both a pretrial
17 conference and a to set date with hopefully waiving Mr.
18 Ng's appearance.
19     THE COURT:  Mr. Amador, are you able to hear?
20     MR. AMADOR:  I heard they would like to enter a
21 general time waiver.
22     THE COURT:  She also said she is missing about 300
23 pages of discovery.  She is making that ongoing request.
24     MR. AMADOR:  I sent my paralegal an email at about
25 6:00 p.m.  It will go out today.
26     THE COURT:  Mr. Ng, sir, good morning.
27     You were arraigned on the information this morning,
28 which means you have the right to have a speedy trial.

1    This means you have a right to have your jury trial
2    commence by May 13th.  That's called a speedy trial right.
3        I've been informed by your counsel that you wish to
4    waive your right to a speedy trial and enter into a
5    general time waiver; is that correct, sir?
6        THE DEFENDANT:  What do I agree to?
7        [Conference with client.]
8        THE COURT:  I'll repeat myself, sir.
9        Currently you're arraigned on the indictment today.
10   That means you have the right to a speedy trial within 60
11   days of today's date.  That means you have a right to have
12   your jury trial commence by May 13.  That would be 60 days
13   from today.  I've been informed by your counsel that you
14   wish to waive your right to a speedy trial and enter into
15   a general time waiver; is that correct, sir?
16       THE DEFENDANT:  Yes.
17       THE COURT:  Do you have any questions about the right
18   you were asked to give up?
19       THE DEFENDANT:  No.
20       THE COURT:  Let the record reflect a general time
21   waiver.  We have a to set date.  Counsel?
22       MS. HOWARD:  Can I do April 16th?
23       THE COURT:  Next court date is April 16th to set jury
24   trial.  Defendant's ordered present on this day.
25       MS. HOWARD:  Can he appear via Zoom?
26       THE COURT:  Well, no, he was gone 12 years.  He's
27   ordered present on that day.
28       MR. AMADOR:  Just for the record, my understanding --

1   I think Ms. Howard was alluding to this earlier -- the
2   earlier case, so now this is the new case with an
3   indictment.  The old case which is currently set in
4   Department 20, we'll dismiss that 1387 subdivision (3).
5        THE COURT:  If that's what you choose to do.
6        MR. AMADOR:  Thank you, Your Honor.
7                         ---oOo---

12

## CERTIFICATE OF REPORTER

I, Anthony C. Vaughn, Certified Shorthand Reporter, Certificate Number 6185, do hereby certify that I was the Official Court Reporter assigned to the herein captioned case; that I reported in shorthand the proceedings and subsequently caused said shorthand to be prepared into English.

I further certify that the foregoing is a full, true and correct reflection of the proceedings had in the herein-captioned case.

May 11, 2024                    _____

                                Anthony C. Vaughn, CSR