# EXHIBIT 9

```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                      FOR THE COUNTY OF SAN FRANCISCO

 3                BEFORE THE HONORABLE VICTOR HWANG, JUDGE

 4                              DEPARTMENT 17

 5                                 -o0o-

 6   PEOPLE OF CALIFORNIA,          )
                                    )
 7        Plaintiff,                )
                                    )
 8   vs.                            )   CASE NO. 24003973
                                    )
 9                                  )
     JOSÉ RENÉ CHÁVEZ,              )
10                                  )
                                    )
11        Defendant.                )
     _____)
12
                         TRANSCRIPT OF PROCEEDINGS
13
                            IN CUSTODY REVIEW
14
                       VOLUME 2 OF 2 - PAGES 1 - 9
15
                             MARCH 27, 2024
16

17   APPEARANCES:

18   FOR THE PEOPLE:              DENNIS GUZMAN, ESQ.
                                  San Francisco District Attorney
19                                350 Rhode Island Street
                                  North Building 300 N
20                                San Francisco, CA 94103

21
     FOR THE DEFENDANT:           LEO FISSEL, ESQ.
22                                San Francisco Public Defender
                                  Office
23                                555 7th Street
                                  San Francisco, CA 94103
24

25   ALSO PRESENT:

26   Jose Torres, Spanish Interpreter

27   TRANSCRIBED BY:              KHALEELAH GANTT

28
```



```
1            SAN FRANCISCO, CALIFORNIA - TUESDAY, 19 MARCH 2024
2                            MORNING SESSION
3                       (PROCEEDINGS IN OPEN COURT)
4           (Call to order at 11:40 a.m.)
5             MR. FISSEL:  Your Honor, can we call Mr. Chavez
6    here?
7             THE COURT:  Well, he's not on our calendar.
8             MR. FISSEL:  Well I'd like to add him to the
9    calendar, please.
10            THE COURT:  Okay.  It's going to take a minute,
11   let's pass it for a moment, we'll add him to calendar.
12          (Recess at 11:40 a.m., recommencing at 11:52 a.m.)
13            THE COURT:  Do we have Mr. Chavez on the calendar?
14            THE CLERK:  We do.
15            THE COURT:  There he is, okay.  Recalling lines 12
16   and 13 on our CT calendar, are the matters of Jose Chavez,
17   who's present in custody.
18            May I have appearances of counsel and our
19   interpreter?
20            MR. GUZMAN:  Dennis Guzman for the People.
21            MR. FISSEL:  Leo Fissel, deputy public defender,
22   specially appearing for Mr. Dickson, on behalf of Mr. Chavez,
23   who's being assisted by a Spanish language interpreter.
24            THE INTERPRETER:  Jose Torres (phonetic), Spanish
25   language interpreter, certification number 30124055.
26            THE COURT:  Thank you.
27            MR. FISSEL:  This case is back because the Court had
28   ordered Mr. Chavez to be released on an electronic monitor and
```



1  had not found that he needed a search condition.  However, the
2  Sheriff's Office wouldn't release him without a search
3  condition.  So here, Your Honor, the Sheriff is in violation
4  of this Court's order to release the client on the 19th.  This
5  Court should order the Sheriff to show cause of why it
6  shouldn't be held in contempt and for holding this person for
7  nine days in violation of this Court's order.  That's our
8  first request.
9              THE COURT:  I've had a subsequent conversation with
10 the Sheriff's Department.  My understanding is they have a
11 position that they cannot, for officer safety and program
12 reasons, accept people without the 1035 condition, especially
13 if there is electronic monitoring it is a condition that is a
14 constant search, so it requires a waiver of the 1035 from
15 their standpoint.  I understand this is up for litigation.
16             MR. FISSEL:  I understand that's their position,
17 Your Honor.  But the Sheriff's Office is subordinate to the
18 Court.  The Court made a ruling and the Sheriff's Office is
19 refusing to enforce it.  So we'd like an order for the Sheriff
20 to show cause of why they're violating a court order, which
21 ironically holds a lot of our clients in custody for violating
22 a court order.
23             THE COURT:  I don't think the Sheriff is under the
24 jurisdiction of the Court.  For example, I can't order that
25 somebody be housed in a certain area, I could not order that
26 they accept somebody on home detention outside of the 50 mile
27 radius.  The Sheriff's Department is an independent department
28 that has the authority to set their own rules for their

1  program.  So I don't think this Court has any authority to
2  order the Sheriff's -- but that's subject to larger litigation
3  at this point.  I think we had this discussion when I released
4  Mr. Chavez, that there was a danger that the Sheriff's would
5  not accept release under those terms and so.
6           MR. FISSEL:  Then our second request, Your Honor, if
7  we're not going to -- our first request is denied for an order
8  to show cause; is that correct?
9           THE COURT:  Yeah.
10           MR. FISSEL:  Then our second request is this Court's
11  already determined that the condition is unwarranted and that
12  detention is unwarranted and if the Sheriff's not going to
13  supervise this person on electronic monitor without a search
14  condition, and the Court won't enforce its own order that the
15  Sheriff do so, then this Court's legally bound to release Mr.
16  Chavez without the electronic monitor.  The Court can't detain
17  someone because the Sheriff wants to dictate release
18  conditions.  The federal court's preliminary injunction order
19  dated 3/13/24 shows that the current paradigm -- it's illegal
20  and the Court cannot constitutionally continue with it.
21           THE COURT:  All right.  I'll invite briefing if he
22  doesn't want to do --
23           MR. FISSEL:  No, my request is for the Court to
24  release him without the electronic monitor.
25           THE COURT:  Okay, I'm not going to do that --
26           MR. FISSEL:  Okay.
27           THE COURT:  -- in light of the fact that he's
28  violated the Court's order, I'm willing to explore other

1  options through an in-custody referral.
2      MR. FISSEL:  So if that's the Court's rulings, then
3  Mr. Chavez is willing to accept the search condition, he's
4  only agreeing to that in order to be released and he has no
5  choice given the Court's previous rulings.  He wants to
6  maintain his objection to it.
7      THE COURT:  Certainly.
8      MR. FISSEL:  And we're going to object under <u>People</u>
9  <u>v. Welch</u>, which is a 1993 case, it's 5 Cal 4th 228.
10     THE COURT:  People have any position?
11     MR. GUZMAN:  Your Honor, we'll submit to the Court
12 at this point, I believe Mr. Chavez was found to require a
13 higher level of supervision than ACM was able to provide at
14 this time.  I don't have full briefing on this matter at this
15 point, so People submit at this time.  I believe that's its
16 current position.
17     MR. FISSEL:  And Your Honor, just to be abundantly
18 clear, it's page 21 of the federal order and it states, "This
19 sort of process and this sort of program with the Sheriffs
20 extinguishes judicial discretion and the possibility of true
21 individualized review."  And with that, we will agree in this
22 situation to the search conditions.
23     THE COURT:  Okay.  All right.  So I'll order him
24 rereleased on I think it was ACM and GPS to enforce the
25 stay --
26     MR. FISSEL:  Correct, there's a --
27     THE CLERK:  OR.
28     THE COURT:  OR GPS?  Okay.  I will release him on OR



```
 1   with GPS monitoring to enforce the stay away order.
 2            MR. FISSEL:  I see two upcoming dates, Your Honor.
 3            THE CLERK:  It includes the -- one is a search.
 4            THE COURT:  It's Mr. Chavez, over your attorney's
 5   legal objections, I am now imposing the search condition I had
 6   previously said that I would not impose the search condition
 7   because I'm mostly interested in having you stay away from
 8   this area.  But this is a requirement under the Sheriff's
 9   program and so you have to agree to the search condition
10   despite your legal objections if you want to participate in
11   this program.
12            MR. FISSEL:  Your Honor, I see two upcoming dates.
13   There's a April 4th date that's in our calendar, but I think
14   won't actually be on calendar because probation, it looks
15   like, was reinstated on additional terms and conditions.  He
16   also has a pre-trial diversion date in June, which is June
17   20th.  So I guess we've confirmed that date.
18            THE COURT:  Well, he's on for trial -- is he on for
19   trial April 4th?  Or is he diverted on this case?
20            MR. FISSEL:  The April --
21            MR. GUZMAN:  I believe there's a trial date set,
22   Your Honor.
23            MR. FISSEL:  April 4th date was an MTR, that is
24   sounds like resolved on the 19th.
25            MR. GUZMAN:  Right.
26            THE CLERK:  April 4th (indiscernible) --
27            THE COURT:  What's the status of the open case?
28            MR. FISSEL:  From my notes, it looks like it was
```



1 diverted and there's a 6/20/24 status date.
2 MR. GUZMAN: That's correct. It is set out to June
3 20th as the termination date, I believe. I think that was
4 handled at a previous calling in this case.
5 THE COURT: All right. Let me ask one other
6 dangerous question. Should I include both case numbers on
7 these release forms?
8 MR. FISSEL: Well, one's an MTR, right? I think
9 there's just one open case.
10 THE COURT: I don't recall how I filled it out
11 earlier, but he's showing OR on the --
12 MR. FISSEL: Yeah let me --
13 THE COURT: -- MTR.
14 MR. FISSEL: -- confirm right now what's holding him
15 and then that should resolve that.
16 THE COURT: So we're vacating the April 4th dates as
17 to both lines and continuing this until June 20th.
18     (Counsel confer)
19 MR. FISSEL: It looks like he was previously OR'd on
20 the other case, Your Honor. I have the minutes reflecting
21 that, too.
22 MR. GUZMAN: Yeah, I think that was the OR for
23 GPS --
24 THE COURT: Okay.
25 MR. GUZMAN: -- Your Honor. But it appears to
26 reflect it for both lines, both MTR and for the diversion
27 case. So I'm not 100 percent sure if that would be inclusive
28 of both for the order.

8

1       THE COURT: All right. I'll invite counsel to
2  review all of the paperwork because I don't want him to get
3  held up over paperwork.
4       (Proceedings adjourned at 12:00 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CERTIFICATION

I, KHALEELAH GANTT, a court-approved transcriber, do hereby certify that the foregoing transcript, pages 1 through 9, is a correct transcript from the official electronic sound recording of the proceedings in the above entitled matter, to the best of my professional skills and abilities.

_____
Khaleelah Gantt CDLT-285    April 10, 2024
Digital Court Transcriber

