# EXHIBIT 14

```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     FOR THE COUNTY OF SAN FRANCISCO

 3                 BEFORE THE HONORABLE VICTOR HWANG, JUDGE

 4                              DEPARTMENT 17

 5                                  -o0o-

 6   PEOPLE OF CALIFORNIA,          )
                                    )
 7        Plaintiff,                )
                                    )
 8   vs.                            )    CASE NO.  24005110
                                    )
 9                                  )
     NATHANIEL ROYE,                )
10                                  )
                                    )
11        Defendant.                )
                                    )
12
                            TRANSCRIPT OF PROCEEDINGS
13
                                    HEARING
14
                        VOLUME 1 OF 1 - PAGES 1 - 8
15
                               MARCH 26, 2024
16

17   APPEARANCES:
     FOR THE PLAINTIFF:             KIRK GURL, ESQ.
18                                  San Francisco District
                                    Attorney's Office
19                                  350 Rhode Island Avenue
                                    San Francisco, CA 94103
20

21
     FOR THE DEFENDANT:             LEO FISSEL, ESQ.
22                                  San Francisco Public Defender's
                                    Office
23                                  555 7th Street
                                    San Francisco, CA 94103
24

25   TRANSCRIBED BY:                HANA COPPERMAN

26

27

28
```



1         INDEX - VOLUME 1 - (Pages 1 - 8)
2                       SESSIONS
3                                                        PAGE
   MARCH 26, 2024
4      MORNING SESSION                                    3

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
 1                SAN FRANCISCO, CALIFORNIA - TUESDAY, 26 MARCH 2024
 2                          MORNING SESSION
 3                     (PROCEEDINGS IN OPEN COURT)
 4           (Call to order at 10:14 a.m.)
 5           THE COURT:  Line 1 on the late calendar is Nathaniel
 6   Roye.  May I have appearances?
 7           MR. GURL:  Good morning, Your Honor.  Kirk Gurl
 8   (phonetic) for the People.
 9           MR. FISSELL:  Leo Fissell, deputy public defender
10   seeking appointment.
11           THE COURT:  Yes.  You're appointed.
12           MR. FISSELL:  Thank you, Your Honor.  We're going to
13   waive formal instruction and arraignment, enter pleas of not
14   guilty, deny the allegations, reserve the right to demur, and
15   make a motion for ongoing discovery.
16           Concerning release, Your Honor, I'm asking for OR.
17   I understand that this is a violation of a court order.  Mr.
18   Roye didn't -- I think it's actually in the police report.  He
19   thought it had expired.  It was a temporary restraining order.
20   He intends on challenging the underlying civil restraining
21   order on the hearing date, which is April 4th.
22           I've explained the situation to Mr. Roye, that
23   currently he needs to stay 500 yards away from that address.
24   We talked about how far 500 yards is.  It's quite a distance.
25   He's going to comply with that.  I think this case may resolve
26   after the civil hearing.  I think that may be dispositive.
27           THE COURT:  So let me --
28           MR. GURL:  I'm asking for OR release.
```



1     THE COURT: Let me tell you what I'm thinking out
2  here. I'll argue it from both sides. What I would be
3  inclined to do is to follow pre-trial in terms of the ACM. I
4  would impose the additional condition of the GPS to monitor
5  and enforce the stay away order. I think both attorneys may
6  know informally, through discussions with the Court, the Court
7  has recently had another case involving GPS where the Court
8  has stricken search conditions. I would not necessarily
9  impose search conditions in this case as a Court order, but
10 the sheriff's department's position is that they will only
11 accept GPS referrals with the search condition in place. I
12 shouldn't say search condition. It's more of a 1035. And as
13 I understand it, their position is that the monitoring of the
14 GPS as well as contacts that they have to make with defendants
15 on GPS require a waiver of Fourth Amendment rights and the
16 search condition.
17     MR. FISSELL: And Your Honor, I think --
18     THE COURT: So I'm -- if you want -- as I've offered
19 in prior cases, I'm willing to release him on ACM GPS and
20 strike it. It would end up, I think, meaning he would stay in
21 custody because the sheriffs won't accept him under the
22 program.
23     MR. FISSELL: I understand that. I am very
24 concerned about the search condition. It's the subject of a
25 court case right now. I think the least restrictive means is
26 regular ACM referral. We haven't tried that in this case.
27 Again, I've explained the situation. I think an ACM referral
28 is warranted at this time without a custody referral.

1       I've talked to Mr. Roye about the services they can
2  offer. He's willing to do that. He's going to meet with them
3  tomorrow. I'd like to start there. If there are issues after
4  that, I'd understand a GPS. But I don't think we're there
5  yet.
6       THE COURT: All right. What's the People's
7  position?
8       MR. GURL: Your Honor, I believe that GPS monitoring
9  with a search condition would be a good idea in this case.
10 The Defendant has been a major problem for residents and other
11 members of the community in the Marina district. And he has
12 clearly failed to obey a court order already. Based on that,
13 I think we do need to have higher standards of supervision to
14 make sure that the residents are able to enjoy their lives in
15 their neighborhood, so.
16      MR. FISSELL: Mr. Roye and the other parties in this
17 restraining order were the parties in another court case, a
18 recent court case that got a lot of media attention, where the
19 people named here assaulted Mr. Roye and his friends, bear
20 maced them on the street. That was a court -- a jury decided
21 that was self-defense. So Mr. Roye is the one who has been
22 abused in this neighborhood. I think that will come up in the
23 litigation about this restraining order.
24      At this time, again, we're asking for just an ACM
25 release.
26      THE COURT: All right? I'm not taking into account
27 whatever other litigation there may be. It's been my practice
28 for the last year and a half is basically when you violate a

1  court's order, that I then increase the level of supervision
2  in order to enforce it, so.
3           MR. FISSELL:  And that increased supervision is an
4  out-of-custody ACM approach and another court order.
5           THE COURT:  The practice I've had in all narcotics
6  cases, any kind of stay away cases, is to impose the GPS.  And
7  the problem I have right now is that I don't want to force him
8  to give up his 1035.  If he doesn't want to do it, I'll refer
9  him for an ICR to see if there's a different option, but I can
10 only consider the alternatives that are before me right now.
11          It looks like -- I did see his explanation, but it
12 looks like he was just served two days prior with this
13 restraining order, so I don't accept the explanation that he
14 thought it was expired.
15          MR. FISSELL:  Well, now he knows about it.  We've
16 had extensive conversations about it.  The Court's told him
17 about it.  He fully understands, Your Honor.  There's not
18 going to be any issues here.  You're saying you don't want to
19 force him to give up his Constitutional rights, but you kind
20 of are, right?  That's the only way he's going to get out of
21 custody.
22          THE COURT:  The alternatives I have before me are I
23 can release him with a search condition.  I can refer him to
24 ICR.  Those are the two that I'm considering.  If you want me
25 to strike the 1035, and you can take a writ and appeal that,
26 I'm willing to do that.  I wouldn't normally.  As I've said on
27 the record, this isn't a case -- I want to enforce the stay
28 away order.  There's no weapon here that I'm concerned about.

1  So I'm not imposing a search condition as a court order.  I
2  can't control what the sheriff does with their program.
3             MR. FISSELL:  So we can circumvent that by releasing
4  him without the GPS.
5             THE COURT:  I need a better way to enforce the stay
6  away order, since he's violated the Court's order already.
7             MR. FISSELL:  It's not the least restrictive means,
8  Your Honor, which is required under Humphrey.
9             THE COURT:  Well, why don't we set it for an ICR and
10 come up with a better plan, because I don't have one other
11 than that.  Again, my standard practice, whenever you violate
12 the Court's order, is to impose a higher level, including GPS.
13            MR. FISSELL:  This isn't a standard case, Your
14 Honor.  It's a nonviolent restraining order violation,
15 temporary restraining order, where the parties who were
16 protected weren't even there.  This is different than a sales
17 case, where someone's back on the same blocks.  I think a
18 blanket policy isn't really doing any justice here in this
19 situation, this specific case.
20            THE COURT:  Okay.  I have given you the options.  I
21 think I'm defaulting right now to ordering ICR to see if there
22 can be a plan developed for his release.  If he got placement
23 somewhere else, I think that could satisfy the Court as a
24 different way to satisfy the enforcement of the stay away
25 order.
26            MR. FISSELL:  The best promote?
27            THE COURT:  Yes.
28        (Proceedings adjourned at 10:21 a.m.)



1                              CERTIFICATION

2

3        I, HANA COPPERMAN, a court-approved transcriber, do

4   hereby certify that the foregoing transcript, pages 1 through

5   8, is a correct transcript from the official electronic sound

6   recording of the proceedings in the above entitled matter, to

7   the best of my professional skills and abilities.

8

9

10

11   *Hana Copperman* (signature)

12   _____

     Hana Copperman CET-487                        April 11, 2024
13   Digital Court Transcriber

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28