# EXHIBIT 16

```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                       FOR THE COUNTY OF SAN FRANCISCO

 3                 BEFORE THE HONORABLE VICTOR M. HWANG, JUDGE

 4                                DEPARTMENT 17

 5                                   -o0o-

 6  PEOPLE OF THE STATE OF        )
    CALIFORNIA,                   )
 7                                )
                                  )
 8       People,                  )
                                  )   CASE NO. 24006870
 9  v.                            )
                                  )
10  LUIS ALFREDO ROSALES VERDE,   )
                                  )
11       Defendant.               )
                                  )
12  _____

13                          TRANSCRIPT OF PROCEEDINGS

14                             ARRAIGNMENT HEARING

15                         VOLUME 1 OF 1 - PAGES 1 - 9

16                                APRIL 17, 2024

17
    APPEARANCES:
18
    FOR THE PEOPLE:                   UNKNOWN UNKNOWN, ESQ.
19                                    San Francisco District
                                      Attorney's Office
20                                    350 Rhode Island Street #400
                                      San Francisco, CA 94103
21
22  FOR THE DEFENDANT:                LEO D. FISSEL, ESQ.
                                      San Francisco Public Defender's
23                                    Office
24                                    555 7th Street
                                      San Francisco, CA 94103
25
    TRANSCRIBED BY:                   SOPHIA LONG
26
27
28
```



1          INDEX - VOLUME 1 - (Pages 1 - 9)

2                       SESSIONS

3                                                          PAGE
   APRIL 17, 2024
4       AFTERNOON SESSION                                    3

```
 1              SAN FRANCISCO, CALIFORNIA - WEDNESDAY, 17 APRIL 2024
 2                            AFTERNOON SESSION
 3                       (PROCEEDINGS IN OPEN COURT)
 4            (Call to order at 2:27 p.m.)
 5            THE COURT:  Yes.  And who do we have?
 6            THE CLERK:  Line 2 on the afternoon arraignment
 7   calendar?
 8            THE COURT:  After 2 -- line 2 on the afternoon
 9   arraignment calendar is a matter of Luis Alfredo Rosales
10   Verde.
11            Good afternoon.  I'll appoint the Public Defender's
12   Office.
13            May I have appearances of counsel and our
14   interpreter?
15            UNIDENTIFIED SPEAKER:  (Indiscernible) for the
16   People.
17            MR. FISSEL:  Leo Fissel, Deputy Public Defender for
18   Mr. Rosales Verde, who's present before the Court, being
19   assisted by the Spanish language interpreter.
20            THE COURT:  Thank you.
21            MR. FISSEL:  Just a single-count violation of a
22   Superior Court protective order, a stay-away order.
23            THE COURT:  Okay.
24            MR. FISSEL:  I'm hoping the Court will follow the
25   PSA.
26            THE COURT:  My indicated is ACM and GPS for
27   violating the Court's order.
28            MR. FISSEL:  I figured it would be.  I don't know
```



```
 1  that ACM is warranted at this point; there aren't services
 2  that Mr. Rosales Verde needs.  I'm planning on sending this
 3  case to trail the felony case.  It looks like those will
 4  resolve.  The -- I don't believe Mr. Rosales Verde needs the
 5  GPS at this point.  We're talking about -- we spoke about the
 6  distance and what that means and really all the details about
 7  maybe that's a block and a half in any direction.
 8              THE COURT:  He actually had narcotics on him.
 9              MR. FISSEL:  He did not.  He did not have narcotics
10  on him.  They are drugs on the ground.  If he had narcotics on
11  him, he would have been charged with it, Your Honor.
12              UNIDENTIFIED SPEAKER:  Well, they located several
13  small press-locked baggies with off-white powdery substance
14  that was not enough, probably, to charge and several clear
15  plastic baggies inside of those -- that initial bag.
16              MR. FISSEL:  Not what they said.  They said they
17  didn't see who -- how it got on the ground, so they didn't
18  charge it.  Not that the amounts weren't enough.  It's stated
19  a couple of times in the police report.
20              THE COURT:  All right.  I'm going to put him on
21  O.R., but I am going to impose a GPS since he's in violation
22  of the Court's order already.
23              MR. FISSEL:  Your Honor, the GPS is incredibly
24  invasive.  It's a violation of his Constitutional rights.
25  This is a nonviolent case.  We really have talked about all
26  the details, and I'll say it didn't seem like Mr. Rosales
27  Verde really understood what that distance was.  He does now.
28  But the Spanish interpreter and I, we talked about feet.  We
```

1 talked about meters.  We talked about yards.  He gets it.  He
2 does not want to come back here.
3             THE COURT:  I'm trying to be consistent in how I
4 enforce this.
5             MR. FISSEL:  But consistency isn't what's required,
6 right?  It's a unique situation for every case because every
7 case is unique.  It's an evaluation of every situation as it
8 arises.
9             THE COURT:  In every case I've arraigned over the
10 last year and a half in Department 10, if there's a violation
11 of a stay away, the Court imposes GPS to enforce the stay
12 away.
13             MR. FISSEL:  And I understand that, but that's
14 not -- that's just the Court's policy, and I actually think
15 it's unconstitutional because --
16             THE COURT:  I think it's the less restrictive
17 alternative, right?  We've ordered him once; he hasn't
18 complied.  So at this point, I need to have some further
19 enforcement.
20             MR. FISSEL:  And Your Honor, if this were a case
21 with someone with all kinds of stay-away violations, with
22 sales convictions, with all that, I'd understand it.  But this
23 is a first violation of a stay-away order, and it's a
24 nonviolent one.
25             THE COURT:  I understand that.  I think that would
26 go towards the length of time that I would keep him on GPS,
27 but at least initially, I am going to impose the GPS.  You
28 can -- if he doesn't want to agree to the 1035, the

1  alternative is to order an ICR.
2           MR. FISSEL:  Is this a case where the Court believes
3  the 1035 is warranted?
4           THE COURT:  I'm not separately ordering a Court
5  1035, but I would indicate to Mr. Rosales Verdes that, if he
6  wants to participate in the sheriff's program, they do require
7  him to submit his person, his residence, his vehicle, any area
8  under his control to a search at any time of the day or night,
9  with or without a warrant, with or without his consent, with
10 or without reasonable suspicion or probable cause.
11          MR. FISSEL:  So this 1035 isn't what the Court is
12 imposing, but he's being required to submit to it in order to
13 participate in the sheriff's release program; is that correct?
14          THE COURT:  What I would -- I don't know that I
15 would make a specific finding.  I think the sheriff's
16 position, as I understand it -- I would agree with this part
17 of it -- is that wearing an electronic bracelet is a 1035.
18 You are submitting yourself to constant search --
19          MR. FISSEL:  You're submitting --
20          THE COURT:  -- I think is required as part of the
21 program.  I'm not imposing some of the additional conditions
22 that the sheriff's department wants in terms of sharing the
23 location with other agencies and things like that, but I
24 think, inherently, they require somebody to check-ins when
25 they're on electronic monitoring -- sort of a random check-in.
26 They do pat searches and things like that for officer safety
27 reasons when they're in facilities.  These are the conditions
28 of their program.

```
 1                 MR. FISSEL:  So pat search is different than a 1035,
 2   and submitting someone to geolocation is different than a
 3   warrantless search of their entire person and all of their
 4   belongings.  Does the Court agree with that?
 5                 THE COURT:  I do.
 6                 MR. FISSEL:  Okay.
 7                 THE COURT:  I'm not imposing any additional search
 8   conditions because my main interest is enforcing the stay-away
 9   order through the electronic monitoring.
10                 MR. FISSEL:  So given that Mr. Rosales Verde is
11   being required to submit to a 1035 in order to participate
12   with the sheriff's program, even though the Court's not
13   imposing that on its own, would the Court grant a O.S.C. --
14   the sheriff's department to show cause for this program?
15                 THE COURT:  No.  I'd be happy to strike the language
16   on the form if you want.
17                 MR. FISSEL:  No, I don't want you to do that because
18   we know where that ends with Mr. Rosales Verde staying in
19   custody.
20                 UNIDENTIFIED SPEAKER:  Um-hum.
21                 MR. FISSEL:  We'll just object to this.
22                 THE COURT:  Sure.
23                 MR. FISSEL:  And where our objection is under People
24   v. Welch.  It's a 1993 case -- 5 Cal.4th 228.  And with that,
25   we'll submit, Your Honor.
26                 THE COURT:  Okay.  So I'm going to release him O.R.
27   with GPS monitoring.
28                 THE CLERK:  So report and release?
```



```
 1                 THE COURT:  Yes.  Actually, it's release contingent.
 2                 THE CLERK:  Okay.
 3                 THE COURT:  That's it.  They're going to put him
 4    on --
 5            How does he want to proceed in terms of time?
 6                 MR. FISSEL:  Your Honor, we are going to send this
 7    case to trail Mr. Rosal --
 8                 THE CLERK:  In Department 9 --
 9                 MR. FISSEL:  Thank you.
10                 THE CLERK:  May 6.
11                 MR. FISSEL:  Thank you.
12                 THE COURT:  All right.  General time we have for May
13    6, 9:00 in Department 9.  Do you know if he's ordered present?
14                 THE CLERK:  Yes.
15                 THE COURT:  I'll order him present to join his other
16    matter.
17                 MR. FISSEL:  5/6 in Department 9.
18            (Proceedings adjourned at 2:35 p.m.)
19
20
21
22
23
24
25
26
27
28
```



1                        CERTIFICATION
2
3        I, SOPHIA LONG, a court-approved transcriber, do hereby
4   certify that the foregoing transcript, pages 1 through 9, is a
5   correct transcript from the official electronic sound
6   recording of the proceedings in the above entitled matter, to
7   the best of my professional skills and abilities.
8
9
10
11   *Sophia Long*
12   _____
     Sophia Long                                    April 23, 2024
13   Digital Court Transcriber
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28


www.escribers.net | 800-257-0885