# EXHIBIT 20

```
 1                SUPERIOR COURT OF CALIFORNIA
 2                   COUNTY OF SAN FRANCISCO
 3       BEFORE THE HONORABLE MICHAEL I. BEGERT, JUDGE PRESIDING
 4                       DEPARTMENT NUMBER 8
 5                           ---oOo---
 6   PEOPLE OF THE STATE OF CALIFORNIA,      )
                                             )
 7                         Plaintiff,        )  Court No. 23016773
                                             )             23012573
 8   vs.                                     )             24003016
                                             )             24003014
 9   JACKSON VANDEUSEN,                      )  Pages 1 - 9
                                             )
10                         Defendant.        )
     _____)
11
12              **REPORTER'S TRANSCRIPT OF PROCEEDINGS**
13                     MONDAY, MAY 20, 2024
```

TRANSCRIPT PRODUCED PURSUANT TO Government Code 69954(d): Any court, party, or person who has purchased a transcript may, without paying a further fee to the reporter, reproduce a copy or portion thereof as an exhibit pursuant to court order or rule, or for internal use, but shall not otherwise provide or sell a copy or copies to any other party or person.

REPORTED BY:  TRINA AYALA, CSR NO. 12964

**APPEARANCES OF COUNSEL:**

For the People:

SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE
Brooke Jenkins, District Attorney
350 Rhode Island Street
North Building, Suite 400N
San Francisco, California 94103
BY:  **MICHELLE DAWSON,** ASSISTANT DISTRICT ATTORNEY


For the Defendant:

SAN FRANCISCO PUBLIC DEFENDER'S OFFICE
Manohar Raju, Public Defender
555 Seventh Street
San Francisco, California 94103
BY:  **SUJUNG KIM,** DEPUTY PUBLIC DEFENDER

```
 1                        MONDAY, MAY 20, 2024
 2                       P R O C E E D I N G S
 3                             ---oOo---
 4                             9:21 A.M.
 5       THE COURT:  This is the Drug Court regular calendar, lines
 6  20 through 23, Jackson Vandeusen.  Counsel, please state your
 7  appearances.
 8       MS. DAWSON:  Michelle Dawson for the People.
 9       MS. KIM:  Suejung Kim on behalf of Mr. Vandeusen.  He is not
10  present in Court and I will waive his appearance for this
11  proceeding.
12       THE COURT:  Okay.  Mr. Vandeusen's appearance is waived.  I
13  had previously ruled that electronic monitoring was not necessary
14  as a condition of Mr. Vandeusen's release.  Excuse me, I had
15  previously ruled that electronic monitoring should be ordered for
16  Mr. Vandeusen, but I did not find that waiving his Fourth
17  Amendment right was necessary as a condition of his release on
18  electronic monitoring.
19       The program that conducts the electronic monitoring does not
20  want to monitor Mr. Vandeusen unless there is what is called a
21  1035 search condition.  So, Ms. Kim, you may address that.
22       MS. KIM:  Thank you.  So just to be clear, the e-mail that
23  was received from the Sheriff's Department Community Program from
24  Sergeant Tiffany Martin stated that, quote, we will need the
25  minute order corrected along with a warrantless search condition
26  by at least the SF Sheriff's Office covering the person, vehicle,
27  property and home of the Defendant for him to participate in the
28  SFSO Pretrial EM Program.
```

1        Now, just as a premise to all of this, I want to put on the
2   record that only the Court can set conditions of pretrial release
3   after weighing the circumstances of each individual case and that
4   is a holding from the California Supreme Court in a case called
5   In re York, 9 Cal.4th 1133.  That's a 1995 case.
6        And so -- and there are other case law in the Federal
7   context that says that weighing privacy rights against law
8   enforcement objectives cannot be entrusted to the Executive who
9   is an interested party, but instead calls for a neutral detached
10  decision maker.  So the bottom line is, only the Court can set
11  conditions of release and the Court has done that.
12       Now we have the Sheriff who is a member of the Executive
13  unilaterally deciding on its own that a search condition is
14  necessary.  And so that is the Federal Court and the case of
15  Simon versus City and County of San Francisco, which is a pending
16  case right now in the Ninth Circuit.  There has been a
17  preliminary injunction issued by the District Court that this
18  very scenario is illegal and unconstitutional.
19       The fact is that the Sheriff cannot overrule the Superior
20  Court's order when it comes to setting pretrial release
21  conditions.  And as far as this particular case goes,
22  Mr. Vandeusen has been accepted into Mental Health Diversion.  He
23  has been -- he is going to be in a residential treatment program,
24  Billie Holiday/TRP, correct, is that the Court's order?
25       THE COURT:  It is what it is.
26       MS. KIM:  Yes.  Right.  And so the Sheriff is saying in the
27  e-mail that they need a 1035 search condition to supervise this
28  person.  This is a policy of the Sheriff's that they require the

1   1035 in every single EM release, regardless of the individual
2   situation and circumstances of the case.
3       Here we have Mr. Vandeusen going to a residential treatment
4   program. There is no reason, no logical reason for the Sheriff
5   to need this authorization to search his person, vehicle, home
6   and property while he is in a residential treatment program.
7       And so at this point, if the Sheriff is going to maintain
8   their position, basically defying this Court's release order, I
9   am going to ask the Court to order -- for an order to show cause
10  hearing why the Sheriff should not be held in contempt.
11      The Sheriff is clearly in violation of this Court's release
12  order. Mr. Vandeusen remains in custody. He was ordered
13  released on May 16th, that was last Thursday. Today is May 20th.
14  He is still in custody despite the Court ordering him to be
15  released. So I am asking the Court for an OSC on the contempt
16  finding.
17      THE COURT: Okay. Ms. Dawson?
18      MS. DAWSON: Thank you, Your Honor. So to begin with, the
19  Court granted Mental Health Diversion over the People's
20  objection. The Court found that the Defendant could be released
21  pursuant to electronic monitoring. Every case that comes through
22  this Court that has electronic monitoring as a condition of
23  someone's release is subject to the 1035 search condition.
24  That's just across the board.
25      So the People, again, are requesting that this case be
26  treated no differently than that if the Court is going to order
27  electronic monitoring given that these are all burglary cases, I
28  think that it is a good idea to have this electronic monitoring

```
 1   at some point in the beginning of the treatment process.
 2        There was a correspondence between Ms. Ronnie Singh of the
 3   Sheriff's Department and Ms. Kim.  I think the Court was a party
 4   to all of that.  But, essentially, her position we agree with it,
 5   is that the Sheriff's Department cannot safely administer
 6   electronic monitoring without a search condition.
 7        And the alternative would be if the Court is going to issue
 8   a release order without electronic monitoring OR, or ACM, that
 9   doesn't have the electronic monitoring, but the Court did order
10   or found that electronic monitoring was necessary in this case
11   when it granted Mental Health Diversion last week in this case.
12        So, again, we are requesting the 1035 search condition if
13   the Court is going to continue with the original order of
14   electronic monitoring.  Submitted.
15        MS. KIM:  Your Honor, may I respond?
16        THE COURT:  Yes.  Briefly.
17        MS. KIM:  So on May 16th when this issue was in front of the
18   Court, the Court made an order that no search condition was
19   necessary.  So nothing has changed since then.  And we would be
20   agreeable to the Court changing the conditions and having
21   Mr. Vandeusen released on his own recognizance or on ACM.
22        We would be fine with that.  But if the Court is going to
23   maintain its EM release, we are asking the Court to maintain the
24   previous order that a search condition is not necessary and bring
25   the Sheriff in here to -- to be held accountable as to why it is
26   violating this Court's order.
27        THE COURT:  Okay.  So Mr. Vandeusen was not released on his
28   own recognizance.  He was released on a Drug Court Release Order,
```

1  which allows the Drug Court treatment staff to pick him up from
2  custody and deliver him directly to a residential treatment
3  program.  That order will remain in affect.
4       I had previously found that Mr. Vandeusen's rights under the
5  Fourth Amendment to the United States Constitution did not need
6  to be limited in order for him to participate in that program and
7  that is still my finding.
8       I do not think it is unreasonable for the Sheriff's
9  Department to say they do not want to conduct the electronic
10 monitoring without the search condition.  So I am not going to
11 issue an order to show cause why they should or should not be
12 held in contempt.  I am just informed that they do not want to
13 operate this program with respect to Mr. Vandeusen without the
14 search condition.
15      So I am going to relieve Mr. Vandeusen of his electronic
16 monitoring condition so that he can be picked up by the Drug
17 Court treatment team on the existing release order, which will
18 remain in affect.  I am confirming the future date in Department
19 8 of May 28, 2024, which is Drug Court at 9:00 a.m.  And
20 Mr. Vandeusen was previously informed of that date.
21      So the electronic monitoring condition for Mr. Vandeusen's
22 release is now removed and all other orders will remain in
23 affect.  Ms. Dawson, you may make a record on that.
24      MS. DAWSON:  Your Honor, the release without electronic
25 monitoring is over the People's objection.  Again, the Court
26 granted Mental Health Diversion over our objection.  These are a
27 series of burglary cases.  For that reason, we felt that it would
28 be appropriate if Mental Health Diversion were granted there

1  should be some period of electronic monitoring.  So this is over
2  the People's objection that there is not going to be electronic
3  monitoring.  Submitted.
4       THE COURT:  Thank you.  We are off the record.
5                  (Discussion off the record at 9:43 a.m.)

```
1   STATE OF CALIFORNIA    )
2                          :ss
    COUNTY OF SAN FRANCISCO)
3
4          I, the undersigned, a Certified Shorthand
5   Reporter of the State of California, do hereby
6   certify:  That the foregoing proceedings were taken
7   before me at the time and place herein set forth,
8   that any witnesses in the foregoing proceedings,
9   prior to testifying were placed under oath; that a
10  verbatim record of the proceedings was made by me
11  using machine shorthand, which was thereafter
12  transcribed under my direction, further, that the
13  foregoing is an accurate transcription thereof.
14  I further certify that I am neither financially
15  interested in the action, nor a relative
16  or employee of any attorney or any of the parties.
17  IN WITNESS HEREOF, I have this date
18  subscribed my name.
19
20  Dated: May 22, 2024
21  *Trina Ayala, CSR 12964*
22
    Trina Ayala
23  CSR No. 12964
```