1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  ALEXANDER J. HOLTZMAN, State Bar #311813
   JOSE A. ZELIDON-ZEPEDA, State Bar #227108
4  STEVEN F. EGLER, State Bar #226227
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, 6th Floor
6  San Francisco, California 94102-5408
   Telephone:     (415) 554-3999 [Holtzman]
7  Telephone:     (415) 355-3312 [Zelidon-Zepeda]
   Telephone:     (415) 554-3975 [Egler]
8  Facsimile:     (415) 554-3837
   Email:         alexander.holtzman@sfcityatty.org
9  Email:         jose.zelidon-zepeda@sfcityatty.org
   Email:         steven.egler@sfcityatty.org
10
   Attorneys for Defendants
11 CITY AND COUNTY OF SAN FRANCISCO,
   AND PAUL MIYAMOTO, IN HIS OFFICIAL
12 CAPACITY AS SAN FRANCISCO SHERIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DIANA BLOCK, AN INDIVIDUAL AND COMMUNITY RESOURCE INITIATIVE, AN ORGANIZATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY AS SAN FRANCISCO SHERIFF,<br><br>Defendants. | Case No. 4:22-cv-05541 JST<br><br>**DECLARATION OF UNDERSHERIFF KATHERINE JOHNSON IN SUPPORT OF SHERIFF'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Judge:           Honorable Jon S. Tigar<br>Courtroom:       Courtroom 6, 2nd Floor<br>Hearing Date:    September 12, 2024<br>Time:            2:00 p.m.<br><br>Date Action Filed:   September 8, 2022<br>Trial Date:          Not Set |

**DECLARATION OF UNDERSHERIFF KATHERINE JOHNSON**

I, KATHERINE JOHNSON, declare as follows:

1. I am the Undersheriff at the San Francisco Sheriff's Office ("SFSO"). As Undersheriff, I supervise administration of the Pretrial Electronic Monitoring ("PTEM") Program. Except where otherwise indicated, the following facts are known to me personally, and if called upon as a witness, I would testify to them competently.

2. I submit this declaration in support of the Sheriff's Opposition to Plaintiffs' Motion to Enforce the Preliminary Injunction.

3. Like other supervision programs, such as drug treatment programs, the PTEM Program has standards for participation. Among those standards is a warrantless search condition extending at least to allow searches by the SFSO. No search condition is required in the particular circumstance when a defendant will be placed in a residential treatment program that will be responsible for the defendant's supervision. The warrantless search condition is necessary to ensure that, in conducting the PTEM Program, the SFSO does not violate the Fourth Amendment rights of participants. In conducting initial home checks and periodic compliance checks as part of the PTEM Program, the Sheriff relies on the warrantless search condition. It would not be feasible to have the PTEM Program without a warrantless search condition applicable to PTEM Program participants.

4. The PTEM Program is an intensive supervision program available to the Superior Court as an option for pretrial release from custody in circumstances in which the Program is necessary and appropriate. The SFSO or other peace officers at its direction must be able to search PTEM Program participants to ensure they are complying with the terms of the court's order on their pretrial release and the PTEM Program. These can include, for example, conditions prohibiting weapons. The warrantless search condition allows the SFSO to determine what PTEM Program participants are doing and whether they are violating the terms of their release. In lieu of detention, PTEM Program participants are released into society. The warrantless search condition supports both the interests in public safety and the participants return to court. The GPS monitor is helpful in informing the SFSO about where PTEM Program participants are located but not necessarily what they are doing. The search condition can assist in identifying, for example, weapons, burglary tools for those charged with

burglary, and car keys for those who are prohibited from driving.

5. Since the deadline for compliance with the preliminary injunction on February 27, 2024, the SFSO has not imposed or enforced any warrantless search condition for a PTEM Program participant broader than the Superior Court's written warrantless search condition entered in that participant's case.

6. A true and correct copy of the Pre-Sentenced Defendant Electronic Monitoring Order dated March 22, 2024, in *People v. Ying Hop Ng*, CRI-24003587, is attached as **Exhibit A**. The order stated "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." The order made "Release Contingent on EM Placement."

7. A true and correct copy of the San Francisco Criminal Court Minute Order dated March 22, 2024, in *People v. Ying Hop Ng*, CRI-24003587, with added highlighting, is attached as **Exhibit B**. The minute order stated "The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record."

8. A true and correct copy of the Pre-Sentenced Defendant Electronic Monitoring Order dated January 23, 2024, in *People v. Jose Rene Chavez*, CRI-23007250, is attached as **Exhibit C**. The order states "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." The order made "Release Contingent on EM Placement."

9. A true and correct copy of the San Francisco Criminal Court Minute Order dated January 23, 2024, in *People v. Jose Rene Chavez*, CRI-23007250, is attached as **Exhibit D**. The minute order stated "The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record."

10. True and correct copies of Sheriff's Affidavit Warrants issued by Superior Court Judge Harold Kahn and dated April 5, 2024 regarding violations of conditions of release by Jose Rene Chavez are attached as **Exhibit E**.

11.     Jose Rene Chavez was arrested on June 19, 2024, on the Sheriff's Affidavit Warrants and new charges. He remained in custody as of July 8, 2024.

12.     True and correct copies of San Francisco Criminal Court Minute Orders dated March 21, 2024, in *People v. Otis Tywayne Mason*, CRI-24000940 and CRI-24000529, with added highlighting, are attached as **Exhibit F**. The minute orders stated "The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record."

13.     Otis Mason was not enrolled in the PTEM Program in response to the orders described in Plaintiffs' motion. The SFSO has not imposed or enforced a warrantless search condition as to Mr. Mason since entry of the preliminary injunction.

14.     A true and correct copy of the Pre-Sentenced Defendant Electronic Monitoring Order dated March 26, 2024, in *People v. Nathaniel Roye*, CRI-24005110, is attached as **Exhibit G**. The order stated "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." The order made "Release Contingent on EM Placement."

15.     A true and correct copy of the San Francisco Criminal Court Minute Order dated March 26, 2024, in *People v. Nathaniel Roye*, CRI-24005110, with added highlighting, is attached as **Exhibit H**. The minute order states "The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record."

16.     A true and correct copy of a Sheriff's Affidavit Warrant issued by Superior Court Judge Curtis Karnow and dated April 27, 2024 regarding violations of conditions of release by Nathaniel Roye is attached as **Exhibit I**. The Affidavit Warrant reflects that, from March 27, 2024, to March 31, 2024, Mr. Roye violated his stay away order five times and that, as of the date of the warrant, it had been 23 days since Roye had reported for a compliance check.

17.     A true and correct copy of the Pre-Sentenced Defendant Electronic Monitoring Order dated April 17, 2024, in *People v. Luis Alfredo Rosales-Verde*, CRI-24006870, is attached as

**Exhibit J**. The order stated "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." The order made "Release Contingent on EM Placement."

18. A true and correct copy of the San Francisco Criminal Court Minute Order dated April 17, 2024, in *People v. Luis Alfredo Rosales-Verde*, CRI-24006870, is attached as **Exhibit K**. The minute order stated "The defendant is advised of the search condition they will be subject to while on electronic monitoring. Upon questioning by the Court, they state that they have had an opportunity to consult with their counsel and that they accept the conditions set forth on the record."

19. A true and correct copy of the Pre-Sentenced Defendant Electronic Monitoring Order dated April 17, 2024, in *People v. Jackson Vandeusen*, CRI-23012573, CRI-23016773, CRI-24003014, CRI-24003016, is attached as **Exhibit L**. The order stated "Defendant shall submit to a search of their person, vehicle, property and home at anytime by SFSO sworn staff or any peace officer acting on behalf of and with the express permission of the SFSO." The order required a "Coordinated Pickup" with the Sheriff's Community Programs Unit for release from custody.

20. Jackson Vandeusen was not enrolled in the PTEM Program in response to the orders described in Plaintiffs' motion. The SFSO has not imposed or enforced a warrantless search condition as to Mr. Vandeusen since entry of the preliminary injunction.

21. A true and correct copy of an email and attachment from Chief Counsel Margaret Baumgartner to Superior Court Presiding Judge Loretta Giorgi dated May 10, 2021, and produced to Plaintiffs with Bates numbers SFSO_001417–1419, is attached as **Exhibit M**.

22. A true and correct copy of an email from Deputy Petra Hahn to Superior Court Judge Alexandra Robert Gordon, copying Assistant District Attorney Angela Fisher and Assistant Public Defender Kathleen Natividad, dated October 9, 2020, produced to Plaintiffs with Bates numbers SFSO_001639–1640, and redacted to remove confidential identifying information for the defendant at issue not relevant to the Motion, is attached as **Exhibit N**.

23. A true and correct copy of an email from Deputy Valerio Josif to Gina Guidi, Court Manager for Criminal Courtroom Clerks at the San Francisco Superior Court, dated October 18, 2019, produced to Plaintiffs with Bates numbers SFSO_001525, and redacted to remove confidential

identifying information for the defendant at issue not relevant to the Motion, is attached as **Exhibit O**.

24.   A true and correct copy of an email from then-Sergeant, now Lieutenant, Dwight Gunn to Superior Court Judge Loretta Giorgi dated April 23, 2019, produced to Plaintiffs with Bates numbers SFSO_001553–1554, and redacted to remove confidential identifying information for the defendant at issue not relevant to the Motion, is attached as **Exhibit P**.

25.   A true and correct copy of an email from Deputy Hawa Barack to Ms. Guidi dated January 13, 2019, produced to Plaintiffs with Bates number SFSO_001532, and redacted to remove confidential identifying information for the defendant at issue not relevant to the Motion, is attached as **Exhibit Q**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July 2024, at San Francisco, California.

_____
UNDERSHERIFF KATHERINE JOHNSON