UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SIMON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 22-cv-05541-JST<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 101 |

Before the Court is Plaintiffs' motion to enforce the preliminary injunction. ECF No. 101. The Court will grant the motion.

## I.    BACKGROUND

On February 13, 2024, the Court granted Plaintiffs' motions for class certification and preliminary injunction. ECF No. 77. In relevant part, the Court certified a "revised rules subclass," which "consists of all individuals who have in the past been, are currently, or will in the future be subject to the revised version of the Program Rules that was put into place following the May 2023 changes." *Id.* at 27. Defendants are the City and County of San Francisco and Paul Miyamoto, in his official capacity as San Francisco Sheriff. ECF No. 1-1 ¶¶ 11–12. As to the revised rules subclass, the Court preliminary enjoined:

> Defendants and Defendants' successors-in-interest, agents, principals, officers, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, . . . from imposing or enforcing any search condition broader than that stated in each class member's Superior Court order and from imposing and enforcing the Program Rules' data sharing provision (Rule 11).

ECF No. 77 at 41.

Defendants sought to modify or stay pending appeal the portion of the Court's injunction

prohibiting data sharing. ECF No. 79. The Court denied that motion, ECF No. 77; Defendants subsequently appealed, ECF No. 85; and, after initially granting an administrative stay, ECF No. 91, the Court of Appeals also denied Defendants' motion for a partial stay, ECF No. 93. Defendants have not sought appellate review of the portion of the Court's injunction that governs search conditions. *E.g.*, *Simon v. City and County of San Francisco*, No. 24-1025 (9th Cir.), ECF No. 23.1 at 27 n.3 (Appellant's Opening Br.) ("The Sheriff focuses in this brief on the condition allowing sharing of location data with other law enforcement agencies and do not seek review of the portion of the district court's order enjoining enforcement of a warrantless search condition as to certain individuals."); *id.* at 33–36 (summary of argument, making no mention of search conditions and focusing only on data sharing).

Plaintiffs' motion to enforce argues that Defendants are failing to comply with the provision of the injunction that bars them "from imposing or enforcing any search condition broader than that stated in each [revised rules subclass] member's Superior Court order." ECF No. 77 at 41.

## II. DISCUSSION

Having reviewed the evidence submitted by Plaintiffs, the Court agrees that Defendants are violating the preliminary injunction in two ways. First, the Sheriff's Office has refused to release individuals on electronic monitoring in cases where judges have declined to impose a warrantless search condition. *E.g.*, ECF No. 101-2 at 8 ("There is no search condition. The Court is not finding a warrantless search condition based on the facts of this case."); ECF No. 101-8 at 9 ("I'm not imposing [the warrantless search condition], not the type of case I would impose it on."); ECF No. 101-12 at 24 ("I'm striking the 1035 [warrantless search condition] order on the sheriff's sheet."); ECF No. 101-13 at 2 (form order in same case with warrantless search condition language stricken); ECF No. 101-21 at 8 ("I had previously found that [the defendant's] rights under the Fourth Amendment to the United States Constitution did not need to be limited in order for him to participate in [the electronic monitoring] program and that is still my finding," but "I am . . . informed that [the Sheriff's Department] do[es] not want to operate this program with respect to [the defendant] without the search condition.").

1    Defendants assert that there was ambiguity in what the judges in these cases ordered
2    because, in three cases, the minute orders contained what appears to be form language that the
3    defendant "is ordered to comply with all terms of release as stated on the record *and by SFSO*,"
4    without any indication that the warrantless search condition was not imposed, ECF No. 101-3 at 2
5    (emphasis added); ECF No. 101-9 at 2 (emphasis added); ECF No. 104-7 at 3 (emphasis added),
6    and, in the fourth case, the minute order contained this same form language but also stated,
7    "SEARCH CONDITIONS ARE NOT IMPOSED," ECF No. 101-19 at 2, while the form language
8    about warrantless searches was not stricken from the written order, ECF No. 104-13 at 2.
9    However, the transcripts cited above, as well as written orders in two cases, make clear that the
10   court did not order a warrantless search condition.  Moreover, the record makes clear that the
11   Sheriff's Office has refused to comply with orders to release individuals on electronic monitoring
12   without a warrantless search condition even when it was aware that a judge had so ordered.  *E.g.*,
13   ECF No. 101-4 at 6–10 (including emails from a district attorney, defense counsel, and a deputy
14   court clerk explaining that the judge did not impose a search condition, and emails from a district
15   attorney and Sheriff's Office counsel stating that the Sheriff's Office would not release a
16   defendant without that condition); ECF No. 101-20 at 2–6 (including email from Sheriff's Office
17   counsel stating, "[W]e are alerting the court immediately that we cannot accept the client into our
18   particular program with the order we received [that did not include a warrantless search
19   condition].").  This is a clear violation of the injunction.
20   Second, judges have imposed a warrantless search condition in some cases but indicated
21   that they would not have done so under the facts of the case if the Sheriff's Office did not require
22   it as a prerequisite for electronic monitoring.  *E.g.*, ECF No. 101-10 at 7 ("[O]ver your attorney's
23   legal objections, I am now imposing the search condition I had previously said I would not impose
24   . . . I'm mostly interested in having you stay away from this area.  But this is a requirement under
25   the Sheriff's program and so you have to agree to the search condition despite your legal
26   objections if you want to participate in the program."); ECF No. 101-15 at 7–8 ("I don't want to
27   force him to give up his 1035. . . ., but I can only consider the alternatives that are before me right
28   now. . . .  I'm not imposing a search condition as a court order.  I can't control what the sheriff

3

does with their program."); ECF No. 101-17 at 7 ("I'm not separately ordering a Court 1035, but I would indicate to [the defendant] that, if he wants to participate in the sheriff's program, they do require him to submit this person, his residence, his vehicle, any area under his control to a search at any time of the day or night, with or without a warrant, with or without his consent, with or without reasonable suspicion or probable cause."); *id.* at 8 ("I'd be happy to strike the language on the form if you want," followed by counsel saying, "No, I don't want you to do that because we know where that ends with [the defendant] staying in custody.").

The Court considered this exact scenario before issuing its injunctive relief order. The judge in one case had ordered a search condition but explained: "To be clear:  It's a new sheriff's policy. *It's not the Court that's imposing the 1035*. . . . [T]hose are the conditions of the sheriff's program.  It's the only way, such as the 50-mile limit, that the sheriffs will accept anybody into their program, is if they're going to be under 1035; otherwise, they're not offering it." ECF No. 58-2 at 6–7 (emphasis added) (quoted in ECF No. 77 at 6).  This Court found problematic that there was "no mechanism available to the Superior Court that would allow its judges to impose EM [electronic monitoring] without also imposing the Program Rules," including the warrantless search condition, and that, instead, the Sheriff's Office "impose[d] [the warrantless search condition] on a universal basis," without any "individualized assessment by a neutral decisionmaker finding that [condition to be] necessary." ECF No. 77 at 21, 29.  As the Court explained, "[t]his, by definition, extinguishes judicial discretion and the possibility of true individualized judicial review." *Id.* at 21.  The Court criticized Defendants' process as "disabl[ing] the Superior Court from making individualized determinations of the appropriate conditions of release" and concluded "that Plaintiffs will likely succeed on their arguments that a court must determine the necessity of conditions such as four-way searches that infringe on the Fourth Amendment." *Id.* at 37–38.

Defendants' post-injunction conduct continues to raise these concerns, despite their counsel's acknowledgment, at the February 2, 2023 hearing, that the Sheriff's Office should not be enforcing the warrantless search condition if a court determined that it was not warranted in a particular case: "If there were a court order saying, *I am imposing electronic monitoring but for*

*whatever particular reason in this case, I find either Rule 5 [warrantless search condition] or Rule 13 [location data sharing condition] is not appropriate for this individual*, the Sheriff's Office shouldn't be enforcing that rule in that circumstance." ECF No. 97 at 16 (italics in original). Contrary to this representation by an officer of the court, the Sheriff's Office continues to impose the warrantless search condition as a blanket rule even when a judge has determined that condition to be unnecessary in a particular case.

Arguably, this conduct does not violate the strict terms of the injunction because a court has ordered the search condition—albeit only because the Sheriff's Office has imposed it—and the Sheriff's Office is therefore not technically "imposing or enforcing any search condition broader than that stated in each class member's Superior Court order." ECF No. 77 at 41. However, "[i]n deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 949 (9th Cir. 2014) (quoting *John B. Stetson Co. v. Stephen L. Stetson Co.*, 128 F.2d 981, 983 (2d Cir. 1942)). Defendants' behavior in this second group of cases is the same conduct that formed the basis for the Court's injunction, and there can be no question that the conduct violates the spirit of the injunction.

The Court need not modify the injunction, as Defendants argue it must, to reach the conclusion that Defendants are failing to comply with it. But even if a modification were required, Defendants acknowledge that "courts retain the ability to enforce their orders" while a case is on appeal, ECF No. 104 at 15, and that courts may modify injunctions on appeal as long as "the changes preserve[] the status quo and [do] not materially alter the status of the case on appeal," *id.* (quoting *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)). This order enforces the Court's preliminary injunction order, preserves the status quo, and does not materially alter the status of the case on appeal because it does not address the conditions that Defendants appealed. Moreover, to the extent Defendants thought the injunction was unclear, they "did not seek clarification of their obligations" and instead "'acted at their peril' when they 'undertook to make their own determination of what the [injunction] meant.'" *Inst. of Cetacean*

5

*Rsch.*, 774 F.3d at 954–55 (9th Cir. 2014) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)).

## CONCLUSION

For the reasons discussed above, the Court finds that Defendants have been violating the Court's February 13, 2024 preliminary injunction against "imposing or enforcing any search condition broader than that stated in each [revised rules subclass] member's Superior Court order." ECF No. 77 at 41. To the extent Defendants have been uncertain about whether their conduct violated the Court's order, that uncertainty has now been resolved. The Court will not now issue an order to show cause as to why Defendants should not be held in contempt, but Defendants are on clear notice that the actions described in this order violate the preliminary injunction. If Defendants continue to violate that order, Plaintiffs may renew their request for the Court to begin contempt proceedings or seek other relief that they deem appropriate.

Plaintiffs' proposed order requests that Defendants be ordered to file a report "identifying, for the period since February 13, 2024, each person released by the Superior Court on pretrial electronic monitoring without a search condition but whom Defendants nevertheless detained." ECF No. 101-23 at 2. Plaintiffs' motion, however, presents no argument regarding the appropriateness of such an order. The Court will not order that such a report be filed but notes that Plaintiffs may use the discovery process to request such information.

Defendant City and County of San Francisco is ordered to serve a copy of this order on the judges of the San Francisco Superior Court and file proof of service by October 3, 2024.

**IT IS SO ORDERED.**

Dated:  September 26, 2024

_____
JON S. TIGAR
United States District Judge