Justina Sessions, State Bar No. 270914
justina.sessions@freshfields.com
Eunice Leong, State Bar No. 320499
eunice.leong@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
Avram D. Frey, State Bar No. 347885
afrey@aclunc.org
Shilpi Agarwal, State Bar No. 270749
sagarwal@aclunc.org
Emi Young, State Bar No. 311238
eyoung@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs Joshua Simon,
David Barber, and Josue Bonilla*

DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
ALEXANDER HOLTZMAN, State Bar
#311813
JOSE A. ZELIDON-ZEPEDA, State Bar
#227108
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3999 [Holtzman]
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Facsimile: (415) 554-3837
Email: alexander.holtzman@sfcityatty.org
Email: jose.zelidon-zepeda@sfcityatty.org

*Attorneys for Defendants City and County
of San Francisco, and Paul Miyamoto, in
His Official Capacity as San Francisco
Sheriff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff, <br><br> Defendants. | Case No.: 4:22-cv-05541-JST <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Judge: Hon. Jon S. Tigar <br> Courtroom: Courtroom 6, 2nd Floor <br> Date: August 18, 2026 <br> Time: 2:00 P.M. |

The parties to the above-titled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## 1. Jurisdiction & Service

Plaintiffs originally filed this action in the Superior Court of the State of California for the County of San Francisco. Based on Defendants' removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs Joshua Simon, David Barber, and Josue Bonilla, individually and on behalf of all others similarly situated (together, the "Lead Plaintiffs"), have pled claims arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs contend that, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the Lead Plaintiffs' related claims arising under sections 1, 3, and 7 of Article I and section 3 of Article III of the California Constitution.

All parties agree that venue in the Northern District is appropriate. All Defendants have been served. There are no issues pending concerning personal jurisdiction.

## 2. Background

Plaintiffs brought this action to challenge the San Francisco Sheriff's Office's ("SFSO" or "Sheriff") implementation and enforcement of pretrial electronic monitoring ("EM") in San Francisco. Plaintiffs allege that the Sheriff claimed and acted on purported authority to (1) conduct warrantless, suspicionless searches of pretrial EM releasees' person, property, home, and automobile at any time, and (2) retain releasees' GPS location data indefinitely and share it with any member of law enforcement upon request. Plaintiffs allege violations of the Fourth and Fourteenth Amendments of the United States Constitution; sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution; and California Code of Civil Procedure section 526a. Plaintiffs also assert a claim for declaratory relief pursuant to California Code of Civil Procedure section 1060 *et seq*.

Plaintiffs' original Complaint alleged that the Sheriff imposed and enforced the challenged pretrial EM conditions unilaterally, without authorization from the San Francisco Superior Court. (Dkt. No. 1-1.) Plaintiffs moved for a preliminary injunction on their claims under the separation of

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

1

powers doctrine, their rights against unreasonable searches, and the California constitutional right to privacy. (Dkt. No. 22.) Plaintiffs also moved for certification of a class of all pretrial EM releasees. (Dkt. No. 30.) Defendants moved to dismiss. (Dkt No. 24.) On May 8, 2023, the process of release on EM in San Francisco was modified. (*See* Dkt. No. 77 at 5-6; *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 793-94 (9th Cir. 2025).) Specifically, the Superior Court revised its form EM release order and added a new, oral admonishment to prospective EM releasees. Defendants argued that these modifications brought the challenged pretrial EM conditions within the ambit of the Superior Court's EM release orders, effectively mooting Plaintiffs' case. (Dkt. No. 57.)

On February 13, 2024, the Court denied Defendants' motion to dismiss. (Dkt. No. 77 at 15-25.) The Court granted the motion for class certification and certified two sub-classes: an "original rules subclass," or those released before May 8, 2023, and a "revised rules subclass," or those released thereafter. (*Id.* at 25-35.) The Court also granted Plaintiffs' motion for a preliminary injunction, finding a likelihood of success on the merits for each legal theory articulated in the underlying motion. (*See generally id.*)

On June 28, 2024, Plaintiffs filed a motion to enforce the preliminary injunction (Dkt. No. 101), which the Court granted (Dkt. No. 111). Defendants appealed both the preliminary injunction and the enforcement order. (Dkt. Nos. 85, 119.) The Ninth Circuit resolved both by consolidated opinion on April 23, 2025. (*Simon*, 135 F.4th 784.)

The Ninth Circuit affirmed the preliminary injunction as to the original rules subclass but reversed as to the revised rules subclass. *Id.* at 813-14. The Court of Appeals held that, as regards the revised rules subclass, Plaintiffs were unlikely to succeed on their claims under the separation of powers, freedom from unreasonable searches, or the California right to privacy. (*Id.* at 797-814.) The panel stayed the District Court's enforcement order for the same reasons and remanded for proceedings consistent with its opinion. One member of the panel dissented in part, arguing that the injunction should have been affirmed as to the revised rules subclass. (*Id.* at 817-31 (Mendoza, J., dissenting in part).)

Defendants contend that Plaintiffs' remaining claims following the Court of Appeals decision lack merit including based on (1) the mootness of claims by the Original Rules Subclass underlying

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

2

the preliminary injunction given that no individual placed on the Sheriff's Pretrial EM Program has been subject to a search condition or sharing of GPS data based on the pre-May 2023 Superior Court process since July 2024, (2) the Sheriff's policy preventing the sharing of GPS data without a court order with other law enforcement agencies after an individual's participation in the Sheriff's Pretrial EM Program ends, and (3) the Sheriff's document retention schedule, which establishes a background five-year retention period for GPS data.

**3.    Legal Issues**

On remand to this Court, the disputed points of law are as follows:

- Whether the preliminary injunction as to the original rules subclass should be dissolved, modified, or made final;
- Whether judgment should be entered in Defendants' favor on Plaintiffs' claims as to the revised rules subclass under the separation of powers doctrine, freedom from unreasonable searches, and the California right to privacy;
- Whether Plaintiffs have met their burden to show Defendants facially violate their rights to due process under the U.S. Constitution, amends. V and XIV, and/or California Constitution, art. I, sec. 7;
- Whether Plaintiffs have met their burden to show Defendants facially violate their asserted rights against indefinite retention of their GPS location data under California Constitution, art. I, sec. 1; and
- What remedies, if any, are appropriate.

**4.    Motions**

There are no motions currently pending.

**5.    Amendment of Pleadings**

Plaintiffs have no present intention to amend the complaint. Should the Court dismiss without prejudice, or if one or more of the Lead Plaintiff(s) is no longer able to adequately represent the class, Plaintiffs may seek leave to amend. Plaintiffs may also seek leave to amend if new facts relating to the existing causes of action become known.

**6.    Evidence Preservation**

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
4:22-cv-05541-JST

3

The parties certify that they have reviewed the ESI Guidelines. The parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs contend they do not have non-privileged electronically stored information relevant to this action. Defendants have complied with the Court's requirements regarding evidence preservation.

**7.    Disclosures**

The parties exchanged initial disclosures on August 11, 2023.

**8.    Discovery**

**(a) Discovery to Date**

Plaintiffs served interrogatories and requests for production on Defendants on July 28, 2023, March 26, 2024, and April 15, 2024. Defendants responded and produced responsive documents on August 28, 2023, April 25, 2024, and May 15, 2024. Plaintiffs have taken two depositions, on November 13 and 14, 2024.

Defendants served initial requests for production on Plaintiffs on August 7, 2023. Because Plaintiffs contend that all responsive documents are protected by the attorney-client privilege and/or the work product doctrine, they have not produced any documents other than six state court criminal hearing transcripts. The parties met and conferred regarding Defendants' requests for production through letters and virtual calls in June and July 2024.

**(b) Scope of Anticipated Discovery**

The parties anticipate limited discovery going forward. The pertinent facts do not appear to be in dispute. The parties anticipate a relatively abbreviated scope of further discovery before dispositive motion practice.

**(c) Discovery Schedule**

The parties have been engaged in extensive, regular settlement discussions since the Ninth Circuit's decision in this matter—see below at Section 12. The parties anticipate that an additional six weeks are necessary to conclude this process, at which point, the parties will either have reached an agreement in principle or will proceed with litigation. The parties request an opportunity to

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER                4
4:22-cv-05541-JST

continue settlement discussions, and in the event that agreement is not possible, to submit a proposed joint discovery schedule if litigation is necessary.

**9.      Class Action**

This is a class action. The Court certified two sub-classes in its February 13, 2024 order: the original rules subclass, or "all individuals who have in the past been, are currently, or will in the future be subject to the versions of the Program Rules and Participant Contract that were in place at the time that Plaintiffs filed this action, prior to the May 2023 revisions," and the revised rules subclass, or "all individuals who have in the past been, are currently, or will in the future be subject to the revised version of the Program Rules that was put into place following the May 2023 changes." (Dkt. No. 77 at 27.)

**10.     Related Cases**

This action was originally filed in the Superior Court of the State of California for the County of San Francisco as Case No. CGC-22-601686. On February 13, 2024, this Court remanded the claims of Diana Block and Community Resource Initiative (together, the "Taxpayer Plaintiffs") to state court. (Dkt. No. 77 at 17.) The Taxpayer Plaintiffs' claims are now pending in *Simon v. City and County of San Francisco*, No. MSRA24-0001 (Cal. Super. Ct., Contra Costa Cnty.).

**11.     Relief**

Plaintiffs seek an injunction enjoining Defendants, each of their agents, employees, assigns, and all other persons acting in concert or participating with any of them from imposing or enforcing any four-way search or data-retention or -sharing conditions except as ordered by the Superior Court. Plaintiffs further seek an injunction requiring Defendants, each of their agents, employees, assigns, and all other persons acting in concert or participating with any of them to (1) automatically expunge all GPS location data collected over the course of an individual's participation in EM as soon as the individual's criminal case concludes, and (2) expunge all GPS location data for individuals whose criminal matters have already concluded. Plaintiffs also seek a declaration that unilateral imposition of the challenged conditions of pretrial EM release by the Sheriff are unconstitutional under sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution as well as the Fourth and Fourteenth Amendments of the United States Constitution.

Defendants deny Plaintiffs are entitled to any of the relief they seek.

**12.     Settlement & ADR**

The parties have engaged in regular, extensive discussion over the past 16 months, consisting of several meet-and-confer letters and conferences. The parties have exchanged and responded to multiple, different proposals in the hopes of resolving all remaining claims. To date, the parties have been unable to agree on a proposal. Most recently, Plaintiffs sent a letter outlining a new proposal on July 27, 2026. Defendants have not yet had sufficient time to consider and respond to this proposal.

**13.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties do not consent to the jurisdiction of a magistrate judge for any issues other than discovery disputes.

**14.     Narrowing of Issues**

The issues have been substantially clarified by the Ninth Circuit decision in this matter. The parties anticipate that, in the event further litigation is necessary, limited discovery will further highlight the limited areas of dispute and allow for prompt, dispositive briefing.

**15.     Expedited Trial Procedure**

The parties do not believe that this case is amenable to the Expedited Trial Procedure of General Order 64, Attachment A.

**16.     Scheduling**

As noted above in Section 8(c), the parties request an additional six weeks to engage in settlement discussions before submitting a proposed schedule, as necessary.

**17.     Trial**

This case will be tried by the Court because Plaintiffs seek only declaratory and injunctive relief. The parties believe the trial would last less than three full days.

**18.     Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed their Certificate of Interested Entities on September 30, 2022. (Dkt. No. 6.) No non-party persons, firms, partnerships, corporations, or other entities are known to have a financial interest in the subject matter in controversy or in Plaintiffs or any other kind of interest that could be

substantially affected by the outcome of the proceeding. This rule does not apply to governmental entities or their agencies.

**19.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.     Other Matters**

The parties are currently unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: August 11, 2026                    FRESHFIELDS US LLP


                                          By:  _/s/ Justina Sessions_____
                                               Justina Sessions
                                               *Attorneys for Plaintiffs*




Dated: August 11, 2026                    CITY ATTORNEY OF SAN FRANCISCO


                                          By:  _/s/ Alexander J. Holtzman_____
                                               Alexander J. Holtzman
                                               *Attorneys for Defendants*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions.


**IT IS SO ORDERED.**


Dated: August _____, 2026                    By: _____

                                                          Honorable Jon S. Tigar
                                                          U.S. District Court Judge

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER                    8
4:22-cv-05541-JST