Justina Sessions, State Bar No. 270914
justina.sessions@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
Avram D. Frey, State Bar No. 347885
afrey@aclunc.org
Shilpi Agarwal, State Bar No. 270749
sagarwal@aclunc.org
Emi Young, State Bar No. 311238
eyoung@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

*Attorneys for Plaintiffs Joshua Simon, David Barber, and Josue Bonilla*

DAVID CHIU, State Bar #189542
City Attorney
ALEXANDER HOLTZMAN, State Bar #311813
JOSE A. ZELIDON-ZEPEDA, State Bar #227108
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3999 [Holtzman]
Telephone: (415) 355-3312 [Zelidon-Zepeda]
Facsimile: (415) 554-3837
Email: alexander.holtzman@sfcityatty.org
Email: jose.zelidon-zepeda@sfcityatty.org

*Attorneys for Defendants City and County of San Francisco, and Paul Miyamoto, in His Official Capacity as San Francisco Sheriff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

JOSHUA SIMON, DAVID BARBER, AND JOSUE BONILLA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO; and PAUL MIYAMOTO, in his official capacity as San Francisco Sheriff,

Defendants.

Case No.: 4:22-cv-05541-JST

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Judge: Hon. Jon S. Tigar
Courtroom: Courtroom 6, 2nd Floor
Date: November 3, 2026
Time: 2:00 P.M.

The parties to the above-titled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

The parties reached an agreement in principle on October 21, 2026, to settle this case. The parties are prepared to appear for the case management conference on November 3, 2026, to answer questions from the Court. Should the Court prefer to postpone the conference until such time as the parties file a completed settlement agreement with the approvals from all required parties and entities, which the parties expect to produce and pursue expediently, the parties defer to the Court's discretion.

**1. Jurisdiction & Service**

Plaintiffs originally filed this action in the Superior Court of the State of California for the County of San Francisco. Based on Defendants' removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs Joshua Simon, David Barber, and Josue Bonilla, individually and on behalf of all others similarly situated (together, the "Lead Plaintiffs"), have pled claims arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs contend that, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the Lead Plaintiffs' related claims arising under sections 1, 3, and 7 of Article I and section 3 of Article III of the California Constitution.

All parties agree that venue in the Northern District is appropriate. All Defendants have been served. There are no issues pending concerning personal jurisdiction.

**2. Background**

Plaintiffs brought this action to challenge the San Francisco Sheriff's Office's ("SFSO" or "Sheriff") implementation and enforcement of pretrial electronic monitoring ("EM") in San Francisco. Plaintiffs allege that the Sheriff claimed and acted on purported authority to (1) conduct warrantless, suspicionless searches of pretrial EM releasees' person, property, home, and automobile at any time, and (2) retain releasees' GPS location data indefinitely and share it with any member of law enforcement upon request. Plaintiffs allege violations of the Fourth and Fourteenth Amendments

of the United States Constitution; sections 1, 7, and 13 of Article I and section 3 of Article III of the California Constitution; and California Code of Civil Procedure section 526A. Plaintiffs also assert a claim for declaratory relief pursuant to California Code of Civil Procedure section 1060 et seq. Defendants deny Plaintiffs' claims.

Plaintiffs' original Complaint alleged that the Sheriff imposed and enforced the challenged pretrial EM conditions unilaterally, without authorization from the San Francisco Superior Court. (Dkt. No. 1-1.) Plaintiffs moved for a preliminary injunction on their claims under the separation of powers doctrine, their rights against unreasonable searches, and the California constitutional right to privacy. (Dkt. No. 22). Plaintiffs also moved for certification of a class of all pretrial EM releasees. (Dkt. No. 30). Defendants moved to dismiss. (Dkt No. 24.) On May 8, 2023, the process of release on EM in San Francisco was modified. (*See* Dkt. No. 77 at 5-6; *Simon v. City & Cty. of San Francisco*, 135 F.4th 784, 793-94 (9th Cir. 2025).) Specifically, the Superior Court revised its form EM release order and added a new, oral admonishment to prospective EM releasees. Defendants argued that these modifications brought the challenged pretrial EM conditions within the ambit of the Superior Court's EM release orders, effectively mooting Plaintiffs' case. (Dkt. No. 57.)

On February 13, 2024, the Court denied in part Defendants' motion to dismiss. (Dkt. No. 77 at 15-25.) The Court granted the motion for class certification and certified two sub-classes: an "original rules subclass," or those released before May 8, 2023, and a "revised rules subclass," or those released thereafter. (*Id.* at 25-35.) The Court also granted Plaintiffs' motion for a preliminary injunction, finding a likelihood of success on the merits for each legal theory articulated in the underlying motion. (Dkt. No. 77.)

On June 28, 2024, Plaintiffs filed a motion to enforce the preliminary injunction (Dkt. No. 101), which the Court granted (Dkt No. 111). Defendants appealed both the preliminary injunction and the enforcement order. (Dkt. Nos. 85, 119.) The Ninth Circuit resolved both by consolidated opinion on April 23, 2025. *Simon*, 135 F.4th 784.

The Ninth Circuit affirmed the preliminary injunction as to the original rules subclass but reversed as to the revised rules subclass. *Id.* at 813-14. The Court of Appeals held that, as regards the revised rules subclass, Plaintiffs were unlikely to succeed on their claims under the separation of

powers, freedom from unreasonable searches, or the California right to privacy. (*Id.* at 797-814.) The panel stayed the District Court's enforcement order for the same reasons and remanded for proceedings consistent with its opinion. One member of the panel dissented in part, arguing that the injunction should have been affirmed as to the revised rules subclass. (*Id.* at 817-31 (Mendoza, J., dissenting in part).)

**3. Legal Issues**

On remand to this Court, the disputed points of law are as follows:

- Whether the preliminary injunction as to the original rules subclass should be dissolved, modified, or made final;
- Whether judgment should be entered in Defendants' favor on Plaintiffs' claims as to the revised rules subclass under the separation of powers doctrine, freedom from unreasonable searches, and the California right to privacy;
- Whether Plaintiffs have met their burden to show Defendants facially violated their rights to due process under the U.S. Constitution, amends. V and XIV, and/or California Constitution, art. I, sec. 7;
- Whether Plaintiffs have met their burden to show Defendants facially violated their rights against indefinite retention of their GPS location data under California Constitution, art. I, sec. 1; and
- What remedies, if any, are appropriate.

**4. Motions**

There are no motions currently pending.

**5. Amendment of Pleadings**

Plaintiffs have no present intention to amend the complaint. Should the Court dismiss without prejudice, or if one or more of the Lead Plaintiff(s) is no longer able to adequately represent the class, Plaintiffs may seek leave to amend. Plaintiffs may also seek leave to amend if new facts relating to the existing causes of action become known.

**6. Evidence Preservation**

The parties certify that they have reviewed the ESI Guidelines. The parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs contend they do not have non-privileged electronically stored information relevant to this action. Defendants have complied with the Court's requirements regarding evidence preservation.

**7. Disclosures**

The parties exchanged initial disclosures on August 11, 2023.

**8. Discovery**

**(a) Discovery to Date**

Plaintiffs served interrogatories and requests for production on Defendants on July 28, 2023, March 26, 2024, and April 15, 2024. Defendants responded and produced responsive documents on August 28, 2023, April 25, 2024, and May 15, 2024. Plaintiffs have taken two depositions, on November 13 and 14, 2024.

Defendants served initial requests for production on Plaintiffs on August 7, 2023. Because Plaintiffs contend that all responsive documents are protected by the attorney-client privilege and/or the work product doctrine, Plaintiffs have not produced any documents other than six state court criminal hearing transcripts. The parties met and conferred regarding Defendants' requests for production through letters and virtual calls in June and July 2024.

**(b) Scope of Anticipated Discovery**

The parties have reached an agreement in principle to settle this matter. In the event that settlement breaks down, the parties anticipate relatively limited discovery going forward. The pertinent facts do not appear to be in dispute. The parties anticipate a relatively abbreviated scope of further discovery before dispositive motion practice, should such become necessary.

**(c) Discovery Schedule**

The parties expect to submit a formal settlement agreement within a matter of weeks. In the unlikely event that this agreement breaks down, the parties will alert the Court and submit a proposed discovery schedule at that time.

**9. Class Action**

This is a class action. The Court certified two sub-classes in its February 13, 2024 order: the original rules subclass, or "all individuals who have in the past been, are currently, or will in the future be subject to the versions of the Program Rules and Participant Contract that were in place at the time that Plaintiffs filed this action, prior to the May 2023 revisions," and the revised rules subclass, or "all individuals who have in the past been, are currently, or will in the future be subject to the revised version of the Program Rules that was put into place following the May 2023 changes." (Dkt. No. 77 at 27.)

**10. Related Cases**

This action was originally filed in the Superior Court of the State of California for the County of San Francisco as Case No. CGC-22-601686. On February 13, 2024, this Court remanded the claims of Diana Block and Community Resource Initiative (together, the "Taxpayer Plaintiffs") to state court. (Dkt. No. 77 at 17.) The Taxpayer Plaintiffs' claims are now pending in *Simon v. City and County of San Francisco*, No. MSRA24-0001 (Cal. Super. Ct., Contra Costa Cty.).

**11.-12. Relief, Settlement, & ADR**

The parties agreed in principle to terms of settlement in this matter on October 21, 2026. They are currently drafting a Settlement Agreement. Once this Agreement has the approval of counsel for the parties, it will require approval by Lead Plaintiffs, Taxpayer Plaintiffs, the San Francisco Sheriff, and the San Francisco Board of Supervisors. The timing for these approvals, particularly from the Board of Supervisors based on California state laws governing meetings of public entities, are uncertain. But the Parties are committed to negotiating a final settlement agreement as quickly as possible and expediently seeking all of the necessary approvals. Once approvals are received from all parties, Lead Plaintiffs will file a motion with the Court in compliance with Federal Rule of Civil Procedure 23(e).

**11. Other References**

In light of the agreement to settle this matter, no reference is appropriate at this time.

**12. Narrowing of Issues**

The parties' prospective settlement will resolve this case and the related state court action in their entirety.

**13. Expedited Trial Procedure**

The parties do not believe that this case is amenable to the Expedited Trial Procedure of General Order 64, Attachment A.

**14. Scheduling**

The parties anticipate that Plaintiffs will file a motion seeking to settle this matter in compliance with Federal Rule of Civil Procedure 23(e) within approximately three months.

**15. Trial**

The parties do not anticipate the need for a trial in light of settlement. In the event settlement breaks down, this case will be tried by the Court because Plaintiffs seek only declaratory and injunctive relief. The parties believe the trial would last less than three full days.

**16. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs filed their Certificate of Interested Entities on September 30, 2022. (Dkt. No. 6.) No non-party persons, firms, partnerships, corporations, or other entities are known to have a financial interest in the subject matter in controversy or in Plaintiffs or any other kind of interest that could be substantially affected by the outcome of the proceeding. This rule does not apply to governmental entities or their agencies.

**17. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18. Other Matters**

The parties are currently unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: October 27, 2026

FRESHFIELDS US LLP

By: _/s/ Justina Sessions____________
Justina Sessions
*Attorney for Plaintiffs*

Dated: October 27, 2026

CITY ATTORNEY OF SAN FRANCISCO

By: _/s/ Alexander J. Holtzman____
Alexander J. Holtzman
*Attorney for Defendants*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: October ____, 2026                    By: ___________________________
Honorable Jon S. Tigar
U.S. District Court Judge